IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ELLEN MISHAGA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) No. 10-3187 |
| JONATHON MONKEN, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

NOW COMES the Defendant, Jonathon Monken, by and through his counsel, LISA MADIGAN, Attorney General for the State of Illinois, and for his Memorandum of Law in Support of Motion to Dismiss states as follows:

**I. INTRODUCTION**

On July 27, 2010, Plaintiff filed her Complaint in this matter alleging violations of her constitutional rights resulting from Defendant's denying her an Illinois Firearm Owners Identification ("FOID") Card. Plaintiff alleges that she is a resident of Ohio and lawfully owns several firearms in Ohio. *See* Complaint at 4, 23. Plaintiff alleges that she wants to bring her firearms with her when she travels to Illinois to visit friends. *See* Complaint at 5, 24, 30. Plaintiff alleges that she twice applied for an Illinois FOID Card, but that her application was denied because she is not a resident of Illinois. *See* Complaint at 29. Plaintiff alleges that this denial infringes upon her constitutional right to bear arms and travel. *See* Complaint at 34, 42. Plaintiff alleges that the Illinois FOID Card Act at 430 ILCS 65/2 provides that, "[w]ith limited exceptions not relevant here, no person may acquire or possess any firearm or ammunition in the State of Illinois without having

in his or her possession a FOID issued by the Department of State Police." *See* Complaint at 17. Plaintiff alleges that she wants to possess firearms while visiting friends in Illinois, but is prevented from doing so because Defendant will not issue her an Illinois FOID Card. *See* Complaint at 5, 24, 30, 33, 41.

## II. ARGUMENT

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts as true all well-pleaded factual allegations and inferences which can reasonably be drawn from those facts. *See R.J.R. Servs., Inc., v. Aetna Casualty & Surety Co.*, 895 F.2d 279, 208-281 (7th Cir. 1989) (citations omitted)  Dismissal pursuant to Rule 12(b)(6) is proper if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to the relief requested. *See id.* (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Plaintiff alleges in her complaint that her constitutional rights are being violated because the Illinois State Police will not issue an Illinois FOID Card to Plaintiff because of her Ohio residency.  Plaintiff does not allege that she has been improperly denied an Illinois FOID Card in violation of the FOID Card Act (430 ILCS 65/1 *et seq.*), but instead that denying Plaintiff a FOID Card prevents her from possessing firearms in the State of Illinois in violation of her constitutional right to bear arms and travel.  In other words, Plaintiff alleges that, as a result of not having an Illinois FOID Card, she cannot bring into Illinois the guns which she is lawfully able to possess in Ohio.

The Illinois FOID Card Act sets forth that "[n]o person may acquire or possess any firearm . . . within this State without having in his or her possession a Firearm Owner's Identification Card previously issued in his or her name by the Department of State Police under the provisions of this Act." 430 ILCS 65/2(b)(1).  However, as acknowledged by Plaintiff in her Complaint, there are

exceptions to this rule within the FOID Card Act. *See* Complaint at 17. While Plaintiff, without any supporting facts or explanation, alleges that none of these exceptions apply, a plain reading of the Illinois FOID Card Act belies this legal conclusion. There are a large number of exceptions to the requirement of an Illinois FOID Card, many of which specifically allow nonresidents to possess firearms in the State of Illinois, including:

> The provisions of this Section regarding the possession of firearms, firearm ammunition, stun guns, and tasers do not apply to:
> * * *
> (5) Nonresident hunters during hunting season, with valid nonresident hunting licenses and while in an area where hunting is permitted; however, at all other times and in all other places these persons must have their firearms unloaded and enclosed in a case;
> * * *
> (7) Nonresidents while on a firing or shooting range recognized by the Department of State Police; however, these persons must at all other times and in all other places have their firearms unloaded and enclosed in a case;
>
> (8) Nonresidents while at a firearm showing or display recognized by the Department of State Police; however, at all other times and in all other places these persons must have their firearms unloaded and enclosed in a case;
>
> (9) Nonresidents whose firearms are unloaded and enclosed in a case;
>
> (10) Nonresidents who are currently licensed or registered to possess a firearm in their resident state;
> * * *
> (13) Nonresident hunters whose state of residence does not require them to be licensed or registered to possess a firearm and only during hunting season, with valid hunting licenses, while accompanied by, and using a firearm owned by, a person who possesses a valid Firearm Owner's Identification Card and while in an area within a commercial club licensed under the Wildlife Code where hunting is permitted and controlled, but in no instance upon sites owned or managed by the Department of Natural Resources; . . . .

430 ILCS 65/2(b). Tellingly, sections (2)(b)(9) and (2)(b)(10) allow Plaintiff to possess her firearms so long as she is lawfully able to do so in her resident State. *See* 430 ILCS 65/2(b). Assuming, as

Plaintiff asserts, that she is lawfully able to carry guns in Ohio, Plaintiff qualifies under the exemptions and is not required to have an Illinois FOID Card to possess firearms in the State of Illinois. As such, the Defendant's refusal to issue Plaintiff an Illinois FOID Card has no impact on her ability to possess firearms in the State of Illinois. Therefore, Plaintiff's constitutional rights have not been harmed by Defendant's actions and Plaintiff's complaint should be dismissed.

### III.  CONCLUSION

For these reasons, as a matter of law Plaintiff is not required to have an Illinois FOID Card in order to possess firearms in Illinois. As such, Plaintiff has failed to state a claim for violation of her constitutional right to bear arms and right to travel. Therefore, Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully Submitted,

JONATHON MONKEN,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois

Joanna Belle Gunderson
Illinois Bar # 6286292
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
(217) 782-1841

Attorney for Defendant,

By:  /s/ Joanna Belle Gunderson
     JOANNA BELLE GUNDERSON
     Assistant Attorney General

Of Counsel.

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| ELLEN MISHAGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 10-3187 |
| | ) | |
| JONATHON MONKEN, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I, Joanna Belle Gunderson, Assistant Attorney General, hereby certify that on October 15, 2010, I electronically filed the foregoing Memorandum in Support of Motion to Dismiss with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record for Plaintiff:

James M. Manley
jmanley@mountainstateslegal.com

and I hereby certify that on October 15, 2010, I mailed by United States Postal Service, the document to the following non-registered participant:

NONE

    Respectfully submitted,
    /s/Joanna Belle Gunderson
    Joanna Belle Gunderson
    Illinois Bar # 6286292
    Assistant Attorney General
    Attorney for Defendant
    Office of the Attorney General
    500 South Second Street
    Springfield, IL  62706
    Telephone:  (217) 782-1841
    Facsimile:  (217) 524-5091
    jgunderson@atg.state.il.us