UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ELLEN MISHAGA, | ) |
|             Plaintiff, | ) No. 10-cv-03187-MPM-CHE |
| v. | ) |
| JONATHON E. MONKEN, Director of the Illinois Department of State Police, | ) **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
|             Defendant. | ) |

Plaintiff Ellen Mishaga, by and through her undersigned counsel, hereby files her Opposition to Defendant's Motion to Dismiss (Dkt. No. 5).

## BACKGROUND

The Firearms Owner Identification ("FOID") Act generally prohibits possession of firearms and ammunition unless a person is also in possession of a FOID card issued to that person by the Illinois Department of State Police.  430 ILCS 65/2(a).  Several times each year, Ms. Mishaga makes overnight trips to Illinois to visit friends.  Complaint (Dkt. No. 1) ¶ 5.  When she makes these trips, she stays in her friends' home.  *Id*.  Ms. Mishaga's Illinois friends lawfully possess firearms in their Illinois home for hunting and self-defense purposes.  *Id*. ¶ 24.  Ms. Mishaga has access to those firearms when she is a guest.  *Id*.  Ms. Mishaga desires to lawfully possess a functional firearm for self-defense within an Illinois home, but is prevented from doing so by Defendant's active enforcement of the FOID Act.  *Id*. ¶ 30.  On or about March 27, 2010, and again on or about May 17, 2010, Ms. Mishaga submitted applications for a FOID card.  *Id*.

¶¶ 25, 27. Defendant denied both of these applications because Ms. Mishaga, as a resident of Ohio, does not "have a valid IL driver's license or IL state ID." *Id.* ¶¶ 26, 28, 29.

On July 27, 2010, Ms. Mishaga filed the instant action seeking declaratory and injunctive relief to remedy Defendant's unconstitutional deprivation of her right to keep and bear arms and her right to travel. Defendant responded by filing a Motion to Dismiss on October 15, 2010.

## ARGUMENT

**I.   STANDARD OF REVIEW.**

When reviewing a motion to dismiss for failure to state a claim, courts "construe the complaint in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor." *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005) (internal quotations omitted) (citing *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003)). Granted, Ms. Mishaga must ultimately demonstrate that Defendant's actions are unconstitutional, but at the motion to dismiss stage, this Court "must assume that [she] can, even if it strikes [this Court] 'that a recovery is very remote and unlikely.'" *Dias v. City and County of Denver*, 567 F.3d 1169, 1184 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Accepting the truth of the allegations in the Complaint, and drawing all inferences in the light most favorable to Ms. Mishaga, this Court should deny Defendant's Motion to Dismiss.

**II.   NO FOID ACT EXCEPTIONS APPLY TO MS. MISHAGA'S CLAIMS.**

Defendant suggests that the FOID Act does not prohibit Ms. Mishaga's possession of functional firearms in Illinois; however, the plain text of the FOID Act contradicts this suggestion. Defendant relies on 430 ILCS 65/2(b)(9) and (10) for his argument that Ms. Mishaga's Complaint should be dismissed for failure to state a claim for relief. Neither

subsection, however, cures Defendant's unconstitutional deprivation of Ms. Mishaga's right to keep and bear arms and her right to travel. The FOID Act exceptions identified by Defendant are either unconstitutional as applied to Ms. Mishaga or are inapplicable. Accordingly, Ms. Mishaga respectfully requests that the Court deny Defendant's Motion to Dismiss.[1]

> A. **The Exception for Non-Functional Firearms, 430 ILCS 65/2(b)(9), is Unconstitutional as Applied to Ms. Mishaga.**

Subsection (9) makes the FOID Act inapplicable to "nonresidents whose firearms are unloaded and enclosed in a case." 430 ILCS 65/2(b)(9). Non-residents' firearms must be rendered and kept inoperable at all times; there is no exception for self-defense. Therefore, this subsection of the FOID Act suffers from the same constitutional infirmity as the law struck down by the Supreme Court in *District of Columbia v. Heller*:

> We must also address the District's requirement . . . that firearms in the home be rendered and kept inoperable at all times. This makes it impossible for citizens to use them for the core lawful purpose of self-defense and is hence unconstitutional. The District argues that we should interpret this element of the statute to contain an exception for self-defense. . . . But we think that is precluded by the unequivocal text, and by the presence of certain other enumerated exceptions . . . .

554 U.S. ___, 128 S. Ct. 2783, 2818 (2008) (internal citations omitted). Thus, 430 ILCS 65/2(b)(9) is unconstitutional because it requires nonresidents' "firearms in the home be rendered and kept inoperable at all times . . . ." *Id*.

---

[1] There are 16 exceptions to the FOID Act, 430 ILCS 65/2(b)(1)–(16); however, as Ms. Mishaga alleged, none of these exceptions applies to her. Compl. ¶ 17. The Federal Rules of Civil Procedure do not require Ms. Mishaga to "anticipate, and attempt to plead around, potential affirmative defenses." *Davis v. Indiana State Police*, 541 F.3d 760, 763 (7th Cir. 2008) (citing *Gomez v. Toledo*, 446 U.S. 635 (1980) and *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623 (7th Cir. 2003)). Moreover, Defendant's denials of Ms. Mishaga's FOID card applications were not based on any of the FOID Act's exceptions, but rather on her lack of Illinois residency. Compl. ¶¶ 26, 28. Defendant cannot offer post hoc rationalizations for his unconstitutional denial of Ms. Mishaga's right to keep and bear arms and her right to travel. *Motor Vehicle Mfrs. Ass'n of United States v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) ("It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself.").

Moreover, 430 ILCS 65/2(b)(9) does nothing to address Ms. Mishaga's claims for relief: "By prohibiting Ms. Mishaga from possessing a *functional* firearm, Defendant . . . deprive[s] Ms. Mishaga of the right to keep and bear arms . . . [and] the right to travel . . . ." Compl. ¶ 34 (emphasis added); *id.* ¶ 42.  It is no response to these claims for relief to say, as 430 ILCS 65/2(b)(9) does, that Ms. Mishaga may possess a *non*functional firearm.  Subsection (9) specifically prohibits the constitutionally-protected activity Ms. Mishaga intends to engage in by requiring nonresidents' firearms to be "unloaded and enclosed in a case" at all times.  430 ILCS 65/2(b)(9).  Thus, even if 430 ILCS 65/2(b)(9) were not unconstitutional, this exception to the FOID Act would offer no support for Defendant's Motion to Dismiss.  Accordingly, Ms. Mishaga respectfully requests that the Court deny Defendant's Motion to Dismiss.

    **B.**    **The Exception for "Licensed or Registered" Nonresidents, 430 ILCS 65/2(b)(10), Does Not Apply to Ms. Mishaga.**

Subsection (10) makes the FOID Act inapplicable to nonresidents "licensed or registered to possess a firearm in their resident state."  430 ILCS 65/2(b)(10).  Although Ms. Mishaga lawfully owns firearms in her resident state of Ohio, Compl. ¶ 23, Ms. Mishaga is neither "licensed" nor "registered" to possess a firearm, because in Ohio no scheme exists to license or register possession of firearms in the home.  In fact, Ohio law forbids such licensing or registration.  *See* Ohio Rev. Code § 9.68(A) ("[A] person, without further license, permission, restriction, delay, or process, may own, possess, purchase, sell, transfer, transport, store, or keep any firearm, part of a firearm, its components, and its ammunition."); *Ohioans for Concealed Carry, Inc. v. Clyde*, 896 N.E.2d 967, 974 (Ohio 2008) (interpreting Ohio Rev. Code § 9.68); *but see Cleveland v. State*, 923 N.E.2d 183 (Ohio Ct. App. 2009), *appeal granted*, 922 N.E.2d 969 (Ohio Mar. 10, 2010).  Although Ohio issues licenses to carry concealed firearms *outside* the

home, Ohio Rev. Code § 2923.12(C)(2), there is no such license available for possession of firearms *within* the home.  *See* Ohio Rev. Code § 2923.12(C)(1)(d).  Accordingly, 430 ILCS 65/2(b)(10) does not apply to Ms. Mishaga and cannot cure Defendant's unconstitutional deprivation of Ms. Mishaga's right to possess a functional firearm for self-defense within an Illinois home and her right to travel.

Defendant's reliance on 430 ILCS 65/2(b)(10) stems from a misstatement of the scope of the statutory exception.  Subsection (10) makes the FOID Act inapplicable to nonresidents "licensed or registered to possess a firearm in their resident state." 430 ILCS 65/2(b)(10). Defendant conflates "licensed or registered" possession of a firearm with "lawful" possession of a firearm; however, the statutory exception applies only to the former.  *See* Memorandum of Law in Support of Motion to Dismiss at 3.  Under Defendant's revision of the statute, Ms. Mishaga arguably could exercise her constitutional right to possess a firearm in Illinois.  Unfortunately, neither Defendant nor this Court has the power to rewrite Illinois law.  *Virginia v. American Booksellers Ass'n*, 484 U.S. 383, 397 (1988) ("we will not rewrite a state law to conform it to constitutional requirements."); *United States v. Wilburn*, 473 F.3d 742, 746 (7th Cir. 2007) ("[I]t is not our role to rewrite the law.").  Accordingly, Ms. Mishaga respectfully requests that the Court deny Defendant's Motion to Dismiss.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss should be denied.  Should this Court find Plaintiff's Complaint deficient for any reason, Plaintiff respectfully requests leave to file an amended complaint.

DATED this 26th day of October 2010.

                                    Respectfully Submitted By:

                                    /s/ James M. Manley
                                  James M. Manley, Esq.
                                  Mountain States Legal Foundation
                                  2596 South Lewis Way
                                  Lakewood, Colorado 80227
                                  (303) 292-2021
                                  (303) 292-1980 (facsimile)
                                  jmanley@mountainstateslegal.com

                                  Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 26th day of October 2010, I filed the foregoing document using the CM/ECF system and caused counsel of record to be served electronically through the CM/ECF system.


                                    /s/ James M. Manley  
                                    James M. Manley