IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ELLEN MISHAGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  10-3187 |
| | ) | |
| JONATHON E. MONKEN, | ) | |
| Director of the Illinois State Police, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

This matter comes before the Court on the Motion to Dismiss (d/e 5) (Motion) of Defendant Jonathon E. Monken, Director of the Illinois State Police (Director).  For the reasons set forth below, the Motion is denied.

STATEMENT OF FACTS

For purposes of a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the Complaint for Declaratory and Injunctive Relief (d/e 1) (Complaint).  Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996).

According to the Complaint, Plaintiff Ellen Mishaga is a resident of Ohio who frequently travels to Illinois.  Mishaga stays in the home of

1

friends while in Illinois. She wishes to possess a functional firearm for her personal protection while residing in her friends' home in Illinois. Possession of firearms in Illinois is governed by the Illinois Firearm Owners Identification Card Act (Act). 430 ILCS 65/0.01 et seq. The Act generally requires individuals to have an Illinois Firearm Owner's Identification Card (FOID Card) to possess a weapon in Illinois. 430 ILCS 65/2. The Illinois State Police (ISP) issues FOID Cards. 430 ILCS 65/5. Mishaga has applied for a FOID Card twice, but the ISP denied her application both times because she does not have an Illinois driver's license. Complaint, ¶¶ 26, 28.

Mishaga alleges that the ISP's refusal to issue a FOID Card to her violates her constitutional right to bear arms and to travel. She seeks declaratory and injunctive relief against the Director to declare the Act to be unconstitutional and to enjoin its enforcement. The Director moves to dismiss.

## ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper if a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and

allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). A complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). A claim must also provide the defendant fair notice of what the claim is and the grounds upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007). Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007). Under this standard, Mishaga states a claim.

The Second Amendment generally guarantees an individual the right to possess a weapon for protection in case of a confrontation. District of Columbia v. Heller, __ U.S.__, 128 S.Ct. 2783, 2797 (2008).[1] The right

---

[1] The Second Amendment right to bear arms applies to the states. McDonald v. City of Chicago, Ill., __ U.S.__, 130 S.Ct. 3020, 3026 (2010).

includes a right to possess a weapon within one's own home that may be used for personal protection. Heller, 128 S.Ct. at 2818-22.[2] The Act generally prohibits a person from possessing a weapon in Illinois unless the person has a FOID Card. 430 ILCS 65/2. Mishaga alleges that the ISP has refused to issue her a FOID Card because she does not have an Illinois driver's license. The Act requires an applicant for a FOID Card to provide the ISP with the applicant's driver's license number or Illinois identification card number. 430 ILCS 65/4(a-5). The Act only requires a driver's license number, not an Illinois driver's license number. Thus, it is unclear whether an Ohio driver's license number would suffice. Mishaga, however, alleges that the ISP has twice denied her application for a FOID Card because she does not have an Illinois driver's license. For purposes of the Motion, the

---

[2]The parties have not addressed the issue of the scope of the right of a guest in a home to possess a weapon. The Court assumes for purposes of this Motion only that Mishaga has the same right as the owner of the home to possess a weapon that she may use for protection even though she is only a guest in the home. The Heller decision addresses the right to possess a useable weapon in one's own home to protect oneself, one's home, and one's family. Heller, 128 S.Ct. at 2818-22. The Heller Court agreed that the state may limit the right to bear arms outside of one's own home, at least in some contexts. Id. at 2817 (noting, for example, that the state may prohibit the possession of weapons in schools and other public facilities). In this case, Mishaga is a guest in someone else's home. The parties do not address whether Mishaga's right to possess a weapon as a guest may be more limited than the homeowner in Heller because she is not protecting her own home and because her loaded weapon may present dangers to the permanent residents of the home or to other Illinois citizens. At some point in this proceeding, the parties may need to address the exact scope of the constitutional right of a guest to possess a weapon in the home of another person.

Court must assume that the Director and the ISP interpret the Act to require an applicant to provide an Illinois driver's license number or an Illinois identification card number. The Act, therefore, interferes with Mishaga's right to have a weapon at her temporary residence in Illinois that she may use for personal protection.

Mishaga alleges that she has regularly resided in Illinois as a guest of her friends and that she intends to reside in Illinois in the future. She asks for declaratory and injunctive relief to stop the Director and the ISP from interfering with her right to bear arms in that residence. She states a claim.

The Director moves to dismiss on the grounds that the Act does not require Mishaga to have a FOID Card to possess a weapon in Illinois. The Director argues that the Act contains exceptions that allow nonresidents to possess an weapon in Illinois without a FOID Card. The Director argues that one or more of those exceptions applies to Mishaga; hence, the Act does not interfere with Mishaga's right to possess a weapon in Illinois for personal defense. The Director identifies six exceptions that he argues apply to Mishaga. 430 ILCS 65/2(b)(5), (b)(7), (b)(8), (b)(9), (b)(10), (b)(13).

The Court disagrees with the Director's position. The Second Amendment guarantees Mishaga the right to possess a weapon at her

residence that she may use for personal protection in case of a confrontation. Heller, 128 S.Ct. at 2797. Five of the six exceptions cited by the Director do not allow Mishaga to possess a weapon in useable condition in her friends' home. These exceptions require nonresidents to have firearms unloaded and enclosed in a case except when the weapon is being used for hunting or target shooting, or is on display at a showing recognized by the ISP. 430 ILCS 65/2(b)(5), (b)(7), (b)(8), (b)(9), (b)(13). The Heller Court held that a requirement to make a weapon inoperable, such as the requirement that the weapon be unloaded and enclosed in a case, violates the homeowner's constitutional right to bear arms because the requirement makes the weapon useless for personal defense. Heller, 128 S.Ct. at 2818.[3] Even with these exceptions, therefore, the Act still prohibits Mishaga from possessing a useable weapon for defense in her friends' residence.

The final exception cited by the Director allows nonresidents to possess a firearm in Illinois if the nonresident is currently licensed or registered to possess a firearm in his or her resident state. 430 ILCS

---

[3]The Court, again, assumes for purposes of the Motion only that a guest's right to bear arms is the same as the homeowner's right to bear arms.

65/2(b)(10). Ohio issues licenses to individuals to possess and carry concealed weapons. Ohio Rev. Code §§ 2923.12(c)(2), 2923.125. If Mishaga has such a license, then perhaps, she may legally possess a weapon in Illinois without a FOID Card pursuant to this exception. Mishaga does not allege that she has such a license. For purposes of the Motion, the Court must assume that she does not, and so, must assume that this exception does not apply to her. The Complaint, therefore, alleges that the Act prohibits Mishaga from possessing a weapon at her temporary residence in Illinois that she may use for personal protection in violation of her constitutional right to bear arms. Mishaga states a claim.

THEREFORE, the Motion to Dismiss (d/e 5) of Defendant Jonathon E. Monken, Director of the Illinois State Police, is DENIED. The Defendant is directed to file an answer to the Complaint by December 17, 2010.

ENTERED this 22nd day of November, 2010

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE