James M. Manley, Esq.
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmanley@mountainstateslegal.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| ELLEN MISHAGA, | ) |
| Plaintiff, | ) No. 10-cv-03187-MPM-CHE |
| v. | ) |
| JONATHON E. MONKEN, Director of the Illinois Department of State Police; MICHAEL W. VORREYER, Master Sergeant, Illinois Department of State Police, | ) **FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| Defendants. | |

Plaintiff Ellen Mishaga, by and through her undersigned attorney, hereby files this First Amended Complaint against Defendants and alleges as follows:

### NATURE OF THE CLAIMS

1. Ms. Mishaga seeks declaratory and injunctive relief for Defendants' deprivation of the right to keep and bear arms and the right to travel guaranteed by the United States Constitution.

## JURISDICTION

2. This Court has federal question jurisdiction over Ms. Mishaga's claims for relief pursuant to 28 U.S.C. § 1331, because the claims arise under the United States Constitution. Additionally, this Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 because this action seeks to redress the deprivation, under color of the laws and regulations of the State of Illinois, of rights, privileges, or immunities secured by the United States Constitution.

## VENUE

3. Venue rests properly in this Court pursuant to 28 U.S.C. § 1391(b) and CDIL-LR 40.1, because, *inter alia*, a substantial part of the events or omissions giving rise to the claims occurred in Sangamon County, Illinois.

## PARTIES

4. Plaintiff Ellen Mishaga is a citizen of the United States and a resident of Ohio.

5. Several times each year, Ms. Mishaga makes overnight trips to Illinois to visit friends. When she makes these trips, she stays in her friends' home. Ms. Mishaga has concrete plans to make overnight trips to Illinois to visit friends and she has a credible fear of arrest, prosecution, incarceration, and/or fine if she were to possess a functional firearm for self-defense while an overnight guest in her friends' Illinois home.

6. Defendant Jonathon E. Monken is the Director of the Illinois Department of State Police. Defendant Monken is responsible for issuing Illinois Firearms Owner Identification Cards ("FOIDs"). *See* 430 ILCS 65/5. By enforcing the policies complained of in this action, Defendant Monken currently is depriving Ms. Mishaga of the right to keep and bear arms and the

right to travel guaranteed by the United States Constitution.  Defendant Monken is sued in his official capacity.

7. Defendant Michael W. Vorreyer, is Master Sergeant, Illinois Department of State Police.  Defendant Vorreyer has responsibility for the FOID Card Unit of the Illinois Department of State Police.  By enforcing the policies complained of in this action, Defendant Vorreyer currently is depriving Ms. Mishaga of the right to keep and bear arms and the right to travel guaranteed by the United States Constitution.  Defendant Vorreyer is sued in his official capacity.

### STATEMENT OF FACTS

8. The Second Amendment to the United States Constitution provides:  "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

9. The Second Amendment guarantees individuals a fundamental right to possess functional firearms—including handguns, rifles, and shotguns—for purposes of self-defense.

10. The Second Amendment guarantees, *inter alia*, the right to possess and use firearms in a home for personal security.

11. An overnight guest has a legitimate expectation of personal security in her host's home and an overnight guest has the same Second Amendment right to possess and use firearms that the overnight guest has in her own home.

12. The Fourteenth Amendment to the United States Constitution provides, in pertinent part:  "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty,

or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

13. The right to keep and bear arms is guaranteed by the Second Amendment and enforceable against the states and their political subdivisions, pursuant to the Due Process Clause of the Fourteenth Amendment.

14. The right to keep and bear arms is a privilege and immunity of United States citizenship, which States and their political subdivisions may not deny or abridge.

15. Article IV of the United States Constitution provides, in pertinent part: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States."

16. The right to travel, guaranteed by the privileges and immunities clauses of Article IV and the Fourteenth Amendment, is violated when a State discriminates against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States.

17. Illinois law recognizes the right of Illinois residents to keep and bear arms. Ill. Const. art. I, sec. 22; 430 ILCS 65/1 *et seq*.

18. With certain limited exceptions not relevant here, no person may acquire or possess any firearm or ammunition in the State of Illinois without having in his or her possession a FOID issued by the Department of State Police. 430 ILCS 65/2.

19. An applicant for a FOID must possess either an Illinois driver's license number or an Illinois Identification Card number. 430 ILCS 65/4.

20. As a resident of Ohio, Ms. Mishaga cannot possess an Illinois driver's license number or an Illinois Identification Card number and is therefore ineligible for a FOID. 430 ILCS 65/4.

21. Illinois law prohibits Ms. Mishaga from possessing a functional firearm for self-defense when she is an overnight guest in her friends' Illinois home because she is not a resident of Illinois. 430 ILCS 65/2; 65/4; 65/14.

22. Illinois law contains no exception to the FOID requirement for possession or use of a functional firearm for self-defense within an Illinois home.

23. Illinois law provides that possession of a functional firearm for self-defense within an Illinois home without a FOID is a Class 3 felony. 430 ILCS 65/14.

24. Ms. Mishaga and her husband lawfully own several firearms, which they possess in their home in Ohio.

25. Ms. Mishaga's Illinois friends lawfully possess firearms in their Illinois home for hunting and self-defense purposes, to which Ms. Mishaga has access when she is a guest.

26. On March 27, 2010, Ms. Mishaga submitted an application for a FOID.

27. On or about April 30, 2010, Defendants deprived Ms. Mishaga of the right to keep and bear arms and the right to travel guaranteed by the United States Constitution by denying Ms. Mishaga's application for a FOID because, "No Illinois driver's license number or state identification number provided."

28. On or about May 17, 2010, Ms. Mishaga submitted a second application for a FOID.

29. On or about June 14, 2010, Defendants deprived Ms. Mishaga of the right to keep and bear arms and the right to travel guaranteed by the United States Constitution by denying Ms. Mishaga's application for a FOID because, "Due to Illinois state law, you must have a valid IL driver's license or IL state ID in order to be eligible for an IL FOID card."

30. Ms. Mishaga has twice been denied a FOID because she does not—and as a resident of Ohio cannot—possess a valid Illinois driver's license or Illinois Identification Card.

31. Ms. Mishaga desires to lawfully possess a functional firearm for self-defense within an Illinois home, but is prevented from doing so by Defendants' active enforcement of 430 ILCS 65/1 *et seq*.

### FIRST CLAIM FOR RELIEF
### (Functional Firearms Ban)
### (Right to Keep and Bear Arms)
### (Declaratory and Injunctive Relief)

32. Ms. Mishaga hereby realleges and incorporates the allegations in the preceding paragraphs as if the same were fully set forth here.

33. The right to keep and bear functional firearms for the core lawful purpose of self-defense is guaranteed by the Second Amendment and enforceable against the states and their political subdivisions, pursuant to the Fourteenth Amendment.

34. Illinois law prohibits Ms. Mishaga from possessing a functional firearm for self-defense when she is an overnight guest in her friends' Illinois home. 430 ILCS 65/2; 65/4; 65/14.

35. By prohibiting Ms. Mishaga from possessing a functional firearm, Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Ms. Mishaga of the right to keep and bear arms, in violation of the

Second and Fourteenth Amendments to the United States Constitution. Defendants are therefore liable to Ms. Mishaga under 42 U.S.C. § 1983.

36. Ms. Mishaga is entitled to declaratory and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices. *See* 28 U.S.C. §§ 2201, 2202.

## SECOND CLAIM FOR RELIEF
### (Discrimination Against Nonresidents)
### (Right to Travel)
### (Declaratory and Injunctive Relief)

37. Ms. Mishaga hereby realleges and incorporates the allegations in the preceding paragraphs as if the same were fully set forth here.

38. The privileges and immunities clauses of Article IV and the Fourteenth Amendment guarantee the right to travel by, *inter alia*, prohibiting discrimination against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States.

39. Illinois law recognizes the right of Illinois residents to keep and bear arms. Ill. Const. art. I, sec. 22; 430 ILCS 65/1 *et seq*.

40. With certain limited exceptions not relevant here, no person may acquire or possess any firearm or ammunition in the State of Illinois without having in his or her possession a FOID issued by the Department of State Police. 430 ILCS 65/2.

41. As a resident of Ohio, Ms. Mishaga cannot possess an Illinois driver's license number or an Illinois Identification Card number and is therefore ineligible for a FOID. 430 ILCS 65/4.

42. Illinois law prohibits Ms. Mishaga from possessing a functional firearm for self-defense when she is an overnight guest in her friends' Illinois home because she is not a resident of Illinois. 430 ILCS 65/2; 65/4; 65/14.

43. By prohibiting Ms. Mishaga from possessing a functional firearm, Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that discriminate against citizens of other States, including Ms. Mishaga, and thereby deprives Ms. Mishaga of the right to travel, in violation of the privileges and immunities clauses of Article IV and the Fourteenth Amendment. Defendants are therefore liable to Ms. Mishaga under 42 U.S.C. § 1983.

44. Ms. Mishaga is entitled to declaratory and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices. *See* 28 U.S.C. §§ 2201, 2202.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Mishaga respectfully requests that this Court:

A. Declare that 430 ILCS 65/1 *et seq* deprives Ms. Mishaga of the right to keep and bear arms for self-defense guaranteed by the Second and Fourteenth Amendments, by prohibiting her possession of functional firearms for self-defense in Illinois;

B. Declare that 430 ILCS 65/1 *et seq* deprives Ms. Mishaga of the right to travel by prohibiting citizens of another State to possess functional firearms for self-defense in Illinois homes, in violation of the privileges and immunities clauses of Article IV and the Fourteenth Amendment;

  C. Permanently enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them, from enforcing 430 ILCS 65/1 *et seq*, which prohibits nonresidents from possessing functional firearms for self-defense in Illinois homes; or, in the alterative, direct Defendants to issue Ms. Mishaga a FOID consistent with her most recent application;

  D. Award Ms. Mishaga her costs, attorneys' fees, and other expenses in accordance with law, including 42 U.S.C. § 1988;

  E. Award Ms. Mishaga any further relief this Court deems just and equitable.

Respectfully submitted this 28th day of February 2011.

By: /s/ James M. Manley
James M. Manley, Esq.
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmanley@mountainstateslegal.com

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 28th day of February 2011, I filed the foregoing document using the CM/ECF system, which caused the following to be served by electronic means:

Joanna Belle Gunderson
Assistant Attorney General
Office of the Attorney General
500 South Second Street
Springfield, IL 62706
Telephone:  (217) 782-1841
Facsimile:  (217) 524-5091
jgunderson@atg.state.il.us


                                              /s/ James M. Manley
                                              James M. Manley