IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ELLEN MISHAGA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 10-3187 |
| ) | |
| JONATHON MONKEN, Director of ) | |
| the Illinois Department of State Police; ) | |
| MICHAEL W. VORREYER, Master ) | |
| Sergeant, Illinois Department of State ) | |
| Police, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT VORREYER'S ANSWER TO THE AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES**

Now comes the Defendant, MICHAEL VORREYER, Master Sergeant in the Illinois State Police, by and through his counsel, Lisa Madigan, Attorney General for the State of Illinois, and for his Answer to the Amended Complaint and Affirmative Defenses states as follows:

### INTRODUCTION

1. Defendant admits that Plaintiff purports to bring an action for declaratory and injunctive relief, but denies that Plaintiff has any meritorious claims in law or in fact. Defendant denies the remaining allegations contained in paragraph 1 of the Complaint.

### JURISDICTION

2. Defendant admits that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 1983, but denies that Plaintiff has any meritorious claims in law or in fact. Defendant denies the remaining allegations contained in paragraph 2 of the Complaint.

## VENUE

3. Defendant admits that venue is proper in United States District Court for the Central District of Illinois but denies the remaining allegations contained in paragraph 3 of the Complaint.

## PARTIES

4. Defendant has insufficient knowledge to admit or deny the allegation in paragraph 4 of the Complaint.

5. Defendant has insufficient knowledge to admit or deny the allegation in paragraph 5 of the Complaint.

6. Defendant denies that Mr. Monken is currently the Director of the Illinois State Police. Defendant admits that the Illinois State Police is responsible for the issuance of Illinois Firearm Owner Identification ("FOID") Cards. Defendant admits that Plaintiff purports to bring an action against Mr. Monken in his official capacity, but denies that Plaintiff has any meritorious claims in law or in fact. Defendant denies the remaining allegations in paragraph 6 of the Complaint.

7. Defendant admits that he is a Master Sergeant in the Illinois State Police, and that he is assigned to the FOID Card Unit. Defendant further admits that the Illinois State Police is responsible for the issuance of Illinois Firearm Owner Identification ("FOID") Cards. Defendant admits that Plaintiff purports to bring an action against him in his official capacity, but denies that Plaintiff has any meritorious claims in law or in fact. Defendant denies the remaining allegations in paragraph 7 of the Complaint.

## STATEMENT OF FACTS

8. The allegations contained in paragraph 8 of the Complaint seek a legal conclusion and Defendant denies that they are applicable to this case. Defendant further denies that the allegations contained in paragraph 8 of the Complaint are a complete and accurate statement of the law.

9. The allegations contained in paragraph 9 of the Complaint seek a legal conclusion and Defendant denies that they are applicable to this case. Defendant further denies that the allegations contained in paragraph 9 of the Complaint are a complete and accurate statement of the law..

10. The allegations contained in paragraph 10 of the Complaint seek a legal conclusion and Defendant denies that they are applicable to this case. Defendant further denies that the allegations contained in paragraph 10 of the Complaint are a complete and accurate statement of the law.

11. The allegations contained in paragraph 11 of the Complaint seek a legal conclusion and Defendant denies that they are applicable to this case. Defendant further denies that the allegations contained in paragraph 11 of the Complaint are a complete and accurate statement of the law.

12. The allegations contained in paragraph 12 of the Complaint seek a legal conclusion and Defendant denies that they are applicable to this case. Defendant further denies that the allegations contained in paragraph 12 of the Complaint are a complete and accurate statement of the law.

13. The allegations contained in paragraph 13 of the Complaint seek a legal conclusion and Defendant denies that they are applicable to this case. Defendant further denies that the allegations contained in paragraph 13 of the Complaint are a complete and accurate statement of the law.

14. The allegations contained in paragraph 14 of the Complaint seek a legal conclusion and Defendant denies that they are applicable to this case. Defendant further denies that the allegations contained in paragraph 14 of the Complaint are a complete and accurate statement of the law.

15. The allegations contained in paragraph 15 of the Complaint seek a legal conclusion and Defendant denies that they are applicable to this case. Defendant further denies that the allegations contained in paragraph 15 of the Complaint are a complete and accurate statement of the law.

16. The allegations contained in paragraph 16 of the Complaint seek a legal conclusion and Defendant denies that they are applicable to this case. Defendant further denies that the allegations contained in paragraph 16 of the Complaint are a complete and accurate statement of the law.

17. The allegations contained in paragraph 17 of the Complaint seek a legal conclusion and Defendant denies that they are applicable to this case. Defendant further denies that the allegations contained in paragraph 17 of the Complaint are a complete and accurate statement of the law.

18. Defendant denies that there are no exceptions to the FOID Card Act relevant to this case. The remaining allegations contained in paragraph 18 of the Complaint seek a legal

conclusion and Defendant both denies that they are applicable to this case and further denies they are a complete and accurate statement of the law.

19. The allegations contained in paragraph 19 of the Complaint seek a legal conclusion and Defendant denies that they are applicable to this case. Defendant further denies that the allegations contained in paragraph 19 of the Complaint are a complete and accurate statement of the law.

20. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. The allegations contained in paragraph 23 of the Complaint seek a legal conclusion and Defendant denies that they are applicable to this case. Defendant further denies that the allegations contained in paragraph 23 of the Complaint are a complete and accurate statement of the law.

24. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 24 of the Complaint.

25. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 25 of the Complaint.

26. Defendant admits that Plaintiff submitted an application for a FOID Card to the Illinois State Police. Defendant has insufficient knowledge to admit or deny the remaining allegations in paragraph 26 of the Complaint.

27. Defendant admits Plaintiff's application was denied by the Illinois State Police. Defendant denies the remaining allegations in paragraph 27 of the Complaint.

28. Defendant admits that Plaintiff submitted an application for a FOID Card to the Illinois State Police. Defendant has insufficient knowledge to admit or deny the remaining allegations in paragraph 28 of the Complaint.

29. Defendant admits Plaintiff's application was denied by the Illinois State Police. Defendant denies the remaining allegations in paragraph 29 of the Complaint.

30. Defendant admits Plaintiff's applications were denied by the Illinois State Police. Defendant denies the remaining allegations contained in paragraph 30 of the Complaint.

31. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 31 of the Complaint.

**FIRST CLAIM FOR RELIEF**
(FUNCTIONAL FIREARM BAN)
(RIGHT TO KEEP AND BEAR ARMS)
(DECLARATORY AND INJUNCTIVE RELIEF)

32. Defendant repeats and realleges his answers to the allegations contained in paragraphs 1-31 of the Complaint.

33. The allegations contained in paragraph 33 of the Complaint seek a legal conclusion and Defendant denies that they are applicable to this case. Defendant further denies that the allegations contained in paragraph 33 of the Complaint are a complete and accurate statement of the law.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

**SECOND CLAIM FOR RELIEF**
(DISCRIMINATION AGAINST NONRESIDENTS)
(RIGHT TO TRAVEL)
(DECLARATORY AND INJUNCTIVE RELIEF)

37. Defendant repeats and realleges his answers to the allegations contained in paragraphs 1-36 of the Complaint.

38. The allegations contained in paragraph 38 of the Complaint seek a legal conclusion and Defendant denies that they are applicable to this case. Defendant further denies that the allegations contained in paragraph 38 of the Complaint are a complete and accurate statement of the law.

39. The allegations contained in paragraph 39 of the Complaint seek a legal conclusion and Defendant denies that they are applicable to this case. Defendant further denies that the allegations contained in paragraph 39 of the Complaint are a complete and accurate statement of the law.

40. Defendant denies that there are no exceptions to the FOID Card Act relevant to this case. The remaining allegations contained in paragraph 40 of the Complaint seek a legal conclusion and Defendant both denies that they are applicable to this case and further denies that they are a complete and accurate statement of the law.

41. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

## Prayer For Relief

A. Defendant denies that Plaintiff has any meritorious claims in law or fact which entitle her to declaratory relief.

B. Defendant denies that Plaintiff has any meritorious claims in law or fact which entitle her to declaratory relief.

C. Defendant denies that Plaintiff has any meritorious claims in law or fact which entitle her to injunctive relief.

D. Defendant denies that Plaintiff has any meritorious claims in law or fact which entitle her to any relief.

E. Defendant denies that Plaintiff has any meritorious claims in law or fact which entitle her to any relief.

## Affirmative Defenses

1. Some or all of Plaintiff's claims are barred by the Eleventh Amendment.

2. Plaintiff lacks standing to bring some or all of the claims asserted in the Complaint.

3. Some or all of the claims asserted in the Complaint are not ripe.

4. Some or all of the claims asserted in the Complaint are moot.

                Respectfully Submitted,
                MICHAEL VORREYER,
                    Defendant,
                LISA MADIGAN, Attorney General,
                State of Illinois

Joanna Belle Gunderson             Attorney for Defendant,
Illinois Bar # 6286292
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706         By: /s/ Joanna Belle Gunderson
(217) 782-1841                           JOANNA BELLE GUNDERSON
                                          Assistant Attorney General

Of Counsel.

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| ELLEN MISHAGA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 10-3187 |
| | ) |
| JONATHON MONKEN, | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I, Joanna Belle Gunderson, Assistant Attorney General, hereby certify that on May 20, 2011, I electronically filed the foregoing Defendant Vorreyer's Answer to Amended Complaint and Affirmative Defenses with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record for Plaintiff:

James M. Manley
jmanley@mountainstateslegal.com

and I hereby certify that on May 20, 2011, I mailed by United States Postal Service, the document to the following non-registered participant:

NONE

Respectfully submitted,

/s/Joanna Belle Gunderson
Joanna Belle Gunderson
Illinois Bar # 6286292
Assistant Attorney General
Office of the Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: (217) 782-1841
Facsimile: (217) 524-5091
jgunderson@atg.state.il.us

9