**E-FILED**
Monday, 03 October, 2011  05:53:36 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| ELLEN MISHAGA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10-cv-03187-MPM-CHE |
| | ) | |
| v. | ) | |
| | ) | |
| HIRAM GRAU, Director of the Illinois | ) | **PLAINTIFF'S MOTION FOR SUMMARY** |
| Department of State Police; MICHAEL | ) | **JUDGMENT** |
| W. VORREYER, Master Sergeant, | ) | |
| Illinois Department of State Police, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW Plaintiff, Ellen Mishaga, by and through undersigned counsel, and moves pursuant to Fed. R. Civ. P. 56, for summary judgment because Plaintiff is entitled to judgment as a matter of law with respect to each of her claims.  Support for this Motion is provided below in a Memorandum in Support of Plaintiff's Motion for Summary Judgment.

WHEREFORE, Plaintiff respectfully requests that summary judgment be entered in her favor with respect to each of her claims.

DATED this 3rd day of October 2011.

Respectfully Submitted:

/s/ James M. Manley
James M. Manley, Esq.
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmanley@mountainstateslegal.com

Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| ELLEN MISHAGA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10-cv-03187-MPM-CHE |
| | ) | |
| v. | ) | |
| | ) | |
| HIRAM GRAU, Director of the Illinois | ) | **MEMORANDUM IN SUPPORT OF** |
| Department of State Police; MICHAEL | ) | **PLAINTIFF'S MOTION FOR SUMMARY** |
| W. VORREYER, Master Sergeant, | ) | **JUDGMENT** |
| Illinois Department of State Police, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................. 2

UNDISPUTED MATERIAL FACTS ................................................................. 4

ARGUMENT ....................................................................................................... 6

I.      STANDARD OF REVIEW ....................................................................... 6

II.     ILLINOIS LAW PROHIBITS POSSESSION OF FUNCTIONAL
        FIREARMS FOR SELF-DEFENSE WITHOUT A FOID OR AN
        OUT-OF-STATE LICENSE................................................................. 7

III.    MS. MISHAGA DOES NOT POSSESS AN OUT-OF-STATE
        LICENSE AND SHE IS INELIGIBLE FOR A FOID BECAUSE SHE
        IS NOT A RESIDENT OF ILLINOIS ....................................................... 9

IV.     MS. MISHAGA IS ENTITLED TO SUMMARY JUDGMENT ON
        HER FIRST CLAIM FOR RELIEF BECAUSE THE FOID ACT
        DENIES THE RIGHT TO BEAR FUNCTIONAL FIREARMS IN
        THE HOME, IN VIOLATION OF THE SECOND AMENDMENT
        TO THE UNITED STATES CONSTITUTION.......................................... 10

        A.      The FOID Act Denies Ms. Mishaga The Constitutional Right
                To Possess A Functional Firearm For Self-Defense In Her
                Friends' Illinois Home .................................................................. 10

1

B. No FOID Act Exceptions Apply To Ms. Mishaga's Claims ............ 12

V. MS. MISHAGA IS ENTITLED TO SUMMARY JUDGMENT ON HER SECOND CLAIM FOR RELIEF BECAUSE THE FOID ACT IMPAIRS INTERSTATE TRAVEL IN VIOLATION OF ARTICLE IV AND THE FOURTEENTH AMENDMENT ........................................ 14

A. The FOID Act Acknowledges The Right Of Illinois Residents To Possess Functional Firearms, But Denies That Right To Nonresidents .................................................................................. 16

B. There Is No Substantial Reason For The FOID Act To Discriminate Against Nonresidents ................................................. 17

CONCLUSION ................................................ 18

## INTRODUCTION

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. There are no genuine issues of material fact regarding whether Illinois law prohibits Ms. Mishaga from possessing a functional firearm for self-defense when she is an overnight guest in her friends' Illinois home because she is not a resident of Illinois. For the reasons demonstrated herein, Ms. Mishaga is therefore entitled to entry of summary judgment.

Illinois law generally prohibits possession of firearms and ammunition in Illinois, unless a person is also in possession of a Firearms Owner Identification card ("FOID"). Ms. Mishaga meets all of the qualifications for a FOID, except that she does not possess an Illinois driver's license or Illinois Identification Card. Ms. Mishaga has been denied a FOID on two occasions because she does not possess an Illinois driver's license or Illinois Identification Card. Moreover, Ms. Mishaga is not exempt from the FOID Act, because she is not licensed or

2

registered to possess a firearm in the home in her resident state (nor is such a license available in her resident state). Therefore, Illinois law prohibits her from lawfully possessing a functional firearm for self-defense when she is a guest in her friends' Illinois home.

This prohibition is unconstitutional. It deprives her of the right to keep and bear arms for self-defense guaranteed by the Second and Fourteenth Amendments to the United States Constitution, and the right to travel guaranteed by Article IV and the Fourteenth Amendment.

Ms. Mishaga is entitled to summary judgment on her First Claim for Relief because the FOID Act denies the right to bear functional firearms in the home, in violation of the Second Amendment, which guarantees individuals a fundamental right to possess functional firearms for purposes of self-defense. As an overnight guest in her friends' Illinois home, Ms. Mishaga has a legitimate expectation of personal security and she has the same Second Amendment right to possess and use firearms that she has in her own home. Ms. Mishaga's Illinois host wants Ms. Mishaga to be able to exercise her Second Amendment rights when she is a guest in his home, and to that end he has given her permission to access his firearms for purposes of self-defense. The FOID Act, however, prevents Ms. Mishaga from lawfully possessing a functional firearm for self-defense in her friends' Illinois home.

Additionally, Ms. Mishaga is entitled to summary judgment on her Second Claim for Relief because the FOID act impairs interstate travel in violation of Article IV and the Fourteenth Amendment. Both Article IV and the Fourteenth Amendment prohibit discrimination against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States. The FOID Act plainly discriminates on the basis of residency because nonresidents are ineligible for a FOID. Moreover, there is not a

substantial reason for the State to limit FOIDs to Illinois residents, because nonresidents do not

constitute a peculiar source of the evil at which the Act is aimed.

Therefore, this Court should grant summary judgment if favor of Ms. Mishaga as to both

of her claims for relief and permanently enjoin Defendants from enforcing the FOID Act's

prohibition against nonresidents possessing functional firearms for self-defense in Illinois homes.

## UNDISPUTED MATERIAL FACTS

For purposes of Plaintiff's Motion for Summary Judgment only, Ms. Mishaga submits

that the following material facts are undisputed.

1.      Ms. Mishaga is a citizen of the United States and a resident of Ohio.  First

Amended Complaint [docket no. 13] (hereinafter "Compl.") ¶ 4.

2.      Several times each year, Ms. Mishaga and her husband travel to Illinois to visit

their friends, James and Nancy Telzrow.  Telzrow Declaration ¶ 6.[1]  When they make these trips,

they stay in the Telzrows' home overnight.  *Id*.  Ms. Mishaga has concrete plans to make

overnight trips to Illinois to visit her friends in the future and she has a credible fear of arrest,

prosecution, incarceration, and/or fine if she were to possess a functional firearm for self-defense

while an overnight guest in her friends' Illinois home.  Compl. ¶ 5; Deposition of Ellen Mishaga

("Mishaga Dep.") at 19–20.[2]

3.      Defendant, Hiram Grau, is the Director of the Illinois Department of State Police.

Defendant Grau is responsible for issuing FOIDs.  Compl. ¶ 6; Defendant Grau's Answer to the

Amended Complaint and Affirmative Defenses [docket no. 17] (hereinafter "Grau Answer") ¶ 6.

4.      Defendant, Michael W. Vorreyer, is Master Sergeant, Illinois Department of State

Police.  Defendant Vorreyer has responsibility for the FOID Card Unit of the Illinois Department

---

[1] The Telzrow Declaration is attached hereto as Exhibit 1.
[2] Relevant portions of Ms. Mishaga's deposition are attached hereto as Exhibit 2.

of State Police, subject to the supervision of Director Grau.  Compl. ¶ 7; Defendant Vorreyer's

Answer to the Amended Complaint and Affirmative Defenses [docket no. 16] (hereinafter

"Vorreyer Answer") ¶ 7.

     5.     An applicant for a FOID must possess either an Illinois driver's license number or

an Illinois Identification Card number.  Compl. ¶ 19; Deposition of Master Sergeant Michael

Vorreyer ("Vorreyer Dep.") at 33, 36.[3]

     6.     On March 27, 2010, Ms. Mishaga submitted an application for a FOID.  Compl. ¶

26; Grau Answer ¶ 26; Vorreyer Answer ¶ 26; Initial Disclosures of Plaintiff Ellen Mishaga

(hereinafter "Plaintiff's Initial Disclosures"), Bates No. 1.[4]

     7.     On or about April 30, 2010, Defendants denied Ms. Mishaga's FOID application

because, "No Illinois driver's license number or state identification number provided."  Compl. ¶

27; Grau Answer ¶ 27; Vorreyer Answer ¶ 27; Plaintiff's Initial Disclosures, Bates No. 3;

Vorreyer Dep. at 33, 36.

     8.     On or about May 17, 2010, Ms. Mishaga submitted a second application for a

FOID.  Compl. ¶ 28; Grau Answer ¶ 28; Vorreyer Answer ¶ 28; Plaintiff's Initial Disclosures,

Bates Nos. 5–7.

     9.     On or about June 14, 2010, Defendants denied Ms. Mishaga's second FOID

application because, "Due to Illinois state law, you must have a valid IL driver's license or IL

state ID in order to be eligible for an IL FOID card."  Compl. ¶ 29; Grau Answer ¶ 29; Vorreyer

Answer ¶ 29; Plaintiff's Initial Disclosures, Bates No. 8; Vorreyer Dep. at 33, 36.

---

[3] Relevant portions of Master Sergeant Vorreyer's deposition are attached hereto as Exhibit 3.
[4] Plaintiff's Initial Disclosures are attached hereto as Exhibit 4.

10.    Ms. Mishaga meets all of the qualifications for a FOID card, except that she does not possess an Illinois driver's license or Illinois Identification Card.  430 ILCS 65/4; Mishaga Dep. at 12–13.

11.    Illinois law prohibits Ms. Mishaga from possessing a functional firearm for self-defense when she is an overnight guest in her friends' Illinois home.  Compl. ¶ 17; 430 ILCS 65/2; 65/4; 65/14.

12.    Ms. Mishaga does not possess a concealed carry permit, nor is she licensed or registered to possess a firearm in any other way in her resident State of Ohio.  Mishaga Dep. at 14–17.

13.    Ms. Mishaga and her husband lawfully own firearms in their resident State of Ohio.  Compl. ¶ 24; Mishaga Dep. at 13–14.

14.    Mr. Telzrow wants Ms. Mishaga to be able to lawfully possess a firearm for self-defense when she is a guest in his home.  Telzrow Declaration ¶ 7.

15.    Mr. Telzrow possesses a valid FOID.  Telzrow Declaration ¶ 3.

16.    Mr. Telzrow lawfully possesses firearms in his Illinois home for hunting and self-defense purposes, to which Ms. Mishaga has access when she is a guest.  Compl. ¶ 25; Telzrow Declaration ¶¶ 4, 7.

## ARGUMENT

## I.    STANDARD OF REVIEW.

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When

reviewing a motion for summary judgment, courts review the pleadings and the documentary evidence in the light most favorable to the nonmoving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri v. Board of Trustees of Purdue University*, 458 F.3d 620, 628 (7th Cir. 2006). There are no genuine issues of material fact regarding whether Illinois law prohibits Ms. Mishaga from possessing a functional firearm for self-defense when she is an overnight guest in her friends' Illinois home because she is not a resident of Illinois. For the reasons demonstrated below, Ms. Mishaga is therefore entitled to entry of summary judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56 with respect to each of her claims.

## II.   ILLINOIS LAW PROHIBITS POSSESSION OF FUNCTIONAL FIREARMS FOR SELF-DEFENSE WITHOUT A FOID OR AN OUT-OF-STATE LICENSE.

The FOID Act generally prohibits possession of firearms and ammunition in Illinois, unless a person is also in possession of a FOID issued to that person by the Illinois Department of State Police. 430 ILCS 65/2(a) ("No person may acquire or possess any firearm . . .within this State without having in his or her possession a Firearm Owner's Identification Card . . . ."); *Mishaga v. Monken*, 753 F. Supp. 2d 750, 753 (C.D. Ill. 2010) (denying motion to dismiss for failure to state a claim). In order to obtain a FOID a person must submit an application attesting that the person:

(1)   is more than 21 years old (or has the permission of a parent or guardian if younger);

(2)   has not been convicted of a felony;

(3)   is not addicted to narcotics;

(4)   has not been a patient in a mental institution within the past 5 years;

(5)   has not been adjudicated as a mental defective;

(6)   is not mentally retarded;

(7)   is not an alien who is unlawfully present in the United States;

7

(8)     is not subject to an existing order of protection prohibiting him or her from possessing a firearm;

(9)     has not been convicted within the past 5 years of battery, assault, aggravated assault, or violation of an order of protection, in which a firearm was used or possessed;

(10)    has not been convicted within the past 5 years of domestic battery;

(11)    is not an alien who has been admitted to the United States under a non-immigrant visa;

(12)    is not an adult who had been adjudicated a delinquent minor for the commission of an offense that if committed by an adult would be a felony.

430 ILCS 65/4.  Ms. Mishaga meets all of these qualifications.  Undisputed Material Facts ("UMF") ¶ 10.  If over eighteen years old, the applicant must also provide an Illinois driver's license number or Illinois Identification Card number.  430 ILCS 65/4; UMF ¶ 5.

Nonresidents are exempt from many of the FOID Act restrictions when hunting, target shooting, or if they are "licensed or registered to possess a firearm in their resident state"; however, a nonresident without a FOID cannot otherwise possess a functional firearm.  430 ILCS 65/2(b)(5), (7)–(9); *People v. Holmes*, 948 N.E.2d 617, 624 (Ill. 2011) ("[A] valid permit or license from another state can substitute for the FOID card requirement . . . .").  Unless a nonresident possesses an out-of-state license or permit, 430 ILCS 65/2(b)(10), none of the FOID Act exceptions allows that individual to possess functional firearms for self-defense in the home of an Illinois resident.  *Mishaga*, 753 F. Supp. 2d at 753.

Possessing firearms or ammunition without a FOID or with an expired FOID is a misdemeanor, although a second or subsequent violation is a felony.  430 ILCS 65/14.  It is also a felony to possess firearms or ammunition if a person is ineligible for a FOID, even if a person possessed a FOID issued before he became ineligible.  *Id*.  The FOID Act contains no self-defense exceptions.  *See* 430 ILCS 65/2(b).

8

### III.   MS. MISHAGA DOES NOT POSSESS AN OUT-OF-STATE LICENSE AND SHE IS INELIGIBLE FOR A FOID BECAUSE SHE IS NOT A RESIDENT OF ILLINOIS.

Ms. Mishaga has twice been denied a FOID because, as an Ohio resident, she does not possess an Illinois driver's license number or Illinois Identification Card number.  UMF ¶¶ 7, 9.  In response to her first FOID application, Defendants informed Ms. Mishaga that her application was denied because, "No Illinois driver's license number or state identification number provided."  UMF ¶ 7.  Ms. Mishaga resubmitted her application and included a letter to the Illinois State Police, explaining that she did not possess an Illinois driver's license or Illinois Identification Card.  UMF ¶ 8.  Defendants nevertheless denied Ms. Mishaga's second application, stating, "Due to Illinois state law, you must have a valid IL driver's license or IL state ID in order to be eligible for an IL FOID card."  UMF ¶ 9.

Ms. Mishaga and her husband lawfully own firearms in their resident State of Ohio.  UMF ¶ 13.  However, Ms. Mishaga is neither "licensed" nor "registered" to possess a firearm, because in Ohio no scheme exists to license or register possession of firearms in the home.  UMF ¶ 12.  In fact, Ohio law forbids such licensing or registration.  *See* Ohio Rev. Code § 9.68(A) ("[A] person, without further license, permission, restriction, delay, or process, may own, possess, purchase, sell, transfer, transport, store, or keep any firearm, part of a firearm, its components, and its ammunition."); *Cleveland v. State*, 942 N.E.2d 370, 374 (Ohio 2010); *Ohioans for Concealed Carry, Inc. v. Clyde*, 896 N.E.2d 967, 974 (Ohio 2008).

Ms. Mishaga does not possess a concealed carry permit.  UMF ¶ 12.  Ohio issues licenses to carry concealed firearms outside the home, Ohio Rev. Code § 2923.12(C)(2), however there is no such license available for possession of firearms within the home.  *See* Ohio Rev. Code § 2923.12(C)(1)(d).  Accordingly, none of the exceptions to the FOID Act allows Ms. Mishaga to

9

possess a functional firearm for self-defense within an Illinois home.  Thus, because Defendants refuse to issue Ms. Mishaga a FOID, she is unable to lawfully possess a functional firearm for self-defense when she is a guest in her friends' Illinois home.

## IV.   MS. MISHAGA IS ENTITLED TO SUMMARY JUDGMENT ON HER FIRST CLAIM FOR RELIEF BECAUSE THE FOID ACT DENIES THE RIGHT TO BEAR FUNCTIONAL FIREARMS IN THE HOME, IN VIOLATION OF THE SECOND AMENDMENT TO THE UNITED STATES CONSTITUTION.

The Second Amendment guarantees individuals a fundamental right to possess functional firearms—including handguns, rifles, and shotguns—for purposes of self-defense.  *District of Columbia v. Heller*, 554 U.S. 570, 630 (2008).  This guarantee extends to, *inter alia*, the right to possess and use firearms in a home for personal security.  *Id*.  The Fourteenth Amendment makes the Second Amendment right to bear arms applicable to the states.  *McDonald v. City of Chicago*, 561 U.S. ___, 130 S.Ct. 3020, 3026 (2010).

### A.   The FOID Act Denies Ms. Mishaga The Constitutional Right To Possess A Functional Firearm For Self-Defense In Her Friends' Illinois Home.

As an overnight guest in her friends' Illinois home, Ms. Mishaga has a legitimate expectation of personal security and she has the same Second Amendment right to possess and use firearms that she has in her own home.  *Cf. Minnesota v. Olson*, 495 U.S. 91, 99 (1990) (recognizing expectation of privacy for overnight guest in private home); *United States v. Jeffers*, 342 U.S. 48, 51–52 (1951) (recognizing expectation of privacy for hotel guest).  Here, Ms. Mishaga's interest in personal security is coextensive and indistinguishable from that of her host, Mr. Telzrow.  UMF ¶ 14.  Mr. Telzrow wants Ms. Mishaga to be able to exercise her Second Amendment rights when she is a guest in his home, and to that end he has given her permission to access his firearms for purposes of self-defense.  *Id*.

10

It is well established that constitutional rights, like the right to keep and bear arms guaranteed by the Second Amendment, or the right to be free from unreasonable searches and seizures guaranteed by the Fourth Amendment, do not lose their force and effect outside a person's permanent residence.  For example, in *Olson*, the Supreme Court ruled that an overnight guest's expectation of privacy and security allows the guest to claim the Fourth Amendment's protection against warrantless arrest in her host's home.  495 U.S. at 99–100.  The Court's inquiry in *Olson* focused on the similarity between one's own home and the home of another:

> From the overnight guest's perspective, he seeks shelter in another's home precisely because it provides him with privacy, a place where he and his possessions will not be disturbed by anyone but his host and those his host allows inside.  We are at our most vulnerable when we are asleep because we cannot monitor our own safety or the security of our belongings.  It is for this reason that, although we may spend all day in public places, when we cannot sleep in our own home we seek out another private place to sleep, whether it be a hotel room, or the home of a friend.

*Id*. at 99.  Here, Mr. Telzrow has explicitly authorized Ms. Mishaga to keep and bear arms in his home, in order to exclude individuals from the home and otherwise maintain the security of the home.  UMF ¶ 14.  Thus, Ms. Mishaga's privacy and security interests are indistinguishable from those of Mr. Telzrow.  *See Olson*, 495 U.S. at 99 ("[W]hen the host is away or asleep, the guest will have a measure of control over the premises.").  Because Mr. Telzrow has given Ms. Mishaga the right to exclude intruders from the home, it is clear that she has the same right as Mr. Telzrow to defend the home with a functional firearm.  *Heller*, 554 U.S. at 630.

Nevertheless, Defendants refuse to issue Ms. Mishaga a FOID and she is not licensed or registered to possess firearms in her resident State.  UMF ¶¶ 7, 9, 12.  Therefore, Illinois law prohibits her from lawfully possessing a functional firearm for self-defense when she is a guest in her friends' Illinois home.  This prohibition violates the central holding of *Heller*:  "whatever else [the Second Amendment] leaves to future evaluation, it surely elevates above all other

11

interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Heller*, 554 U.S. at 635.  Accordingly, contrary to the Supreme Court's decision in *Heller*, Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Ms. Mishaga of the right to keep and bear arms, in violation of the Second and Fourteenth Amendments.  Defendants are therefore liable to Ms. Mishaga under 42 U.S.C. § 1983.[5]

**B.**      **No FOID Act Exceptions Apply To Ms. Mishaga's Claims.**

None of the exceptions to the FOID Act can remedy its unconstitutionality.  Subsection (9) is the only exception that comes close to addressing Ms. Mishaga's claims for relief, because it makes the FOID Act inapplicable to "nonresidents whose firearms are unloaded and enclosed in a case."  430 ILCS 65/2(b)(9).  Yet, 430 ILCS 65/2(b)(9) does not render the FOID Act constitutional.[6]

Under 430 ILCS 65/2(b)(9), nonresidents' firearms must be rendered and kept inoperable at all times; there is no exception for self-defense.  Therefore, this subsection of the FOID Act suffers from the same constitutional infirmity as the law struck down by the Supreme Court in *Heller*:

> We must also address the District's requirement . . . that firearms in the home be rendered and kept inoperable at all times.  This makes it impossible for citizens to use them for the core lawful purpose of self-defense and is hence unconstitutional. The District argues that we should interpret this element of the statute to contain

---

[5] Given this case's stark similarity to *Heller*, it is not necessary to define a standard of scrutiny. To the extent a standard of scrutiny is required, the standard is strict scrutiny.  *Ezell v. City of Chicago*, 2011 WL 2623511, *17 (7th Cir. 2011).

[6] As discussed above, *supra* Part III., Ms. Mishaga is neither "licensed" nor "registered" to possess a firearm, because in Ohio no scheme exists to license or register possession of firearms in the home.  UMF ¶ 12.  Accordingly, 430 ILCS 65/2(b)(10) does not allow her to possess functional firearms in Illinois.  *See Mishaga*, 753 F. Supp. 2d at 753.

an exception for self-defense. . . . But we think that is precluded by the
unequivocal text, and by the presence of certain other enumerated exceptions . . . .

554 U.S. at 630 (internal citations omitted).  Thus, 430 ILCS 65/2(b)(9) is unconstitutional

because it requires nonresidents' "firearms in the home be rendered and kept inoperable at all

times . . . ."  *Id.*

Moreover, 430 ILCS 65/2(b)(9) does nothing to address Ms. Mishaga's claims for relief:

"By prohibiting Ms. Mishaga from possessing a *functional* firearm, Defendants . . . deprive Ms.

Mishaga of the right to keep and bear arms . . . [and] the right to travel . . . ."  Compl. ¶ 35

(emphasis added); *id.* ¶ 43.  It is no response to these claims for relief to say, as 430 ILCS

65/2(b)(9) does, that Ms. Mishaga may possess a *non*functional firearm.  Subsection (9)

specifically prohibits the constitutionally protected activity Ms. Mishaga intends to engage in by

requiring nonresidents' firearms to be "unloaded and enclosed in a case" at all times.  430 ILCS

65/2(b)(9).  Thus, even if 430 ILCS 65/2(b)(9) were not unconstitutional, this exception would

not save the FOID Act.

Therefore, the FOID Act is unconstitutional because it prohibits Ms. Mishaga from

possessing a functional firearm for self-defense while she is an overnight guest in her friend's

Illinois home.  Ms. Mishaga is consequently entitled to entry of summary judgment as a matter

of law with respect to her First Claim for Relief, Compl. ¶¶ 32–36, and declaratory and

permanent injunctive relief regarding the FOID Act's prohibition against nonresidents possessing

functional firearms for self-defense in Illinois homes.

13

V.   **MS. MISHAGA IS ENTITLED TO SUMMARY JUDGMENT ON HER SECOND CLAIM FOR RELIEF BECAUSE THE FOID ACT IMPAIRS INTERSTATE TRAVEL IN VIOLATION OF ARTICLE IV AND THE FOURTEENTH AMENDMENT.**

Illinois law recognizes the right of Illinois residents to keep and bear arms, but denies this right to citizens of other States.  UMF ¶ 11; Ill. Const. art. I, sec. 22; 430 ILCS 65/1 *et seq*.  This discrimination against nonresidents violates both the Privileges and Immunities Clause of Article IV and the Privileges or Immunities Clause of the Fourteenth Amendment.[7]  *Saenz v. Roe*, 526 U.S. 489, 500–01 (1999) ("by virtue of a person's state citizenship, a citizen of one State who travels in other States, intending to return home at the end of his journey, is entitled to enjoy the 'Privileges and Immunities of Citizens in the several States' that he visits."); *id*. at 512–13 (Rehnquist, C.J., dissenting) ("Nonresident visitors of other States should not be subject to discrimination solely because they live out of State.").  Both Article IV and the Fourteenth Amendment prohibit "'discrimination against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States.'"  *Id*. at 502–04 (quoting *Toomer v. Witsell*, 334 U.S. 385, 396 (1948)).

The right of a nonresident to be treated as a "welcome visitor rather than an unfriendly alien" is "expressly protected by the text of the Constitution."  *Id*. at 501.  The Supreme Court "long ago recognized that the nature of our Federal Union and our constitutional concepts of personal liberty unite to require that all citizens be free to travel throughout the length and breadth of our land uninhibited by statutes, rules, or regulations which unreasonably burden or restrict this movement."  *Shapiro v. Thompson*, 394 U.S. 618, 629 (1969), *overruled on other*

---

[7] The right to keep and bear arms is likewise protected by the Privileges or Immunities Clause of the Fourteenth Amendment.  *McDonald v. City of Chicago*, 561 U.S. ___, 130 S.Ct. 3020, 3059 (2010) (Thomas, J., concurring) ("[T]he right to keep and bear arms is a privilege of American citizenship . . . .").

14

*grounds by Edelman v. Jordan*, 415 U.S. 651, 670–71 (1974).  The Supreme Court has described

nonresidents' constitutional right to travel as follows:

> The first sentence of Article IV, § 2, provides:  "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States."  Thus, by virtue of a person's state citizenship, a citizen of one State who travels in other States, intending to return home at the end of his journey, is entitled to enjoy the "Privileges and Immunities of Citizens in the several States" that he visits.  This provision removes "from the citizens of each State the disabilities of alienage in the other States."

*Saenz*, 526 U.S. at 501. (citation omitted) (quoting *Paul v. Virginia*, 75 U.S. (8 Wall.) 168, 180

(1868)).  The Fourteenth Amendment likewise protects the "'privileges or immunities of citizens

of the United States,'" including the right to travel.  *Id*. at 503–04 (quoting Amend. XIV).[8]

The protections embodied in the right to travel have been applied to strike down State

laws prohibiting nonresidents from obtaining employment, *Hicklin v. Orbeck*, 437 U.S. 518

(1978), procuring abortions and other medical services, *Doe v. Bolton*, 410 U.S. 179 (1973), or

engaging in commercial fishing, *Toomer v. Witsell*, 334 U.S. 385 (1948).[9]  As demonstrated

below, the FOID Act is unconstitutional because it:  (1) "discriminat[es] against citizens of other

States"; and (2) "there is no substantial reason for the discrimination . . . ."  *Saenz*, 526 U.S. at

502.

---

[8] The overlapping protection of the right to travel guaranteed by Article IV and the Fourteenth Amendment is in part influenced by an abandoned interpretation of Article IV.  The Supreme Court has concluded that the Fourteenth Amendment's guarantee of equal rights to "citizens of the United States" was a reaction to the Court's decision excluding blacks from the protection of Article IV in *Dred Scott v. Sandford*, 60 U.S. (19 How.) 393 (1856).  *Saenz*, 526 U.S. at 502 n.15.

[9] The Court has been less protective of nonresidents' rights to obtain "portable" state benefits conditioned on durational residency requirements, such as divorce decrees and college education. *See, e.g.*, *Sosna v. Iowa*, 419 U.S. 393 (1975) (divorce); *Vlandis v. Kline*, 412 U.S. 441 (1973) (in-state tuition).

**A.     The FOID Act Acknowledges The Right Of Illinois Residents To Possess Functional Firearms, But Denies That Right To Nonresidents.**

The FOID Act plainly discriminates on the basis of residency because nonresidents are ineligible for a FOID.  UMF ¶¶ 7, 9, 11; *see Hicklin*, 437 U.S. at 520 (invalidating statute requiring the employment of qualified residents in preference to nonresidents); *Toomer*, 334 U.S. at 396 (invalidating statute that required nonresidents to pay a fee 100 times greater than that paid by residents for a license to shrimp commercially); *Ward v. Maryland*, 79 U.S. (12 Wall.) 418, 430 (1871) (invalidating statute requiring nonresident merchants to obtain licenses, charging nonresidents a higher license fee, and prohibiting employment of nonresident salesmen).  There should be little argument that a prohibition on possession of a functional firearm offends the right to travel at least as much as denying the right to receive an abortion or engage in commercial fishing.  *Cf. Bolton*, 410 U.S. at 200; *Toomer*, 334 U.S. at 399–401.  The Supreme Court has made clear that the right to "possess and carry weapons in case of confrontation" is the core of the right guaranteed by the Second Amendment.  *Heller*, 554 U.S. at 592.  In *McDonald*, the Court confirmed that the right protected is "fundamental to *our* scheme of ordered liberty."  130 S.Ct. at 3050 (emphasis in original).  *McDonald* also emphasized that the Second Amendment does not embody "a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees."  *Id*. at 3045.  On its face, the FOID Act acknowledges the right of Illinois residents to possess functional firearms, but denies that right to nonresidents.  430 ILCS 65/2(a), (b)(5), (7)–(9).  The FOID Act therefore impairs the right to interstate travel in violation of Article IV and the Fourteenth Amendment by denying nonresidents, and only nonresidents, the fundamental right to possess functional firearms in the home for self-defense.

**B.     There Is No Substantial Reason For The FOID Act To Discriminate Against Nonresidents.**

There is not a substantial reason for the State to limit FOIDs to Illinois residents, because nonresidents do not "'constitute a peculiar source of the evil at which the statute is aimed.'" *Hicklin*, 437 U.S. at 526 (quoting *Toomer*, 334 U.S. at 398).  Indeed, the FOID Act's restrictions do not apply to "[n]onresidents who are currently licensed or registered to possess a firearm in their resident state."  430 ILCS 65/2(b)(10).  Moreover, the need to check out-of-state records could hardly be raised as a defense against issuing FOIDs to nonresidents, because the FOID Act specifically contemplates an interstate check of medical records as part of the FOID application process, and the National Instant Criminal Background Check System compiles criminal records from every State in a central database.  430 ILCS 65/4(a)(3); Brady Handgun Violence Prevention Act, Pub. L. No. 103-159, § 103, 107 Stat. 1536, 1541–43 (1993).  Also, the benefits of the FOID are not "portable" in the way a divorce decree or a college education are portable. *Cf. Sosna*, 419 U.S. at 393 (divorce); *Vlandis*, 412 U.S. at 441 (in-state tuition).  The FOID only gives the holder the ability to legally possess and purchase firearms and ammunition in the State of Illinois.  430 ILCS 65/2(a); UMF ¶¶ 7, 9, 11.  It gives the holder no "portable" rights or privileges outside of Illinois.  The FOID Act therefore impairs the right to interstate travel in violation of Article IV and the Fourteenth Amendment by denying nonresidents, and only nonresidents, the fundamental right to possess functional firearms in the home for self-defense.

Accordingly, Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Ms. Mishaga of the right to travel, in violation of Article IV and the Fourteenth Amendment.  Ms. Mishaga is therefore entitled to entry of summary judgment as a matter of law with respect to her Second Claim for Relief, Compl. ¶¶ 37–44, and declaratory and permanent injunctive relief regarding the FOID Act's

17

prohibition against nonresidents possessing functional firearms for self-defense in Illinois homes.

Defendants are therefore liable to Ms. Mishaga under 42 U.S.C. § 1983.

## CONCLUSION

For the foregoing reasons, the FOID Act, 430 ILCS 65/1 *et seq*, is unconstitutional as applied to Ms. Mishaga.  It deprives her of the right to keep and bear arms for self-defense guaranteed by the Second and Fourteenth Amendments, and the right to travel guaranteed by Article IV and the Fourteenth Amendment.  Therefore, this Court should grant summary judgment if favor of Ms. Mishaga as to both of her claims for relief and permanently enjoin Defendants from enforcing the FOID Act's prohibition against nonresidents possessing functional firearms for self-defense in Illinois homes.

DATED this 3rd day of October 2011.

Respectfully Submitted:

 /s/ James M. Manley
James M. Manley, Esq.
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmanley@mountainstateslegal.com

Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3rd day of October 2011, I filed the foregoing document using the CM/ECF system and caused counsel of record to be served electronically through the CM/ECF system:

Bianca R Chapman
Assistant Attorney General
Office of Illinois Attorney General Lisa Madigan
500 S. Second Street
Springfield, Illinois 62706
bchapman@atg.state.il.us

/s/ James M. Manley
James M. Manley