E-FILED
Monday, 24 October, 2011  04:35:09 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ELLEN MISHAGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 10-3187 |
| | ) | |
| JONATHON MONKEN, Director of | ) | |
| the Illinois Department of State Police, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants Hiram Grau, Director of the Illinois State Police ("ISP"), and Michael Vorreyer,

Master Sergeant, ISP (collectively "Defendants") respond to Plaintiff's Motion for Summary

Judgment as follows:

## I.  INTRODUCTION

Plaintiff, and Ohio resident, brought this action alleging that Defendants violated her right to

bear arms under the Second Amendment of the Constitution and her right to travel as protected by

Article IV of the Constitution and the Fourteenth Amendment of the Constitution by not issuing her

an Illinois Firearms Owners Identification card ("FOID Card").  As a non-resident, Plaintiff is

ineligible for a FOID Card under the relevant facts in this case.  Plaintiff alleges that without a FOID

Card, Illinois law prohibits her from possessing a firearm in her friends' Illinois home when Plaintiff

is an overnight guest.  However, the facts in this case, including the undisputed testimony of Defendant

Vorreyer, show that this assertion is untrue, and Plaintiff has provided no evidence to support her

assertion.  Therefore, all of Plaintiff's claims must fail.  It should be noted that on October 3, 2011

Defendants filed their Motion for Summary Judgment, and many of Plaintiff's arguments have already

been completely addressed in Defendants' Memorandum of Law in Support of Summary Judgement ("Defendants' Motion").  Thus, where appropriate, Defendants will incorporate, by reference, arguments made in their motion rather than restate those arguments in this response.

Defendants assert that there are no genuine issues of material fact in this case.  The only material issue in dispute in this case is the legal issue of whether Illinois law prohibits Plaintiff, a non-resident, from possessing functional firearms in Illinois, inside a dwelling when she is an overnight guest.  The law and facts in this case are that she may do so as long as she has the permission of the owner.   Thus, Defendants' denial of Plaintiff's FOID Card application in no way violates her Second Amendment right to bear arms because she is able to exercise that right without a FOID Card.  Because Plaintiff may engage in the exact activity in which she wishes to engage, Plaintiff's only gripe here can be that she wants a FOID Card.  However, issuance of a  FOID Card is not a constitutionally protected privilege where, as here, it is in no way tied to Plaintiff's ability to exercise her Second Amendment rights.  Thus, this Court should deny Plaintiff's motion for summary judgment on her Second Amendment claims.  Additionally, because Illinois law allows Plaintiff to exercise her Second Amendment rights to the same extent as Illinois residents, Defendants have not infringed upon her right to travel as protected by Article IV of the Constitution.  As such, Defendants respectfully request this Court deny Plaintiff's motion for summary judgment on both counts of her Complaint.

## II. RESPONSE TO UNDISPUTED MATERIAL FACTS

### A.    Undisputed Material Facts

Plaintiff's Paragraph 1: "Ms. Mishaga is a citizen of the United States and a resident of Ohio."

*Response:* Defendants do not dispute the facts contained in Paragraph 1 and concede that they are material.

2

Plaintiff's Paragraph 3: "Defendant Hiram Grau, is the Director of the Illinois Department of State Police. Defendant Grau is responsible for issuing FOIDS."

*Response*: Defendants do not dispute the facts contained in Paragraph 3 and concede that they are material.

Plaintiff's Paragraph 4: "Defendant, Michael W. Vorreyer, is Master Sergeant, Illinois Department of State Police. Defendant Vorreyer has responsibility for the FOID Card Unit of the Illinois Department of State Police, subject to the supervision of Director Grau."

*Response:* Defendants do not dispute that Michael W. Vorreyer is a Master Sergeant with the Illinois State Police or that he is a supervisor in the FOID Card Unit. Defendants concede that these facts are material. Defendants dispute that he has responsibility for the entire FOID Card Unit or that his direct supervisor is Director Grau. However, defendants state that these disputed facts are immaterial.

Plaintiff's Paragraph 13: "Ms. Mishaga and her husband lawfully own firearms in their resident state of Ohio."

*Response:* Defendants do not dispute that Ms. Mishaga and her husband *currently* lawfully own firearms in their resident State of Ohio. However, it is undisputed that Ms. Mishaga did not own a firearm at the time she filed this Complaint. (Mishaga Dep 14:7-16, attached hereto as Ex.1). This fact is material to the issue of Plaintiff's standing, as discussed in Defendants' Motion.

**B.    Disputed Material Issues**

Plaintiff's Paragraph 11: "Illinois law prohibits Ms. Mishaga from possessing a functional firearm for self defense when she is an overnight guest in her friends' Illinois home."

*Response:* Illinois law does not prohibit Ms. Mishaga from possessing a functional firearm for self

defense when she is an overnight guest in her friend's Illinois home.  The evidence in this case shows that Illinois law allows her to engage in that activity.  (Vorreyer Dep. 15:13-15); 720 ILCS 5/24-1. Defendants concede that this issue is material, but deny that it is a factual issue, and state that it is a legal issue.

**C.    Disputed Immaterial Facts**

Plaintiff's Paragraph 2: "Several times each year, Ms. Mishaga and her husband travel to Illinois to visit their friends, James and Nancy Telzrow.  When they make these trips, they stay in the Telzrow's home overnight.  Ms. Mishaga has concrete plans to make overnight trips to Illinois to visit her friends in the future and she has a credible fear of arrest, prosecution, incarceration, and/or fine if she were to possess a functional firearm for self-defense while an overnight guest in her friends' Illinois home."

> *Response:* Whether Ms. Mishaga *now* has "concrete plans" to possess firearms in Illinois is immaterial because she admits that she did not own a firearm or have permission from her Illinois friends to possess firearms in their Illinois home at the time she filed her Complaint, as required to confer standing.  (Mishaga Dep 14:7-16, 21:9-14). Any fears Ms. Mishaga may have of arrest, prosecution, incarceration, and/or fine are not "credible" as required to confer standing because there is no threat of arrest or prosecution, incarceration, and or/fine because the activity she wishes to engage is not prohibited.

Plaintiff's Paragraph 10: "Ms. Mishaga meets all of the qualifications for a FOID card, except that she does not possess an Illinois driver's license or Illinois Identification Card."

> *Response:* Defendants dispute the facts stated in Paragraph 10 because, as Sergeant Mike Vorreyer testified, it is impossible to tell whether a FOID applicant meets all of the qualifications

4

for issuance of a FOID Card, based only on their application. (Vorreyer Dep. 35:15). In addition to the requirements listed in 430 ILCS 65/4 (West 2011), which Plaintiff cites in her statement of facts, a FOID Card applicant must also pass a background check before they will be determined eligible for a FOID Card. However, the facts in Paragraph 10 are not material to this case because Illinois does not issue FOID Cards to non-residents, except under certain limited exceptions inapplicable to Plaintiff. Nor does Illinois require nonresidents to possess a FOID Card in order to possess firearms in Illinois. Nonresidents have no constitutional interest in, or right to, a FOID Card.

## D.      Undisputed Immaterial Facts

Plaintiff's Paragraphs 5-9: "An applicant for a FOID card must possess either an Illinois driver's license number or an Illinois Identification Card number. On March 27, 2010, Ms. Mishaga submitted an application for a FOID. On or about April 30, 2010, Defendants denied Ms. Mishaga's FOID application because, 'No Illinois driver's license number or state identification number provided.' On or about May 17, 2010, Ms. Mishaga submitted a second application for a FOID Card. On or about June 14, 2010, Defendants denied Ms. Mishaga's second FOID application because, 'Due to Illinois state law, you must have a valid IL driver's license or IL state ID in order to be eligible for an IL FOID card.'"

*Response:* Defendants do not dispute the facts in Paragraphs 5-9 but state that they are immaterial to Ms. Mishaga's claims that Defendants violated her constitutional right to bear arms and to travel. The facts in Paragraphs 5-9 all relate to Illinois' requirements for issuance of a FOID Card and Defendants' denial of Ms. Mishaga's application for a FOID Card. These facts are immaterial because Ms. Mishaga has no constitutional right to a have a FOID Card issued to her

5

where Illinois law allows nonresidents like her to exercise the same constitutional right to bear arms and to travel as Illinois resident FOID card holders.

Plaintiff's Paragraph 12: "Ms. Mishaga does not possess a concealed carry permit, nor is she licensed or registered to possess a firearm in any other way in her resident State of Ohio."

*Response:* Defendants do not dispute that Ms. Mishaga has no concealed carry permit, or license or registration to possess a firearm in the State of Ohio.  However, this fact is immaterial because Illinois law does not require that she have a physical permit, license, or registration from Ohio in order to possess firearms in Illinois.  The undisputed facts show that nonresidents who are legally eligible to possess firearms in their home state are legally eligible to do so in Illinois. (Vorreyer Dep. 15:13-15).

Plaintiff's Paragraph 14: Mr. Telzrow wants Ms. Mishaga to be able to lawfully possess a firearm for self-defense when she is a guest in his home.

*Response:* Defendants do not dispute the facts in Paragraph 14.  However, Mr. Telzrow's desires are not material to Plaintiff's constitutional right to possess firearms.   Under Illinois law, a nonresident may possess firearms when she is an overnight guest in an Illinois home, as long as the homeowner gives her permission.

Plaintiff's Paragraph 15: Mr. Telzrow possesses a valid FOID Card.

*Response:* Defendants do not dispute that Mr. Telzrow possesses a valid FOID Card. However, this fact is immaterial to Plaintiff's claims that Defendants have violated her constitutional rights by not issuing her a FOID Card.

Plaintiff's Paragraph 16: Mr. Telzrow lawfully possesses firearms in his Illinois home for hunting and self-defense purposes, to which Ms. Mishaga has access when she is a guest.

6

*Response:* Defendants do not dispute the facts stated in Paragraph 16.  However these facts are immaterial to any of Plaintiff's claims in this case alleging that Defendants violated her constitutional rights by denying her a FOID Card.

**E.       Additional Material Facts**

Defendants incorporate their statement of Undisputed Material Facts herein.  Additionally, Defendants add the following additional material facts.

1)       On July 27, 2010, when Plaintiff filed her initial complaint, and on March 1, 2011, when she filed her amended Complaint, Plaintiff did not have the permission of Jim or Nancy Telzrow to access Jim and Nancy's firearms in their home when Plaintiff is an overnight guest. (Mishaga Dep. 21:9-14).

**III. ARGUMENT**

**A.       Plaintiff's assertion that she cannot possess a functional firearm in an Illinois home when she is an overnight guest is untrue and factually unsupported.**

The FOID Act sets forth that "[n]o person may acquire or possess any firearm . . . within this State without having in his or her possession a Firearm Owner's Identification Card previously issued in his or her name by the Department of State Police under the provisions of this Act."  430 ILCS 65/2(b)(1).  However, as acknowledged by Plaintiff in her Complaint, there are exceptions stated within the FOID  Act.  *See* (Compl. ¶ 18); *see also* 430 ILCS 65/2.

"Exception 10" of the FOID Act allows "nonresidents who are currently licensed or registered to possess a firearm in their resident state" to possess firearms without obtaining a FOID Card.  *See* 430 ILCS 65/2(b)(10).  Moreover, Section 24-1(4) of the Criminal Code of 1961 makes clear that a person does not commit the offense of unlawful use of weapons when she possesses a firearm "on the land or

7

in the legal dwelling of another person as an invitee with the person's permission." 720 ILCS 5/24-1.
Thus, under Illinois law, Plaintiff is allowed not only to possess firearms in Illinois without a FOID
Card, she is also allowed to do so as an invitee in her friend's home – exactly what she claims she
would like to do.

Plaintiff's entire case hinges on her unsupported contention that Exception 10 does not apply
to her because she does not have an actual physical piece of paper titled "license" or "registration." *See*
(Pl's Mot. 9).  However she has produced no evidence showing that Illinois courts, legislature, or
prosecutors interpret the FOID Act to require a physical piece of paper in order for Exception 10 to
apply.  Indeed, the facts in this case show that Exception 10 applies to nonresidents like Ms. Mishaga,
as long as they are legally able to possess firearms in their home states, even where they do not have
an actual physical license.  As Defendant Vorreyer testified, "if they are legally eligible to possess
firearms in their home state, they're legally eligible to do so here in Illinois." (Vorreyer Dep. 23:1-3).
Indeed, in a recent decision, the Illinois Supreme Court ruled that a nonresident need not have his out-
of-state license or permit with him to legally bring his firearm with him to Illinois.  *People v. Holmes*,
948 N.E.2d 617, 624-25 (Ill. 2011).

**B.**      **Plaintiff's contention that as a non-resident, she is ineligible for a FOID Card is
          immaterial because Illinois law does not require her to have a FOID Card to exercise her
          Second Amendment right to possess firearms in self-defense.**

Defendants' denial of Plaintiff's FOID application is immaterial because Plaintiff has no
constitutional right to a FOID Card where, as here,  Illinois law allows her to exercise her Second
Amendment right to bear arms, without a FOID Card.  Thus, Defendants have not violated Plaintiff's
Second Amendment rights. Indeed, as fully discussed in Defendants' Motion, the minimal regulation
that Illinois places on non-residents' ability to possess firearms by requiring them to be legally eligible

to possess firearms in their resident state would easily satisfy intermediate scrutiny.[1]  This is especially true considering the substantial public safety goals behind the FOID Act's statutory scheme and requirements, as fully discussed in Defendants' Motion.  Moreover, as fully argued in Defendants' Motion, a state does not violate the Privileges and Immunities Clause where it treats residents and non-residents differently with regard to resources (in this case a FOID Card) that are not fundamental, and thus not protected by the Constitution.  Thus, Plaintiff is not entitled to summary judgment on her right to travel claim .

## IV. CONCLUSION

Plaintiff is not entitled to judgment as a matter of law because the evidence in this case shows that the FOID Act does not prohibit her from possessing functional firearms in her friends' Illinois home when she is an overnight guest.  She is able to do so, without a FOID Card.  Accordingly, Defendants have not violated Plaintiff's right to bear arms or to travel by denying her application for a FOID Card.

Respectfully Submitted,

JONATHON MONKEN and MICHAEL VORREYER,
    Defendants,

LISA MADIGAN, Attorney General,
State of Illinois
        Attorney for Defendants,

Deborah Barnes, #6187804
Bianca R. Chapman, #6292541
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706          By:  /s/ Bianca R. Chapman
(217) 782-5819                             Bianca R. Chapman
                                           Assistant Attorney General
Of Counsel.

---

[1] Plaintff also argues, without any discussion or support, that strict scrutiny should apply. *See* (Pl's Mot. 12). However, as fully discussed in Defendants' Motion, relevant Seventh Circuit case law clearly provides that intermediate scrutiny applies in cases where only minimal regulations are involved and not total bans like in the laws struck down in *Heller.*

9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| ELLEN MISHAGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 10-3187 |
| | ) | |
| JONATHON MONKEN, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, Bianca R. Chapman, Assistant Attorney General,  hereby certify that on October 24, 2011, I electronically filed the foregoing Response to Plaintiff's Motion for Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record for Plaintiff:

James M. Manley
jmanley@mountainstateslegal.com

and I hereby certify that on October 24, 2011, I mailed by United States Postal Service, the document to the following non-registered participant:

NONE

Respectfully submitted,
 /s/ Bianca R. Chapman
Bianca R. Chapman, #6292541
Assistant Attorney General
Attorney for Defendants
Office of the Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-5819
Facsimile:  (217) 524-5091
bchapman@atg.state.il.us