## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ELLEN MISHAGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 10-3187 |
| | ) | |
| JONATHON MONKEN, Director of | ) | |
| the Illinois Department of State Police, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### I.  Reply to Additional Material Facts

1. Plaintiff's Additional Material Fact number 1 is not material because Plaintiff has no constitutional right to a FOID Card where, as here, she may exercise her Second Amendment rights without one.  Thus, it is immaterial that Illinois may provide relief and allow a limited group of nonresidents to obtain FOID Cards if they are active duty military or are required to possess a FOID Card for employment.  Defendants are not able to fully respond to Paragraph 1 because its use of the term "track" is  vague and ambiguous.  However, Defendants state that ISP performs a background check and monitors military and employment relief applicants as it does other FOID applications, with the exception that ISP imposes the additional requirement that military and employment relief applicants satisfy additional factors outlined in the checklist.  Defendant Vorreyer testified about the checklist and the additional factors that an individual must meet before ISP will even consider such an individual for the relief.   *See* (Vorreyer Dep. 36-42).

## II. *Argument in Reply*

As fully discussed in Defendants' Motion, the undisputed evidence shows that a nonresident who is legally eligible to possess firearms in her resident state may do so in Illinois, without an Illinois FOID card.  Defendants have cited to deposition testimony as well as case law to support their argument that a nonresident need not possess a physical piece of paper from her resident state in order to be entitled to the exemptions in 430 ILCS 65/2(b)(10) ("Exception 10").  Despite this evidence and case law, Plaintiff continues to insist that Illinois law prohibits her from doing so.  However, she has yet to cite one  single piece of evidence to support her contention.

Moreover, Plaintiff's Response to Defendants' Motion fails to even address Defendants' arguments regarding  the holding by the Illinois Supreme Court in *People v. Holmes*.  In *Holmes*, the court overturned a criminal conviction for aggravated unlawful use of a firearm and held that an out-of-state resident need to have his out-of-state license or permit with him in Illinois in order to invoke Exception 10, and thus be protected from arrest or prosecution for possessing a firearm without a FOID Card.  241 Ill.2d 509 (2011).  Thus, the Illinois Supreme Court has made clear that it interprets the FOID Act such that possession of a physical piece of paper is not a determinative factor in invoking Exception 10.

Not only does Plaintiff ignore the holding in *Holmes*, she misguidedly cites *Holmes* as support for her contention that she has a credible fear of prosecution under the FOID Act.  *See* (Pl's Response 9) (citing to *Holmes* and stating "Indeed, nonresidents have been prosecuted in Illinois for possessing firearms without a FOID").  Plaintiff's reliance on *Holmes* is totally misplaced because, although the Defendant in *Holmes* was prosecuted, the Illinois Supreme Court overturned that conviction, thus ruling that prosecution was contrary to the FOID Act and the other Illinois laws at issue.  Thus, *Holmes* does

not stand for the proposition that the FOID Act permits a prosecutor to prosecute Plaintiff if she were to possess a firearm in Illinois, without a FOID Card.  To the contrary, it stands for the proposition that Exception 10 of the FOID Act prevents a non-resident from being arrested and prosecuted for possessing a firearm without a FOID Card, even when that nonresident does not have a physical piece of paper from her resident-state to show police officers that she is permitted to do so in her resident state.  The remote possibility that a rogue prosecutor may chose to disobey Illinois law as interpreted by the Supreme Court of this State does not give rise to a credible fear of prosecution, and certainly does not make the FOID Act unconstitutional.

Plaintiff also contends, without citing to any evidence, that Ms. Mishaga had a concrete plan to possess firearms in Illinois because she and her husband jointly owned firearms at the time she filed her Complaint.  However, when Defendants' counsel asked Plaintiff about gun ownership, she admitted at two separate instances during her deposition, that she did not own a firearm before March 2011, except one that she owned and disposed of in her early 20s. (Mishaga Dep. 13:22-15; 34:24-35).

Plaintiff also contends that she did not need to own a firearm in order to have a concrete plan to possess firearms in Illinois because she "always" had access to her friends' firearms at their home. However, this assertion is contrary to Plaintiff's own testimony.  When asked at her deposition whether she had permission to posses firearms in her friends' home, Plaintiff answered no, as detailed below:

> Q.     [H]as Jim expressed to you that he would give you permission
> to carry a weapon in his home?
> A.     No.
> Q.     Has Nancy expressed to you that she would give you permission
> to carry a weapon in their home?
> A.     No. No.

Thus, it is irrelevant whether Jim and Nancy have now given Ms. Mishaga permission to access their firearms, because at the time she filed the complaint, and as late as her July 26, 2011 deposition, they had not given her permission to possess firearms in their home, much less to access and posses their firearms.  Thus, Plaintiff lacked a concrete plan to possess firearms in Illinois where she neither owned nor had permission to access her friends' firearms.  Therefore, Plaintiff's Response raises no additional arguments or evidence to prove that she has standing.  Because Plaintiff's Response raises no additional arguments other than those already fully addressed in Defendants' Motion, Defendants will not reply to those arguments, but instead refers this Court to Defendants' Motion.

                                        Respectfully Submitted,

                                        JONATHON MONKEN and MICHAEL VORREYER,
                                            Defendants,

                                        LISA MADIGAN, Attorney General,
                                        State of Illinois
Deborah Barnes, #6187804                    Attorney for Defendants,
Bianca R. Chapman, #6292541
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706            By:  /s/ Bianca R. Chapman
(217) 782-5819                              Bianca R. Chapman
                                            Assistant Attorney General
Of Counsel.

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| ELLEN MISHAGA, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|   -vs- | )   No. 10-3187 |
| | ) |
| JONATHON MONKEN, Director of | ) |
| the Illinois Department of State Police, et al., | ) |
| | ) |
|       Defendants. | ) |

## CERTIFICATE OF SERVICE

I, Bianca R. Chapman, Assistant Attorney General,  hereby certify that on November 10, 2011, I electronically filed the foregoing Reply in Support of Defendants' Motion for Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record for Plaintiff:

James M. Manley

jmanley@mountainstateslegal.com

and I hereby certify that on November 9, 2011, I mailed by United States Postal Service, the document to the following non-registered participant:

NONE

Respectfully submitted,
 /s/ Bianca R. Chapman
Bianca R. Chapman, #6292541
Assistant Attorney General
Attorney for Defendants
Office of the Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-5819
Facsimile:  (217) 524-5091
bchapman@atg.state.il.us