# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| ELLEN MISHAGA, | ) |
| | ) |
| Plaintiff, | ) No. 10-cv-03187-SEM |
| | ) |
| v. | ) |
| | ) **PLAINTIFF'S REPLY TO DEFENDANTS'** |
| HIRAM GRAU, Director of the Illinois | ) **RESPONSE TO PLAINTIFF'S MOTION** |
| Department of State Police; MICHAEL | ) **FOR SUMMARY JUDGMENT** |
| W. VORREYER, Master Sergeant, | ) |
| Illinois Department of State Police, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## REPLY TO ADDITIONAL MATERIAL FACTS

Ms. Mishaga incorporates herein her Response to Undisputed Material Facts, contained in Plaintiff's Response to Defendants' Motion for Summary Judgment ("Pl.'s Resp.") [docket no. 24]. For purposes of Ms. Mishaga's reply to Defendants' Response to Plaintiff's Motion for Summary Judgment ("Defs.' Resp.") [docket no. 23] only, Ms. Mishaga submits that the following additional fact proposed by Defendants is disputed and immaterial. The paragraph number below corresponds to Defendants' Statement of Additional Material Facts.

1.     Disputed. The undisputed evidence shows that Mr. Telzrow has given Ms. Mishaga permission to access his firearms for self-defense purposes when she is a guest in his home and that the Telzrows support her effort to vindicate her constitutional rights. Plaintiff's Motion for Summary Judgment ("Pl.'s Motion"), Undisputed Material Facts [docket no. 22] ("Pl.'s UMF") ¶ 16; Defs.' Resp. at 6–7; Deposition of Ellen Mishaga at 29–30.[1] Moreover, it is immaterial whether Ms. Mishaga has access to Mr. Telzrow's firearms because it is also undisputed that Ms. Mishaga has access to firearms that she owns jointly with her husband. Pl.'s UMF ¶ 13; Pl.'s Resp., Exhibit 1; Mishaga Dep. at 29–31 ("**Q.** [W]hen you're traveling, your husband has guns with him? **A.** Uh-huh, yes. **Q.** And would you have access to those guns if you needed them? **A.** Yes.").

---

[1] Relevant portions of Ms. Mishaga's deposition are attached hereto as Exhibit 1.

1

**ARGUMENT**

I.  **THE FOID ACT EXCEPTION FOR "LICENSED OR REGISTERED" NONRESIDENTS, 430 ILCS 65/2(B)(10), DOES NOT APPLY TO MS. MISHAGA.**

Defendants argue that Ms. Mishaga is exempt from the FOID Act. Defs.' Resp. at 7–8. However, this Court has already concluded that 430 ILCS 65/2(B)(10), the FOID Act's exception for nonresidents "licensed or registered to possess a firearm in their resident state," does not apply to Ms. Mishaga—because Ms. Mishaga has not been "licensed" or "registered" by her resident State of Ohio to possess a firearm. *Mishaga v. Monken*, 753 F. Supp. 2d 750, 753 (C.D. Ill. 2010). It is undisputed that Ms. Mishaga has never been "licensed" or "registered" to possess a firearm by her resident State of Ohio. Pl.'s UMF ¶ 12; Defs.' Resp. at 6. Accordingly, the law of the case doctrine prevents Defendants from re-litigating this issue. *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007) ("a court ought not to re-visit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants re-examination."); *accord Sharp Electronics Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 510 (7th Cir. 2009).

Defendants rely on *People v. Holmes*, 948 N.E.2d 617, 624–25 (Ill. 2011), a case that is irrelevant and contrary to their argument. Defendants cite *Holmes* for the proposition "that a nonresident need not have his out-of-state license or permit with him to legally bring his firearm with him to Illinois." Defs.' Resp. at 8. That proposition is true but irrelevant, because it is undisputed that Ms. Mishaga does not have an out-of-state license or permit. Pl.'s UMF ¶ 12; Defs.' Resp. at 6. Unlike Ms. Mishaga, the defendant in *Holmes* had been issued a license by the State of Indiana; he simply did not have the license in his possession when he was arrested for possessing a firearm in Illinois without a FOID. *Holmes*, 948 N.E.2d at 624.

2

Moreover, *Holmes* contradicts Defendants' argument that 430 ILCS 65/2(B)(10) does not require "an actual physical piece of paper titled 'license' or 'registration.'" Defs.' Resp. at 8. In *Holmes* the principle question before the court was whether the defendant could introduce his Indiana permit as physical evidence at his trial. *Holmes*, 948 N.E.2d at 625. Because he had been unable to introduce the piece of paper that entitled him to possess a firearm, he was convicted of unlawfully possessing a firearm in Illinois without a FOID. *Id*. ("[W]e find that the trial court erred when it concluded that defendant's Indiana permit was irrelevant and prevented defendant from presenting this relevant evidence. If defendant had been able to produce evidence that he had been issued a valid Indiana permit, a conviction on count II would not have been proper . . . . As such, the trial court's refusal to allow defendant to introduce the permit into evidence was prejudicial error."). If the requirement of a physical license or proof of registration were not clear from the plain text of the FOID Act, *Holmes* resolves any doubt in the matter by allowing nonresident defendants to invoke 430 ILCS 65/2(B)(10) only upon presentation of physical evidence of an out-of-state license or permit.[2] Because it is undisputed that Ms. Mishaga has not been "licensed" or "registered" by her resident State of Ohio to possess a firearm, 430 ILCS 65/2(B)(10) provides her no solace.

II. **THE EXCEPTIONS TO THE OFFENSE OF "UNLAWFUL USE OF WEAPONS" DO NOT APPLY TO THE FOID ACT.**

Defendants offer a red herring when they argue, without supporting authority, that a separate statutory provision outside the FOID Act, 720 ILCS 5/24-1(a)(4), cures their unconstitutional denial of Ms. Mishaga's FOID application. *See* Defs.' Resp. at 7–8. Defendants' argument focuses on the offense of "unlawful use of weapons," but ignores the fact

---

[2] Notably, the Illinois Supreme Court remanded the case to the trial court to allow the defendant to introduce evidence of his Indiana permit. *Holmes,* 948 N.E.2d at 626.

that the FOID Act defines a separate offense: "possess[ing] any firearm . . . without having in his or her possession a [FOID]." 430 ILCS 65/2(a)(1).

Defendants state that 720 ILCS 5/24-1(a)(4) contains an exception to the offense of "unlawful use of weapons" for firearms possessed "'on the land or in the legal dwelling of another person as an invitee with that person's permission.'" Defs.' Resp. at 7–8 (quoting 720 ILCS 5/24-1(a)(4)). What Defendants fail to acknowledge, however, is that the FOID Act defines a separate offense of possessing firearms without a FOID. 430 ILCS 65/2(a)(1); Pl.'s UMF ¶ 11. Indeed, committing the offense of unlawful use of weapons without possessing a FOID is an aggravating factor that can result in two felony charges: aggravated unlawful use of weapons, 720 ILCS 5/24–1.6(a)(1)(3)(C), and possessing firearms without a FOID, 430 ILCS 65/14(b) ("A violation of paragraph (1) of subsection (a) of Section 2 is a Class 3 felony when: . . . the person does not possess a currently valid [FOID], and the person is not otherwise eligible under this Act.").

Thus, while Ms. Mishaga could arguably possess firearms in her friends' Illinois home without fear of prosecution under 720 ILCS 5/24-1(a)(4), she would still be subject to prosecution under the FOID Act. Indeed, nonresidents have been prosecuted in Illinois for possessing firearms without a FOID. *Holmes*, 948 N.E.2d at 624. Ms. Mishaga therefore has a credible fear of prosecution. *See Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (a plaintiff "'should not be required to await and undergo a criminal prosecution as the sole means of seeking relief.'") (quoting *Doe v. Bolton*, 410 U.S. 179, 188 (1973)).

III. **DEFENDANTS CONCEDE THAT THE DENIAL OF MS. MISHAGA'S FOID APPLICATION VIOLATES HER CONSTITUTIONAL RIGHTS.**

Defendants concede that their denial of Ms. Mishaga's FOID application violates her constitutional right to keep and bear arms and her right to travel—but only if Illinois law does

not "allow[] her to exercise her Second Amendment right to bear arms, without a FOID Card." Defs.' Resp. at 8–9. As demonstrated above, Illinois law states unequivocally that Ms. Mishaga is prohibited from exercising her Second Amendment rights without a FOID Card. 430 ILCS 65/2(a)(1); 430 ILCS 65/14(b). Accordingly, Defendants' denial of Ms. Mishaga's FOID application violates her right to possess a functional firearm in the home for self-defense, for no other reason than the fact that she is a nonresident. Defendants have thereby violated Ms. Mishaga's fundamental right to keep and bear arms and her right as a nonresident to be treated as a "welcome visitor rather than an unfriendly alien," which is "expressly protected by the text of the Constitution." *Saenz v. Roe*, 526 U.S. 489, 501 (1999); *McDonald v. City of Chicago*, ___ U.S. ___, 130 S.Ct. 3020, 3036 (2010) ("[T]he right to keep and bear arms is fundamental to *our* scheme of ordered liberty . . . .") (emphasis in original).

Defendants have made no attempt to respond to Ms. Mishaga's allegation that there is not a "substantial reason" for Defendants to limit FOIDs to Illinois residents. *Saenz*, 526 U.S. at 502 (the Constitution "bar[s] discrimination against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States"); Pl.'s Motion at 14–18. It is undisputed that nonresidents do not "'constitute a peculiar source of the evil at which the statute is aimed.'" *Hicklin v. Orbeck*, 437 U.S. 518, 526 (1978) (quoting *Toomer v. Witsell*, 334 U.S. 385, 398 (1948)).

Defendants' simply assert that issuing FOIDs to nonresidents would harm public safety because Defendants could not monitor nonresident FOID holders. Defs.' Resp. at 9. However, there is no rational connection between Defendants' argument and the requirements of the FOID Act, because the Act defers to nonresidents' home states to determine their eligibility to possess firearms in Illinois. *See* 430 ILCS 65/2(B)(10). This is a requirement without substance. The

5

Act does not define standards for the out-of-state licenses that substitute for a FOID, nor have Defendants articulated any standards. The FOID Act contains no requirement that States monitor their licensees or registrants in order to entitle those nonresidents to possess firearms in Illinois. Literally any license or registration issued by any State, no matter the requirements for obtaining or keeping it, suffices to exempt nonresidents from the FOID Act. Defendants make no attempt to provide a "substantial reason" why denying Ms. Mishaga's FOID application creates a greater public safety risk than the FOID Act's own exceptions for nonresidents licensed or registered in their home States.

Moreover, Defendants acknowledge that they have issued FOIDs to nonresidents and do nothing unusual to monitor these nonresident FOID holders. Pl.'s Resp., Additional Material Facts ¶ 1. This acknowledgment completely undercuts their argument that denying FOIDs to nonresidents is essential to achieving the FOID Act's goals. Thus, Defendants fail to provide a "substantial reason" for discriminating against nonresidents. *Saenz*, 526 U.S. at 502.

## **CONCLUSION**

For the foregoing reasons, and those stated in support of Plaintiff's Motion for Summary Judgment, the FOID Act, 430 ILCS 65/1 *et seq*, is unconstitutional as applied to Ms. Mishaga. It deprives her of the right to keep and bear arms for self-defense guaranteed by the Second and Fourteenth Amendments, and the right to travel guaranteed by Article IV and the Fourteenth Amendment. Therefore, Defendants are liable to Ms. Mishaga under 42 U.S.C. § 1983 and this Court should grant summary judgment in favor of Ms. Mishaga as to both of her claims for relief and permanently enjoin Defendants from enforcing the FOID Act's prohibition against nonresidents possessing functional firearms for self-defense in Illinois homes.

DATED this 10th day of November 2011.

        Respectfully Submitted:

        /s/ James M. Manley
        James M. Manley, Esq.
        Mountain States Legal Foundation
        2596 South Lewis Way
        Lakewood, Colorado 80227
        (303) 292-2021
        jmanley@mountainstateslegal.com

        Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 10th day of November 2011, I filed the foregoing document using the CM/ECF system and caused counsel of record to be served electronically through the CM/ECF system:

Bianca Chapman
Assistant Attorney General
Office of Illinois Attorney General Lisa Madigan
500 S. Second Street
Springfield, Illinois 62706
bchapman@atg.state.il.us

                                            /s/ James M. Manley
                                            James M. Manley