E-FILED
Saturday, 15 December, 2012  11:27:27 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ELLEN MISHAGA, | ) |
| | ) |
| Plaintiff, | ) No. 10-cv-03187-SEM |
| | ) |
| v. | ) |
| | ) **PLAINTIFF'S NOTICE OF** |
| HIRAM GRAU, Director of the Illinois | ) **SUPPLEMENTAL AUTHORITY** |
| Department of State Police; MICHAEL | ) |
| W. VORREYER, Master Sergeant, | ) |
| Illinois Department of State Police, | ) |
| | ) |
| Defendants. | ) |
| | ) |

    Plaintiff, Ellen Mishaga, by and through undersigned counsel, submits the following supplemental authority.

    As demonstrated in Plaintiff's Motion for Summary Judgment (Doc. 22), given this case's stark similarity to *District of Columbia v. Heller*, 554 U.S. 570 (2008), it is not necessary to define a standard of scrutiny.  Pl.'s M. Summ. J. at n.5.  In *Moore v. Madigan*, No. 12-1269 (7th Cir. Dec. 11, 2012), the Court of Appeals further clarified the appropriate analysis applicable to legislation that burdens Second Amendment rights:

> If the mere possibility that allowing guns to be carried in public would increase the crime or death rates sufficed to justify a ban, *Heller* would have been decided the other way, for that possibility was as great in the District of Columbia as it is in Illinois.
>
>     . . . .
>
>     A blanket prohibition on carrying gun in public prevents a person from defending himself anywhere except inside his home; and so substantial a curtailment of the right of armed self-defense requires a greater showing of justification than merely that the public *might* benefit on balance from such a curtailment, though there is no proof it would.

*Id*. at *13–14 (emphasis in original).  The Court of Appeals further clarified that its "analysis is not based on degrees of scrutiny, but on Illinois's failure to justify the most restrictive gun law of any of the 50 states."  *Id*. at *18–19.  A copy of the opinion is attached hereto as Exhibit 1.

DATED this 15th day of December 2012.

                                  Respectfully Submitted:

                                  /s/ James M. Manley
                                  James M. Manley, Esq.
                                  Mountain States Legal Foundation
                                  2596 South Lewis Way
                                  Lakewood, Colorado 80227
                                  (303) 292-2021
                                  (303) 292-1980 (facsimile)
                                  jmanley@mountainstateslegal.com

                                  Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of December 2012, I filed the foregoing document using the CM/ECF system and caused counsel of record to be served electronically through the CM/ECF system.

/s/ James M. Manley
James M. Manley