IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ELLEN MISHAGA, | ) |
| | ) |
| Plaintiff, | ) No. 10-cv-03187-SEM |
| | ) |
| v. | ) |
| | ) **PLAINTIFF'S SECOND NOTICE OF** |
| HIRAM GRAU, Director of the Illinois | ) **SUPPLEMENTAL AUTHORITY** |
| Department of State Police; MICHAEL | ) |
| W. VORREYER, Master Sergeant, | ) |
| Illinois Department of State Police, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, Ellen Mishaga, by and through undersigned counsel, submits the following supplemental authority addressing two recent statutory amendments.

As demonstrated in Plaintiff's Motion for Summary Judgment (Doc. 22) (filed Oct. 3, 2011), Illinois law generally prohibits possession of firearms and ammunition in Illinois, unless a person has been issued a Firearms Owner Identification card ("FOID"). Pl's Mot. for Summ. J. at 7 (citing 430 ILCS 65/2(a)); *see also Mishaga v. Monken*, 753 F. Supp. 2d 750, 753 (C.D. Ill. 2010) (holding that the FOID Act "prohibits Mishaga from possessing a useable weapon for defense in her friends' residence."). Ms. Mishaga meets all of the qualifications for a FOID, except that she does not possess an Illinois driver's license or Illinois Identification Card.[1] 430 ILCS 65/4(a-5). Additionally, S.B. 1034[2] (effective January 1, 2013) explicitly requires applicants for a FOID to be "a resident of the State of Illinois." 430 ILCS 65/4(a)(2)(xiv); 430 ILCS 65/8(q). As a resident of Ohio, Ms. Mishaga does not meet this facially discriminatory

---

[1] Ms. Mishaga has been denied a FOID on two occasions because she does not possess an Illinois driver's license or Illinois Identification Card. Plaintiff's Undisputed Material Facts ¶¶ 7, 9.

[2] A copy of S.B. 1034 is attached hereto as Exhibit 1.

requirement.  *See Saenz v. Roe*, 526 U.S. 489, 500–01 (1999) ("by virtue of a person's state citizenship, a citizen of one State who travels in other States, intending to return home at the end of his journey, is entitled to enjoy the 'Privileges and Immunities of Citizens in the several States' that he visits."); *id*. at 512–13 (Rehnquist, C.J., dissenting) ("Nonresident visitors of other States should not be subject to discrimination solely because they live out of State.").

Moreover, H.B. 183[3] (effective July 9, 2013) directs the Department of State Police to "by rule allow for non-resident [concealed carry] license applications from any state or territory of the United States with laws related to firearm ownership, possession, and carrying, that are substantially similar to the requirements to obtain a license under this Act."[4]  *To be codified at* 430 ILCS 66/40.

Defendants' argument that there is substantial reason to discriminate against nonresidents who apply for a FOID is eviscerated by this statutory change.  *See* Pl's Mot. for Summ. J. at 15–18.  There is no rational justification for issuing a permit to "carry a loaded . . . concealed firearm," to nonresidents, 430 ILCS 66/10(c), yet at the same time deny nonresidents a FOID—and thereby deny the right to possess a functional firearm only in a home.  Accordingly, the de facto residency requirement imposed by 430 ILCS 65/4(a-5) and the explicit residency requirement at 430 ILCS 65/4(a)(2)(xiv) and 430 ILCS 65/8(q) are unconstitutional.  *See Hicklin v. Orbeck*, 437 U.S. 518, 520 (1978) (invalidating statute requiring the employment of qualified residents in preference to nonresidents); *Toomer v. Witsell*, 334 U.S. 385, 396 (1948) (invalidating statute that required nonresidents to pay a fee 100 times greater than that paid by residents for a license to shrimp commercially); *Ward v. Maryland*, 79 U.S. (12 Wall.) 418, 430

---

[3] A copy of H.B. 183 is attached hereto as Exhibit 2.

[4] No such rulemaking has been undertaken.  Indeed, the Department is not required to issue application forms for six months.  430 ILCS 66/10(d).

(1871) (invalidating statute requiring nonresident merchants to obtain licenses, charging nonresidents a higher license fee, and prohibiting employment of nonresident salesmen).

The FOID Act residency requirement constitutes a "fixed harm" and inflicts irreparable injury "every day it remains on the books." *Ezell v. City of Chicago*, 651 F.3d 684, 698–99 (7th Cir. 2011).

DATED this 12th day of July 2013.

Respectfully submitted,

/s/ James M. Manley
James M. Manley, Esq.
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmanley@mountainstateslegal.com

Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of July 2013, I filed the foregoing document using the CM/ECF system and caused counsel of record to be served electronically through the CM/ECF system.


    /s/ James M. Manley
    James M. Manley, Esq.