**E-FILED**
Friday, 12 July, 2013  11:00:40 AM
Clerk, U.S. District Court, ILCD

# EXHIBIT 1

2012 Ill. Legis. Serv. P.A. 97-1131 (S.B. 1034) (WEST)

ILLINOIS 2012 LEGISLATIVE SERVICE

Ninety-Seventh General Assembly, 2012

Additions are indicated by Text; deletions by
Text .
Vetoes are indicated by  Text  ;
stricken material by Text .

PUBLIC ACT 97−1131
S.B. 1034
CRIMINAL LAW—FOID CARDS—VARIOUS

AN ACT concerning criminal law.

Be it enacted by the People of the State of Illinois, represented in the General Assembly:

Section 5. The Criminal Identification Act is amended by adding Section 2.2 as follows:

<< IL ST CH 20 § 2630/2.2 >>

**[S.H.A. 20 ILCS 2630/2.2]** (20 ILCS 2630/2.2 new)

§ 2.2. Notification to the Department. Upon judgment of conviction of a violation of Section 12–1, 12–2, 12–3, 12–3.2, 12–3.4, or 12–3.5 of the Criminal Code of 1961 when the defendant has been determined, pursuant to Section 112A–11.1, to be subject to the prohibitions of 18 U.S.C. 922(g)(9), the circuit court clerk shall include notification and a copy of the written determination in a report of the conviction to the Department of State Police Firearm Owner's Identification Card Office to enable the office to perform its duties under Sections 4 and 8 of the Firearm Owners Identification Card Act and to report that determination to the Federal Bureau of Investigation to assist the Bureau in identifying persons prohibited from purchasing and possessing a firearm pursuant to the provisions of 18 U.S.C. 922. The written determination described in this Section shall be included in the defendant's record of arrest and conviction in the manner and form prescribed by the Department of State Police.

Section 10. The Mental Health and Developmental Disabilities Code is amended by adding Section 6–103.1 as follows:

<< IL ST CH 405 § 5/6–103.1 >>

**[S.H.A. 405 ILCS 5/6–103.1]** (405 ILCS 5/6–103.1 new)

§ 6–103.1. Adjudication as a mental defective. When a person has been adjudicated as a mental defective as defined in Section 1.1 of the Firearm Owners Identification Card Act, the court shall direct the circuit court clerk to immediately notify the Department of State Police, Firearm Owner's Identification (FOID) Office, in a form and manner prescribed by the Department of State Police, and shall forward a copy of the court order to the Department.

Section 15. The Firearm Owners Identification Card Act is amended by changing Sections 2, 4, 6, 8, 8.1, 9, 10, 11, 13.2, and 14 as follows:

<< IL ST CH 430 § 65/2 >>

**[S.H.A. 430 ILCS 65/2]** (430 ILCS 65/2)(from Ch. 38, par. 83–2)

§ 2. Firearm Owner's Identification Card required; exceptions.

(a)(1) No person may acquire or possess any firearm, stun gun, or taser within this State without having in his or her possession a Firearm Owner's Identification Card previously issued in his or her name by the Department of State Police under the provisions of this Act.

(2) No person may acquire or possess firearm ammunition within this State without having in his or her possession a Firearm Owner's Identification Card previously issued in his or her name by the Department of State Police under the provisions of this Act.

(b) The provisions of this Section regarding the possession of firearms, firearm ammunition, stun guns, and tasers do not apply to:

(1) United States Marshals, while engaged in the operation of their official duties;

(2) Members of the Armed Forces of the United States or the National Guard, while engaged in the operation of their official duties;

(3) Federal officials required to carry firearms, while engaged in the operation of their official duties;

(4) Members of bona fide veterans organizations which receive firearms directly from the armed forces of the United States, while using the firearms for ceremonial purposes with blank ammunition;

CRIMINAL LAW - FOID CARDS - VARIOUS, 2012 III. Legis. Serv. P.A. 97-1131 (S.B....

3:10-cv-03187-SEM # 29-1   Page 4 of 50

(5) Nonresident hunters during hunting season, with valid nonresident hunting licenses and while in an area where hunting is permitted; however, at all other times and in all other places these persons must have their firearms unloaded and enclosed in a case;

(6) Those hunters exempt from obtaining a hunting license who are required to submit their Firearm Owner's Identification Card when hunting on Department of Natural Resources owned or managed sites;

(7) Nonresidents while on a firing or shooting range recognized by the Department of State Police; however, these persons must at all other times and in all other places have their firearms unloaded and enclosed in a case;

(8) Nonresidents while at a firearm showing or display recognized by the Department of State Police; however, at all other times and in all other places these persons must have their firearms unloaded and enclosed in a case;

(9) Nonresidents whose firearms are unloaded and enclosed in a case;

(10) Nonresidents who are currently licensed or registered to possess a firearm in their resident state;

(11) Unemancipated minors while in the custody and immediate control of their parent or legal guardian or other person in loco parentis to the minor if the parent or legal guardian or other person in loco parentis to the minor has a currently valid Firearm Owner's Identification Card;

(12) Color guards of bona fide veterans organizations or members of bona fide American Legion bands while using firearms for ceremonial purposes with blank ammunition;

(13) Nonresident hunters whose state of residence does not require them to be licensed or registered to possess a firearm and only during hunting season, with valid hunting licenses, while accompanied by, and using a firearm owned by, a person who possesses a valid Firearm Owner's Identification Card and while in an area within a commercial club licensed under the Wildlife Code where hunting is permitted and controlled, but in no instance upon sites owned or managed by the Department of Natural Resources;

(14) Resident hunters who are properly authorized to hunt and, while accompanied by a person who possesses a valid Firearm Owner's Identification Card, hunt in an area within a commercial club licensed under the Wildlife Code where hunting is permitted and controlled;

(15) A person who is otherwise eligible to obtain a Firearm Owner's Identification Card under this Act and is under the direct supervision of a holder of a Firearm Owner's Identification Card who is 21 years of age or older while the person is on a firing or shooting range or is a participant

CRIMINAL LAW – FOID CARDS – VARIOUS, 2013 III. Legis. Serv. P.A. 97-1131 (S.B....

3:10-cv-03187-SEM  # 20-1  Page 5 of 50

in a firearms safety and training course recognized by a law enforcement agency or a national, statewide shooting sports organization; and

(16) Competitive shooting athletes whose competition firearms are sanctioned by the International Olympic Committee, the International Paralympic Committee, the International Shooting Sport Federation, or USA Shooting in connection with such athletes' training for and participation in shooting competitions at the 2016 Olympic and Paralympic Games and sanctioned test events leading up to the 2016 Olympic and Paralympic Games.

(c) The provisions of this Section regarding the acquisition and possession of firearms, firearm ammunition, stun guns, and tasers do not apply to law enforcement officials of this or any other jurisdiction, while engaged in the operation of their official duties.

(d) Any person who becomes a resident of this State, who is not otherwise prohibited from obtaining, possessing, or using a firearm or firearm ammunition, shall not be required to have a Firearm Owner's Identification Card to possess firearms or firearms ammunition until 60 calendar days after he or she obtains an Illinois driver's license or Illinois Identification Card.

(Source: P.A. 96–7, eff. 4–3–09.)

<< IL ST CH 430 § 65/4 >>

**[S.H.A. 430 ILCS 65/4]** (430 ILCS 65/4) (from Ch. 38, par. 83–4)

§ 4. (a) Each applicant for a Firearm Owner's Identification Card must:

(1) Make application on blank forms prepared and furnished at convenient locations throughout the State by the Department of State Police, or by electronic means, if and when made available by the Department of State Police; and

(2) Submit evidence to the Department of State Police that:

(i) He or she is 21 years of age or over, or if he or she is under 21 years of age that he or she has the written consent of his or her parent or legal guardian to possess and acquire firearms and firearm ammunition and that he or she has never been convicted of a misdemeanor other than a traffic offense or adjudged delinquent, provided, however, that such parent or legal guardian is not an individual prohibited from having a Firearm Owner's Identification Card and files an affidavit with the Department as prescribed by the Department stating that he or she is not an individual prohibited from having a Card;

CRIMINAL LAW—FOID CARDS—VARIOUS, 2012 III. Legis. Serv. P.A. 97-1131 (S.B....

3:10-cv-03187-SEM-# 20-1   Page 6 of 50

(ii) He or she has not been convicted of a felony under the laws of this or any other jurisdiction;

(iii) He or she is not addicted to narcotics;

(iv) He or she has not been a patient in a mental institution within the past 5 years and he or she has not been adjudicated as a mental defective;

(v) He or she is not intellectually disabled;

(vi) He or she is not an alien who is unlawfully present in the United States under the laws of the United States;

(vii) He or she is not subject to an existing order of protection prohibiting him or her from possessing a firearm;

(viii) He or she has not been convicted within the past 5 years of battery, assault, aggravated assault, violation of an order of protection, or a substantially similar offense in another jurisdiction, in which a firearm was used or possessed;

(ix) He or she has not been convicted of domestic battery, aggravated domestic battery, or a substantially similar offense in another jurisdiction committed before, on or after January 1, 2012 (the effective date of Public Act 97–158). If the applicant knowingly and intelligently waives the right to have an offense described in this clause (ix) tried by a jury, and by guilty plea or otherwise, results in a conviction for an offense in which a domestic relationship is not a required element of the offense but in which a determination of the applicability of 18 U.S.C. 922(g)(9) is made under Section 112A–11.1 of the Code of Criminal Procedure of 1963, an entry by the court of a judgment of conviction for that offense shall be grounds for denying the issuance of a Firearm Owner's Identification Card under this Section this amendatory Act of the 97th General Assembly ;

(x) (Blank);

(xi) He or she is not an alien who has been admitted to the United States under a non-immigrant visa (as that term is defined in Section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(26))), or that he or she is an alien who has been lawfully admitted to the United States under a non-immigrant visa if that alien is:

(1) admitted to the United States for lawful hunting or sporting purposes;

(2) an official representative of a foreign government who is:

CRIMINAL LAW — FOID CARDS — VARIOUS, 2012 Ill. Legis. Serv. P.A. 97-1131 (S.B....

3:10-cv-03187-SEM # 20-1 Page 7 of 50

(A) accredited to the United States Government or the Government's mission to an international organization having its headquarters in the United States; or

(B) en route to or from another country to which that alien is accredited;

(3) an official of a foreign government or distinguished foreign visitor who has been so designated by the Department of State;

(4) a foreign law enforcement officer of a friendly foreign government entering the United States on official business; or

(5) one who has received a waiver from the Attorney General of the United States pursuant to 18 U.S.C. 922(y)(3);

(xii) He or she is not a minor subject to a petition filed under Section 5–520 of the Juvenile Court Act of 1987 alleging that the minor is a delinquent minor for the commission of an offense that if committed by an adult would be a felony; and

(xiii) He or she is not an adult who had been adjudicated a delinquent minor under the Juvenile Court Act of 1987 for the commission of an offense that if committed by an adult would be a felony; and

(xiv) He or she is a resident of the State of Illinois; and

(3) Upon request by the Department of State Police, sign a release on a form prescribed by the Department of State Police waiving any right to confidentiality and requesting the disclosure to the Department of State Police of limited mental health institution admission information from another state, the District of Columbia, any other territory of the United States, or a foreign nation concerning the applicant for the sole purpose of determining whether the applicant is or was a patient in a mental health institution and disqualified because of that status from receiving a Firearm Owner's Identification Card. No mental health care or treatment records may be requested. The information received shall be destroyed within one year of receipt.

(a–5) Each applicant for a Firearm Owner's Identification Card who is over the age of 18 shall furnish to the Department of State Police either his or her Illinois driver's license number or Illinois Identification Card number, except as provided in subsection (a–10).

(a–10) Each applicant for a Firearm Owner's Identification Card, who is employed as a law enforcement officer, an armed security officer in Illinois, or by the United States Military permanently assigned in Illinois at a nuclear energy, storage, weapons, or development facility regulated by the Nuclear Regulatory Commission and who is not an Illinois resident, shall furnish

to the Department of State Police his or her driver's license number or state identification card number from his or her state of residence. The Department of State Police may promulgate rules to enforce the provisions of this subsection (a–10).

(a–15) If an applicant applying for a Firearm Owner's Identification Card moves from the residence address named in the application, he or she shall immediately notify in a form and manner prescribed by the Department of State Police of that change of address.

(a–20) Each applicant for a Firearm Owner's Identification Card shall furnish to the Department of State Police his or her photograph. An applicant who is 21 years of age or older seeking a religious exemption to the photograph requirement must furnish with the application an approved copy of United States Department of the Treasury Internal Revenue Service Form 4029. In lieu of a photograph, an applicant regardless of age seeking a religious exemption to the photograph requirement shall submit fingerprints on a form and manner prescribed by the Department with his or her application.

(b) Each application form shall include the following statement printed in bold type: "Warning: Entering false information on an application for a Firearm Owner's Identification Card is punishable as a Class 2 felony in accordance with subsection (d–5) of Section 14 of the Firearm Owners Identification Card Act.".

(c) Upon such written consent, pursuant to Section 4, paragraph (a)(2)(i), the parent or legal guardian giving the consent shall be liable for any damages resulting from the applicant's use of firearms or firearm ammunition.

(Source: P.A. 97–158, eff. 1–1–12; 97–227, eff. 1–1–12; revised 10–4–11.)

<< IL ST CH 430 § 65/6 >>

**[S.H.A. 430 ILCS 65/6]** (430 ILCS 65/6) (from Ch. 38, par. 83–6)

§ 6. Contents of Firearm Owner's Identification Card.

(a) A Firearm Owner's Identification Card, issued by the Department of State Police at such places as the Director of the Department shall specify, shall contain the applicant's name, residence, date of birth, sex, physical description, recent photograph, except as provided in subsection (c–5), and signature. Each Firearm Owner's Identification Card must have the expiration date boldly and conspicuously displayed on the face of the card. Each Firearm Owner's Identification Card must have printed on it the following: "CAUTION - This card does not permit bearer to UNLAWFULLY carry or use firearms." Before December 1, 2002, the Department may use

CRIMINAL LAW — FOID CARDS — VARIOUS, 2012 Ill. Legis. Serv. P.A. 97-1131 (S.B....

3:10-cv-02187-SEM # 29-1    Page 9 of 50

a person's digital photograph and signature from his or her Illinois driver's license or Illinois Identification Card, if available. On and after December 1, 2002, the Department shall use a person's digital photograph and signature from his or her Illinois driver's license or Illinois Identification Card, if available. The Department shall decline to use a person's digital photograph or signature if the digital photograph or signature is the result of or associated with fraudulent or erroneous data, unless otherwise provided by law.

(b) A person applying for a Firearm Owner's Identification Card shall consent to the Department of State Police using the applicant's digital driver's license or Illinois Identification Card photograph, if available, and signature on the applicant's Firearm Owner's Identification Card. The Secretary of State shall allow the Department of State Police access to the photograph and signature for the purpose of identifying the applicant and issuing to the applicant a Firearm Owner's Identification Card.

(c) The Secretary of State shall conduct a study to determine the cost and feasibility of creating a method of adding an identifiable code, background, or other means on the driver's license or Illinois Identification Card to show that an individual is not disqualified from owning or possessing a firearm under State or federal law. The Secretary shall report the findings of this study 12 months after the effective date of this amendatory Act of the 92nd General Assembly.

(c–5) If a person qualifies for a photograph exemption, in lieu of a photograph, the Firearm Owner's Identification Card shall contain a copy of the card holder's fingerprints. Each Firearm Owner's Identification Card described in this subsection (c–5) must have printed on it the following: "This card is only valid for firearm purchases through a federally licensed firearms dealer when presented with photographic identification, as prescribed by 18 U.S.C. 922(t)(1)(C)."

(Source: P.A. 91–694, eff. 4–13–00; 92–442, eff. 8–17–01.)

<< IL ST CH 430 § 65/8 >>

**[S.H.A. 430 ILCS 65/8]** (430 ILCS 65/8) (from Ch. 38, par. 83–8)

§ 8. The Department of State Police has authority to deny an application for or to revoke and seize a Firearm Owner's Identification Card previously issued under this Act only if the Department finds that the applicant or the person to whom such card was issued is or was at the time of issuance:

(a) A person under 21 years of age who has been convicted of a misdemeanor other than a traffic offense or adjudged delinquent;

CRIMINAL LAW — FOID CARDS — VARIOUS, 2012 Ill. Legis. Serv. P.A. 97-1131 (S.B....

3:10-cv-02187-SEM-#:29-1 Page 10 of 50

(b) A person under 21 years of age who does not have the written consent of his parent or guardian to acquire and possess firearms and firearm ammunition, or whose parent or guardian has revoked such written consent, or where such parent or guardian does not qualify to have a Firearm Owner's Identification Card;

(c) A person convicted of a felony under the laws of this or any other jurisdiction;

(d) A person addicted to narcotics;

(e) A person who has been a patient of a mental institution within the past 5 years or has been adjudicated as a mental defective;

(f) A person whose mental condition is of such a nature that it poses a clear and present danger to the applicant, any other person or persons or the community;

For the purposes of this Section, "mental condition" means a state of mind manifested by violent, suicidal, threatening or assaultive behavior.

(g) A person who is intellectually disabled;

(h) A person who intentionally makes a false statement in the Firearm Owner's Identification Card application;

(i) An alien who is unlawfully present in the United States under the laws of the United States;

(i–5) An alien who has been admitted to the United States under a non-immigrant visa (as that term is defined in Section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. 1101(a) (26))), except that this subsection (i–5) does not apply to any alien who has been lawfully admitted to the United States under a non-immigrant visa if that alien is:

(1) admitted to the United States for lawful hunting or sporting purposes;

(2) an official representative of a foreign government who is:

(A) accredited to the United States Government or the Government's mission to an international organization having its headquarters in the United States; or

(B) en route to or from another country to which that alien is accredited;

(3) an official of a foreign government or distinguished foreign visitor who has been so designated by the Department of State;

(4) a foreign law enforcement officer of a friendly foreign government entering the United States on official business; or

(5) one who has received a waiver from the Attorney General of the United States pursuant to 18 U.S.C. 922(y)(3);

(j) (Blank);

(k) A person who has been convicted within the past 5 years of battery, assault, aggravated assault, violation of an order of protection, or a substantially similar offense in another jurisdiction, in which a firearm was used or possessed;

(l) A person who has been convicted of domestic battery, aggravated domestic battery, or a substantially similar offense in another jurisdiction committed before, on or after January 1, 2012 (the effective date of Public Act 97–158). If the applicant or person who has been previously issued a Firearm Owner's Identification Card under this Act knowingly and intelligently waives the right to have an offense described in this paragraph (l) tried by a jury, and by guilty plea or otherwise, results in a conviction for an offense in which a domestic relationship is not a required element of the offense but in which a determination of the applicability of 18 U.S.C. 922(g)(9) is made under Section 112A–11.1 of the Code of Criminal Procedure of 1963, an entry by the court of a judgment of conviction for that offense shall be grounds for denying an application for and for revoking and seizing a Firearm Owner's Identification Card previously issued to the person under this Act this amendatory Act of the 97th General Assembly ;

(m) (Blank);

(n) A person who is prohibited from acquiring or possessing firearms or firearm ammunition by any Illinois State statute or by federal law;

(o) A minor subject to a petition filed under Section 5–520 of the Juvenile Court Act of 1987 alleging that the minor is a delinquent minor for the commission of an offense that if committed by an adult would be a felony; or

(p) An adult who had been adjudicated a delinquent minor under the Juvenile Court Act of 1987 for the commission of an offense that if committed by an adult would be a felony; or.

(q) A person who is not a resident of the State of Illinois, except as provided in subsection (a–10) of Section 4.

CRIMINAL LAW—FOID CARDS—VARIOUS, 2012 Ill. Legis. Serv. P.A. 97-1131 (S.B....

3:10-cv-02187-SEM-... # 29-1 Page 12 of 50

(Source: P.A. 96–701, eff. 1–1–10; 97–158, eff. 1–1–12; 97–227, eff. 1–1–12; revised 10–4–11.)

<< IL ST CH 430 § 65/8.1 >>

**[S.H.A. 430 ILCS 65/8.1]** (430 ILCS 65/8.1) (from Ch. 38, par. 83–8.1)

§ 8.1. Circuit Clerk to notify Department of State Police.

(a) The Circuit Clerk shall, in the form and manner required by the Supreme Court, notify the Department of State Police of all final dispositions of cases for which the Department has received information reported to it under Sections Section 2.1 and 2.2 of the Criminal Identification Act.

(b) Upon adjudication of any individual as a mental defective, as defined in Section 1.1 or as provided in paragraph (3.5) of subsection (c) of Section 104–26 of the Code of Criminal Procedure of 1963, the court shall direct the circuit court clerk to immediately notify the Department of State Police, Firearm Owner's Identification (FOID) department, and shall forward a copy of the court order to the Department.

(Source: P.A. 95–581, eff. 6–1–08.)

<< IL ST CH 430 § 65/9 >>

**[S.H.A. 430 ILCS 65/9]** (430 ILCS 65/9) (from Ch. 38, par. 83–9)

§ 9. Every person whose application for a Firearm Owner's Identification Card is denied, and every holder of such a Card whose before his Card is revoked or seized, shall receive a written notice from the Department of State Police stating specifically the grounds upon which his application has been denied or upon which his Identification Card has been revoked.

(Source: P.A. 84–25.)

<< IL ST CH 430 § 65/10 >>

**[S.H.A. 430 ILCS 65/10]** (430 ILCS 65/10) (from Ch. 38, par. 83–10)

§ 10. Appeal to director; hearing; relief from firearm prohibitions.

(a) Whenever an application for a Firearm Owner's Identification Card is denied, whenever the Department fails to act on an application within 30 days of its receipt, or whenever such a Card

is revoked or seized as provided for in Section 8 of this Act, the aggrieved party may appeal to the Director of ~~the Department of~~ State Police for a hearing upon such denial, revocation or seizure, unless the denial, revocation, or seizure was based upon a forcible felony, stalking, aggravated stalking, domestic battery, any violation of the Illinois Controlled Substances Act, the Methamphetamine Control and Community Protection Act, or the Cannabis Control Act that is classified as a Class 2 or greater felony, any felony violation of Article 24 of the Criminal Code of 1961, or any adjudication as a delinquent minor for the commission of an offense that if committed by an adult would be a felony, in which case the aggrieved party may petition the circuit court in writing in the county of his or her residence for a hearing upon such denial, revocation, or seizure.

(b) At least 30 days before any hearing in the circuit court, the petitioner shall serve the relevant State's Attorney with a copy of the petition. The State's Attorney may object to the petition and present evidence. At the hearing the court shall determine whether substantial justice has been done. Should the court determine that substantial justice has not been done, the court shall issue an order directing the Department of State Police to issue a Card. However, the court shall not issue the order if the petitioner is otherwise prohibited from obtaining, possessing, or using a firearm under federal law.

(c) Any person prohibited from possessing a firearm under Sections 24–1.1 or 24–3.1 of the Criminal Code of 1961 or acquiring a Firearm Owner's Identification Card under Section 8 of this Act may apply to the Director of ~~the Department of~~ State Police or petition the circuit court in the county where the petitioner resides, whichever is applicable in accordance with subsection (a) of this Section, requesting relief from such prohibition and the Director or court may grant such relief if it is established by the applicant to the court's or Director's satisfaction that:

(0.05) when in the circuit court, the State's Attorney has been served with a written copy of the petition at least 30 days before any such hearing in the circuit court and at the hearing the State's Attorney was afforded an opportunity to present evidence and object to the petition;

(1) the applicant has not been convicted of a forcible felony under the laws of this State or any other jurisdiction within 20 years of the applicant's application for a Firearm Owner's Identification Card, or at least 20 years have passed since the end of any period of imprisonment imposed in relation to that conviction;

(2) the circumstances regarding a criminal conviction, where applicable, the applicant's criminal history and his reputation are such that the applicant will not be likely to act in a manner dangerous to public safety; ~~and~~

(3) granting relief would not be contrary to the public interest; and

(4) granting relief would not be contrary to federal law.

(d) When a minor is adjudicated delinquent for an offense which if committed by an adult would be a felony, the court shall notify the Department of State Police.

(e) The court shall review the denial of an application or the revocation of a Firearm Owner's Identification Card of a person who has been adjudicated delinquent for an offense that if committed by an adult would be a felony if an application for relief has been filed at least 10 years after the adjudication of delinquency and the court determines that the applicant should be granted relief from disability to obtain a Firearm Owner's Identification Card. If the court grants relief, the court shall notify the Department of State Police that the disability has been removed and that the applicant is eligible to obtain a Firearm Owner's Identification Card.

(f) Any person who is subject to the disabilities of 18 U.S.C. 922(d)(4) and 922(g)(4) of the federal Gun Control Act of 1968 because of an adjudication or commitment that occurred under the laws of this State or who was determined to be subject to the provisions of subsections (e), (f), or (g) of Section 8 of this Act may apply to the Department of State Police requesting relief from that prohibition. The Director shall grant the relief if it is established by a preponderance of the evidence that the person will not be likely to act in a manner dangerous to public safety and that granting relief would not be contrary to the public interest. In making this determination, the Director shall receive evidence concerning (i) the circumstances regarding the firearms disabilities from which relief is sought; (ii) the petitioner's mental health and criminal history records, if any; (iii) the petitioner's reputation, developed at a minimum through character witness statements, testimony, or other character evidence; and (iv) changes in the petitioner's condition or circumstances since the disqualifying events relevant to the relief sought. If relief is granted under this subsection or by order of a court under this Section, the Director shall as soon as practicable but in no case later than 15 business days, update, correct, modify, or remove the person's record in any database that the Department of State Police makes available to the National Instant Criminal Background Check System and notify the United States Attorney General that the basis for the record being made available no longer applies. The Department of State Police shall adopt rules for the administration of this subsection (f). ~~Any person who is prohibited from possessing a firearm under 18 U.S.C. 922(d)(4) and 922(g)(4) of the federal Gun Control Act of 1968 may apply to the Department of State Police requesting relief from such prohibition and the Director shall grant such relief if it is established to the Director's satisfaction that the person will not be likely to act in a manner dangerous to public safety and granting relief would not be contrary to the public interest.~~

(Source: P.A. 96–1368, eff. 7–28–10.)

<< IL ST CH 430 § 65/11 >>

**[S.H.A. 430 ILCS 65/11]** (430 ILCS 65/11) (from Ch. 38, par. 83–11)

§ 11. Judicial review of final administrative decisions.

(a) All final administrative decisions of the Department under this Act, except final administrative decisions of the Director of State Police to deny a person's application for relief under subsection (f) of Section 10 of this Act, shall be subject to judicial review under the provisions of the Administrative Review Law, and all amendments and modifications thereof, and the rules adopted pursuant thereto. The term "administrative decision" is defined as in Section 3–101 of the Code of Civil Procedure.

(b) Any final administrative decision by the Director of State Police to deny a person's application for relief under subsection (f) of Section 10 of this Act is subject to de novo judicial review by the circuit court, and any party may offer evidence that is otherwise proper and admissible without regard to whether that evidence is part of the administrative record.

(c) The Director of State Police shall submit a report to the General Assembly on March 1 of each year, beginning March 1, 1991, listing all final decisions by a court of this State upholding, reversing, or reversing in part any administrative decision made by the Department of State Police.

(Source: P.A. 86–882.)

<< IL ST CH 430 § 65/13.2 >>

**[S.H.A. 430 ILCS 65/13.2]** (430 ILCS 65/13.2) (from Ch. 38, par. 83–13.2)

§ 13.2. The Department of State Police shall, 60 days prior to the expiration of a Firearm Owner's Identification Card, forward by first class mail to each person whose card is to expire a notification of the expiration of the card and an application which may be used to apply for renewal of the card. It is the obligation of the holder of a Firearm Owner's Identification Card to notify the Department of State Police of any address change since the issuance of the Firearm Owner's Identification Card. Whenever any person moves from the residence address named on his or her card, the person shall within 21 calendar days thereafter notify in a form and manner prescribed by the Department of his or her old and new residence addresses and the card number held by him or her. Any person whose legal name has changed from the name on the card that he or she has been previously issued must apply for a corrected card within 30 calendar days after the change. The cost for a corrected card shall be $5 which shall be deposited into the Firearm Owner's Notification Fund.

(Source: P.A. 91–690, eff. 4–13–00.)

<< IL ST CH 430 § 65/14 >>

**[S.H.A. 430 ILCS 65/14]** (430 ILCS 65/14) (from Ch. 38, par. 83–14)

§ 14. Sentence.

(a) Except as provided in subsection (a–5), a A̶ violation of paragraph (1) of subsection (a) of Section 2, when the person's Firearm Owner's Identification Card is expired but the person is not otherwise disqualified from renewing the card, is a Class A misdemeanor.

(a–5) A violation of paragraph (1) of subsection (a) of Section 2, when the person's Firearm Owner's Identification Card is expired but the person is not otherwise disqualified from owning, purchasing, or possessing firearms, is a petty offense if the card was expired for 6 months or less from the date of expiration.

(b) Except as provided in subsection (a) with respect to an expired card, a violation of paragraph (1) of subsection (a) of Section 2 is a Class A misdemeanor when the person does not possess a currently valid Firearm Owner's Identification Card, but is otherwise eligible under this Act. A second or subsequent violation is a Class 4 felony.

(c) A violation of paragraph (1) of subsection (a) of Section 2 is a Class 3 felony when:

(1) the person's Firearm Owner's Identification Card is revoked or subject to revocation under Section 8; or

(2) the person's Firearm Owner's Identification Card is expired and not otherwise eligible for renewal under this Act; or

(3) the person does not possess a currently valid Firearm Owner's Identification Card, and the person is not otherwise eligible under this Act.

(d) A violation of subsection (a) of Section 3 is a Class 4 felony. A third or subsequent conviction is a Class 1 felony.

(d–5) Any person who knowingly enters false information on an application for a Firearm Owner's Identification Card, who knowingly gives a false answer to any question on the application, or who knowingly submits false evidence in connection with an application is guilty of a Class 2 felony.

(e) Except as provided by Section 6.1 of this Act, any other violation of this Act is a Class A misdemeanor.

(Source: P.A. 91–694, eff. 4–13–00; 92–414, eff. 1–1–02; 92–442, eff. 8–17–01; 92–651, eff. 7–11–02.)

Section 20. The Code of Criminal Procedure of 1963 is amended by changing Sections 104–26 and 112A–14 and adding Sections 112A–11.1 and 112A–11.2 as follows:

<< IL ST CH 725 § 5/104–26 >>

**[S.H.A. 725 ILCS 5/104–26]** (725 ILCS 5/104–26) (from Ch. 38, par. 104–26)

§ 104–26. Disposition of Defendants suffering disabilities.

(a) A defendant convicted following a trial conducted under the provisions of Section 104–22 shall not be sentenced before a written presentence report of investigation is presented to and considered by the court. The presentence report shall be prepared pursuant to Sections 5–3–2, 5–3–3 and 5–3–4 of the Unified Code of Corrections, as now or hereafter amended, and shall include a physical and mental examination unless the court finds that the reports of prior physical and mental examinations conducted pursuant to this Article are adequate and recent enough so that additional examinations would be unnecessary.

(b) A defendant convicted following a trial under Section 104–22 shall not be subject to the death penalty.

(c) A defendant convicted following a trial under Section 104–22 shall be sentenced according to the procedures and dispositions authorized under the Unified Code of Corrections, as now or hereafter amended, subject to the following provisions:

(1) The court shall not impose a sentence of imprisonment upon the offender if the court believes that because of his disability a sentence of imprisonment would not serve the ends of justice and the interests of society and the offender or that because of his disability a sentence of imprisonment would subject the offender to excessive hardship. In addition to any other conditions of a sentence of conditional discharge or probation the court may require that the offender undergo treatment appropriate to his mental or physical condition.

(2) After imposing a sentence of imprisonment upon an offender who has a mental disability, the court may remand him to the custody of the Department of Human Services and order a hearing to be conducted pursuant to the provisions of the Mental Health and Developmental Disabilities Code, as now or hereafter amended. If the offender is committed following such hearing, he shall be treated in the same manner as any other civilly committed patient for all purposes except

as provided in this Section. If the defendant is not committed pursuant to such hearing, he shall be remanded to the sentencing court for disposition according to the sentence imposed.

(3) If the court imposes a sentence of imprisonment upon an offender who has a mental disability but does not proceed under subparagraph (2) of paragraph (c) of this Section, it shall order the Department of Corrections to proceed pursuant to Section 3–8–5 of the Unified Code of Corrections, as now or hereafter amended.

(3.5) If the court imposes a sentence of imprisonment upon an offender who has a mental disability, the court shall direct the circuit court clerk to immediately notify the Department of State Police, Firearm Owner's Identification (FOID) Office, in a form and manner prescribed by the Department of State Police and shall forward a copy of the court order to the Department.

(4) If the court imposes a sentence of imprisonment upon an offender who has a physical disability, it may authorize the Department of Corrections to place the offender in a public or private facility which is able to provide care or treatment for the offender's disability and which agrees to do so.

(5) When an offender is placed with the Department of Human Services or another facility pursuant to subparagraph (2) or (4) of this paragraph (c), the Department or private facility shall not discharge or allow the offender to be at large in the community without prior approval of the court. If the defendant is placed in the custody of the Department of Human Services, the defendant shall be placed in a secure setting unless the court determines that there are compelling reasons why such placement is not necessary. The offender shall accrue good time and shall be eligible for parole in the same manner as if he were serving his sentence within the Department of Corrections. When the offender no longer requires hospitalization, care, or treatment, the Department of Human Services or the facility shall transfer him, if his sentence has not expired, to the Department of Corrections. If an offender is transferred to the Department of Corrections, the Department of Human Services shall transfer to the Department of Corrections all related records pertaining to length of custody and treatment services provided during the time the offender was held.

(6) The Department of Corrections shall notify the Department of Human Services or a facility in which an offender has been placed pursuant to subparagraph (2) or (4) of paragraph (c) of this Section of the expiration of his sentence. Thereafter, an offender in the Department of Human Services shall continue to be treated pursuant to his commitment order and shall be considered a civilly committed patient for all purposes including discharge. An offender who is in a facility pursuant to subparagraph (4) of paragraph (c) of this Section shall be informed by the facility of the expiration of his sentence, and shall either consent to the continuation of his care or treatment by the facility or shall be discharged.

(Source: P.A. 89–507, eff. 7–1–97.)

<< IL ST CH 725 § 5/112A–11.1 >>

**[S.H.A. 725 ILCS 5/112A–11.1]** (725 ILCS 5/112A–11.1 new)

§ 112A–11.1. Procedure for determining whether certain misdemeanor crimes are crimes of domestic violence for purposes of federal law.

(a) When a defendant has been charged with a violation of Section 12–1, 12–2, 12–3, 12–3.2, 12–3.4, or 12–3.5 of the Criminal Code of 1961, the State may, at arraignment or no later than 45 days after arraignment, for the purpose of notification to the Department of State Police Firearm Owner's Identification Card Office, serve on the defendant and file with the court a notice alleging that conviction of the offense would subject the defendant to the prohibitions of 18 U.S.C. 922(g)(9) because of the relationship between the defendant and the alleged victim and the nature of the alleged offense.

(b) The notice shall include the name of the person alleged to be the victim of the crime and shall specify the nature of the alleged relationship as set forth in 18 U.S.C. 921(a)(33)(A)(ii). It shall also specify the element of the charged offense which requires the use or attempted use of physical force, or the threatened use of a deadly weapon, as set forth 18 U.S.C. 921(a)(33)(A)(ii). It shall also include notice that the defendant is entitled to a hearing on the allegation contained in the notice and that if the allegation is sustained, that determination and conviction shall be reported to the Department of State Police Firearm Owner's Identification Card Office.

(c) After having been notified as provided in subsection (b) of this Section, the defendant may stipulate or admit, orally on the record or in writing, that conviction of the offense would subject the defendant to the prohibitions of 18 U.S.C. 922(g)(9). In that case, the applicability of 18 U.S.C. 922(g)(9) shall be deemed established for purposes of Section 112A–11.2. If the defendant denies the applicability of 18 U.S.C. 922(g)(9) as alleged in the notice served by the State, or stands mute with respect to that allegation, then the State shall bear the burden to prove beyond a reasonable doubt that the offense is one to which the prohibitions of 18 U.S.C. 922(g)(9) apply. The court may consider reliable hearsay evidence submitted by either party provided that it is relevant to the determination of the allegation. Facts previously proven at trial or elicited at the time of entry of a plea of guilty shall be deemed established beyond a reasonable doubt and shall not be relitigated. At the conclusion of the hearing, or upon a stipulation or admission, as applicable, the court shall make a specific written determination with respect to the allegation.

<< IL ST CH 725 § 5/112A–11.2 >>

**[S.H.A. 725 ILCS 5/112A–11.2]** (725 ILCS 5/112A–11.2 new)

§ 112A–11.2. Notification to the Department of State Police Firearm Owner's Identification Card Office of determinations in certain misdemeanor cases. Upon judgment of conviction of a violation of Section 12–1, 12–2, 12–3, 12–3.2, 12–3.4, or 12–3.5 of the Criminal Code of 1961 when the defendant has been determined, under Section 112A–11.1, to be subject to the prohibitions of 18 U.S.C. 922(g)(9), the circuit court clerk shall include notification and a copy of the written determination in a report of the conviction to the Department of State Police Firearm Owner's Identification Card Office to enable the office to report that determination to the Federal Bureau of Investigation and assist the Bureau in identifying persons prohibited from purchasing and possessing a firearm pursuant to the provisions of 18 U.S.C. 922.

<< IL ST CH 725 § 5/112A–14 >>

**[S.H.A. 725 ILCS 5/112A–14]** (725 ILCS 5/112A–14) (from Ch. 38, par. 112A–14)

§ 112A–14. Order of protection; remedies.

(a) Issuance of order. If the court finds that petitioner has been abused by a family or household member, as defined in this Article, an order of protection prohibiting such abuse shall issue; provided that petitioner must also satisfy the requirements of one of the following Sections, as appropriate: Section 112A–17 on emergency orders, Section 112A–18 on interim orders, or Section 112A–19 on plenary orders. Petitioner shall not be denied an order of protection because petitioner or respondent is a minor. The court, when determining whether or not to issue an order of protection, shall not require physical manifestations of abuse on the person of the victim. Modification and extension of prior orders of protection shall be in accordance with this Article.

(b) Remedies and standards. The remedies to be included in an order of protection shall be determined in accordance with this Section and one of the following Sections, as appropriate: Section 112A–17 on emergency orders, Section 112A–18 on interim orders, and Section 112A–19 on plenary orders. The remedies listed in this subsection shall be in addition to other civil or criminal remedies available to petitioner.

(1) Prohibition of abuse. Prohibit respondent's harassment, interference with personal liberty, intimidation of a dependent, physical abuse or willful deprivation, as defined in this Article, if such abuse has occurred or otherwise appears likely to occur if not prohibited.

(2) Grant of exclusive possession of residence. Prohibit respondent from entering or remaining in any residence, household, or premises of the petitioner, including one owned or leased by respondent, if petitioner has a right to occupancy thereof. The grant of exclusive possession of the residence, household, or premises shall not affect title to real property, nor shall the court be limited by the standard set forth in Section 701 of the Illinois Marriage and Dissolution of Marriage Act.

(A) Right to occupancy. A party has a right to occupancy of a residence or household if it is solely or jointly owned or leased by that party, that party's spouse, a person with a legal duty to support that party or a minor child in that party's care, or by any person or entity other than the opposing party that authorizes that party's occupancy (e.g., a domestic violence shelter). Standards set forth in subparagraph (B) shall not preclude equitable relief.

(B) Presumption of hardships. If petitioner and respondent each has the right to occupancy of a residence or household, the court shall balance (i) the hardships to respondent and any minor child or dependent adult in respondent's care resulting from entry of this remedy with (ii) the hardships to petitioner and any minor child or dependent adult in petitioner's care resulting from continued exposure to the risk of abuse (should petitioner remain at the residence or household) or from loss of possession of the residence or household (should petitioner leave to avoid the risk of abuse). When determining the balance of hardships, the court shall also take into account the accessibility of the residence or household. Hardships need not be balanced if respondent does not have a right to occupancy.

The balance of hardships is presumed to favor possession by petitioner unless the presumption is rebutted by a preponderance of the evidence, showing that the hardships to respondent substantially outweigh the hardships to petitioner and any minor child or dependent adult in petitioner's care. The court, on the request of petitioner or on its own motion, may order respondent to provide suitable, accessible, alternate housing for petitioner instead of excluding respondent from a mutual residence or household.

(3) Stay away order and additional prohibitions. Order respondent to stay away from petitioner or any other person protected by the order of protection, or prohibit respondent from entering or remaining present at petitioner's school, place of employment, or other specified places at times when petitioner is present, or both, if reasonable, given the balance of hardships. Hardships need not be balanced for the court to enter a stay away order or prohibit entry if respondent has no right to enter the premises.

If an order of protection grants petitioner exclusive possession of the residence, or prohibits respondent from entering the residence, or orders respondent to stay away from petitioner or other protected persons, then the court may allow respondent access to the residence to remove items of clothing and personal adornment used exclusively by respondent, medications, and

other items as the court directs. The right to access shall be exercised on only one occasion as the court directs and in the presence of an agreed-upon adult third party or law enforcement officer.

(4) Counseling. Require or recommend the respondent to undergo counseling for a specified duration with a social worker, psychologist, clinical psychologist, psychiatrist, family service agency, alcohol or substance abuse program, mental health center guidance counselor, agency providing services to elders, program designed for domestic violence abusers or any other guidance service the court deems appropriate. The court may order the respondent in any intimate partner relationship to report to an Illinois Department of Human Services protocol approved partner abuse intervention program for an assessment and to follow all recommended treatment.

(5) Physical care and possession of the minor child. In order to protect the minor child from abuse, neglect, or unwarranted separation from the person who has been the minor child's primary caretaker, or to otherwise protect the well-being of the minor child, the court may do either or both of the following: (i) grant petitioner physical care or possession of the minor child, or both, or (ii) order respondent to return a minor child to, or not remove a minor child from, the physical care of a parent or person in loco parentis.

If a court finds, after a hearing, that respondent has committed abuse (as defined in Section 112A–3) of a minor child, there shall be a rebuttable presumption that awarding physical care to respondent would not be in the minor child's best interest.

(6) Temporary legal custody. Award temporary legal custody to petitioner in accordance with this Section, the Illinois Marriage and Dissolution of Marriage Act, the Illinois Parentage Act of 1984, and this State's Uniform Child–Custody Jurisdiction and Enforcement Act.

If a court finds, after a hearing, that respondent has committed abuse (as defined in Section 112A–3) of a minor child, there shall be a rebuttable presumption that awarding temporary legal custody to respondent would not be in the child's best interest.

(7) Visitation. Determine the visitation rights, if any, of respondent in any case in which the court awards physical care or temporary legal custody of a minor child to petitioner. The court shall restrict or deny respondent's visitation with a minor child if the court finds that respondent has done or is likely to do any of the following: (i) abuse or endanger the minor child during visitation; (ii) use the visitation as an opportunity to abuse or harass petitioner or petitioner's family or household members; (iii) improperly conceal or detain the minor child; or (iv) otherwise act in a manner that is not in the best interests of the minor child. The court shall not be limited by the standards set forth in Section 607.1 of the Illinois Marriage and Dissolution of Marriage Act. If the court grants visitation, the order shall specify dates and times for the visitation to take place or other specific parameters or conditions that are appropriate. No order for visitation shall refer merely to the term "reasonable visitation".

3:10-cv-03187-SEM # 29-1 Page 23 of 50

Petitioner may deny respondent access to the minor child if, when respondent arrives for visitation, respondent is under the influence of drugs or alcohol and constitutes a threat to the safety and well-being of petitioner or petitioner's minor children or is behaving in a violent or abusive manner.

If necessary to protect any member of petitioner's family or household from future abuse, respondent shall be prohibited from coming to petitioner's residence to meet the minor child for visitation, and the parties shall submit to the court their recommendations for reasonable alternative arrangements for visitation. A person may be approved to supervise visitation only after filing an affidavit accepting that responsibility and acknowledging accountability to the court.

(8) Removal or concealment of minor child. Prohibit respondent from removing a minor child from the State or concealing the child within the State.

(9) Order to appear. Order the respondent to appear in court, alone or with a minor child, to prevent abuse, neglect, removal or concealment of the child, to return the child to the custody or care of the petitioner or to permit any court-ordered interview or examination of the child or the respondent.

(10) Possession of personal property. Grant petitioner exclusive possession of personal property and, if respondent has possession or control, direct respondent to promptly make it available to petitioner, if:

> (i) petitioner, but not respondent, owns the property; or

> (ii) the parties own the property jointly; sharing it would risk abuse of petitioner by respondent or is impracticable; and the balance of hardships favors temporary possession by petitioner.

If petitioner's sole claim to ownership of the property is that it is marital property, the court may award petitioner temporary possession thereof under the standards of subparagraph (ii) of this paragraph only if a proper proceeding has been filed under the Illinois Marriage and Dissolution of Marriage Act, as now or hereafter amended.

No order under this provision shall affect title to property.

(11) Protection of property. Forbid the respondent from taking, transferring, encumbering, concealing, damaging or otherwise disposing of any real or personal property, except as explicitly authorized by the court, if:

> (i) petitioner, but not respondent, owns the property; or

(ii) the parties own the property jointly, and the balance of hardships favors granting this remedy.

If petitioner's sole claim to ownership of the property is that it is marital property, the court may grant petitioner relief under subparagraph (ii) of this paragraph only if a proper proceeding has been filed under the Illinois Marriage and Dissolution of Marriage Act, as now or hereafter amended.

The court may further prohibit respondent from improperly using the financial or other resources of an aged member of the family or household for the profit or advantage of respondent or of any other person.

(11.5) Protection of animals. Grant the petitioner the exclusive care, custody, or control of any animal owned, possessed, leased, kept, or held by either the petitioner or the respondent or a minor child residing in the residence or household of either the petitioner or the respondent and order the respondent to stay away from the animal and forbid the respondent from taking, transferring, encumbering, concealing, harming, or otherwise disposing of the animal.

(12) Order for payment of support. Order respondent to pay temporary support for the petitioner or any child in the petitioner's care or custody, when the respondent has a legal obligation to support that person, in accordance with the Illinois Marriage and Dissolution of Marriage Act, which shall govern, among other matters, the amount of support, payment through the clerk and withholding of income to secure payment. An order for child support may be granted to a petitioner with lawful physical care or custody of a child, or an order or agreement for physical care or custody, prior to entry of an order for legal custody. Such a support order shall expire upon entry of a valid order granting legal custody to another, unless otherwise provided in the custody order.

(13) Order for payment of losses. Order respondent to pay petitioner for losses suffered as a direct result of the abuse. Such losses shall include, but not be limited to, medical expenses, lost earnings or other support, repair or replacement of property damaged or taken, reasonable attorney's fees, court costs and moving or other travel expenses, including additional reasonable expenses for temporary shelter and restaurant meals.

(i) Losses affecting family needs. If a party is entitled to seek maintenance, child support or property distribution from the other party under the Illinois Marriage and Dissolution of Marriage Act, as now or hereafter amended, the court may order respondent to reimburse petitioner's actual losses, to the extent that such reimbursement would be "appropriate temporary relief", as authorized by subsection (a)(3) of Section 501 of that Act.

(ii) Recovery of expenses. In the case of an improper concealment or removal of a minor child, the court may order respondent to pay the reasonable expenses incurred or to be incurred in the search for and recovery of the minor child, including but not limited to legal fees, court costs, private investigator fees, and travel costs.

(14) Prohibition of entry. Prohibit the respondent from entering or remaining in the residence or household while the respondent is under the influence of alcohol or drugs and constitutes a threat to the safety and well-being of the petitioner or the petitioner's children.

(14.5) Prohibition of firearm possession.

(a) Prohibit a respondent against whom an order of protection was issued from possessing any firearms during the duration of the order if the order:

(1) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;

(2) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

(3)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury.

Any firearms in the possession of the respondent, except as provided in subsection (b), shall be ordered by the court to be turned over to the local law enforcement agency for safekeeping. The court shall issue an order that the respondent's Firearm Owner's dentification Card be turned over to the local law enforcement agency, which in turn shall immediately mail the card to the Department of State Police Firearm Owner's Identification Card Office for safekeeping. The period of safekeeping shall be for the duration of the order of protection. The firearm or firearms and Firearm Owner's Identification Card, if unexpired, shall at the respondent's request shall be returned to the respondent at expiration of the order of protection.

(b) If the respondent is a peace officer as defined in Section 2–13 of the Criminal Code of 1961, the court shall order that any firearms used by the respondent in the performance of his or her duties as a peace officer be surrendered to the chief law enforcement executive

of the agency in which the respondent is employed, who shall retain the firearms for safekeeping for the duration of the order of protection.

(c) Upon expiration of the period of safekeeping, if the firearms or Firearm Owner's Identification Card cannot be returned to respondent because respondent cannot be located, fails to respond to requests to retrieve the firearms, or is not lawfully eligible to possess a firearm, upon petition from the local law enforcement agency, the court may order the local law enforcement agency to destroy the firearms, use the firearms for training purposes, or for any other application as deemed appropriate by the local law enforcement agency; or that the firearms be turned over to a third party who is lawfully eligible to possess firearms, and who does not reside with respondent.

(15) Prohibition of access to records. If an order of protection prohibits respondent from having contact with the minor child, or if petitioner's address is omitted under subsection (b) of Section 112A–5, or if necessary to prevent abuse or wrongful removal or concealment of a minor child, the order shall deny respondent access to, and prohibit respondent from inspecting, obtaining, or attempting to inspect or obtain, school or any other records of the minor child who is in the care of petitioner.

(16) Order for payment of shelter services. Order respondent to reimburse a shelter providing temporary housing and counseling services to the petitioner for the cost of the services, as certified by the shelter and deemed reasonable by the court.

(17) Order for injunctive relief. Enter injunctive relief necessary or appropriate to prevent further abuse of a family or household member or to effectuate one of the granted remedies, if supported by the balance of hardships. If the harm to be prevented by the injunction is abuse or any other harm that one of the remedies listed in paragraphs (1) through (16) of this subsection is designed to prevent, no further evidence is necessary to establish that the harm is an irreparable injury.

(c) Relevant factors; findings.

(1) In determining whether to grant a specific remedy, other than payment of support, the court shall consider relevant factors, including but not limited to the following:

(i) the nature, frequency, severity, pattern and consequences of the respondent's past abuse of the petitioner or any family or household member, including the concealment of his or her location in order to evade service of process or notice, and the likelihood of danger of future abuse to petitioner or any member of petitioner's or respondent's family or household; and

(ii) the danger that any minor child will be abused or neglected or improperly removed from the jurisdiction, improperly concealed within the State or improperly separated from the child's primary caretaker.

(2) In comparing relative hardships resulting to the parties from loss of possession of the family home, the court shall consider relevant factors, including but not limited to the following:

(i) availability, accessibility, cost, safety, adequacy, location and other characteristics of alternate housing for each party and any minor child or dependent adult in the party's care;

(ii) the effect on the party's employment; and

(iii) the effect on the relationship of the party, and any minor child or dependent adult in the party's care, to family, school, church and community.

(3) Subject to the exceptions set forth in paragraph (4) of this subsection, the court shall make its findings in an official record or in writing, and shall at a minimum set forth the following:

(i) That the court has considered the applicable relevant factors described in paragraphs (1) and (2) of this subsection.

(ii) Whether the conduct or actions of respondent, unless prohibited, will likely cause irreparable harm or continued abuse.

(iii) Whether it is necessary to grant the requested relief in order to protect petitioner or other alleged abused persons.

(4) For purposes of issuing an ex parte emergency order of protection, the court, as an alternative to or as a supplement to making the findings described in paragraphs (c)(3)(i) through (c)(3)(iii) of this subsection, may use the following procedure:

When a verified petition for an emergency order of protection in accordance with the requirements of Sections 112A–5 and 112A–17 is presented to the court, the court shall examine petitioner on oath or affirmation. An emergency order of protection shall be issued by the court if it appears from the contents of the petition and the examination of petitioner that the averments are sufficient to indicate abuse by respondent and to support the granting of relief under the issuance of the emergency order of protection.

(5) Never married parties. No rights or responsibilities for a minor child born outside of marriage attach to a putative father until a father and child relationship has been established under the Illinois Parentage Act of 1984. Absent such an adjudication, no putative father shall be granted temporary custody of the minor child, visitation with the minor child, or physical care and

possession of the minor child, nor shall an order of payment for support of the minor child be entered.

(d) Balance of hardships; findings. If the court finds that the balance of hardships does not support the granting of a remedy governed by paragraph (2), (3), (10), (11), or (16) of subsection (b) of this Section, which may require such balancing, the court's findings shall so indicate and shall include a finding as to whether granting the remedy will result in hardship to respondent that would substantially outweigh the hardship to petitioner from denial of the remedy. The findings shall be an official record or in writing.

(e) Denial of remedies. Denial of any remedy shall not be based, in whole or in part, on evidence that:

(1) Respondent has cause for any use of force, unless that cause satisfies the standards for justifiable use of force provided by Article VII of the Criminal Code of 1961;

(2) Respondent was voluntarily intoxicated;

(3) Petitioner acted in self-defense or defense of another, provided that, if petitioner utilized force, such force was justifiable under Article VII of the Criminal Code of 1961;

(4) Petitioner did not act in self-defense or defense of another;

(5) Petitioner left the residence or household to avoid further abuse by respondent;

(6) Petitioner did not leave the residence or household to avoid further abuse by respondent;

(7) Conduct by any family or household member excused the abuse by respondent, unless that same conduct would have excused such abuse if the parties had not been family or household members.

(Source: P.A. 96–701, eff. 1–1–10; 96–1239, eff. 1–1–11; 97–158, eff. 1–1–12.)

Section 25. The Unified Code of Corrections is amended by changing Section 5–6–3 as follows:

<< IL ST CH 730 § 5/5–6–3 >>

**[S.H.A. 730 ILCS 5/5–6–3]** (730 ILCS 5/5–6–3) (from Ch. 38, par. 1005–6–3)

§ 5–6–3. Conditions of Probation and of Conditional Discharge.

(a) The conditions of probation and of conditional discharge shall be that the person:

CRIMINAL LAW — FOID CARDS — VARIOUS, 2012 Ill. Legis. Serv. P.A. 97-1131 (S.B....

3:10-cv-02187-SEM-... #28-1 Page 29 of 50

(1) not violate any criminal statute of any jurisdiction;

(2) report to or appear in person before such person or agency as directed by the court;

(3) refrain from possessing a firearm or other dangerous weapon where the offense is a felony or, if a misdemeanor, the offense involved the intentional or knowing infliction of bodily harm or threat of bodily harm;

(4) not leave the State without the consent of the court or, in circumstances in which the reason for the absence is of such an emergency nature that prior consent by the court is not possible, without the prior notification and approval of the person's probation officer. Transfer of a person's probation or conditional discharge supervision to another state is subject to acceptance by the other state pursuant to the Interstate Compact for Adult Offender Supervision;

(5) permit the probation officer to visit him at his home or elsewhere to the extent necessary to discharge his duties;

(6) perform no less than 30 hours of community service and not more than 120 hours of community service, if community service is available in the jurisdiction and is funded and approved by the county board where the offense was committed, where the offense was related to or in furtherance of the criminal activities of an organized gang and was motivated by the offender's membership in or allegiance to an organized gang. The community service shall include, but not be limited to, the cleanup and repair of any damage caused by a violation of Section 21–1.3 of the Criminal Code of 1961 and similar damage to property located within the municipality or county in which the violation occurred. When possible and reasonable, the community service should be performed in the offender's neighborhood. For purposes of this Section, "organized gang" has the meaning ascribed to it in Section 10 of the Illinois Streetgang Terrorism Omnibus Prevention Act;

(7) if he or she is at least 17 years of age and has been sentenced to probation or conditional discharge for a misdemeanor or felony in a county of 3,000,000 or more inhabitants and has not been previously convicted of a misdemeanor or felony, may be required by the sentencing court to attend educational courses designed to prepare the defendant for a high school diploma and to work toward a high school diploma or to work toward passing the high school level Test of General Educational Development (GED) or to work toward completing a vocational training program approved by the court. The person on probation or conditional discharge must attend a public institution of education to obtain the educational or vocational training required by this clause (7). The court shall revoke the probation or conditional discharge of a person who wilfully fails to comply with this clause (7). The person on probation or conditional discharge shall be required to pay for the cost of the educational courses or GED test, if a fee is charged for those courses or test. The court shall resentence the offender whose probation or conditional

CRIMINAL LAW — FOID CARDS — VARIOUS, 2012 III. Legis. Serv. P.A. 97-1131 (S.B....

3:10-cv-03187-SEM # 29-1 Page 30 of 50

discharge has been revoked as provided in Section 5–6–4. This clause (7) does not apply to a person who has a high school diploma or has successfully passed the GED test. This clause (7) does not apply to a person who is determined by the court to be developmentally disabled or otherwise mentally incapable of completing the educational or vocational program;

(8) if convicted of possession of a substance prohibited by the Cannabis Control Act, the Illinois Controlled Substances Act, or the Methamphetamine Control and Community Protection Act after a previous conviction or disposition of supervision for possession of a substance prohibited by the Cannabis Control Act or Illinois Controlled Substances Act or after a sentence of probation under Section 10 of the Cannabis Control Act, Section 410 of the Illinois Controlled Substances Act, or Section 70 of the Methamphetamine Control and Community Protection Act and upon a finding by the court that the person is addicted, undergo treatment at a substance abuse program approved by the court;

(8.5) if convicted of a felony sex offense as defined in the Sex Offender Management Board Act, the person shall undergo and successfully complete sex offender treatment by a treatment provider approved by the Board and conducted in conformance with the standards developed under the Sex Offender Management Board Act;

(8.6) if convicted of a sex offense as defined in the Sex Offender Management Board Act, refrain from residing at the same address or in the same condominium unit or apartment unit or in the same condominium complex or apartment complex with another person he or she knows or reasonably should know is a convicted sex offender or has been placed on supervision for a sex offense; the provisions of this paragraph do not apply to a person convicted of a sex offense who is placed in a Department of Corrections licensed transitional housing facility for sex offenders;

(8.7) if convicted for an offense committed on or after June 1, 2008 (the effective date of Public Act 95–464) that would qualify the accused as a child sex offender as defined in Section 11–9.3 or 11–9.4 of the Criminal Code of 1961, refrain from communicating with or contacting, by means of the Internet, a person who is not related to the accused and whom the accused reasonably believes to be under 18 years of age; for purposes of this paragraph (8.7), "Internet" has the meaning ascribed to it in Section 16–0.1 of the Criminal Code of 1961; and a person is not related to the accused if the person is not: (i) the spouse, brother, or sister of the accused; (ii) a descendant of the accused; (iii) a first or second cousin of the accused; or (iv) a step-child or adopted child of the accused;

(8.8) if convicted for an offense under Section 11–6, 11–9.1, 11–14.4 that involves soliciting for a juvenile prostitute, 11–15.1, 11–20.1, 11–20.1B, 11–20.3, or 11–21 of the Criminal Code of 1961, or any attempt to commit any of these offenses, committed on or after June 1, 2009 (the effective date of Public Act 95–983):

(i) not access or use a computer or any other device with Internet capability without the prior written approval of the offender's probation officer, except in connection with the offender's employment or search for employment with the prior approval of the offender's probation officer;

(ii) submit to periodic unannounced examinations of the offender's computer or any other device with Internet capability by the offender's probation officer, a law enforcement officer, or assigned computer or information technology specialist, including the retrieval and copying of all data from the computer or device and any internal or external peripherals and removal of such information, equipment, or device to conduct a more thorough inspection;

(iii) submit to the installation on the offender's computer or device with Internet capability, at the offender's expense, of one or more hardware or software systems to monitor the Internet use; and

(iv) submit to any other appropriate restrictions concerning the offender's use of or access to a computer or any other device with Internet capability imposed by the offender's probation officer;

(8.9) if convicted of a sex offense as defined in the Sex Offender Registration Act committed on or after January 1, 2010 (the effective date of Public Act 96–262), refrain from accessing or using a social networking website as defined in Section 17–0.5 of the Criminal Code of 1961;

(9) if convicted of a felony or of any misdemeanor violation of Section 12–1, 12–2, 12–3, 12–3.2, 12–3.4, or 12–3.5 of the Criminal Code of 1961 that was determined, pursuant to Section 112A–11.1 of the Code of Criminal Procedure of 1963, to trigger the prohibitions of 18 U.S.C. 922(g)(9), physically surrender at a time and place designated by the court, his or her Firearm Owner's Identification Card and any and all firearms in his or her possession. The Court shall return to the Department of State Police Firearm Owner's Identification Card Office the person's Firearm Owner's Identification Card;

(10) if convicted of a sex offense as defined in subsection (a–5) of Section 3–1–2 of this Code, unless the offender is a parent or guardian of the person under 18 years of age present in the home and no non-familial minors are present, not participate in a holiday event involving children under 18 years of age, such as distributing candy or other items to children on Halloween, wearing a Santa Claus costume on or preceding Christmas, being employed as a department store Santa Claus, or wearing an Easter Bunny costume on or preceding Easter;

(11) if convicted of a sex offense as defined in Section 2 of the Sex Offender Registration Act committed on or after January 1, 2010 (the effective date of Public Act 96–362) that requires

the person to register as a sex offender under that Act, may not knowingly use any computer scrub software on any computer that the sex offender uses; and

(12) if convicted of a violation of the Methamphetamine Control and Community Protection Act, the Methamphetamine Precursor Control Act, or a methamphetamine related offense:

(A) prohibited from purchasing, possessing, or having under his or her control any product containing pseudoephedrine unless prescribed by a physician; and

(B) prohibited from purchasing, possessing, or having under his or her control any product containing ammonium nitrate.

(b) The Court may in addition to other reasonable conditions relating to the nature of the offense or the rehabilitation of the defendant as determined for each defendant in the proper discretion of the Court require that the person:

(1) serve a term of periodic imprisonment under Article 7 for a period not to exceed that specified in paragraph (d) of Section 5–7–1;

(2) pay a fine and costs;

(3) work or pursue a course of study or vocational training;

(4) undergo medical, psychological or psychiatric treatment; or treatment for drug addiction or alcoholism;

(5) attend or reside in a facility established for the instruction or residence of defendants on probation;

(6) support his dependents;

(7) and in addition, if a minor:

(i) reside with his parents or in a foster home;

(ii) attend school;

(iii) attend a non-residential program for youth;

(iv) contribute to his own support at home or in a foster home;

(v) with the consent of the superintendent of the facility, attend an educational program at a facility other than the school in which the offense was committed if he or she is convicted of a crime of violence as defined in Section 2 of the Crime Victims Compensation Act

committed in a school, on the real property comprising a school, or within 1,000 feet of the real property comprising a school;

(8) make restitution as provided in Section 5–5–6 of this Code;

(9) perform some reasonable public or community service;

(10) serve a term of home confinement. In addition to any other applicable condition of probation or conditional discharge, the conditions of home confinement shall be that the offender:

(i) remain within the interior premises of the place designated for his confinement during the hours designated by the court;

(ii) admit any person or agent designated by the court into the offender's place of confinement at any time for purposes of verifying the offender's compliance with the conditions of his confinement; and

(iii) if further deemed necessary by the court or the Probation or Court Services Department, be placed on an approved electronic monitoring device, subject to Article 8A of Chapter V;

(iv) for persons convicted of any alcohol, cannabis or controlled substance violation who are placed on an approved monitoring device as a condition of probation or conditional discharge, the court shall impose a reasonable fee for each day of the use of the device, as established by the county board in subsection (g) of this Section, unless after determining the inability of the offender to pay the fee, the court assesses a lesser fee or no fee as the case may be. This fee shall be imposed in addition to the fees imposed under subsections (g) and (i) of this Section. The fee shall be collected by the clerk of the circuit court. The clerk of the circuit court shall pay all monies collected from this fee to the county treasurer for deposit in the substance abuse services fund under Section 5–1086.1 of the Counties Code; and

(v) for persons convicted of offenses other than those referenced in clause (iv) above and who are placed on an approved monitoring device as a condition of probation or conditional discharge, the court shall impose a reasonable fee for each day of the use of the device, as established by the county board in subsection (g) of this Section, unless after determining the inability of the defendant to pay the fee, the court assesses a lesser fee or no fee as the case may be. This fee shall be imposed in addition to the fees imposed under subsections (g) and (i) of this Section. The fee shall be collected by the clerk of the circuit court. The clerk of the circuit court shall pay all monies collected from this fee to the county treasurer

CRIMINAL LAW — FOID CARDS — VARIOUS, 2012 Ill. Legis. Serv. P.A. 97-1131 (S.B....

3:10-cv-02187-SEM-... # 29-1 Page 34 of 50

who shall use the monies collected to defray the costs of corrections. The county treasurer shall deposit the fee collected in the probation and court services fund.

(11) comply with the terms and conditions of an order of protection issued by the court pursuant to the Illinois Domestic Violence Act of 1986, as now or hereafter amended, or an order of protection issued by the court of another state, tribe, or United States territory. A copy of the order of protection shall be transmitted to the probation officer or agency having responsibility for the case;

(12) reimburse any "local anti-crime program" as defined in Section 7 of the Anti–Crime Advisory Council Act for any reasonable expenses incurred by the program on the offender's case, not to exceed the maximum amount of the fine authorized for the offense for which the defendant was sentenced;

(13) contribute a reasonable sum of money, not to exceed the maximum amount of the fine authorized for the offense for which the defendant was sentenced, (i) to a "local anti-crime program", as defined in Section 7 of the Anti–Crime Advisory Council Act, or (ii) for offenses under the jurisdiction of the Department of Natural Resources, to the fund established by the Department of Natural Resources for the purchase of evidence for investigation purposes and to conduct investigations as outlined in Section 805–105 of the Department of Natural Resources (Conservation) Law;

(14) refrain from entering into a designated geographic area except upon such terms as the court finds appropriate. Such terms may include consideration of the purpose of the entry, the time of day, other persons accompanying the defendant, and advance approval by a probation officer, if the defendant has been placed on probation or advance approval by the court, if the defendant was placed on conditional discharge;

(15) refrain from having any contact, directly or indirectly, with certain specified persons or particular types of persons, including but not limited to members of street gangs and drug users or dealers;

(16) refrain from having in his or her body the presence of any illicit drug prohibited by the Cannabis Control Act, the Illinois Controlled Substances Act, or the Methamphetamine Control and Community Protection Act, unless prescribed by a physician, and submit samples of his or her blood or urine or both for tests to determine the presence of any illicit drug;

(17) if convicted for an offense committed on or after June 1, 2008 (the effective date of Public Act 95–464) that would qualify the accused as a child sex offender as defined in Section 11–9.3 or 11–9.4 of the Criminal Code of 1961, refrain from communicating with or contacting, by means of the Internet, a person who is related to the accused and whom the accused reasonably believes to be under 18 years of age; for purposes of this paragraph (17), "Internet" has the

meaning ascribed to it in Section 16–0.1 of the Criminal Code of 1961; and a person is related to the accused if the person is: (i) the spouse, brother, or sister of the accused; (ii) a descendant of the accused; (iii) a first or second cousin of the accused; or (iv) a step-child or adopted child of the accused;

(18) if convicted for an offense committed on or after June 1, 2009 (the effective date of Public Act 95–983) that would qualify as a sex offense as defined in the Sex Offender Registration Act:

(i) not access or use a computer or any other device with Internet capability without the prior written approval of the offender's probation officer, except in connection with the offender's employment or search for employment with the prior approval of the offender's probation officer;

(ii) submit to periodic unannounced examinations of the offender's computer or any other device with Internet capability by the offender's probation officer, a law enforcement officer, or assigned computer or information technology specialist, including the retrieval and copying of all data from the computer or device and any internal or external peripherals and removal of such information, equipment, or device to conduct a more thorough inspection;

(iii) submit to the installation on the offender's computer or device with Internet capability, at the subject's expense, of one or more hardware or software systems to monitor the Internet use; and

(iv) submit to any other appropriate restrictions concerning the offender's use of or access to a computer or any other device with Internet capability imposed by the offender's probation officer; and

(19) refrain from possessing a firearm or other dangerous weapon where the offense is a misdemeanor that did not involve the intentional or knowing infliction of bodily harm or threat of bodily harm.

(c) The court may as a condition of probation or of conditional discharge require that a person under 18 years of age found guilty of any alcohol, cannabis or controlled substance violation, refrain from acquiring a driver's license during the period of probation or conditional discharge. If such person is in possession of a permit or license, the court may require that the minor refrain from driving or operating any motor vehicle during the period of probation or conditional discharge, except as may be necessary in the course of the minor's lawful employment.

(d) An offender sentenced to probation or to conditional discharge shall be given a certificate setting forth the conditions thereof.

3:10-cv-02187-SEM # 29-1 Page 36 of 50

(e) Except where the offender has committed a fourth or subsequent violation of subsection (c) of Section 6–303 of the Illinois Vehicle Code, the court shall not require as a condition of the sentence of probation or conditional discharge that the offender be committed to a period of imprisonment in excess of 6 months. This 6 month limit shall not include periods of confinement given pursuant to a sentence of county impact incarceration under Section 5–8–1.2.

Persons committed to imprisonment as a condition of probation or conditional discharge shall not be committed to the Department of Corrections.

(f) The court may combine a sentence of periodic imprisonment under Article 7 or a sentence to a county impact incarceration program under Article 8 with a sentence of probation or conditional discharge.

(g) An offender sentenced to probation or to conditional discharge and who during the term of either undergoes mandatory drug or alcohol testing, or both, or is assigned to be placed on an approved electronic monitoring device, shall be ordered to pay all costs incidental to such mandatory drug or alcohol testing, or both, and all costs incidental to such approved electronic monitoring in accordance with the defendant's ability to pay those costs. The county board with the concurrence of the Chief Judge of the judicial circuit in which the county is located shall establish reasonable fees for the cost of maintenance, testing, and incidental expenses related to the mandatory drug or alcohol testing, or both, and all costs incidental to approved electronic monitoring, involved in a successful probation program for the county. The concurrence of the Chief Judge shall be in the form of an administrative order. The fees shall be collected by the clerk of the circuit court. The clerk of the circuit court shall pay all moneys collected from these fees to the county treasurer who shall use the moneys collected to defray the costs of drug testing, alcohol testing, and electronic monitoring. The county treasurer shall deposit the fees collected in the county working cash fund under Section 6–27001 or Section 6–29002 of the Counties Code, as the case may be.

(h) Jurisdiction over an offender may be transferred from the sentencing court to the court of another circuit with the concurrence of both courts. Further transfers or retransfers of jurisdiction are also authorized in the same manner. The court to which jurisdiction has been transferred shall have the same powers as the sentencing court. The probation department within the circuit to which jurisdiction has been transferred may impose probation fees upon receiving the transferred offender, as provided in subsection (*i*). The probation department from the original sentencing court shall retain all probation fees collected prior to the transfer.

(i) The court shall impose upon an offender sentenced to probation after January 1, 1989 or to conditional discharge after January 1, 1992 or to community service under the supervision of a probation or court services department after January 1, 2004, as a condition of such probation or

3:10-cv-02187-SEM # 28-1 Page 37 of 50

conditional discharge or supervised community service, a fee of $50 for each month of probation or conditional discharge supervision or supervised community service ordered by the court, unless after determining the inability of the person sentenced to probation or conditional discharge or supervised community service to pay the fee, the court assesses a lesser fee. The court may not impose the fee on a minor who is made a ward of the State under the Juvenile Court Act of 1987 while the minor is in placement. The fee shall be imposed only upon an offender who is actively supervised by the probation and court services department. The fee shall be collected by the clerk of the circuit court. The clerk of the circuit court shall pay all monies collected from this fee to the county treasurer for deposit in the probation and court services fund under Section 15.1 of the Probation and Probation Officers Act.

A circuit court may not impose a probation fee under this subsection (*i*) in excess of $25 per month unless the circuit court has adopted, by administrative order issued by the chief judge, a standard probation fee guide determining an offender's ability to pay Of the amount collected as a probation fee, up to $5 of that fee collected per month may be used to provide services to crime victims and their families.

The Court may only waive probation fees based on an offender's ability to pay. The probation department may re-evaluate an offender's ability to pay every 6 months, and, with the approval of the Director of Court Services or the Chief Probation Officer, adjust the monthly fee amount. An offender may elect to pay probation fees due in a lump sum. Any offender that has been assigned to the supervision of a probation department, or has been transferred either under subsection (h) of this Section or under any interstate compact, shall be required to pay probation fees to the department supervising the offender, based on the offender's ability to pay.

This amendatory Act of the 93rd General Assembly deletes the $10 increase in the fee under this subsection that was imposed by Public Act 93–616. This deletion is intended to control over any other Act of the 93rd General Assembly that retains or incorporates that fee increase.

(i–5) In addition to the fees imposed under subsection (i) of this Section, in the case of an offender convicted of a felony sex offense (as defined in the Sex Offender Management Board Act) or an offense that the court or probation department has determined to be sexually motivated (as defined in the Sex Offender Management Board Act), the court or the probation department shall assess additional fees to pay for all costs of treatment, assessment, evaluation for risk and treatment, and monitoring the offender, based on that offender's ability to pay those costs either as they occur or under a payment plan.

(j) All fines and costs imposed under this Section for any violation of Chapters 3, 4, 6, and 11 of the Illinois Vehicle Code, or a similar provision of a local ordinance, and any violation of the

Child Passenger Protection Act, or a similar provision of a local ordinance, shall be collected and disbursed by the circuit clerk as provided under Section 27.5 of the Clerks of Courts Act.

(k) Any offender who is sentenced to probation or conditional discharge for a felony sex offense as defined in the Sex Offender Management Board Act or any offense that the court or probation department has determined to be sexually motivated as defined in the Sex Offender Management Board Act shall be required to refrain from any contact, directly or indirectly, with any persons specified by the court and shall be available for all evaluations and treatment programs required by the court or the probation department.

(l) The court may order an offender who is sentenced to probation or conditional discharge for a violation of an order of protection be placed under electronic surveillance as provided in Section 5–8A–7 of this Code.

(Source: P.A. 96–262, eff. 1–10–10; 96–328, eff. 8–11–09; 96–362, eff. 1–10–10; 96–695, eff. 8–25–09; 96–1000, eff. 7–2–10; 96–1414, eff. 1–1–11; 96–1551, Article 2, Section 1065, eff. 7–1–11; 96–1551, Article 10, Section 10–150, eff. 7–1–11; 97–454, eff. 1–1–12; 97–560, eff. 1–1–12; 97–597, eff. 1–1–12; revised 9–14–11.)

Section 30. The Stalking No Contact Order Act is amended by changing Section 80 as follows:

<< IL ST CH 740 § 21/80 >>

**[S.H.A. 740 ILCS 21/80]** (740 ILCS 21/80)

§ 80. Stalking no contact orders; remedies.

(a) If the court finds that the petitioner has been a victim of stalking, a stalking no contact order shall issue; provided that the petitioner must also satisfy the requirements of Section 95 on emergency orders or Section 100 on plenary orders. The petitioner shall not be denied a stalking no contact order because the petitioner or the respondent is a minor. The court, when determining whether or not to issue a stalking no contact order, may not require physical injury on the person of the petitioner. Modification and extension of prior stalking no contact orders shall be in accordance with this Act.

(b) A stalking no contact order shall order one or more of the following:

(1) prohibit the respondent from threatening to commit or committing stalking;

(2) order the respondent not to have any contact with the petitioner or a third person specifically named by the court;

(3) prohibit the respondent from knowingly coming within, or knowingly remaining within a specified distance of the petitioner or the petitioner's residence, school, daycare, or place of employment, or any specified place frequented by the petitioner; however, the court may order the respondent to stay away from the respondent's own residence, school, or place of employment only if the respondent has been provided actual notice of the opportunity to appear and be heard on the petition;

(4) prohibit the respondent from possessing a Firearm Owners Identification Card, or possessing or buying firearms; and

(5) order other injunctive relief the court determines to be necessary to protect the petitioner or third party specifically named by the court.

(b–5) When the petitioner and the respondent attend the same public, private, or non-public elementary, middle, or high school, the court when issuing a stalking no contact order and providing relief shall consider the severity of the act, any continuing physical danger or emotional distress to the petitioner, the educational rights guaranteed to the petitioner and respondent under federal and State law, the availability of a transfer of the respondent to another school, a change of placement or a change of program of the respondent, the expense, difficulty, and educational disruption that would be caused by a transfer of the respondent to another school, and any other relevant facts of the case. The court may order that the respondent not attend the public, private, or non-public elementary, middle, or high school attended by the petitioner, order that the respondent accept a change of placement or program, as determined by the school district or private or non-public school, or place restrictions on the respondent's movements within the school attended by the petitioner. The respondent bears the burden of proving by a preponderance of the evidence that a transfer, change of placement, or change of program of the respondent is not available. The respondent also bears the burden of production with respect to the expense, difficulty, and educational disruption that would be caused by a transfer of the respondent to another school. A transfer, change of placement, or change of program is not unavailable to the respondent solely on the ground that the respondent does not agree with the school district's or private or non-public school's transfer, change of placement, or change of program or solely on the ground that the respondent fails or refuses to consent to or otherwise does not take an action required to effectuate a transfer, change of placement, or change of program. When a court orders a respondent to stay away from the public, private, or non-public school attended by the petitioner and the respondent requests a transfer to another attendance center within the respondent's school district or private or non-public school, the school district or private or non-public school shall have sole discretion to determine the attendance center to which the respondent is transferred. In the event the court order results in a transfer of the minor respondent to another attendance center, a change in the respondent's placement, or a change of the respondent's program, the parents, guardian, or legal

custodian of the respondent is responsible for transportation and other costs associated with the transfer or change.

(b–6) The court may order the parents, guardian, or legal custodian of a minor respondent to take certain actions or to refrain from taking certain actions to ensure that the respondent complies with the order. In the event the court orders a transfer of the respondent to another school, the parents, guardian, or legal custodian of the respondent are responsible for transportation and other costs associated with the change of school by the respondent.

(b–7) The court shall not hold a school district or private or non-public school or any of its employees in civil or criminal contempt unless the school district or private or non-public school has been allowed to intervene.

(b–8) The court may hold the parents, guardian, or legal custodian of a minor respondent in civil or criminal contempt for a violation of any provision of any order entered under this Act for conduct of the minor respondent in violation of this Act if the parents, guardian, or legal custodian directed, encouraged, or assisted the respondent minor in such conduct.

(c) The court may award the petitioner costs and attorneys fees if a stalking no contact order is granted.

(d) Monetary damages are not recoverable as a remedy.

(e) If the stalking no contact order prohibits the respondent from possessing a Firearm Owner's Identification Card, or possessing or buying firearms; the court shall confiscate the respondent's Firearm Owner's Identification Card and immediately return the card to the Department of State Police Firearm Owner's Identification Card Office.

(Source: P.A. 96–246, eff. 1–1–10; 97–294, eff. 1–1–12.)

Section 35. The Illinois Domestic Violence Act of 1986 is amended by changing Section 214 as follows:

<< IL ST CH 750 § 60/214 >>

**[S.H.A. 750 ILCS 60/214]** (750 ILCS 60/214) (from Ch. 40, par. 2312–14)

§ 214. Order of protection; remedies.

CRIMINAL LAW—FOID CARDS—VARIOUS..., 2012 Ill. Legis. Serv. P.A. 97-1131 (S.B....

3:10-cv-02183-SEM # 29-1   Page 41 of 50

(a) Issuance of order. If the court finds that petitioner has been abused by a family or household member or that petitioner is a high-risk adult who has been abused, neglected, or exploited, as defined in this Act, an order of protection prohibiting the abuse, neglect, or exploitation shall issue; provided that petitioner must also satisfy the requirements of one of the following Sections, as appropriate: Section 217 on emergency orders, Section 218 on interim orders, or Section 219 on plenary orders. Petitioner shall not be denied an order of protection because petitioner or respondent is a minor. The court, when determining whether or not to issue an order of protection, shall not require physical manifestations of abuse on the person of the victim. Modification and extension of prior orders of protection shall be in accordance with this Act.

(b) Remedies and standards. The remedies to be included in an order of protection shall be determined in accordance with this Section and one of the following Sections, as appropriate: Section 217 on emergency orders, Section 218 on interim orders, and Section 219 on plenary orders. The remedies listed in this subsection shall be in addition to other civil or criminal remedies available to petitioner.

(1) Prohibition of abuse, neglect, or exploitation. Prohibit respondent's harassment, interference with personal liberty, intimidation of a dependent, physical abuse, or willful deprivation, neglect or exploitation, as defined in this Act, or stalking of the petitioner, as defined in Section 12–7.3 of the Criminal Code of 1961, if such abuse, neglect, exploitation, or stalking has occurred or otherwise appears likely to occur if not prohibited.

(2) Grant of exclusive possession of residence. Prohibit respondent from entering or remaining in any residence, household, or premises of the petitioner, including one owned or leased by respondent, if petitioner has a right to occupancy thereof. The grant of exclusive possession of the residence, household, or premises shall not affect title to real property, nor shall the court be limited by the standard set forth in Section 701 of the Illinois Marriage and Dissolution of Marriage Act.

(A) Right to occupancy. A party has a right to occupancy of a residence or household if it is solely or jointly owned or leased by that party, that party's spouse, a person with a legal duty to support that party or a minor child in that party's care, or by any person or entity other than the opposing party that authorizes that party's occupancy (e.g., a domestic violence shelter). Standards set forth in subparagraph (B) shall not preclude equitable relief.

(B) Presumption of hardships. If petitioner and respondent each has the right to occupancy of a residence or household, the court shall balance (i) the hardships to respondent and any minor child or dependent adult in respondent's care resulting from entry of this remedy with (ii) the hardships to petitioner and any minor child or dependent adult in petitioner's care resulting from continued exposure to the risk of abuse (should petitioner remain at the residence or household) or from loss of possession of the residence or household (should

3:10-cv-02187-SEM   #  29-1    Page 42 of 50

petitioner leave to avoid the risk of abuse). When determining the balance of hardships, the court shall also take into account the accessibility of the residence or household. Hardships need not be balanced if respondent does not have a right to occupancy.

The balance of hardships is presumed to favor possession by petitioner unless the presumption is rebutted by a preponderance of the evidence, showing that the hardships to respondent substantially outweigh the hardships to petitioner and any minor child or dependent adult in petitioner's care. The court, on the request of petitioner or on its own motion, may order respondent to provide suitable, accessible, alternate housing for petitioner instead of excluding respondent from a mutual residence or household.

(3) Stay away order and additional prohibitions. Order respondent to stay away from petitioner or any other person protected by the order of protection, or prohibit respondent from entering or remaining present at petitioner's school, place of employment, or other specified places at times when petitioner is present, or both, if reasonable, given the balance of hardships. Hardships need not be balanced for the court to enter a stay away order or prohibit entry if respondent has no right to enter the premises.

(A) If an order of protection grants petitioner exclusive possession of the residence, or prohibits respondent from entering the residence, or orders respondent to stay away from petitioner or other protected persons, then the court may allow respondent access to the residence to remove items of clothing and personal adornment used exclusively by respondent, medications, and other items as the court directs. The right to access shall be exercised on only one occasion as the court directs and in the presence of an agreed-upon adult third party or law enforcement officer.

(B) When the petitioner and the respondent attend the same public, private, or non-public elementary, middle, or high school, the court when issuing an order of protection and providing relief shall consider the severity of the act, any continuing physical danger or emotional distress to the petitioner, the educational rights guaranteed to the petitioner and respondent under federal and State law, the availability of a transfer of the respondent to another school, a change of placement or a change of program of the respondent, the expense, difficulty, and educational disruption that would be caused by a transfer of the respondent to another school, and any other relevant facts of the case. The court may order that the respondent not attend the public, private, or non-public elementary, middle, or high school attended by the petitioner, order that the respondent accept a change of placement or change of program, as determined by the school district or private or non-public school, or place restrictions on the respondent's movements within the school attended by the petitioner. The respondent bears the burden of proving by a preponderance of the evidence that a transfer, change of placement, or change of program of the respondent is not available. The respondent also bears the burden of production with respect to the

expense, difficulty, and educational disruption that would be caused by a transfer of the respondent to another school. A transfer, change of placement, or change of program is not unavailable to the respondent solely on the ground that the respondent does not agree with the school district's or private or non-public school's transfer, change of placement, or change of program or solely on the ground that the respondent fails or refuses to consent or otherwise does not take an action required to effectuate a transfer, change of placement, or change of program. When a court orders a respondent to stay away from the public, private, or non-public school attended by the petitioner and the respondent requests a transfer to another attendance center within the respondent's school district or private or non-public school, the school district or private or non-public school shall have sole discretion to determine the attendance center to which the respondent is transferred. In the event the court order results in a transfer of the minor respondent to another attendance center, a change in the respondent's placement, or a change of the respondent's program, the parents, guardian, or legal custodian of the respondent is responsible for transportation and other costs associated with the transfer or change.

(C) The court may order the parents, guardian, or legal custodian of a minor respondent to take certain actions or to refrain from taking certain actions to ensure that the respondent complies with the order. ~~The court may order the parents, guardian, or legal custodian of a minor respondent to take certain actions or to refrain from taking certain actions to ensure that the respondent complies with the order.~~ In the event the court orders a transfer of the respondent to another school, the parents, guardian, or legal custodian of the respondent is responsible for transportation and other costs associated with the change of school by the respondent.

(4) Counseling. Require or recommend the respondent to undergo counseling for a specified duration with a social worker, psychologist, clinical psychologist, psychiatrist, family service agency, alcohol or substance abuse program, mental health center guidance counselor, agency providing services to elders, program designed for domestic violence abusers or any other guidance service the court deems appropriate. The Court may order the respondent in any intimate partner relationship to report to an Illinois Department of Human Services protocol approved partner abuse intervention program for an assessment and to follow all recommended treatment.

(5) Physical care and possession of the minor child. In order to protect the minor child from abuse, neglect, or unwarranted separation from the person who has been the minor child's primary caretaker, or to otherwise protect the well-being of the minor child, the court may do either or both of the following: (i) grant petitioner physical care or possession of the minor child, or both, or (ii) order respondent to return a minor child to, or not remove a minor child from, the physical care of a parent or person in loco parentis.

If a court finds, after a hearing, that respondent has committed abuse (as defined in Section 103) of a minor child, there shall be a rebuttable presumption that awarding physical care to respondent would not be in the minor child's best interest.

(6) Temporary legal custody. Award temporary legal custody to petitioner in accordance with this Section, the Illinois Marriage and Dissolution of Marriage Act, the Illinois Parentage Act of 1984, and this State's Uniform Child–Custody Jurisdiction and Enforcement Act.

If a court finds, after a hearing, that respondent has committed abuse (as defined in Section 103) of a minor child, there shall be a rebuttable presumption that awarding temporary legal custody to respondent would not be in the child's best interest.

(7) Visitation. Determine the visitation rights, if any, of respondent in any case in which the court awards physical care or temporary legal custody of a minor child to petitioner. The court shall restrict or deny respondent's visitation with a minor child if the court finds that respondent has done or is likely to do any of the following: (i) abuse or endanger the minor child during visitation; (ii) use the visitation as an opportunity to abuse or harass petitioner or petitioner's family or household members; (iii) improperly conceal or detain the minor child; or (iv) otherwise act in a manner that is not in the best interests of the minor child. The court shall not be limited by the standards set forth in Section 607.1 of the Illinois Marriage and Dissolution of Marriage Act. If the court grants visitation, the order shall specify dates and times for the visitation to take place or other specific parameters or conditions that are appropriate. No order for visitation shall refer merely to the term "reasonable visitation".

Petitioner may deny respondent access to the minor child if, when respondent arrives for visitation, respondent is under the influence of drugs or alcohol and constitutes a threat to the safety and well-being of petitioner or petitioner's minor children or is behaving in a violent or abusive manner.

If necessary to protect any member of petitioner's family or household from future abuse, respondent shall be prohibited from coming to petitioner's residence to meet the minor child for visitation, and the parties shall submit to the court their recommendations for reasonable alternative arrangements for visitation. A person may be approved to supervise visitation only after filing an affidavit accepting that responsibility and acknowledging accountability to the court.

(8) Removal or concealment of minor child. Prohibit respondent from removing a minor child from the State or concealing the child within the State.

(9) Order to appear. Order the respondent to appear in court, alone or with a minor child, to prevent abuse, neglect, removal or concealment of the child, to return the child to the custody

3:10-cv-02183-SEM- # 29-1  Page 45 of 50

or care of the petitioner or to permit any court-ordered interview or examination of the child or the respondent.

(10) Possession of personal property. Grant petitioner exclusive possession of personal property and, if respondent has possession or control, direct respondent to promptly make it available to petitioner, if:

   (i) petitioner, but not respondent, owns the property; or

   (ii) the parties own the property jointly; sharing it would risk abuse of petitioner by respondent or is impracticable; and the balance of hardships favors temporary possession by petitioner.

If petitioner's sole claim to ownership of the property is that it is marital property, the court may award petitioner temporary possession thereof under the standards of subparagraph (ii) of this paragraph only if a proper proceeding has been filed under the Illinois Marriage and Dissolution of Marriage Act, as now or hereafter amended.

No order under this provision shall affect title to property.

(11) Protection of property. Forbid the respondent from taking, transferring, encumbering, concealing, damaging or otherwise disposing of any real or personal property, except as explicitly authorized by the court, if:

   (i) petitioner, but not respondent, owns the property; or

   (ii) the parties own the property jointly, and the balance of hardships favors granting this remedy.

If petitioner's sole claim to ownership of the property is that it is marital property, the court may grant petitioner relief under subparagraph (ii) of this paragraph only if a proper proceeding has been filed under the Illinois Marriage and Dissolution of Marriage Act, as now or hereafter amended.

The court may further prohibit respondent from improperly using the financial or other resources of an aged member of the family or household for the profit or advantage of respondent or of any other person.

(11.5) Protection of animals. Grant the petitioner the exclusive care, custody, or control of any animal owned, possessed, leased, kept, or held by either the petitioner or the respondent or a minor child residing in the residence or household of either the petitioner or the respondent and order the respondent to stay away from the animal and forbid the respondent from taking, transferring, encumbering, concealing, harming, or otherwise disposing of the animal.

3:10-cv-02183-SEM-... # 29-1 Page 46 of 50

(12) Order for payment of support. Order respondent to pay temporary support for the petitioner or any child in the petitioner's care or custody, when the respondent has a legal obligation to support that person, in accordance with the Illinois Marriage and Dissolution of Marriage Act, which shall govern, among other matters, the amount of support, payment through the clerk and withholding of income to secure payment. An order for child support may be granted to a petitioner with lawful physical care or custody of a child, or an order or agreement for physical care or custody, prior to entry of an order for legal custody. Such a support order shall expire upon entry of a valid order granting legal custody to another, unless otherwise provided in the custody order.

(13) Order for payment of losses. Order respondent to pay petitioner for losses suffered as a direct result of the abuse, neglect, or exploitation. Such losses shall include, but not be limited to, medical expenses, lost earnings or other support, repair or replacement of property damaged or taken, reasonable attorney's fees, court costs and moving or other travel expenses, including additional reasonable expenses for temporary shelter and restaurant meals.

(i) Losses affecting family needs. If a party is entitled to seek maintenance, child support or property distribution from the other party under the Illinois Marriage and Dissolution of Marriage Act, as now or hereafter amended, the court may order respondent to reimburse petitioner's actual losses, to the extent that such reimbursement would be "appropriate temporary relief", as authorized by subsection (a)(3) of Section 501 of that Act.

(ii) Recovery of expenses. In the case of an improper concealment or removal of a minor child, the court may order respondent to pay the reasonable expenses incurred or to be incurred in the search for and recovery of the minor child, including but not limited to legal fees, court costs, private investigator fees, and travel costs.

(14) Prohibition of entry. Prohibit the respondent from entering or remaining in the residence or household while the respondent is under the influence of alcohol or drugs and constitutes a threat to the safety and well-being of the petitioner or the petitioner's children.

(14.5) Prohibition of firearm possession.

(a) Prohibit a respondent against whom an order of protection was issued from possessing any firearms during the duration of the order if the order:

(1) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;

(2) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other

CRIMINAL LAW — FOID CARDS — VARIOUS, 2012 Ill. Legis. Serv. P.A. 97-1131 (S.B....

3:10-cv-02183-SEM-... #28-1 Page 47 of 50

conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

(3)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury.

Any Firearm Owner's Identification Card in the possession of the respondent, except as provided in subsection (b), shall be ordered by the court to be turned over to the local law enforcement agency. The local law enforcement agency shall immediately mail the card to the Department of State Police Firearm Owner's Identification Card Office for safekeeping. The court shall issue a warrant for seizure of any firearm and Firearm Owner's Identification Card in the possession of the respondent, to be kept by the local law enforcement agency for safekeeping, except as provided in subsection (b). The period of safekeeping shall be for the duration of the order of protection. The firearm or firearms and Firearm Owner's Identification Card, if unexpired, shall at the respondent's request, shall be returned to the respondent at the end of the order of protection. It is the respondent's responsibility to notify the Department of State Police Firearm Owner's Identification Card Office.

(b) If the respondent is a peace officer as defined in Section 2–13 of the Criminal Code of 1961, the court shall order that any firearms used by the respondent in the performance of his or her duties as a peace officer be surrendered to the chief law enforcement executive of the agency in which the respondent is employed, who shall retain the firearms for safekeeping for the duration of the order of protection.

(c) Upon expiration of the period of safekeeping, if the firearms or Firearm Owner's Identification Card cannot be returned to respondent because respondent cannot be located, fails to respond to requests to retrieve the firearms, or is not lawfully eligible to possess a firearm, upon petition from the local law enforcement agency, the court may order the local law enforcement agency to destroy the firearms, use the firearms for training purposes, or for any other application as deemed appropriate by the local law enforcement agency; or that the firearms be turned over to a third party who is lawfully eligible to possess firearms, and who does not reside with respondent.

(15) Prohibition of access to records. If an order of protection prohibits respondent from having contact with the minor child, or if petitioner's address is omitted under subsection (b) of Section 203, or if necessary to prevent abuse or wrongful removal or concealment of a minor child, the order shall deny respondent access to, and prohibit respondent from inspecting, obtaining, or

WestlawNext © 2013 Thomson Reuters. No claim to original U.S. Government Works.

attempting to inspect or obtain, school or any other records of the minor child who is in the care of petitioner.

(16) Order for payment of shelter services. Order respondent to reimburse a shelter providing temporary housing and counseling services to the petitioner for the cost of the services, as certified by the shelter and deemed reasonable by the court.

(17) Order for injunctive relief. Enter injunctive relief necessary or appropriate to prevent further abuse of a family or household member or further abuse, neglect, or exploitation of a high-risk adult with disabilities or to effectuate one of the granted remedies, if supported by the balance of hardships. If the harm to be prevented by the injunction is abuse or any other harm that one of the remedies listed in paragraphs (1) through (16) of this subsection is designed to prevent, no further evidence is necessary that the harm is an irreparable injury.

(c) Relevant factors; findings.

(1) In determining whether to grant a specific remedy, other than payment of support, the court shall consider relevant factors, including but not limited to the following:

(i) the nature, frequency, severity, pattern and consequences of the respondent's past abuse, neglect or exploitation of the petitioner or any family or household member, including the concealment of his or her location in order to evade service of process or notice, and the likelihood of danger of future abuse, neglect, or exploitation to petitioner or any member of petitioner's or respondent's family or household; and

(ii) the danger that any minor child will be abused or neglected or improperly removed from the jurisdiction, improperly concealed within the State or improperly separated from the child's primary caretaker.

(2) In comparing relative hardships resulting to the parties from loss of possession of the family home, the court shall consider relevant factors, including but not limited to the following:

(i) availability, accessibility, cost, safety, adequacy, location and other characteristics of alternate housing for each party and any minor child or dependent adult in the party's care;

(ii) the effect on the party's employment; and

(iii) the effect on the relationship of the party, and any minor child or dependent adult in the party's care, to family, school, church and community.

(3) Subject to the exceptions set forth in paragraph (4) of this subsection, the court shall make its findings in an official record or in writing, and shall at a minimum set forth the following:

(i) That the court has considered the applicable relevant factors described in paragraphs (1) and (2) of this subsection.

(ii) Whether the conduct or actions of respondent, unless prohibited, will likely cause irreparable harm or continued abuse.

(iii) Whether it is necessary to grant the requested relief in order to protect petitioner or other alleged abused persons.

(4) For purposes of issuing an ex parte emergency order of protection, the court, as an alternative to or as a supplement to making the findings described in paragraphs (c)(3)(i) through (c)(3)(iii) of this subsection, may use the following procedure:

When a verified petition for an emergency order of protection in accordance with the requirements of Sections 203 and 217 is presented to the court, the court shall examine petitioner on oath or affirmation. An emergency order of protection shall be issued by the court if it appears from the contents of the petition and the examination of petitioner that the averments are sufficient to indicate abuse by respondent and to support the granting of relief under the issuance of the emergency order of protection.

(5) Never married parties. No rights or responsibilities for a minor child born outside of marriage attach to a putative father until a father and child relationship has been established under the Illinois Parentage Act of 1984, the Illinois Public Aid Code, Section 12 of the Vital Records Act, the Juvenile Court Act of 1987, the Probate Act of 1985, the Revised Uniform Reciprocal Enforcement of Support Act, the Uniform Interstate Family Support Act, the Expedited Child Support Act of 1990, any judicial, administrative, or other act of another state or territory, any other Illinois statute, or by any foreign nation establishing the father and child relationship, any other proceeding substantially in conformity with the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (Pub. L. 104–193), or where both parties appeared in open court or at an administrative hearing acknowledging under oath or admitting by affirmation the existence of a father and child relationship. Absent such an adjudication, finding, or acknowledgement, no putative father shall be granted temporary custody of the minor child, visitation with the minor child, or physical care and possession of the minor child, nor shall an order of payment for support of the minor child be entered.

(d) Balance of hardships; findings. If the court finds that the balance of hardships does not support the granting of a remedy governed by paragraph (2), (3), (10), (11), or (16) of subsection (b) of this Section, which may require such balancing, the court's findings shall so indicate and shall include a finding as to whether granting the remedy will result in hardship to respondent that would substantially outweigh the hardship to petitioner from denial of the remedy. The findings shall be an official record or in writing.

CRIMINAL LAW – FOID CARDS – VARIOUS, 2012 Ill. Legis. Serv. P.A. 97-1131 (S.B....

(e) Denial of remedies. Denial of any remedy shall not be based, in whole or in part, on evidence that:

(1) Respondent has cause for any use of force, unless that cause satisfies the standards for justifiable use of force provided by Article VII of the Criminal Code of 1961;

(2) Respondent was voluntarily intoxicated;

(3) Petitioner acted in self-defense or defense of another, provided that, if petitioner utilized force, such force was justifiable under Article VII of the Criminal Code of 1961;

(4) Petitioner did not act in self-defense or defense of another;

(5) Petitioner left the residence or household to avoid further abuse, neglect, or exploitation by respondent;

(6) Petitioner did not leave the residence or household to avoid further abuse, neglect, or exploitation by respondent;

(7) Conduct by any family or household member excused the abuse, neglect, or exploitation by respondent, unless that same conduct would have excused such abuse, neglect, or exploitation if the parties had not been family or household members.

(Source: P.A. 96–701, eff. 1–1–10; 96–1239, eff. 1–1–11; 97–158, eff. 1–1–12; 97–294, eff. 1–1–12; revised 10–4–11.)

Approved: August 28, 2012
Effective: January 1, 2013

**End of Document**                                   © 2013 Thomson Reuters. No claim to original U.S. Government Works.