E-FILED
Friday, 12 July, 2013  11:00:40 AM
Clerk, U.S. District Court, ILCD

# EXHIBIT 2

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM #29-2 Page 2 of 96

2013 Ill. Legis. Serv. P.A. 98-63 (H.B. 183) (WEST)

ILLINOIS 2013 LEGISLATIVE SERVICE

Ninety-Eighth General Assembly, 2013

Additions are indicated by Text; deletions by
Text .
Vetoes are indicated by Text ;
stricken material by Text .

PUBLIC ACT 98−63
H.B. 183
REGULATION—FIREARM CONCEALED CARRY ACT

AN ACT concerning regulation.

Be it enacted by the People of the State of Illinois, represented in the General Assembly:

<< IL ST CH 430 § 66/1 >>

§ 1. Short title. This Act may be cited as the Firearm Concealed Carry Act.

<< IL ST CH 430 § 66/5 >>

§ 5. Definitions. As used in this Act:

"Applicant" means a person who is applying for a license to carry a concealed firearm under this Act.

"Board" means the Concealed Carry Licensing Review Board.

"Concealed firearm" means a loaded or unloaded handgun carried on or about a person completely or mostly concealed from view of the public or on or about a person within a vehicle.

"Department" means the Department of State Police.

"Director" means the Director of State Police.

REGULATION – FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM-#: 29-2 Page 3 of 96

"Handgun" means any device which is designed to expel a projectile or projectiles by the action of an explosion, expansion of gas, or escape of gas that is designed to be held and fired by the use of a single hand. "Handgun" does not include:

(1) a stun gun or taser;

(2) a machine gun as defined in item (i) of paragraph (7) of subsection (a) of Section 24–1 of the Criminal Code of 2012;

(3) a short-barreled rifle or shotgun as defined in item (ii) of paragraph (7) of subsection (a) of Section 24–1 of the Criminal Code of 2012; or

(4) any pneumatic gun, spring gun, paint ball gun, or B–B gun which expels a single globular projectile not exceeding .18 inch in diameter, or which has a maximum muzzle velocity of less than 700 feet per second, or which expels breakable paint balls containing washable marking colors.

"Law enforcement agency" means any federal, State, or local law enforcement agency, including offices of State's Attorneys and the Office of the Attorney General.

"License" means a license issued by the Department of State Police to carry a concealed handgun.

"Licensee" means a person issued a license to carry a concealed handgun.

"Municipality" has the meaning ascribed to it in Section 1 of Article VII of the Illinois Constitution.

"Unit of local government" has the meaning ascribed to it in Section 1 of Article VII of the Illinois Constitution.

<< IL ST CH 430 § 66/10 >>

§ 10. Issuance of licenses to carry a concealed firearm.

(a) The Department shall issue a license to carry a concealed firearm under this Act to an applicant who:

(1) meets the qualifications of Section 25 of this Act;

(2) has provided the application and documentation required in Section 30 of this Act;

(3) has submitted the requisite fees; and

(4) does not pose a danger to himself, herself, or others, or a threat to public safety as determined by the Concealed Carry Licensing Review Board in accordance with Section 20.

(b) The Department shall issue a renewal, corrected, or duplicate license as provided in this Act.

(c) A license shall be valid throughout the State for a period of 5 years from the date of issuance. A license shall permit the licensee to:

(1) carry a loaded or unloaded concealed firearm, fully concealed or partially concealed, on or about his or her person; and

(2) keep or carry a loaded or unloaded concealed firearm on or about his or her person within a vehicle.

(d) The Department shall make applications for a license available no later than 180 days after the effective date of this Act. The Department shall establish rules for the availability and submission of applications in accordance with this Act.

(e) An application for a license submitted to the Department that contains all the information and materials required by this Act, including the requisite fee, shall be deemed completed. Except as otherwise provided in this Act, no later than 90 days after receipt of a completed application, the Department shall issue or deny the applicant a license.

(f) The Department shall deny the applicant a license if the applicant fails to meet the requirements under this Act or the Department receives a determination from the Board that the applicant is ineligible for a license. The Department must notify the applicant stating the grounds for the denial. The notice of denial must inform the applicant of his or her right to an appeal through administrative and judicial review.

(g) A licensee shall possess a license at all times the licensee carries a concealed firearm except:

(1) when the licensee is carrying or possessing a concealed firearm on his or her land or in his or her abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission;

(2) when the person is authorized to carry a firearm under Section 24–2 of the Criminal Code of 2012, except subsection (a–5) of that Section; or

(3) when the handgun is broken down in a non-functioning state, is not immediately accessible, or is unloaded and enclosed in a case.

REGULATION — FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM-#28-2    Page 5 of 96

(h) If an officer of a law enforcement agency initiates an investigative stop, including but not limited to a traffic stop, of a licensee who is carrying a concealed firearm, upon the request of the officer the licensee shall disclose to the officer that he or she is in possession of a concealed firearm under this Act, present the license upon the request of the officer, and identify the location of the concealed firearm.

(i) The Department shall maintain a database of license applicants and licensees. The database shall be available to all federal, State, and local law enforcement agencies, State's Attorneys, the Attorney General, and authorized court personnel. Within 180 days after the effective date of this Act, the database shall be searchable and provide all information included in the application, including the applicant's previous addresses within the 10 years prior to the license application and any information related to violations of this Act. No law enforcement agency, State's Attorney, Attorney General, or member or staff of the judiciary shall provide any information to a requester who is not entitled to it by law.

(j) No later than 10 days after receipt of a completed application, the Department shall enter the relevant information about the applicant into the database under subsection (i) of this Section which is accessible by law enforcement agencies.

## << IL ST CH 430 § 66/15 >>

§ 15. Objections by law enforcement agencies.

(a) Any law enforcement agency may submit an objection to a license applicant based upon a reasonable suspicion that the applicant is a danger to himself or herself or others, or a threat to public safety. The objection shall be made by the chief law enforcement officer of the law enforcement agency, or his or her designee, and must include any information relevant to the objection. If a law enforcement agency submits an objection within 30 days after the entry of an applicant into the database, the Department shall submit the objection and all information related to the application to the Board within 10 days of completing all necessary background checks.

(b) If an applicant has 5 or more arrests for any reason, that have been entered into the Criminal History Records Information (CHRI) System, within the 7 years preceding the date of application for a license, or has 3 or more arrests within the 7 years preceding the date of application for a license for any combination of gang-related offenses, the Department shall object and submit the applicant's arrest record, the application materials, and any additional information submitted by a law enforcement agency to the Board. For purposes of this subsection, "gang-related offense" is an offense described in Section 12–6.4, Section 24–1.8, Section 25–5, Section 33–4, or Section 33G–4, or in paragraph (1) of subsection (a) of Section 12–6.2, paragraph (2) of subsection (b) of

REGULATION – FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM-# 29-2 Page 6 of 96

Section 16–30, paragraph (2) of subsection (b) of Section 31–4, or item (iii) of paragraph (1.5) of subsection (i) of Section 48–1 of the Criminal Code of 2012.

(c) The referral of an objection under this Section to the Board shall toll the 90–day period for the Department to issue or deny the applicant a license under subsection (e) of Section 10 of this Act, during the period of review and until the Board issues its decision.

(d) If no objection is made by a law enforcement agency or the Department under this Section, the Department shall process the application in accordance with this Act.

<< IL ST CH 430 § 66/20 >>

§ 20. Concealed Carry Licensing Review Board.

(a) There is hereby created a Concealed Carry Licensing Review Board to consider any objection to an applicant's eligibility to obtain a license under this Act submitted by a law enforcement agency or the Department under Section 15 of this Act. The Board shall consist of 7 commissioners to be appointed by the Governor, with the advice and consent of the Senate, with 3 commissioners residing within the First Judicial District and one commissioner residing within each of the 4 remaining Judicial Districts. No more than 4 commissioners shall be members of the same political party. The Governor shall designate one commissioner as the Chairperson. The Board shall consist of:

(1) one commissioner with at least 5 years of service as a federal judge;

(2) 2 commissioners with at least 5 years of experience serving as an attorney with the United States Department of Justice;

(3) 3 commissioners with at least 5 years of experience as a federal agent or employee with investigative experience or duties related to criminal justice under the United States Department of Justice, Drug Enforcement Administration, Department of Homeland Security, or Federal Bureau of Investigation; and

(4) one member with at least 5 years of experience as a licensed physician or clinical psychologist with expertise in the diagnosis and treatment of mental illness.

(b) The initial terms of the commissioners shall end on January 12, 2015. Thereafter, the commissioners shall hold office for 4 years, with terms expiring on the second Monday in January of the fourth year. Commissioners may be reappointed. Vacancies in the office of commissioner shall be filled in the same manner as the original appointment, for the remainder of the unexpired term. The Governor may remove a commissioner for incompetence, neglect of duty,

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM-# 29-2 Page 7 of 96

malfeasance, or inability to serve. Commissioners shall receive compensation in an amount equal to the compensation of members of the Executive Ethics Commission and may be reimbursed for reasonable expenses actually incurred in the performance of their Board duties, from funds appropriated for that purpose.

(c) The Board shall meet at the call of the chairperson as often as necessary to consider objections to applications for a license under this Act. If necessary to ensure the participation of a commissioner, the Board shall allow a commissioner to participate in a Board meeting by electronic communication. Any commissioner participating electronically shall be deemed present for purposes of establishing a quorum and voting.

(d) The Board shall adopt rules for the conduct of hearings. The Board shall maintain a record of its decisions and all materials considered in making its decisions. All Board decisions and voting records shall be kept confidential and all materials considered by the Board shall be exempt from inspection except upon order of a court.

(e) In considering an objection of a law enforcement agency or the Department, the Board shall review the materials received with the objection from the law enforcement agency or the Department. By a vote of at least 4 commissioners, the Board may request additional information from the law enforcement agency, Department, or the applicant, or the testimony of the law enforcement agency, Department, or the applicant. The Board may only consider information submitted by the Department, a law enforcement agency, or the applicant. The Board shall review each objection and determine by a majority of commissioners whether an applicant is eligible for a license.

(f) The Board shall issue a decision within 30 days of receipt of the objection from the Department. However, the Board need not issue a decision within 30 days if:

(1) the Board requests information from the applicant in accordance with subsection (e) of this Section, in which case the Board shall make a decision within 30 days of receipt of the required information from the applicant;

(2) the applicant agrees, in writing, to allow the Board additional time to consider an objection; or

(3) the Board notifies the applicant and the Department that the Board needs an additional 30 days to issue a decision.

(g) If the Board determines by a preponderance of the evidence that the applicant poses a danger to himself or herself or others, or is a threat to public safety, then the Board shall affirm the objection of the law enforcement agency or the Department and shall notify the Department that the applicant

REGULATION - FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM-#28-2 Page 8 of 96

is ineligible for a license. If the Board does not determine by a preponderance of the evidence that the applicant poses a danger to himself or herself or others, or is a threat to public safety, then the Board shall notify the Department that the applicant is eligible for a license.

(h) Meetings of the Board shall not be subject to the Open Meetings Act and records of the Board shall not be subject to the Freedom of Information Act.

(i) The Board shall report monthly to the Governor and the General Assembly on the number of objections received and provide details of the circumstances in which the Board has determined to deny licensure based on law enforcement or Department objections under Section 15 of this Act. The report shall not contain any identifying information about the applicants.

## << IL ST CH 430 § 66/25 >>

§ 25. Qualifications for a license.

The Department shall issue a license to an applicant completing an application in accordance with Section 30 of this Act if the person:

(1) is at least 21 years of age;

(2) has a currently valid Firearm Owner's Identification Card and at the time of application meets the requirements for the issuance of a Firearm Owner's Identification Card and is not prohibited under the Firearm Owners Identification Card Act or federal law from possessing or receiving a firearm;

(3) has not been convicted or found guilty in this State or in any other state of:

(A) a misdemeanor involving the use or threat of physical force or violence to any person within the 5 years preceding the date of the license application; or

(B) 2 or more violations related to driving while under the influence of alcohol, other drug or drugs, intoxicating compound or compounds, or any combination thereof, within the 5 years preceding the date of the license application; and

(4) is not the subject of a pending arrest warrant, prosecution, or proceeding for an offense or action that could lead to disqualification to own or possess a firearm;

(5) has not been in residential or court-ordered treatment for alcoholism, alcohol detoxification, or drug treatment within the 5 years immediately preceding the date of the license application; and

(6) has completed firearms training and any education component required under Section 75 of this Act.

<< IL ST CH 430 § 66/30 >>

§ 30. Contents of license application.

(a) The license application shall be in writing, under penalty of perjury, on a standard form adopted by the Department and shall be accompanied by the documentation required in this Section and the applicable fee. Each application form shall include the following statement printed in bold type: "Warning: Entering false information on this form is punishable as perjury under Section 32–2 of the Criminal Code of 2012.'

(b) The application shall contain the following:

(1) the applicant's name, current address, date and year of birth, place of birth, height, weight, hair color, eye color, maiden name or any other name the applicant has used or identified with, and any address where the applicant resided for more than 30 days within the 10 years preceding the date of the license application

(2) the applicant's valid driver's license number or valid state identification card number;

(3) a waiver of the applicant's privacy and confidentiality rights and privileges under all federal and state laws, including those limiting access to juvenile court, criminal justice, psychological, or psychiatric records or records relating to any institutionalization of the applicant, and an affirmative request that a person having custody of any of these records provide it or information concerning it to the Department;

(4) an affirmation that the applicant possesses a currently valid Firearm Owner's Identification Card and card number if possessed or notice the applicant is applying for a Firearm Owner's Identification Card in conjunction with the license application;

(5) an affirmation that the applicant has not been convicted or found guilty of:

(A) a felony;

(B) a misdemeanor involving the use or threat of physical force or violence to any person within the 5 years preceding the date of the application; or

3:10-cv-03187-SEM #: 29-2 Page 10 of 96

(C) 2 or more violations related to driving while under the influence of alcohol, other drug or drugs, intoxicating compound or compounds, or any combination thereof, within the 5 years preceding the date of the license application; and

(6) whether the applicant has failed a drug test for a drug for which the applicant did not have a prescription, within the previous year, and if so, the provider of the test, the specific substance involved, and the date of the test;

(7) written consent for the Department to review and use the applicant's Illinois digital driver's license or Illinois identification card photograph and signature;

(8) a full set of fingerprints submitted to the Department in electronic format, provided the Department may accept an application submitted without a set of fingerprints in which case the Department shall be granted 30 days in addition to the 90 days provided under subsection (e) of Section 10 of this Act to issue or deny a license;

(9) a head and shoulder color photograph in a size specified by the Department taken within the 30 days preceding the date of the license application; and

(10) a photocopy of any certificates or other evidence of compliance with the training requirements under this Act.


<< IL ST CH 430 § 66/35 >>

§ 35. Investigation of the applicant.

The Department shall conduct a background check of the applicant to ensure compliance with the requirements of this Act and all federal, State, and local laws. The background check shall include a search of the following:

(1) the National Instant Criminal Background Check System of the Federal Bureau of Investigation;

(2) all available state and local criminal history record information files, including records of juvenile adjudications;

(3) all available federal, state, and local records regarding wanted persons;

(4) all available federal, state, and local records of domestic violence restraining and protective orders;

(5) the files of the Department of Human Services relating to mental health and developmental disabilities; and

(6) all other available records of a federal, state, or local agency or other public entity in any jurisdiction likely to contain information relevant to whether the applicant is prohibited from purchasing, possessing, or carrying a firearm under federal, state, or local law.

(7) Fingerprints collected under Section 30 shall be checked against the Department of State Police and Federal Bureau of Investigation criminal history record databases now and hereafter filed. The Department shall charge applicants a fee for conducting the criminal history records check, which shall be deposited in the State Police Services Fund and shall not exceed the actual cost of the records check.

## << IL ST CH 430 § 66/40 >>

§ 40. Non-resident license applications.

(a) For the purposes of this Section, "non-resident" means a person who has not resided within this State for more than 30 days and resides in another state or territory.

(b) The Department shall by rule allow for non-resident license applications from any state or territory of the United States with laws related to firearm ownership, possession, and carrying, that are substantially similar to the requirements to obtain a license under this Act.

(c) A resident of a state or territory approved by the Department under subsection (b) of this Section may apply for a non-resident license. The applicant shall apply to the Department and must meet all of the qualifications established in Section 25 of this Act, except for the Illinois residency requirement in item (xiv) of paragraph (2) of subsection (a) of Section 4 of the Firearm Owners Identification Card Act. The applicant shall submit:

(1) the application and documentation required under Section 30 of this Act and the applicable fee;

(2) a notarized document stating that the applicant:

(A) is eligible under federal law and the laws of his or her state or territory of residence to own or possess a firearm;

(B) if applicable, has a license or permit to carry a firearm or concealed firearm issued by his or her state or territory of residence and attach a copy of the license or permit to the application;

(C) understands Illinois laws pertaining to the possession and transport of firearms, and

(D) acknowledges that the applicant is subject to the jurisdiction of the Department and Illinois courts for any violation of this Act; and

(3) a photocopy of any certificates or other evidence of compliance with the training requirements under Section 75 of this Act; and

(4) a head and shoulder color photograph in a size specified by the Department taken within the 30 days preceding the date of the application.

(d) In lieu of an Illinois driver's license or Illinois identification card, a non-resident applicant shall provide similar documentation from his or her state or territory of residence. In lieu of a valid Firearm Owner's Identification Card, the applicant shall submit documentation and information required by the Department to obtain a Firearm Owner's Identification Card, including an affidavit that the non-resident meets the mental health standards to obtain a firearm under Illinois law, and the Department shall ensure that the applicant would meet the eligibility criteria to obtain a Firearm Owner's Identification card if he or she was a resident of this State.

(e) Nothing in this Act shall prohibit a non-resident from transporting a concealed firearm within his or her vehicle in Illinois, if the concealed firearm remains within his or her vehicle and the non-resident:

(1) is not prohibited from owning or possessing a firearm under federal law;

(2) is eligible to carry a firearm in public under the laws of his or her state or territory of residence; and

(3) is not in possession of a license under this Act.

If the non-resident leaves his or her vehicle unattended, he or she shall store the firearm within a locked vehicle or locked container within the vehicle in accordance with subsection (b) of Section 65 of this Act.

<< IL ST CH 430 § 66/45 >>

§ 45. Civil immunity; Board, employees, and agents. The Board, Department, local law enforcement agency, or the employees and agents of the Board, Department, or local law enforcement agency participating in the licensing process under this Act shall not be held liable for damages in any civil action arising from alleged wrongful or improper granting, denying, renewing, revoking, suspending, or failing to grant, deny, renew, revoke, or suspend a license under this Act, except for willful or wanton misconduct.

<< IL ST CH 430 § 66/50 >>

§ 50. License renewal.

Applications for renewal of a license shall be made to the Department. A license shall be renewed for a period of 5 years upon receipt of a completed renewal application, completion of 3 hours of training required under Section 75 of this Section, payment of the applicable renewal fee, and completion of an investigation under Section 35 of this Act. The renewal application shall contain the information required in Section 30 of this Act, except that the applicant need not resubmit a full set of fingerprints.

<< IL ST CH 430 § 66/55 >>

§ 55. Change of address or name; lost, destroyed, or stolen licenses.

(a) A licensee shall notify the Department within 30 days of moving or changing residence or any change of name. The licensee shall submit:

(1) a notarized statement that the licensee has changed his or her residence or his or her name, including the prior and current address or name and the date the applicant moved or changed his or her name; and

(2) the requisite fee.

(b) A licensee shall notify the Department within 10 days of discovering that a license has been lost, destroyed, or stolen. A lost, destroyed, or stolen license is invalid. To request a replacement license, the licensee shall submit:

(1) a notarized statement that the licensee no longer possesses the license, and that it was lost, destroyed, or stolen;

(2) if applicable, a copy of a police report stating that the license was stolen; and

(3) the requisite fee.

(c) A violation of this Section is a petty offense with a fine of $150 which shall be deposited into the Mental Health Reporting Fund.

<< IL ST CH 430 § 66/60 >>

§ 60. Fees.

(a) All fees collected under this Act shall be deposited as provided in this Section. Application, renewal, and replacement fees shall be non-refundable.

(b) An applicant for a new license or a renewal shall submit $150 with the application, of which $120 shall be apportioned to the State Police Firearm Services Fund, $20 shall be apportioned to the Mental Health Reporting Fund, and $10 shall be apportioned to the State Crime Laboratory Fund.

(c) A non-resident applicant for a new license or renewal shall submit $300 with the application, of which $250 shall be apportioned to the State Police Firearm Services Fund, $40 shall be apportioned to the Mental Health Reporting Fund, and $10 shall be apportioned to the State Crime Laboratory Fund.

(d) A licensee requesting a new license in accordance with Section 55 shall submit $75, of which $60 shall be apportioned to the State Police Firearm Services Fund, $5 shall be apportioned to the Mental Health Reporting Fund, and $10 shall be apportioned to the State Crime Laboratory Fund.

<< IL ST CH 430 § 66/65 >>

§ 65. Prohibited areas.

(a) A licensee under this Act shall not knowingly carry a firearm on or into:

(1) Any building, real property, and parking area under the control of a public or private elementary or secondary school.

(2) Any building, real property, and parking area under the control of a pre-school or child care facility, including any room or portion of a building under the control of a pre-school or child care facility. Nothing in this paragraph shall prevent the operator of a child care facility in a

family home from owning or possessing a firearm in the home or license under this Act, if no child under child care at the home is present in the home or the firearm in the home is stored in a locked container when a child under child care at the home is present in the home.

(3) Any building, parking area, or portion of a building under the control of an officer of the executive or legislative branch of government, provided that nothing in this paragraph shall prohibit a licensee from carrying a concealed firearm onto the real property, bikeway, or trail in a park regulated by the Department of Natural Resources or any other designated public hunting area or building where firearm possession is permitted as established by the Department of Natural Resources under Section 1.8 of the Wildlife Code.

(4) Any building designated for matters before a circuit court, appellate court, or the Supreme Court, or any building or portion of a building under the control of the Supreme Court.

(5) Any building or portion of a building under the control of a unit of local government.

(6) Any building, real property, and parking area under the control of an adult or juvenile detention or correctional institution, prison, or jail.

(7) Any building, real property, and parking area under the control of a public or private hospital or hospital affiliate, mental health facility, or nursing home.

(8) Any bus, train, or form of transportation paid for in whole or in part with public funds, and any building, real property, and parking area under the control of a public transportation facility paid for in whole or in part with public funds.

(9) Any building, real property, and parking area under the control of an establishment that serves alcohol on its premises, if more than 50% of the establishment's gross receipts within the prior 3 months is from the sale of alcohol. The owner of an establishment who knowingly fails to prohibit concealed firearms on its premises as provided in this paragraph or who knowingly makes a false statement or record to avoid the prohibition on concealed firearms under this paragraph is subject to the penalty under subsection (c–5) of Section 10–1 of the Liquor Control Act of 1934.

(10) Any public gathering or special event conducted on property open to the public that requires the issuance of a permit from the unit of local government, provided this prohibition shall not apply to a licensee who must walk through a public gathering in order to access his or her residence, place of business, or vehicle.

(11) Any building or real property that has been issued a Special Event Retailer's license as defined in Section 1–3.17.1 of the Liquor Control Act during the time designated for the sale of alcohol by the Special Event Retailer's license, or a Special use permit license as defined in

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM #29-2 Page 16 of 96

subsection (q) of Section 5–1 of the Liquor Control Act during the time designated for the sale of alcohol by the Special use permit license.

(12) Any public playground.

(13) Any public park, athletic area, or athletic facility under the control of a municipality or park district, provided nothing in this Section shall prohibit a licensee from carrying a concealed firearm while on a trail or bikeway if only a portion of the trail or bikeway includes a public park.

(14) Any real property under the control of the Cook County Forest Preserve District.

(15) Any building, classroom, laboratory, medical clinic, hospital, artistic venue, athletic venue, entertainment venue, officially recognized university-related organization property, whether owned or leased, and any real property, including parking areas, sidewalks, and common areas under the control of a public or private community college, college, or university.

(16) Any building, real property, or parking area under the control of a gaming facility licensed under the Riverboat Gambling Act or the Illinois Horse Racing Act of 1975, including an inter-track wagering location licensee.

(17) Any stadium, arena, or the real property or parking area under the control of a stadium, arena, or any collegiate or professional sporting event.

(18) Any building, real property, or parking area under the control of a public library.

(19) Any building, real property, or parking area under the control of an airport.

(20) Any building, real property, or parking area under the control of an amusement park.

(21) Any building, real property, or parking area under the control of a zoo or museum.

(22) Any street, driveway, parking area, property, building, or facility, owned, leased, controlled, or used by a nuclear energy, storage, weapons, or development site or facility regulated by the federal Nuclear Regulatory Commission. The licensee shall not under any circumstance store a firearm or ammunition in his or her vehicle or in a compartment or container within a vehicle located anywhere in or on the street, driveway, parking area, property, building, or facility described in this paragraph.

(23) Any area where firearms are prohibited under federal law.

(a–5) Nothing in this Act shall prohibit a public or private community college, college, or university from:

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM #29-2 Page 17 of 96

(1) prohibiting persons from carrying a firearm within a vehicle owned, leased, or controlled by the college or university;

(2) developing resolutions, regulations, or policies regarding student, employee, or visitor misconduct and discipline, including suspension and expulsion;

(3) developing resolutions, regulations, or policies regarding the storage or maintenance of firearms, which must include designated areas where persons can park vehicles that carry firearms; and

(4) permitting the carrying or use of firearms for the purpose of instruction and curriculum of officially recognized programs, including but not limited to military science and law enforcement training programs, or in any designated area used for hunting purposes or target shooting.

(a–10) The owner of private real property of any type may prohibit the carrying of concealed firearms on the property under his or her control. The owner must post a sign in accordance with subsection (d) of this Section indicating that firearms are prohibited on the property, unless the property is a private residence.

(b) Notwithstanding subsections (a), (a–5), and (a–10) of this Section except under paragraph (22) or (23) of subsection (a), any licensee prohibited from carrying a concealed firearm into the parking area of a prohibited location specified in subsection (a), (a–5), or (a–10) of this Section shall be permitted to carry a concealed firearm on or about his or her person within a vehicle into the parking area and may store a firearm or ammunition concealed in a case within a locked vehicle or locked container out of plain view within the vehicle in the parking area. A licensee may carry a concealed firearm in the immediate area surrounding his or her vehicle within a prohibited parking lot area only for the limited purpose of storing or retrieving a firearm within the vehicle's trunk, provided the licensee ensures the concealed firearm is unloaded prior to exiting the vehicle. For purposes of this subsection, "case" includes a glove compartment or console that completely encloses the concealed firearm or ammunition, the trunk of the vehicle, or a firearm carrying box, shipping box, or other container.

(c) A licensee shall not be in violation of this Section while he or she is traveling along a public right of way that touches or crosses any of the premises under subsection (a), (a–5), or (a–10) of this Section if the concealed firearm is carried on his or her person in accordance with the provisions of this Act or is being transported in a vehicle by the licensee in accordance with all other applicable provisions of law.

(d) Signs stating that the carrying of firearms is prohibited shall be clearly and conspicuously posted at the entrance of a building, premises, or real property specified in this Section as a prohibited area, unless the building or premises is a private residence. Signs shall be of a uniform design as established by the Department and shall be 4 inches by 6 inches in size. The Department shall adopt rules for standardized signs to be used under this subsection.

<< IL ST CH 430 § 66/70 >>

§ 70. Violations.

(a) A license issued or renewed under this Act shall be revoked if, at any time, the licensee is found to be ineligible for a license under this Act or the licensee no longer meets the eligibility requirements of the Firearm Owners Identification Card Act.

(b) A license shall be suspended if an order of protection, including an emergency order of protection, plenary order of protection, or interim order of protection under Article 112A of the Code of Criminal Procedure of 1963 or under the Illinois Domestic Violence Act of 1986, is issued against a licensee for the duration of the order, or if the Department is made aware of a similar order issued against the licensee in any other jurisdiction. If an order of protection is issued against a licensee, the licensee shall surrender the license, as applicable, to the court at the time the order is entered or to the law enforcement agency or entity serving process at the time the licensee is served the order. The court, law enforcement agency, or entity responsible for serving the order of protection shall notify the Department within 7 days and transmit the license to the Department.

(c) A license is invalid upon expiration of the license, unless the licensee has submitted an application to renew the license, and the applicant is otherwise eligible to possess a license under this Act.

(d) A licensee shall not carry a concealed firearm while under the influence of alcohol, other drug or drugs, intoxicating compound or combination of compounds, or any combination thereof, under the standards set forth in subsection (a) of Section 11–501 of the Illinois Vehicle Code.

A licensee in violation of this subsection (d) shall be guilty of a Class A misdemeanor for a first or second violation and a Class 4 felony for a third violation. The Department may suspend a license for up to 6 months for a second violation and shall permanently revoke a license for a third violation.

(e) Except as otherwise provided, a licensee in violation of this Act shall be guilty of a Class B misdemeanor. A second or subsequent violation is a Class A misdemeanor. The Department may suspend a license for up to 6 months for a second violation and shall permanently revoke a license

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM-# 29-2 Page 19 of 96

for 3 or more violations of Section 65 of this Act. Any person convicted of a violation under this Section shall pay a $150 fee to be deposited into the Mental Health Reporting Fund, plus any applicable court costs or fees.

(f) A licensee convicted or found guilty of a violation of this Act who has a valid license and is otherwise eligible to carry a concealed firearm shall only be subject to the penalties under this Section and shall not be subject to the penalties under Section 21–6, paragraph (4), (8), or (10) of subsection (a) of Section 24–1, or subparagraph (A–5) or (B–5) of paragraph (3) of subsection (a) of Section 24–1.6 of the Criminal Code of 2012. Except as otherwise provided in this subsection, nothing in this subsection prohibits the licensee from being subjected to penalties for violations other than those specified in this Act.

(g) A licensee whose license is revoked, suspended, or denied shall, within 48 hours of receiving notice of the revocation, suspension, or denial surrender his or her concealed carry license to the local law enforcement agency where the person resides. The local law enforcement agency shall provide the licensee a receipt and transmit the concealed carry license to the Department of State Police. If the licensee whose concealed carry license has been revoked, suspended, or denied fails to comply with the requirements of this subsection, the law enforcement agency where the person resides may petition the circuit court to issue a warrant to search for and seize the concealed carry license in the possession and under the custody or control of the licensee whose concealed carry license has been revoked, suspended, or denied. The observation of a concealed carry license in the possession of a person whose license has been revoked, suspended, or denied constitutes a sufficient basis for the arrest of that person for violation of this subsection. A violation of this subsection is a Class A misdemeanor.

(h) A license issued or renewed under this Act shall be revoked if, at any time, the licensee is found ineligible for a Firearm Owner's Identification Card, or the licensee no longer possesses a valid Firearm Owner's Identification Card. A licensee whose license is revoked under this subsection (h) shall surrender his or her concealed carry license as provided for in subsection (g) of this Section.

This subsection shall not apply to a person who has filed an application with the State Police for renewal of a Firearm Owner's Identification Card and who is not otherwise ineligible to obtain a Firearm Owner's Identification Card.

<< IL ST CH 430 § 66/75 >>

§ 75. Applicant firearm training.

(a) Within 60 days of the effective date of this Act, the Department shall begin approval of firearm training courses and shall make a list of approved courses available on the Department's website.

3:16-cv-03187-SEM- #29-2 Page 20 of 96

(b) An applicant for a new license shall provide proof of completion of a firearms training course or combination of courses approved by the Department of at least 16 hours, which includes range qualification time under subsection (c) of this Section, that covers the following:

(1) firearm safety;

(2) the basic principles of marksmanship;

(3) care, cleaning, loading, and unloading of a concealable firearm;

(4) all applicable State and federal laws relating to the ownership, storage, carry, and transportation of a firearm; and

(5) instruction on the appropriate and lawful interaction with law enforcement while transporting or carrying a concealed firearm.

(c) An applicant for a new license shall provide proof of certification by a certified instructor that the applicant passed a live fire exercise with a concealable firearm consisting of:

(1) a minimum of 30 rounds; and

(2) 10 rounds from a distance of 5 yards; 10 rounds from a distance of 7 yards; and 10 rounds from a distance of 10 yards at a B–27 silhouette target approved by the Department.

(d) An applicant for renewal of a license shall provide proof of completion of a firearms training course or combination of courses approved by the Department of at least 3 hours.

(e) A certificate of completion for an applicant's firearm training course shall not be issued to a student who:

(1) does not follow the orders of the certified firearms instructor;

(2) in the judgment of the certified instructor, handles a firearm in a manner that poses a danger to the student or to others; or

(3) during the range firing portion of testing fails to hit the target with 70% of the rounds fired.

(f) An instructor shall maintain a record of each student's performance for at least 5 years, and shall make all records available upon demand of authorized personnel of the Department.

(g) The Department and certified firearms instructor shall recognize up to 8 hours of training already completed toward the 16 hour training requirement under this Section if the training course

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM # 29-2 Page 21 of 96

is approved by the Department and recognized under the laws of another state. Any remaining hours that the applicant completes must at least cover the classroom subject matter of paragraph (4) of subsection (b) of this Section, and the range qualification in subsection (c) of this Section.

(h) A person who has qualified to carry a firearm as an active law enforcement officer, a person certified as a firearms instructor by this Act or by the Illinois Law Enforcement Training Standards Board, or a person who has completed the required training and has been issued a firearm control card by the Department of Financial and Professional Regulation shall be exempt from the requirements of this Section.

(i) The Department shall accept 8 hours of training as completed toward the 16 hour training requirement under this Section, if the applicant is an active, retired, or honorably discharged member of the United States Armed Forces.

<< IL ST CH 430 § 66/80 >>

§ 80. Firearms instructor training.

(a) Within 60 days of the effective date of this Act, the Department shall begin approval of certified firearms instructors and enter certified firearms instructors into an online registry on the Department's website.

(b) A person who is not a certified firearms instructor shall not teach applicant training courses or advertise or otherwise represent courses they teach as qualifying their students to meet the requirements to receive a license under this Act. Each violation of this subsection is a business offense with a fine of at least $1,000 per violation.

(c) A person seeking to become a certified firearms instructor shall:

(1) be at least 21 years of age;

(2) be a legal resident of the United States; and

(3) meet the requirements of Section 25 of this Act, and any additional uniformly applied requirements established by the Department.

(d) A person seeking to become a certified firearms instructor trainer, in addition to the requirements of subsection (c) of this Section, shall:

(1) possess a high school diploma or GED certificate; and

REGULATION - FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM- #29-2 Page 22 of 96

(2) have at least one of the following valid firearms instructor certifications:

(A) certification from a law enforcement agency;

(B) certification from a firearm instructor course offered by a State or federal governmental agency;

(C) certification from a firearm instructor qualification course offered by the Illinois Law Enforcement Training Standards Board; or

(D) certification from an entity approved by the Department that offers firearm instructor education and training in the use and safety of firearms.

(e) A person may have his or her firearms instructor certification denied or revoked if he or she does not meet the requirements to obtain a license under this Act, provides false or misleading information to the Department, or has had a prior instructor certification revoked or denied by the Department.


<< IL ST CH 430 § 66/85 >>

§ 85. Background Checks for Sales.

A license to carry a concealed firearm issued by this State shall not exempt the licensee from the requirements of a background check, including a check of the National Instant Criminal Background Check System, upon purchase or transfer of a firearm.


<< IL ST CH 430 § 66/87 >>

§ 87. Administrative and judicial review.

(a) Whenever an application for a concealed carry license is denied, whenever the Department fails to act on an application within 90 days of its receipt, or whenever a license is revoked or suspended as provided in this Act, the aggrieved party may appeal to the Director for a hearing upon the denial, revocation, suspension, or failure to act on the application, unless the denial was made by the Concealed Carry Licensing Review Board, in which case the aggrieved party may petition the circuit court in writing in the county of his or her residence for a hearing upon the denial.

(b) All final administrative decisions of the Department or the Concealed Carry Licensing Review Board under this Act shall be subject to judicial review under the provisions of the Administrative

REGULATION — FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM   #29-2   Page 23 of 96

Review Law. The term "administrative decision" is defined as in Section 3–101 of the Code of Civil Procedure.

**<< IL ST CH 430 § 66/90 >>**

§ 90. Preemption.

The regulation, licensing, possession, registration, and transportation of handguns and ammunition for handguns by licensees are exclusive powers and functions of the State. Any ordinance or regulation, or portion thereof, enacted on or before the effective date of this Act that purports to impose regulations or restrictions on licensees or handguns and ammunition for handguns in a manner inconsistent with this Act shall be invalid in its application to licensees under this Act on the effective date of this Act. This Section is a denial and limitation of home rule powers and functions under subsection (h) of Section 6 of Article VII of the Illinois Constitution.

**<< IL ST CH 430 § 66/92 >>**

§ 92. Consolidation of concealed carry license and Firearm Owner's Identification Card.

(a) The Director shall create a task force to develop a plan to incorporate and consolidate the concealed carry license under this Act and the Firearm Owner's Identification Card under the Firearm Owners Identification Card Act into a designation on the Illinois driver's license or Illinois identification card of a person with authority to possess a firearm under the Firearm Owners Identification Card Act, or authority to possess a firearm under the Firearm Owners Identification Card Act and authority to carry a concealed firearm under this Act. The plan must provide for an alternative card for:

(1) a non-resident or a resident without an Illinois driver's license or Illinois identification card, who has been granted authority under this Act to carry a concealed firearm in this State; and

(2) a resident without an Illinois driver's license or Illinois identification card, who has been granted authority to possess a firearm under the Firearm Owners Identification Card Act.

The plan shall include statutory changes necessary to implement it.

(b) The task force shall consist of the following members:

(1) one member appointed by the Speaker of the House of Representatives;

(2) one member appointed by the House of Representatives Minority Leader;

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM- #:29-2 Page 24 of 96

(3) one member appointed by the President of the Senate;

(4) one member appointed by the Senate Minority Leader;

(5) one member appointed by the Secretary of State;

(6) one member appointed by the Director of State Police;

(7) one member appointed by the Secretary of State representing the National Rifle Association;

(8) one member appointed by the Governor from the Department of Natural Resources; and

(9) one member appointed by the Governor representing the Chicago Police Department.

The task force shall elect a chairperson from its membership. Members shall serve without compensation.

(c) The task force shall file the plan supported by a majority of its members with the General Assembly and the Secretary of State on or before March 1, 2014.

(d) This Section is repealed on March 2, 2014.


<< IL ST CH 430 § 66/95 >>

§ 95. Procurement; rulemaking.

(a) The Department of State Police, in consultation with and subject to the approval of the Chief Procurement Officer, may procure a single contract or multiple contracts to implement the provisions of this Act. A contract or contracts under this paragraph are not subject to the provisions of the Illinois Procurement Code, except for Sections 20–60, 20–65, 20–70, and 20–160 and Article 50 of that Code, provided that the Chief Procurement Officer may, in writing with justification, waive any certification required under Article 50. This exemption shall be repealed one year from the effective date of this Act.

(b) The Department shall adopt rules to implement the provisions of this Act. The Department may adopt rules necessary to implement the provisions of this Act through the use of emergency rulemaking in accordance with Section 5–45 of the Illinois Administrative Procedure Act for a period not to exceed 180 days after the effective date of this Act.

<< IL ST CH 430 § 66/100 >>

§ 100. Short title. Sections 100 through 110 may be cited as the School Administrator Reporting of Mental Health Clear and Present Danger Determinations Law.


<< IL ST CH 430 § 66/105 >>

§ 105. Duty of school administrator. It is the duty of the principal of a public elementary or secondary school, or his or her designee, and the chief administrative officer of a private elementary or secondary school or a public or private community college, college, or university, or his or her designee, to report to the Department of State Police when a student is determined to pose a clear and present danger to himself, herself, or to others, within 24 hours of the determination as provided in Section 6–103.3 of the Mental Health and Developmental Disabilities Code. "Clear and present danger" has the meaning as provided in paragraph (2) of the definition of "clear and present danger" in Section 1.1 of the Firearm Owners Identification Card Act.


<< IL ST CH 430 § 66/110 >>

§ 110. Immunity. A principal or chief administrative officer, or the designee of a principal or chief administrative officer, making the determination and reporting under Section 105 of this Law shall not be held criminally, civilly, or professionally liable, except for willful or wanton misconduct.


Section 115. The Open Meetings Act is amended by changing Section 2 as follows:

<< IL ST CH 5 § 120/2 >>

**[S.H.A. 5 ILCS 120/2]** (5 ILCS 120/2) (from Ch. 102, par. 42)

§ 2. Open meetings.

(a) Openness required. All meetings of public bodies shall be open to the public unless excepted in subsection (c) and closed in accordance with Section 2a.

(b) Construction of exceptions. The exceptions contained in subsection (c) are in derogation of the requirement that public bodies meet in the open, and therefore, the exceptions are to be strictly construed, extending only to subjects clearly within their scope. The exceptions authorize but do not require the holding of a closed meeting to discuss a subject included within an enumerated exception.

3:10-cv-03187-SEM-...#-29-2 Page 26 of 96

(c) Exceptions. A public body may hold closed meetings to consider the following subjects:

(1) The appointment, employment, compensation, discipline, performance, or dismissal of specific employees of the public body or legal counsel for the public body, including hearing testimony on a complaint lodged against an employee of the public body or against legal counsel for the public body to determine its validity.

(2) Collective negotiating matters between the public body and its employees or their representatives, or deliberations concerning salary schedules for one or more classes of employees.

(3) The selection of a person to fill a public office, as defined in this Act, including a vacancy in a public office, when the public body is given power to appoint under law or ordinance, or the discipline, performance or removal of the occupant of a public office, when the public body is given power to remove the occupant under law or ordinance.

(4) Evidence or testimony presented in open hearing, or in closed hearing where specifically authorized by law, to a quasi-adjudicative body, as defined in this Act, provided that the body prepares and makes available for public inspection a written decision setting forth its determinative reasoning.

(5) The purchase or lease of real property for the use of the public body, including meetings held for the purpose of discussing whether a particular parcel should be acquired.

(6) The setting of a price for sale or lease of property owned by the public body.

(7) The sale or purchase of securities, investments, or investment contracts. This exception shall not apply to the investment of assets or income of funds deposited into the Illinois Prepaid Tuition Trust Fund.

(8) Security procedures and the use of personnel and equipment to respond to an actual, a threatened, or a reasonably potential danger to the safety of employees, students, staff, the public, or public property.

(9) Student disciplinary cases.

(10) The placement of individual students in special education programs and other matters relating to individual students.

(11) Litigation, when an action against, affecting or on behalf of the particular public body has been filed and is pending before a court or administrative tribunal, or when the public body

finds that an action is probable or imminent, in which case the basis for the finding shall be recorded and entered into the minutes of the closed meeting.

(12) The establishment of reserves or settlement of claims as provided in the Local Governmental and Governmental Employees Tort Immunity Act, if otherwise the disposition of a claim or potential claim might be prejudiced, or the review or discussion of claims, loss or risk management information, records, data, advice or communications from or with respect to any insurer of the public body or any intergovernmental risk management association or self insurance pool of which the public body is a member.

(13) Conciliation of complaints of discrimination in the sale or rental of housing, when closed meetings are authorized by the law or ordinance prescribing fair housing practices and creating a commission or administrative agency for their enforcement.

(14) Informant sources, the hiring or assignment of undercover personnel or equipment, or ongoing, prior or future criminal investigations, when discussed by a public body with criminal investigatory responsibilities.

(15) Professional ethics or performance when considered by an advisory body appointed to advise a licensing or regulatory agency on matters germane to the advisory body's field of competence.

(16) Self evaluation, practices and procedures or professional ethics, when meeting with a representative of a statewide association of which the public body is a member.

(17) The recruitment, credentialing, discipline or formal peer review of physicians or other health care professionals for a hospital, or other institution providing medical care, that is operated by the public body.

(18) Deliberations for decisions of the Prisoner Review Board.

(19) Review or discussion of applications received under the Experimental Organ Transplantation Procedures Act.

(20) The classification and discussion of matters classified as confidential or continued confidential by the State Government Suggestion Award Board.

(21) Discussion of minutes of meetings lawfully closed under this Act, whether for purposes of approval by the body of the minutes or semi-annual review of the minutes as mandated by Section 2.06.

(22) Deliberations for decisions of the State Emergency Medical Services Disciplinary Review Board.

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM-#:29-2 Page 28 of 96

(23) The operation by a municipality of a municipal utility or the operation of a municipal power agency or municipal natural gas agency when the discussion involves (i) contracts relating to the purchase, sale, or delivery of electricity or natural gas or (ii) the results or conclusions of load forecast studies.

(24) Meetings of a residential health care facility resident sexual assault and death review team or the Executive Council under the Abuse Prevention Review Team Act.

(25) Meetings of an independent team of experts under Brian's Law.

(26) Meetings of a mortality review team appointed under the Department of Juvenile Justice Mortality Review Team Act.

(27) Confidential information, when discussed by one or more members of an elder abuse fatality review team, designated under Section 15 of the Elder Abuse and Neglect Act, while participating in a review conducted by that team of the death of an elderly person in which abuse or neglect is suspected, alleged, or substantiated; provided that before the review team holds a closed meeting, or closes an open meeting, to discuss the confidential information, each participating review team member seeking to disclose the confidential information in the closed meeting or closed portion of the meeting must state on the record during an open meeting or the open portion of a meeting the nature of the information to be disclosed and the legal basis for otherwise holding that information confidential.

(28) Correspondence and records (i) that may not be disclosed under Section 11–9 of the Public Aid Code or (ii) that pertain to appeals under Section 11–8 of the Public Aid Code.

(29) Meetings between internal or external auditors and governmental audit committees, finance committees, and their equivalents, when the discussion involves internal control weaknesses, identification of potential fraud risk areas, known or suspected frauds, and fraud interviews conducted in accordance with generally accepted auditing standards of the United States of America.

(30) Meetings and deliberations for decisions of the Concealed Carry Licensing Review Board under the Firearm Concealed Carry Act.

(d) Definitions. For purposes of this Section:

"Employee" means a person employed by a public body whose relationship with the public body constitutes an employer-employee relationship under the usual common law rules, and who is not an independent contractor.

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM-... #29-2    Page 29 of 96

"Public office" means a position created by or under the Constitution or laws of this State, the occupant of which is charged with the exercise of some portion of the sovereign power of this State. The term "public office" shall include members of the public body, but it shall not include organizational positions filled by members thereof, whether established by law or by a public body itself, that exist to assist the body in the conduct of its business.

"Quasi-adjudicative body" means an administrative body charged by law or ordinance with the responsibility to conduct hearings, receive evidence or testimony and make determinations based thereon, but does not include local electoral boards when such bodies are considering petition challenges.

(e) Final action. No final action may be taken at a closed meeting. Final action shall be preceded by a public recital of the nature of the matter being considered and other information that will inform the public of the business being conducted.

(Source: P.A. 96–1235, eff. 1–1–11; 96–1378, eff. 7–29–10; 96–1428, eff. 8–11–10; 97–318, eff. 1–1–12; 97–333, eff. 8–12–11; 97–452, eff. 8–19–11; 97–813, eff. 7–13–12; 97–876, eff. 8–1–12.)

Section 120. The Freedom of Information Act is amended by changing Section 7.5 as follows:

<< IL ST CH 5 § 140/7.5 >>

**[S.H.A. 5 ILCS 140/7.5]** (5 ILCS 140/7.5)

§ 7.5. Statutory Exemptions. To the extent provided for by the statutes referenced below, the following shall be exempt from inspection and copying:

(a) All information determined to be confidential under Section 4002 of the Technology Advancement and Development Act.

(b) Library circulation and order records identifying library users with specific materials under the Library Records Confidentiality Act.

(c) Applications, related documents, and medical records received by the Experimental Organ Transplantation Procedures Board and any and all documents or other records prepared by the Experimental Organ Transplantation Procedures Board or its staff relating to applications it has received.

(d) Information and records held by the Department of Public Health and its authorized representatives relating to known or suspected cases of sexually transmissible disease or any

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM   #29-2   Page 30 of 96

information the disclosure of which is restricted under the Illinois Sexually Transmissible Disease Control Act.

(e) Information the disclosure of which is exempted under Section 30 of the Radon Industry Licensing Act.

(f) Firm performance evaluations under Section 55 of the Architectural, Engineering, and Land Surveying Qualifications Based Selection Act.

(g) Information the disclosure of which is restricted and exempted under Section 50 of the Illinois Prepaid Tuition Act.

(h) Information the disclosure of which is exempted under the State Officials and Employees Ethics Act, and records of any lawfully created State or local inspector general's office that would be exempt if created or obtained by an Executive Inspector General's office under that Act.

(i) Information contained in a local emergency energy plan submitted to a municipality in accordance with a local emergency energy plan ordinance that is adopted under Section 11–21.5–5 of the Illinois Municipal Code.

(j) Information and data concerning the distribution of surcharge moneys collected and remitted by wireless carriers under the Wireless Emergency Telephone Safety Act.

(k) Law enforcement officer identification information or driver identification information compiled by a law enforcement agency or the Department of Transportation under Section 11–212 of the Illinois Vehicle Code.

(l) Records and information provided to a residential health care facility resident sexual assault and death review team or the Executive Council under the Abuse Prevention Review Team Act.

(m) Information provided to the predatory lending database created pursuant to Article 3 of the Residential Real Property Disclosure Act, except to the extent authorized under that Article.

(n) Defense budgets and petitions for certification of compensation and expenses for court appointed trial counsel as provided under Sections 10 and 15 of the Capital Crimes Litigation Act. This subsection (n) shall apply until the conclusion of the trial of the case, even if the prosecution chooses not to pursue the death penalty prior to trial or sentencing.

(o) Information that is prohibited from being disclosed under Section 4 of the Illinois Health and Hazardous Substances Registry Act.

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM # 29-2 Page 31 of 96

(p) Security portions of system safety program plans, investigation reports, surveys, schedules, lists, data, or information compiled, collected, or prepared by or for the Regional Transportation Authority under Section 2.11 of the Regional Transportation Authority Act or the St. Clair County Transit District under the Bi–State Transit Safety Act.

(q) Information prohibited from being disclosed by the Personnel Records Review Act.

(r) Information prohibited from being disclosed by the Illinois School Student Records Act.

(s) Information the disclosure of which is restricted under Section 5–108 of the Public Utilities Act.

(t) All identified or deidentified health information in the form of health data or medical records contained in, stored in, submitted to, transferred by, or released from the Illinois Health Information Exchange, and identified or deidentified health information in the form of health data and medical records of the Illinois Health Information Exchange in the possession of the Illinois Health Information Exchange Authority due to its administration of the Illinois Health Information Exchange. The terms "identified" and "deidentified" shall be given the same meaning as in the Health Insurance Accountability and Portability Act of 1996, Public Law 104–191, or any subsequent amendments thereto, and any regulations promulgated thereunder.

(u) Records and information provided to an independent team of experts under Brian's Law.

(v) Names and information of people who have applied for or received Firearm Owner's Identification Cards under the Firearm Owners Identification Card Act or applied for or received a concealed carry license under the Firearm Concealed Carry Act, unless otherwise authorized by the Firearm Concealed Carry Act; and databases under the Firearm Concealed Carry Act, records of the Concealed Carry Licensing Review Board under the Firearm Concealed Carry Act, and law enforcement agency objections under the Firearm Concealed Carry Act.

(w) Personally identifiable information which is exempted from disclosure under subsection (g) of Section 19.1 of the Toll Highway Act.

(x) Information which is exempted from disclosure under Section 5–1014.3 of the Counties Code or Section 8–11–21 of the Illinois Municipal Code.

(Source: P.A. 96–542, eff. 1–1–10; 96–1235, eff. 1–1–11; 96–1331, eff. 7–27–10; 97–80, eff. 7–5–11; 97–333, eff. 8–12–11; 97–342, eff. 8–12–11; 97–813, eff. 7–13–12; 97–976, eff. 1–1–13.)

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM #29-2 Page 32 of 96

Section 122. The Secretary of State Act is amended by adding Section 13.5 as follows:

<< IL ST CH 15 § 305/13.5 >>

**[S.H.A. 15 ILCS 305/13.5]** (15 ILCS 305/13.5 new)

§ 13.5. Department of State Police access to driver's license and identification card photographs.

The Secretary of State shall allow the Department of State Police to access the driver's license or Illinois Identification card photograph, if available, of an applicant for a firearm concealed carry license under the Firearm Concealed Carry Act for the purpose of identifying the firearm concealed carry license applicant and issuing a license to the applicant.

Section 125. The Department of State Police Law of the Civil Administrative Code of Illinois is amended by changing Section 2605–300 and by adding Section 2605–595 as follows:

<< IL ST CH 20 § 2605/2605–300 >>

**[S.H.A. 20 ILCS 2605/2605–300]** (20 ILCS 2605/2605–300) (was 20 ILCS 2605/55a in part)

§ 2605–300. Records; crime laboratories; personnel. To do the following:

(1) Be a central repository and custodian of criminal statistics for the State.

(2) Be a central repository for criminal history record information.

(3) Procure and file for record information that is necessary and helpful to plan programs of crime prevention, law enforcement, and criminal justice.

(4) Procure and file for record copies of fingerprints that may be required by law.

(5) Establish general and field crime laboratories.

(6) Register and file for record information that may be required by law for the issuance of firearm owner's identification cards under the Firearm Owners Identification Card Act and concealed carry licenses under the Firearm Concealed Carry Act.

(7) Employ polygraph operators, laboratory technicians, and other specially qualified persons to aid in the identification of criminal activity.

3:10-cv-03187-SEM   #29-2   Page 33 of 96

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill.Legis. Serv. P.A....

(8) Undertake other identification, information, laboratory, statistical, or registration activities that may be required by law.

(Source: P.A. 90–18, eff. 7–1–97; 90–130, eff. 1–1–98; 90–372, eff. 7–1–98; 90–590, eff. 1–1–00; 90–655, eff. 7–30–98; 90–793, eff. 8–14–98; 91–239, eff. 1–1–00.)

<< IL ST CH 20 § 2605/2605–595 >>

**[S.H.A. 20 ILCS 2605/2605–595]** (20 ILCS 2605/2605–595 new)

§ 2605–595. State Police Firearm Services Fund.

(a) There is created in the State treasury a special fund known as the State Police Firearm Services Fund. The Fund shall receive revenue under the Firearm Concealed Carry Act and Section 5 of the Firearm Owners Identification Card Act. The Fund may also receive revenue from grants, pass-through grants, donations, appropriations, and any other legal source.

(b) The Department of State Police may use moneys in the Fund to finance any of its lawful purposes, mandates, functions, and duties under the Firearm Owners Identification Card Act and the Firearm Concealed Carry Act, including the cost of sending notices of expiration of Firearm Owner's Identification Cards, concealed carry licenses, the prompt and efficient processing of applications under the Firearm Owners Identification Card Act and the Firearm Concealed Carry Act, the improved efficiency and reporting of the LEADS and federal NICS law enforcement data systems, and support for investigations required under these Acts and law. Any surplus funds beyond what is needed to comply with the aforementioned purposes shall be used by the Department to improve the Law Enforcement Agencies Data System (LEADS) and criminal history background check system.

(c) Investment income that is attributable to the investment of moneys in the Fund shall be retained in the Fund for the uses specified in this Section.

Section 130. The State Finance Act is amended by adding Sections 5.826, 5.827, and 6z–98 as follows:

<< IL ST CH 30 § 105/5.826 >>

**[S.H.A. 30 ILCS 105/5.826]** (30 ILCS 105/5.826 new)

§ 5.826. The Mental Health Reporting Fund.

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM #29-2 Page 34 of 96

<< IL ST CH 30 § 105/5.827 >>

**[S.H.A. 30 ILCS 105/5.827]** (30 ILCS 105/5.827 new)

§ 5.827. The State Police Firearm Services Fund.

<< IL ST CH 30 § 105/6z–98 >>

**[S.H.A. 30 ILCS 105/6z–98]** (30 ILCS 105/6z–98 new)

§ 6z–98. The Mental Health Reporting Fund.

(a) There is created in the State treasury a special fund known as the Mental Health Reporting Fund. The Fund shall receive revenue under the Firearm Concealed Carry Act. The Fund may also receive revenue from grants, pass-through grants, donations, appropriations, and any other legal source.

(b) The Department of State Police and Department of Human Services shall coordinate to use moneys in the Fund to finance their respective duties of collecting and reporting data on mental health records and ensuring that mental health firearm possession prohibitors are enforced as set forth under the Firearm Concealed Carry Act and the Firearm Owners Identification Card Act. Any surplus in the Fund beyond what is necessary to ensure compliance with mental health reporting under these Acts shall be used by the Department of Human Services for mental health treatment programs.

(c) Investment income that is attributable to the investment of moneys in the Fund shall be retained in the Fund for the uses specified in this Section.

<< Repealed: IL ST CH 30 § 105/5.206 >>

**[S.H.A. 30 ILCS 105/5.206 rep.]** (30 ILCS 105/5.206 rep.)

Section 135. The State Finance Act is amended by repealing Section 5.206.

Section 140. The Illinois Explosives Act is amended by changing Section 2005 as follows:

<< IL ST CH 225 § 210/2005 >>

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM #29-2 Page 35 of 96

**[S.H.A. 225 ILCS 210/2005]** (225 ILCS 210/2005) (from Ch. 96 1/2, par. 1–2005)

§ 2005. Qualifications for licensure.

(a) No person shall qualify to hold a license who:

(1) is under 21 years of age;

(2) has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

(3) is under indictment for a crime punishable by imprisonment for a term exceeding one year;

(4) is a fugitive from justice;

(5) is an unlawful user of or addicted to any controlled substance as defined in Section 102 of the federal Controlled Substances Act (21 U.S.C. Sec. 802 et seq.);

(6) has been adjudicated a mentally disabled person as defined in Section 1.1 of the Firearm Owners Identification Card Act mental defective ; or

(7) is not a legal citizen of the United States.

(b) A person who has been granted a "relief from disabilities" regarding criminal convictions and indictments, pursuant to the federal Safe Explosives Act (18 U.S.C. Sec. 845) may receive a license provided all other qualifications under this Act are met.

(Source: P.A. 96–1194, eff. 1–1–11.)

Section 142. The Liquor Control Act of 1934 is amended by changing Section 10–1 as follows:

<< IL ST CH 235 § 5/10–1 >>

**[S.H.A. 235 ILCS 5/10–1]** (235 ILCS 5/10–1) (from Ch. 43, par. 183)

§ 10–1. Violations; penalties. Whereas a substantial threat to the sound and careful control, regulation, and taxation of the manufacture, sale, and distribution of alcoholic liquors exists by virtue of individuals who manufacture, import, distribute, or sell alcoholic liquors within the State without having first obtained a valid license to do so, and whereas such threat is especially serious along the borders of this State, and whereas such threat requires immediate correction by this Act, by active investigation and prosecution by law enforcement officials and prosecutors, and

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM-TSH   #29-2   Page 36 of 96

by prompt and strict enforcement through the courts of this State to punish violators and to deter such conduct in the future:

(a) Any person who manufactures, imports for distribution or use, or distributes or sells alcoholic liquor at any place within the State without having first obtained a valid license to do so under the provisions of this Act shall be guilty of a business offense and fined not more than $1,000 for the first such offense and shall be guilty of a Class 4 felony for each subsequent offense.

(b)(1) Any retailer, licensed in this State, who knowingly causes to furnish, give, sell, or otherwise being within the State, any alcoholic liquor destined to be used, distributed, consumed or sold in another state, unless such alcoholic liquor was received in this State by a duly licensed distributor, or importing distributors shall have his license suspended for 7 days for the first offense and for the second offense, shall have his license revoked by the Commission.

(2) In the event the Commission receives a certified copy of a final order from a foreign jurisdiction that an Illinois retail licensee has been found to have violated that foreign jurisdiction's laws, rules, or regulations concerning the importation of alcoholic liquor into that foreign jurisdiction, the violation may be grounds for the Commission to revoke, suspend, or refuse to issue or renew a license, to impose a fine, or to take any additional action provided by this Act with respect to the Illinois retail license or licensee. Any such action on the part of the Commission shall be in accordance with this Act and implementing rules.

For the purposes of paragraph (2): (i) "foreign jurisdiction" means a state, territory, or possession of the United States, the District of Columbia, or the Commonwealth of Puerto Rico, and (ii) "final order" means an order or judgment of a court or administrative body that determines the rights of the parties respecting the subject matter of the proceeding, that remains in full force and effect, and from which no appeal can be taken.

(c) Any person who shall make any false statement or otherwise violates any of the provisions of this Act in obtaining any license hereunder, or who having obtained a license hereunder shall violate any of the provisions of this Act with respect to the manufacture, possession, distribution or sale of alcoholic liquor, or with respect to the maintenance of the licensed premises, or shall violate any other provision of this Act, shall for a first offense be guilty of a petty offense and fined not more than $500, and for a second or subsequent offense shall be guilty of a Class B misdemeanor.

(c–5) Any owner of an establishment that serves alcohol on its premises, if more than 50% of the establishment's gross receipts within the prior 3 months is from the sale of alcohol, who knowingly fails to prohibit concealed firearms on its premises or who knowingly makes a false statement or record to avoid the prohibition of concealed firearms on its premises under the Firearm Concealed Carry Act shall be guilty of a business offense with a fine up to $5,000.

(d) Each day any person engages in business as a manufacturer, foreign importer, importing distributor, distributor or retailer in violation of the provisions of this Act shall constitute a separate offense.

(e) Any person, under the age of 21 years who, for the purpose of buying, accepting or receiving alcoholic liquor from a licensee, represents that he is 21 years of age or over shall be guilty of a Class A misdemeanor.

(f) In addition to the penalties herein provided, any person licensed as a wine-maker in either class who manufactures more wine than authorized by his license shall be guilty of a business offense and shall be fined $1 for each gallon so manufactured.

(g) A person shall be exempt from prosecution for a violation of this Act if he is a peace officer in the enforcement of the criminal laws and such activity is approved in writing by one of the following:

(1) In all counties, the respective State's Attorney;

(2) The Director of State Police under Section 2605–10, 2605–15, 2605–75, 2605–100, 2605–105, 2605–110, 2605–115, 2605–120, 2605–130, 2605–140, 2605–190, 2605–200, 2605–205, 2605–210, 2605–215, 2605–250, 2605–275, 2605–300, 2605–305, 2605–315, 2605–325, 2605–335, 2605–340, 2605–350, 2605–355, 2605–360, 2605–365, 2605–375, 2605–390, 2605–400, 2605–405, 2605–420, 2605–430, 2605–435, 2605–500, 2605–525, or 2605–550 of the Department of State Police Law (20 ILCS 2605/2605–10, 2605/2605–15, 2605/2605–75, 2605/2605–100, 2605/2605–105, 2605/2605–110, 2605/2605–115, 2605/2605–120, 2605/2605–130, 2605/2605–140, 2605/2605–190, 2605/2605–200, 2605/2605–205, 2605/2605–210, 2605/2605–215, 2605/2605–250, 2605/2605–275, 2605/2605–300, 2605/2605–305, 2605/2605–315, 2605/2605–325, 2605/2605–335, 2605/2605–340, 2605/2605–350, 2605/2605–355, 2605/2605–360, 2605/2605–365, 2605/2605–375, 2605/2605–390, 2605/2605–400, 2605/2605–405, 2605/2605–420, 2605/2605–430, 2605/2605–435, 2605/2605–500, 2605/2605–525, or 2605/2605–550); or

(3) In cities over 1,000,000, the Superintendent of Police.

(Source: P.A. 90–739, eff. 8–13–98; 91–239, eff. 1–1–00.)

Section 145. The Mental Health and Developmental Disabilities Code is amended by changing Section 6–103.1 and by adding Sections 6–103.2 and 6–103.3 as follows:

REGULATION - FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM  #29-2  Page 38 of 96

<< IL ST CH 405 § 5/6–103.1 >>

**[S.H.A. 405 ILCS 5/6–103.1]** (405 ILCS 5/6–103.1)

§ 6–103.1. Adjudication as a mentally disabled person mental defective .

When a person has been adjudicated as a mentally disabled person mental defective as defined in Section 1.1 of the Firearm Owners Identification Card Act, including, but not limited to, an adjudication as a disabled person as defined in Section 11a–2 of the Probate Act of 1975, the court shall direct the circuit court clerk to immediately notify the Department of State Police, Firearm Owner's Identification (FOID) Office, in a form and manner prescribed by the Department of State Police, and shall forward a copy of the court order to the Department no later than 7 days after the entry of the order. Upon receipt of the order, the Department of State Police shall provide notification to the National Instant Criminal Background Check System.

(Source: P.A. 97–1131, eff. 1–1–13.)

<< IL ST CH 405 § 5/6–103.2 >>

**[S.H.A. 405 ILCS 5/6–103.2]** (405 ILCS 5/6–103.2 new)

§ 6–103.2. Developmental disability; notice.

For purposes of this Section, if a person is determined to be developmentally disabled as defined in Section 1.1 of the Firearm Owners Identification Card Act by a physician, clinical psychologist, or qualified examiner, whether practicing at a public or by a private mental health facility or developmental disability facility, the physician, clinical psychologist, or qualified examiner shall notify the Department of Human Services within 24 hours of making the determination that the person has a developmental disability. The Department of Human Services shall immediately update its records and information relating to mental health and developmental disabilities, and if appropriate, shall notify the Department of State Police in a form and manner prescribed by the Department of State Police. Information disclosed under this Section shall remain privileged and confidential, and shall not be redisclosed, except as required under subsection (e) of Section 3.1 of the Firearm Owners Identification Card Act, nor used for any other purpose. The method of providing this information shall guarantee that the information is not released beyond that which is necessary for the purpose of this Section and shall be provided by rule by the Department of Human Services. The identity of the person reporting under this Section shall not be disclosed to the subject of the report.

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM #: 29-2 Page 39 of 96

The physician, clinical psychologist, or qualified examiner making the determination and his or her employer may not be held criminally, civilly, or professionally liable for making or not making the notification required under this Section, except for willful or wanton misconduct.

<< IL ST CH 405 § 5/6–103.3 >>

**[S.H.A. 405 ILCS 5/6–103.3]** (405 ILCS 5/6–103.3 new)

§ 6–103.3. Clear and present danger; notice.

If a person is determined to pose a clear and present danger to himself, herself, or to others by a physician, clinical psychologist, or qualified examiner, whether employed by the State, by any public or private mental health facility or part thereof, or by a law enforcement official or a school administrator, then the physician, clinical psychologist, qualified examiner shall notify the Department of Human Services and a law enforcement official or school administrator shall notify the Department of State Police, within 24 hours of making the determination that the person poses a clear and present danger. The Department of Human Services shall immediately update its records and information relating to mental health and developmental disabilities, and if appropriate, shall notify the Department of State Police in a form and manner prescribed by the Department of State Police. Information disclosed under this Section shall remain privileged and confidential, and shall not be redisclosed, except as required under subsection (e) of Section 3.1 of the Firearm Owners Identification Card Act, nor used for any other purpose. The method of providing this information shall guarantee that the information is not released beyond that which is necessary for the purpose of this Section and shall be provided by rule by the Department of Human Services. The identity of the person reporting under this Section shall not be disclosed to the subject of the report. The physician, clinical psychologist, qualified examiner, law enforcement official, or school administrator making the determination and his or her employer shall not be held criminally, civilly, or professionally liable for making or not making the notification required under this Section, except for willful or wanton misconduct. This Section does not apply to a law enforcement official, if making the notification under this Section will interfere with an ongoing or pending criminal investigation.

For the purposes of this Section:

"Clear and present danger" has the meaning ascribed to it in Section 1.1 of the Firearm Owners Identification Card Act.

"School administrator" means the person required to report under the School Administrator Reporting of Mental Health Clear and Present Danger Determinations Law.

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM #29-2 Page 40 of 96

Section 150. The Firearm Owners Identification Card Act is amended by changing Sections 1.1, 3.1, 4, 5, 8, 8.1, 9, 10, 13.1, and 13.2 and by adding Sections 5.1 and 9.5 as follows:

<< IL ST CH 430 § 65/1.1 >>

**[S.H.A. 430 ILCS 65/1.1]** (430 ILCS 65/1.1) (from Ch. 38, par. 83–1.1)

(Text of Section before amendment by P.A. 97–1167)

§ 1.1. For purposes of this Act:

"Addicted to narcotics" means a person who has been:

(1) convicted of an offense involving the use or possession of cannabis, a controlled substance, or methamphetamine within the past year; or

(2) determined by the Department of State Police to be addicted to narcotics based upon federal law or federal guidelines.

"Addicted to narcotics" does not include possession or use of a prescribed controlled substance under the direction and authority of a physician or other person authorized to prescribe the controlled substance when the controlled substance is used in the prescribed manner.

"Adjudicated Has been adjudicated as a mentally disabled person mental defective " means the person is the subject of a determination by a court, board, commission or other lawful authority that the a person, as a result of marked subnormal intelligence, or mental illness, mental impairment, incompetency, condition, or disease:

(1) presents a clear and present is a danger to himself, herself, or to others;

(2) lacks the mental capacity to manage his or her own affairs or is adjudicated a disabled person as defined in Section 11a–2 of the Probate Act of 1975;

(3) is not guilty in a criminal case by reason of insanity, mental disease or defect;

(3.5) is guilty but mentally ill, as provided in Section 5–2–6 of the Unified Code of Corrections;

(4) is incompetent to stand trial in a criminal case;

(5) is not guilty by reason of lack of mental responsibility under pursuant to Articles 50a and 72b of the Uniform Code of Military Justice, 10 U.S.C. 850a, 876b;.

(6) is a sexually violent person under subsection (f) of Section 5 of the Sexually Violent Persons Commitment Act;

(7) has been found to be a sexually dangerous person under the Sexually Dangerous Persons Act;

(8) is unfit to stand trial under the Juvenile Court Act of 1987;

(9) is not guilty by reason of insanity under the Juvenile Court Act of 1987;

(10) is subject to involuntary admission as an inpatient as defined in Section 1–119 of the Mental Health and Development Disabilities Code;

(11) is subject to involuntary admission as an outpatient as defined in Section 1–119.1 of the Mental Health and Developmental Disabilities Code;

(12) is subject to judicial admission as set forth in Section 4–500 of the Mental Health and Developmental Disabilities Code; or

(13) is subject to the provisions of the Interstate Agreements on Sexually Dangerous Persons Act.

"Clear and present danger" means a person who:

(1) communicates a serious threat of physical violence against a reasonably identifiable victim or poses a clear and imminent risk of serious physical injury to himself, herself, or another person as determined by a physician, clinical psychologist, or qualified examiner; or

(2) demonstrates threatening physical or verbal behavior, such as violent, suicidal, or assaultive threats, actions, or other behavior, as determined by a physician, clinical psychologist, qualified examiner, school administrator, or law enforcement official.

"Clinical psychologist" has the meaning provided in Section 1–103 of the Mental Health and Developmental Disabilities Code.

"Controlled substance" means a controlled substance or controlled substance analog as defined in the Illinois Controlled Substances Act.

"Counterfeit" means to copy or imitate, without legal authority, with intent to deceive.

"Developmentally disabled" means a disability which is attributable to any other condition which results in impairment similar to that caused by an intellectual disability and which requires services

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM  #29-2   Page 42 of 96

similar to those required by intellectually disabled persons. The disability must originate before the age of 18 years, be expected to continue indefinitely, and constitute a substantial handicap.

"Federally licensed firearm dealer" means a person who is licensed as a federal firearms dealer under Section 923 of the federal Gun Control Act of 1968 (18 U.S.C. 923).

"Firearm" means any device, by whatever name known, which is designed to expel a projectile or projectiles by the action of an explosion, expansion of gas or escape of gas; excluding, however:

(1) any pneumatic gun, spring gun, paint ball gun, or B–B gun which expels a single globular projectile not exceeding .18 inch in diameter or which has a maximum muzzle velocity of less than 700 feet per second;

(1.1) any pneumatic gun, spring gun, paint ball gun, or B–B gun which expels breakable paint balls containing washable marking colors;

(2) any device used exclusively for signalling or safety and required or recommended by the United States Coast Guard or the Interstate Commerce Commission;

(3) any device used exclusively for the firing of stud cartridges, explosive rivets or similar industrial ammunition; and

(4) an antique firearm (other than a machine-gun) which, although designed as a weapon, the Department of State Police finds by reason of the date of its manufacture, value, design, and other characteristics is primarily a collector's item and is not likely to be used as a weapon.

"Firearm ammunition" means any self-contained cartridge or shotgun shell, by whatever name known, which is designed to be used or adaptable to use in a firearm; excluding, however:

(1) any ammunition exclusively designed for use with a device used exclusively for signalling or safety and required or recommended by the United States Coast Guard or the Interstate Commerce Commission; and

(2) any ammunition designed exclusively for use with a stud or rivet driver or other similar industrial ammunition.

"Gun show" means an event or function:

(1) at which the sale and transfer of firearms is the regular and normal course of business and where 50 or more firearms are displayed, offered, or exhibited for sale, transfer, or exchange; or

(2) at which not less than 10 gun show vendors display, offer, or exhibit for sale, sell, transfer, or exchange firearms.

"Gun show" includes the entire premises provided for an event or function, including parking areas for the event or function, that is sponsored to facilitate the purchase, sale, transfer, or exchange of firearms as described in this Section.

"Gun show" does not include training or safety classes, competitive shooting events, such as rifle, shotgun, or handgun matches, trap, skeet, or sporting clays shoots, dinners, banquets, raffles, or any other event where the sale or transfer of firearms is not the primary course of business.

"Gun show promoter" means a person who organizes or operates a gun show.

"Gun show vendor" means a person who exhibits, sells, offers for sale, transfers, or exchanges any firearms at a gun show, regardless of whether the person arranges with a gun show promoter for a fixed location from which to exhibit, sell, offer for sale, transfer, or exchange any firearm.

"Intellectually disabled" means significantly subaverage general intellectual functioning which exists concurrently with impairment in adaptive behavior and which originates before the age of 18 years.

"Involuntarily admitted" has the meaning as prescribed in Sections 1–119 and 1–119.1 of the Mental Health and Developmental Disabilities Code.

"Mental health facility" means any licensed private hospital or hospital affiliate, institution, or facility, or part thereof, and any facility, or part thereof, operated by the State or a political subdivision thereof which provide treatment of persons with mental illness and includes all hospitals, institutions, clinics, evaluation facilities, mental health centers, colleges, universities, long-term care facilities, and nursing homes, or parts thereof, which provide treatment of persons with mental illness whether or not the primary purpose is to provide treatment of persons with mental illness.

"Patient" means:

(1) a person who voluntarily receives mental health treatment as an in-patient or resident of any public or private mental health facility, unless the treatment was solely for an alcohol abuse disorder and no other secondary substance abuse disorder or mental illness; or

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM #29-2 Page 44 of 96

(2) a person who voluntarily receives mental health treatment as an out-patient or is provided services by a public or private mental health facility, and who poses a clear and present danger to himself, herself, or to others.

"Physician" has the meaning as defined in Section 1–120 of the Mental Health and Developmental Disabilities Code.

"Qualified examiner" has the meaning provided in Section 1–122 of the Mental Health and Developmental Disabilities Code.

"Sanctioned competitive shooting event" means a shooting contest officially recognized by a national or state shooting sport association, and includes any sight-in or practice conducted in conjunction with the event.

"School administrator" means the person required to report under the School Administrator Reporting of Mental Health Clear and Present Danger Determinations Law.

"Stun gun or taser" has the meaning ascribed to it in Section 24–1 of the Criminal Code of 2012.

(Source: P.A. 97–776, eff. 7–13–12; 97–1150, eff. 1–25–13.)
(Text of Section after amendment by P.A. 97–1167)

§ 1.1. For purposes of this Act:

"Addicted to narcotics" means a person who has been:

(1) convicted of an offense involving the use or possession of cannabis, a controlled substance, or methamphetamine within the past year; or

(2) determined by the Department of State Police to be addicted to narcotics based upon federal law or federal guidelines.

"Addicted to narcotics" does not include possession or use of a prescribed controlled substance under the direction and authority of a physician or other person authorized to prescribe the controlled substance when the controlled substance is used in the prescribed manner.

"Adjudicated Has been adjudicated as a mentally disabled person mental defective " means the person is the subject of a determination by a court, board, commission or other lawful authority that

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM  #29-2    Page 45 of 96

the a  person, as a result of marked subnormal intelligence, or mental illness, mental impairment, incompetency, condition, or disease:

(1) presents a clear and present is a  danger to himself, herself, or to others;

(2) lacks the mental capacity to manage his or her own affairs or is adjudicated a disabled person as defined in Section 11a–2 of the Probate Act of 1975;

(3) is not guilty in a criminal case by reason of insanity, mental disease or defect;

(3.5) is guilty but mentally ill, as provided in Section 5–2–6 of the Unified Code of Corrections;

(4) is incompetent to stand trial in a criminal case;

(5) is not guilty by reason of lack of mental responsibility under pursuant to  Articles 50a and 72b of the Uniform Code of Military Justice, 10 U.S.C. 850a, 876b;.

(6) is a sexually violent person under subsection (f) of Section 5 of the Sexually Violent Persons Commitment Act;

(7) is a sexually dangerous person under the Sexually Dangerous Persons Act;

(8) is unfit to stand trial under the Juvenile Court Act of 1987;

(9) is not guilty by reason of insanity under the Juvenile Court Act of 1987;

(10) is subject to involuntary admission as an inpatient as defined in Section 1–119 of the Mental Health and Developmental Disabilities Code;

(11) is subject to involuntary admission as an outpatient as defined in Section 1–119.1 of the Mental Health and Developmental Disabilities Code;

(12) is subject to judicial admission as set forth in Section 4–500 of the Mental Health and Developmental Disabilities Code; or

(13) is subject to the provisions of the Interstate Agreements on Sexually Dangerous Persons Act.

"Clear and present danger" means a person who:

(1) communicates a serious threat of physical violence against a reasonably identifiable victim or poses a clear and imminent risk of serious physical injury to himself, herself, or another person as determined by a physician, clinical psychologist, or qualified examiner; or

3:10-cv-03187-SEM #29-2 Page 46 of 96

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

(2) demonstrates threatening physical or verbal behavior, such as violent, suicidal, or assaultive threats, actions, or other behavior, as determined by a physician, clinical psychologist, qualified examiner, school administrator, or law enforcement official.

"Clinical psychologist" has the meaning provided in Section 1–103 of the Mental Health and Developmental Disabilities Code.

"Controlled substance" means a controlled substance or controlled substance analog as defined in the Illinois Controlled Substances Act.

"Counterfeit" means to copy or imitate, without legal authority, with intent to deceive.

"Developmentally disabled" means a disability which is attributable to any other condition which results in impairment similar to that caused by an intellectual disability and which requires services similar to those required by intellectually disabled persons. The disability must originate before the age of 18 years, be expected to continue indefinitely, and constitute a substantial handicap.

"Federally licensed firearm dealer" means a person who is licensed as a federal firearms dealer under Section 923 of the federal Gun Control Act of 1968 (18 U.S.C. 923).

"Firearm" means any device, by whatever name known, which is designed to expel a projectile or projectiles by the action of an explosion, expansion of gas or escape of gas; excluding, however:

(1) any pneumatic gun, spring gun, paint ball gun, or B–B gun which expels a single globular projectile not exceeding .18 inch in diameter or which has a maximum muzzle velocity of less than 700 feet per second;

(1.1) any pneumatic gun, spring gun, paint ball gun, or B–B gun which expels breakable paint balls containing washable marking colors;

(2) any device used exclusively for signalling or safety and required or recommended by the United States Coast Guard or the Interstate Commerce Commission;

(3) any device used exclusively for the firing of stud cartridges, explosive rivets or similar industrial ammunition; and

(4) an antique firearm (other than a machine-gun) which, although designed as a weapon, the Department of State Police finds by reason of the date of its manufacture, value, design, and other characteristics is primarily a collector's item and is not likely to be used as a weapon.

3:10-cv-03187-SEM #29-2 Page 47 of 96

"Firearm ammunition" means any self-contained cartridge or shotgun shell, by whatever name known, which is designed to be used or adaptable to use in a firearm; excluding, however:

(1) any ammunition exclusively designed for use with a device used exclusively for signalling or safety and required or recommended by the United States Coast Guard or the Interstate Commerce Commission; and

(2) any ammunition designed exclusively for use with a stud or rivet driver or other similar industrial ammunition.

"Gun show" means an event or function:

(1) at which the sale and transfer of firearms is the regular and normal course of business and where 50 or more firearms are displayed, offered, or exhibited for sale, transfer, or exchange; or

(2) at which not less than 10 gun show vendors display, offer, or exhibit for sale, sell, transfer, or exchange firearms.

"Gun show" includes the entire premises provided for an event or function, including parking areas for the event or function, that is sponsored to facilitate the purchase, sale, transfer, or exchange of firearms as described in this Section.

"Gun show" does not include training or safety classes, competitive shooting events, such as rifle, shotgun, or handgun matches, trap, skeet, or sporting clays shoots, dinners, banquets, raffles, or any other event where the sale or transfer of firearms is not the primary course of business.

"Gun show promoter" means a person who organizes or operates a gun show.

"Gun show vendor" means a person who exhibits, sells, offers for sale, transfers, or exchanges any firearms at a gun show, regardless of whether the person arranges with a gun show promoter for a fixed location from which to exhibit, sell, offer for sale, transfer, or exchange any firearm.

"Intellectually disabled" means significantly subaverage general intellectual functioning which exists concurrently with impairment in adaptive behavior and which originates before the age of 18 years.

"Involuntarily admitted" has the meaning as prescribed in Sections 1–119 and 1–119.1 of the Mental Health and Developmental Disabilities Code.

"Mental health facility institution " means any licensed private hospital or hospital affiliate, institution, or facility, or part thereof, and any facility, or part thereof, operated by the State or

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM-#:29-2 Page 48 of 96

a political subdivision thereof which provide clinic, evaluation facility, mental health center, or part thereof, which is used primarily for the care or treatment of persons with mental illness and includes all hospitals, institutions, clinics, evaluation facilities, mental health centers, colleges, universities, long-term care facilities, and nursing homes, or parts thereof, which provide treatment of persons with mental illness whether or not the primary purpose is to provide treatment of persons with mental illness.

"Patient" means:

(1) a person who voluntarily receives mental health treatment as an in-patient or resident of any public or private mental health facility, unless the treatment was solely for an alcohol abuse disorder and no other secondary substance abuse disorder or mental illness; or

(2) a person who voluntarily receives mental health treatment as an out-patient or is provided services by a public or private mental health facility, and who poses a clear and present danger to himself, herself, or to others. "Physician" has the meaning as defined in Section 1–120 of the Mental Health and Developmental Disabilities Code.

"Qualified examiner" has the meaning provided in Section 1–122 of the Mental Health and Developmental Disabilities Code.

"Patient in a mental institution" means the person was admitted, either voluntarily or involuntarily, to a mental institution for mental health treatment, unless the treatment was voluntary and solely for an alcohol abuse disorder and no other secondary substance abuse disorder or mental illness.

'Sanctioned competitive shooting event" means a shooting contest officially recognized by a national or state shooting sport association, and includes any sight-in or practice conducted in conjunction with the event.

"School administrator" means the person required to report under the School Administrator Reporting of Mental Health Clear and Present Danger Determinations Law.

"Stun gun or taser" has the meaning ascribed to it in Section 24–1 of the Criminal Code of 2012.

(Source: P.A. 97–776, eff. 7–13–12; 97–1150, eff. 1–25–13; 97–1167, eff. 6–1–13.)

<< IL ST CH 430 § 65/3.1 >>

**[S.H.A. 430 ILCS 65/3.1]** (430 ILCS 65/3.1) (from Ch. 38, par. 83–3.1)

§ 3.1. Dial up system.

(a) The Department of State Police shall provide a dial up telephone system or utilize other existing technology which shall be used by any federally licensed firearm dealer, gun show promoter, or gun show vendor who is to transfer a firearm, stun gun, or taser under the provisions of this Act. The Department of State Police may utilize existing technology which allows the caller to be charged a fee not to exceed $2. Fees collected by the Department of State Police shall be deposited in the State Police Services Fund and used to provide the service.

(b) Upon receiving a request from a federally licensed firearm dealer, gun show promoter, or gun show vendor, the Department of State Police shall immediately approve, or within the time period established by Section 24–3 of the Criminal Code of 2012 regarding the delivery of firearms, stun guns, and tasers notify the inquiring dealer, gun show promoter, or gun show vendor of any objection that would disqualify the transferee from acquiring or possessing a firearm, stun gun, or taser. In conducting the inquiry, the Department of State Police shall initiate and complete an automated search of its criminal history record information files and those of the Federal Bureau of Investigation, including the National Instant Criminal Background Check System, and of the files of the Department of Human Services relating to mental health and developmental disabilities to obtain any felony conviction or patient hospitalization information which would disqualify a person from obtaining or require revocation of a currently valid Firearm Owner's Identification Card.

(c) If receipt of a firearm would not violate Section 24–3 of the Criminal Code of 2012, federal law, or this Act the Department of State Police shall:

  (1) assign a unique identification number to the transfer; and

  (2) provide the licensee, gun show promoter, or gun show vendor with the number.

(d) Approvals issued by the Department of State Police for the purchase of a firearm are valid for 30 days from the date of issue.

(e)(1) The Department of State Police must act as the Illinois Point of Contact for the National Instant Criminal Background Check System.

(2) The Department of State Police and the Department of Human Services shall, in accordance with State and federal law regarding confidentiality, enter into a memorandum of understanding with the Federal Bureau of Investigation for the purpose of implementing the National Instant Criminal Background Check System in the State. The Department of State Police shall report the name, date of birth, and physical description of any person prohibited from possessing a firearm

REGULATION — FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM #29-2 Page 50 of 96

pursuant to the Firearm Owners Identification Card Act or 18 U.S.C. 922(g) and (n) to the National Instant Criminal Background Check System Index, Denied Persons Files.

(3) The Department of State Police shall provide notice of the disqualification of a person under subsection (b) of this Section or the revocation of a person's Firearm Owner's Identification Card under Section 8 of this Act, and the reason for the disqualification or revocation, to all law enforcement agencies with jurisdiction to assist with the seizure of the person's Firearm Owner's Identification Card.

(f) The Department of State Police shall adopt ~~promulgate~~ rules not inconsistent with this Section to implement this system.

(Source: P.A. 97–1150, eff. 1–25–13.)

<< IL ST CH 430 § 65/4 >>

**[S.H.A. 430 ILCS 65/4]** (430 ILCS 65/4) (from Ch. 38, par. 83–4)

(Text of Section before amendment by P.A. 97–1167)

§ 4. (a) Each applicant for a Firearm Owner's Identification Card must:

(1) Make application on blank forms prepared and furnished at convenient locations throughout the State by the Department of State Police, or by electronic means, if and when made available by the Department of State Police; and

(2) Submit evidence to the Department of State Police that:

(i) He or she is 21 years of age or over, or if he or she is under 21 years of age that he or she has the written consent of his or her parent or legal guardian to possess and acquire firearms and firearm ammunition and that he or she has never been convicted of a misdemeanor other than a traffic offense or adjudged delinquent, provided, however, that such parent or legal guardian is not an individual prohibited from having a Firearm Owner's Identification Card and files an affidavit with the Department as prescribed by the Department stating that he or she is not an individual prohibited from having a Card;

(ii) He or she has not been convicted of a felony under the laws of this or any other jurisdiction;

(iii) He or she is not addicted to narcotics;

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM-#:29-2 Page 51 of 96

(iv) He or she has not been a patient in a mental health facility institution within the past 5 years or, if he or she has been a patient in a mental health facility more than 5 years ago submit the certification required under subsection (u) of Section 8 of this Act and he or she has not been adjudicated as a mental defective ;

(v) He or she is not intellectually disabled; (vi) He or she is not an alien who is unlawfully present in the United States under the laws of the United States;

(vii) He or she is not subject to an existing order of protection prohibiting him or her from possessing a firearm;

(viii) He or she has not been convicted within the past 5 years of battery, assault, aggravated assault, violation of an order of protection, or a substantially similar offense in another jurisdiction, in which a firearm was used or possessed;

(ix) He or she has not been convicted of domestic battery, aggravated domestic battery, or a substantially similar offense in another jurisdiction committed before, on or after January 1, 2012 (the effective date of Public Act 97–158). If the applicant knowingly and intelligently waives the right to have an offense described in this clause (ix) tried by a jury, and by guilty plea or otherwise, results in a conviction for an offense in which a domestic relationship is not a required element of the offense but in which a determination of the applicability of 18 U.S.C. 922(g)(9) is made under Section 112A–11.1 of the Code of Criminal Procedure of 1963, an entry by the court of a judgment of conviction for that offense shall be grounds for denying the issuance of a Firearm Owner's Identification Card under this Section;

(x) (Blank);

(xi) He or she is not an alien who has been admitted to the United States under a non-immigrant visa (as that term is defined in Section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(26))), or that he or she is an alien who has been lawfully admitted to the United States under a non-immigrant visa if that alien is:

(1) admitted to the United States for lawful hunting or sporting purposes;

(2) an official representative of a foreign government who is:

(A) accredited to the United States Government or the Government's mission to an international organization having its headquarters in the United States; or

(B) en route to or from another country to which that alien is accredited;

(3) an official of a foreign government or distinguished foreign visitor who has been so designated by the Department of State;

(4) a foreign law enforcement officer of a friendly foreign government entering the United States on official business; or

(5) one who has received a waiver from the Attorney General of the United States pursuant to 18 U.S.C. 922(y)(3);

(xii) He or she is not a minor subject to a petition filed under Section 5–520 of the Juvenile Court Act of 1987 alleging that the minor is a delinquent minor for the commission of an offense that if committed by an adult would be a felony;

(xiii) He or she is not an adult who had been adjudicated a delinquent minor under the Juvenile Court Act of 1987 for the commission of an offense that if committed by an adult would be a felony; and

(xiv) He or she is a resident of the State of Illinois; ~~and~~

(xv) He or she has not been adjudicated as a mentally disabled person;

(xvi) He or she has not been involuntarily admitted into a mental health facility; and

(xvii) He or she is not developmentally disabled; and

(3) Upon request by the Department of State Police, sign a release on a form prescribed by the Department of State Police waiving any right to confidentiality and requesting the disclosure to the Department of State Police of limited mental health institution admission information from another state, the District of Columbia, any other territory of the United States, or a foreign nation concerning the applicant for the sole purpose of determining whether the applicant is or was a patient in a mental health institution and disqualified because of that status from receiving a Firearm Owner's Identification Card. No mental health care or treatment records may be requested. The information received shall be destroyed within one year of receipt.

(a–5) Each applicant for a Firearm Owner's Identification Card who is over the age of 18 shall furnish to the Department of State Police either his or her Illinois driver's license number or Illinois Identification Card number, except as provided in subsection (a–10).

(a–10) Each applicant for a Firearm Owner's Identification Card, who is employed as a law enforcement officer, an armed security officer in Illinois, or by the United States Military permanently assigned in Illinois and who is not an Illinois resident, shall furnish to the Department of State Police his or her driver's license number or state identification card number from his or

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM- #:29-2 Page 53 of 96

her state of residence. The Department of State Police may adopt ~~promulgate~~ rules to enforce the provisions of this subsection (a–10).

(a–15) If an applicant applying for a Firearm Owner's Identification Card moves from the residence address named in the application, he or she shall immediately notify in a form and manner prescribed by the Department of State Police of that change of address.

(a–20) Each applicant for a Firearm Owner's Identification Card shall furnish to the Department of State Police his or her photograph. An applicant who is 21 years of age or older seeking a religious exemption to the photograph requirement must furnish with the application an approved copy of United States Department of the Treasury Internal Revenue Service Form 4029. In lieu of a photograph, an applicant regardless of age seeking a religious exemption to the photograph requirement shall submit fingerprints on a form and manner prescribed by the Department with his or her application.

(b) Each application form shall include the following statement printed in bold type: "Warning: Entering false information on an application for a Firearm Owner's Identification Card is punishable as a Class 2 felony in accordance with subsection (d–5) of Section 14 of the Firearm Owners Identification Card Act.".

(c) Upon such written consent, pursuant to Section 4, paragraph (a)(2)(i), the parent or legal guardian giving the consent shall be liable for any damages resulting from the applicant's use of firearms or firearm ammunition.

(Source: P.A. 97–158, eff. 1–1–12; 97–227, eff. 1–1–12; 97–813, eff. 7–13–12; 97–1131, eff. 1–1–13.)
(Text of Section after amendment by P.A. 97–1167)

§ 4. (a) Each applicant for a Firearm Owner's Identification Card must:

(1) Make application on blank forms prepared and furnished at convenient locations throughout the State by the Department of State Police, or by electronic means, if and when made available by the Department of State Police; and

(2) Submit evidence to the Department of State Police that:

(i) He or she is 21 years of age or over, or if he or she is under 21 years of age that he or she has the written consent of his or her parent or legal guardian to possess and acquire firearms and firearm ammunition and that he or she has never been convicted of a misdemeanor other than a traffic offense or adjudged delinquent, provided, however, that such parent or

3:10-cv-03187-SEM-#-29-2    Page 54 of 96

REGULATION - FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

legal guardian is not an individual prohibited from having a Firearm Owner's Identification Card and files an affidavit with the Department as prescribed by the Department stating that he or she is not an individual prohibited from having a Card;

(ii) He or she has not been convicted of a felony under the laws of this or any other jurisdiction;

(iii) He or she is not addicted to narcotics;

(iv) He or she has not been a patient in a mental health facility institution within the past 5 years or, if he or she has been a patient in a mental health facility more than 5 years ago submit the certification required under subsection (u) of Section 8 of this Act;

(v) He or she is not intellectually disabled;

(vi) He or she is not an alien who is unlawfully present in the United States under the laws of the United States;

(vii) He or she is not subject to an existing order of protection prohibiting him or her from possessing a firearm;

(viii) He or she has not been convicted within the past 5 years of battery, assault, aggravated assault, violation of an order of protection, or a substantially similar offense in another jurisdiction, in which a firearm was used or possessed;

(ix) He or she has not been convicted of domestic battery, aggravated domestic battery, or a substantially similar offense in another jurisdiction committed before, on or after January 1, 2012 (the effective date of Public Act 97–158). If the applicant knowingly and intelligently waives the right to have an offense described in this clause (ix) tried by a jury, and by guilty plea or otherwise, results in a conviction for an offense in which a domestic relationship is not a required element of the offense but in which a determination of the applicability of 18 U.S.C. 922(g)(9) is made under Section 112A–11.1 of the Code of Criminal Procedure of 1963, an entry by the court of a judgment of conviction for that offense shall be grounds for denying the issuance of a Firearm Owner's Identification Card under this Section;

(x) (Blank);

(xi) He or she is not an alien who has been admitted to the United States under a non-immigrant visa (as that term is defined in Section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(26))), or that he or she is an alien who has been lawfully admitted to the United States under a non-immigrant visa if that alien is:

    (1) admitted to the United States for lawful hunting or sporting purposes;

(2) an official representative of a foreign government who is:

    (A) accredited to the United States Government or the Government's mission to an international organization having its headquarters in the United States; or

    (B) en route to or from another country to which that alien is accredited;

(3) an official of a foreign government or distinguished foreign visitor who has been so designated by the Department of State;

(4) a foreign law enforcement officer of a friendly foreign government entering the United States on official business; or

(5) one who has received a waiver from the Attorney General of the United States pursuant to 18 U.S.C. 922(y)(3);

(xii) He or she is not a minor subject to a petition filed under Section 5–520 of the Juvenile Court Act of 1987 alleging that the minor is a delinquent minor for the commission of an offense that if committed by an adult would be a felony;

(xiii) He or she is not an adult who had been adjudicated a delinquent minor under the Juvenile Court Act of 1987 for the commission of an offense that if committed by an adult would be a felony;

(xiv) He or she is a resident of the State of Illinois; ~~and~~

(xv) He or she has not been adjudicated as a mentally disabled person ~~mental defective~~ ; ~~and~~

(xvi) He or she has not been involuntarily admitted into a mental health facility; and

(xvii) He or she is not developmentally disabled; and

(3) Upon request by the Department of State Police, sign a release on a form prescribed by the Department of State Police waiving any right to confidentiality and requesting the disclosure to the Department of State Police of limited mental health institution admission information from another state, the District of Columbia, any other territory of the United States, or a foreign nation concerning the applicant for the sole purpose of determining whether the applicant is or was a patient in a mental health institution and disqualified because of that status from receiving a Firearm Owner's Identification Card. No mental health care or treatment records may be requested. The information received shall be destroyed within one year of receipt.

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM #29-2 Page 56 of 96

(a–5) Each applicant for a Firearm Owner's Identification Card who is over the age of 18 shall furnish to the Department of State Police either his or her Illinois driver's license number or Illinois Identification Card number, except as provided in subsection (a–10).

(a–10) Each applicant for a Firearm Owner's Identification Card, who is employed as a law enforcement officer, an armed security officer in Illinois, or by the United States Military permanently assigned in Illinois and who is not an Illinois resident, shall furnish to the Department of State Police his or her driver's license number or state identification card number from his or her state of residence. The Department of State Police may adopt ~~promulgate~~ rules to enforce the provisions of this subsection (a–10).

(a–15) If an applicant applying for a Firearm Owner's Identification Card moves from the residence address named in the application, he or she shall immediately notify in a form and manner prescribed by the Department of State Police of that change of address.

(a–20) Each applicant for a Firearm Owner's Identification Card shall furnish to the Department of State Police his or her photograph. An applicant who is 21 years of age or older seeking a religious exemption to the photograph requirement must furnish with the application an approved copy of United States Department of the Treasury Internal Revenue Service Form 4029. In lieu of a photograph, an applicant regardless of age seeking a religious exemption to the photograph requirement shall submit fingerprints on a form and manner prescribed by the Department with his or her application.

(b) Each application form shall include the following statement printed in bold type: "Warning: Entering false information on an application for a Firearm Owner's Identification Card is punishable as a Class 2 felony in accordance with subsection (d–5) of Section 14 of the Firearm Owners Identification Card Act.".

(c) Upon such written consent, pursuant to Section 4, paragraph (a)(2)(i), the parent or legal guardian giving the consent shall be liable for any damages resulting from the applicant's use of firearms or firearm ammunition.

(Source: P.A. 97–158, eff. 1–1–12; 97–227, eff. 1–1–12; 97–813, eff. 7–13–12; 97–1131, eff. 1–1–13; 97–1167, eff. 6–1–13.)

<< IL ST CH 430 § 65/5 >>

**[S.H.A. 430 ILCS 65/5]** (430 ILCS 65/5) (from Ch. 38, par. 83–5)

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM #: 29-2 Page 57 of 96

§ 5. The Department of State Police shall either approve or deny all applications within 30 days from the date they are received, and every applicant found qualified under ~~pursuant to~~ Section 8 of this Act by the Department shall be entitled to a Firearm Owner's Identification Card upon the payment of a $10 fee. Any applicant who is an active duty member of the Armed Forces of the United States, a member of the Illinois National Guard, or a member of the Reserve Forces of the United States is exempt from the application fee. $6 of each fee derived from the issuance of Firearm Owner's Identification Cards, or renewals thereof, shall be deposited in the Wildlife and Fish Fund in the State Treasury; $1 of the ~~such~~ fee shall be deposited in the State Police Services Fund and $3 of the ~~such~~ fee shall be deposited in the State Police Firearm Services Fund. ~~Firearm Owner's Notification Fund. Monies in the Firearm Owner's Notification Fund shall be used exclusively to pay for the cost of sending notices of expiration of Firearm Owner's Identification Cards under Section 13.2 of this Act. Excess monies in the Firearm Owner's Notification Fund shall be used to ensure the prompt and efficient processing of applications received under Section 4 of this Act.~~

(Source: P.A. 95–581, eff. 6–1–08; 96–91, eff. 7–27–09.)

<< IL ST CH 430 § 65/5.1 >>

**[S.H.A. 430 ILCS 65/5.1]** (430 ILCS 65/5.1 new)

§ 5.1. State Police Firearm Services Fund. All moneys remaining in the Firearm Owner's Notification Fund on the effective date of this amendatory Act of the 98th General Assembly shall be transferred into the State Police Firearm Services Fund, a special fund created in the State treasury, to be expended by the Department of State Police, for the purposes specified in this Act and Section 2605–595 of the Department of State Police Law of the Civil Administrative Code of Illinois.

<< IL ST CH 430 § 65/8 >>

**[S.H.A. 430 ILCS 65/8]** (430 ILCS 65/8) (from Ch. 38, par. 83–8)

(Text of Section before amendment by P.A. 97–1167)

§ 8. The Department of State Police has authority to deny an application for or to revoke and seize a Firearm Owner's Identification Card previously issued under this Act only if the Department finds that the applicant or the person to whom such card was issued is or was at the time of issuance:

REGULATION – FIREARM CONCEALED CARRY ACT, 2013 Ill.Legis. Serv. P.A....

3:10-cv-03187-SEM  #29-2  Page 58 of 96

(a) A person under 21 years of age who has been convicted of a misdemeanor other than a traffic offense or adjudged delinquent;

(b) A person under 21 years of age who does not have the written consent of his parent or guardian to acquire and possess firearms and firearm ammunition, or whose parent or guardian has revoked such written consent, or where such parent or guardian does not qualify to have a Firearm Owner's Identification Card;

(c) A person convicted of a felony under the laws of this or any other jurisdiction;

(d) A person addicted to narcotics;

(e) A person who has been a patient of a mental health facility institution  within the past 5 years or a person who has been a patient in a mental health facility more than 5 years ago who has not received the certification required under subsection (u) of this Section. An active law enforcement officer employed by a unit of government who is denied, revoked, or has his or her Firearm Owner's Identification Card seized under this subsection (e) may obtain relief as described in subsection (c–5) of Section 10 of this Act if the officer did not act in a manner threatening to the officer, another person, or the public as determined by the treating clinical psychologist or physician, and the officer seeks mental health treatment or has been adjudicated as a mental defective ;

(f) A person whose mental condition is of such a nature that it poses a clear and present danger to the applicant, any other person or persons or the community;

For the purposes of this Section, "mental condition" means a state of mind manifested by violent, suicidal, threatening or assaultive behavior.

(g) A person who is intellectually disabled;

(h) A person who intentionally makes a false statement in the Firearm Owner's Identification Card application;

(i) An alien who is unlawfully present in the United States under the laws of the United States;

(i–5) An alien who has been admitted to the United States under a non-immigrant visa (as that term is defined in Section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(26))), except that this subsection (i–5) does not apply to any alien who has been lawfully admitted to the United States under a non-immigrant visa if that alien is:

(1) admitted to the United States for lawful hunting or sporting purposes;

WestlawNext © 2013 Thomson Reuters. No claim to original U.S. Government Works.

(2) an official representative of a foreign government who is:

> (A) accredited to the United States Government or the Government's mission to an international organization having its headquarters in the United States; or

> (B) en route to or from another country to which that alien is accredited;

(3) an official of a foreign government or distinguished foreign visitor who has been so designated by the Department of State;

(4) a foreign law enforcement officer of a friendly foreign government entering the United States on official business; or

(5) one who has received a waiver from the Attorney General of the United States pursuant to 18 U.S.C. 922(y)(3);

(j) (Blank);

(k) A person who has been convicted within the past 5 years of battery, assault, aggravated assault, violation of an order of protection, or a substantially similar offense in another jurisdiction, in which a firearm was used or possessed;

(l) A person who has been convicted of domestic battery, aggravated domestic battery, or a substantially similar offense in another jurisdiction committed before, on or after January 1, 2012 (the effective date of Public Act 97–158). If the applicant or person who has been previously issued a Firearm Owner's Identification Card under this Act knowingly and intelligently waives the right to have an offense described in this paragraph (l) tried by a jury, and by guilty plea or otherwise, results in a conviction for an offense in which a domestic relationship is not a required element of the offense but in which a determination of the applicability of 18 U.S.C. 922(g)(9) is made under Section 112A–11.1 of the Code of Criminal Procedure of 1963, an entry by the court of a judgment of conviction for that offense shall be grounds for denying an application for and for revoking and seizing a Firearm Owner's Identification Card previously issued to the person under this Act;

(m) (Blank);

(n) A person who is prohibited from acquiring or possessing firearms or firearm ammunition by any Illinois State statute or by federal law;

(o) A minor subject to a petition filed under Section 5–520 of the Juvenile Court Act of 1987 alleging that the minor is a delinquent minor for the commission of an offense that if committed by an adult would be a felony;

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM #: 29-2 Page 60 of 96

(p) An adult who had been adjudicated a delinquent minor under the Juvenile Court Act of 1987 for the commission of an offense that if committed by an adult would be a felony; or

(q) A person who is not a resident of the State of Illinois, except as provided in subsection (a–10) of Section 4;.

(r) A person who has been adjudicated as a mentally disabled person;

(s) A person who has been found to be developmentally disabled;

(t) A person involuntarily admitted into a mental health facility;

(u) A person who has had his or her Firearm Owner's Identification Card revoked or denied under subsection (e) of this Section or item (iv) of Section 4 of this Act because he or she was a patient in a mental health facility as provided in item (2) of subsection (e) of this Section, shall not be permitted to obtain a Firearm Owner's Identification Card, after the 5 year period has lapsed, unless he or she has received a mental health evaluation by a physician, clinical psychologist, or qualified examiner as those terms are defined in the Mental Health and Developmental Disabilities Code, and has received a certification that he or she is not a clear and present danger to himself, herself, or others. The physician, clinical psychologist, or qualified examiner making the certification and his or her employer shall not be held criminally, civilly, or professionally liable for making or not making the certification required under this subsection, except for willful or wanton misconduct. This subsection does not apply to a person whose firearm possession rights have been restored through administrative or judicial action under Section 10 or 11 of this Act; or

(v) Upon revocation of a person's Firearm Owner's Identification Card, the Department of State Police shall provide notice to the person and the person shall comply with Section 9.5 of this Act.

(Source: P.A. 96–701, eff. 1–1–10; 97–158, eff. 1–1–12; 97–227, eff. 1–1–12; 97–813, eff. 7–13–12; 97–1131, eff. 1–1–13.)

<< IL ST CH 430 § 65/8 >>

**[S.H.A. 430 ILCS 65/8]** (430 ILCS 65/8) (from Ch. 38, par. 83–8)

(Text of Section after amendment by P.A. 97–1167)

REGULATION - FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM    # 29-2    Page 61 of 96

§ 8. The Department of State Police has authority to deny an application for or to revoke and seize a Firearm Owner's Identification Card previously issued under this Act only if the Department finds that the applicant or the person to whom such card was issued is or was at the time of issuance:

(a) A person under 21 years of age who has been convicted of a misdemeanor other than a traffic offense or adjudged delinquent;

(b) A person under 21 years of age who does not have the written consent of his parent or guardian to acquire and possess firearms and firearm ammunition, or whose parent or guardian has revoked such written consent, or where such parent or guardian does not qualify to have a Firearm Owner's Identification Card;

(c) A person convicted of a felony under the laws of this or any other jurisdiction;

(d) A person addicted to narcotics;

(e) A person who has been a patient of a mental health facility institution  within the past 5 years or a person who has been a patient in a mental health facility more than 5 years ago who has not received the certification required under subsection (u) of this Section. An active law enforcement officer employed by a unit of government who is denied, revoked, or has his or her Firearm Owner's Identification Card seized under this subsection (e) may obtain relief as described in subsection (c–5) of Section 10 of this Act if the officer did not act in a manner threatening to the officer, another person, or the public as determined by the treating clinical psychologist or physician, and the officer seeks mental health treatment;

(f) A person whose mental condition is of such a nature that it poses a clear and present danger to the applicant, any other person or persons or the community;

For the purposes of this Section, "mental condition" means a state of mind manifested by violent, suicidal, threatening or assaultive behavior.

(g) A person who is intellectually disabled;

(h) A person who intentionally makes a false statement in the Firearm Owner's Identification Card application;

(i) An alien who is unlawfully present in the United States under the laws of the United States;

(i–5) An alien who has been admitted to the United States under a non-immigrant visa (as that term is defined in Section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. 1101(a)

(26))), except that this subsection (i–5) does not apply to any alien who has been lawfully admitted to the United States under a non-immigrant visa if that alien is:

(1) admitted to the United States for lawful hunting or sporting purposes;

(2) an official representative of a foreign government who is:

(A) accredited to the United States Government or the Government's mission to an international organization having its headquarters in the United States; or

(B) en route to or from another country to which that alien is accredited;

(3) an official of a foreign government or distinguished foreign visitor who has been so designated by the Department of State;

(4) a foreign law enforcement officer of a friendly foreign government entering the United States on official business; or

(5) one who has received a waiver from the Attorney General of the United States pursuant to 18 U.S.C. 922(y)(3);

(j) (Blank);

(k) A person who has been convicted within the past 5 years of battery, assault, aggravated assault, violation of an order of protection, or a substantially similar offense in another jurisdiction, in which a firearm was used or possessed;

(l) A person who has been convicted of domestic battery, aggravated domestic battery, or a substantially similar offense in another jurisdiction committed before, on or after January 1, 2012 (the effective date of Public Act 97–158). If the applicant or person who has been previously issued a Firearm Owner's Identification Card under this Act knowingly and intelligently waives the right to have an offense described in this paragraph (l) tried by a jury, and by guilty plea or otherwise, results in a conviction for an offense in which a domestic relationship is not a required element of the offense but in which a determination of the applicability of 18 U.S.C. 922(g)(9) is made under Section 112A–11.1 of the Code of Criminal Procedure of 1963, an entry by the court of a judgment of conviction for that offense shall be grounds for denying an application for and for revoking and seizing a Firearm Owner's Identification Card previously issued to the person under this Act;

(m) (Blank);

(n) A person who is prohibited from acquiring or possessing firearms or firearm ammunition by any Illinois State statute or by federal law;

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM #29-2 Page 63 of 96

(o) A minor subject to a petition filed under Section 5–520 of the Juvenile Court Act of 1987 alleging that the minor is a delinquent minor for the commission of an offense that if committed by an adult would be a felony;

(p) An adult who had been adjudicated a delinquent minor under the Juvenile Court Act of 1987 for the commission of an offense that if committed by an adult would be a felony;

(q) A person who is not a resident of the State of Illinois, except as provided in subsection (a–10) of Section 4; or

(r) A person who has been adjudicated as a mentally disabled person; mental defective.

(s) A person who has been found to be developmentally disabled;

(t) A person involuntarily admitted into a mental health facility;

(u) A person who has had his or her Firearm Owner's Identification Card revoked or denied under subsection (e) of this Section or item (iv) of Section 4 of this Act because he or she was a patient in a mental health facility as provided in item (2) of subsection (e) of this Section, shall not be permitted to obtain a Firearm Owner's Identification Card, after the 5 year period has lapsed, unless he or she has received a mental health evaluation by a physician, clinical psychologist, or qualified examiner as those terms are defined in the Mental Health and Developmental Disabilities Code, and has received a certification that he or she is not a clear and present danger to himself, herself, or others. The physician, clinical psychologist, or qualified examiner making the certification and his or her employer shall not be held criminally, civilly, or professionally liable for making or not making the certification required under this subsection, except for willful or wanton misconduct. This subsection does not apply to a person whose firearm possession rights have been restored through administrative or judicial action under Section 10 or 11 of this Act; or

(v) Upon revocation of a person's Firearm Owner's Identification Card, the Department of State Police shall provide notice to the person and the person shall comply with Section 9.5 of this Act.

(Source: P.A. 96–701, eff. 1–1–10; 97–158, eff. 1–1–12; 97–227, eff. 1–1–12; 97–813, eff. 7–13–12; 97–1131, eff. 1–1–13; 97–1167, eff. 6–1–13.)

<< IL ST CH 430 § 65/8.1 >>

**[S.H.A. 430 ILCS 65/8.1]** (430 ILCS 65/8.1) (from Ch. 38, par. 83–8.1)

REGULATION - FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM  #29-2  Page 64 of 96

§ 8.1. Notifications to the Circuit Clerk to notify  Department of State Police.

(a) The Circuit Clerk shall, in the form and manner required by the Supreme Court, notify the Department of State Police of all final dispositions of cases for which the Department has received information reported to it under Sections 2.1 and 2.2 of the Criminal Identification Act.

(b) Upon adjudication of any individual as a mentally disabled person mental defective,  as defined in Section 1.1 of this Act or a finding that a person has been involuntarily admitted or as provided in paragraph (3.5) of subsection (c) of Section 104-26 of the Code of Criminal Procedure of 1963 , the court shall direct the circuit court clerk to immediately notify the Department of State Police, Firearm Owner's Identification (FOID) department, and shall forward a copy of the court order to the Department.

(c) The Department of Human Services shall, in the form and manner prescribed by the Department of State Police, report all information collected under subsection (b) of Section 12 of the Mental Health and Developmental Disabilities Confidentiality Act for the purpose of determining whether a person who may be or may have been a patient in a mental health facility is disqualified under State or federal law from receiving or retaining a Firearm Owner's Identification Card, or purchasing a weapon.

(d) If a person is determined to pose a clear and present danger to himself, herself, or to others by a physician, clinical psychologist, qualified examiner, law enforcement official, or school administrator, or is determined to be developmentally disabled by a physician, clinical psychologist, or qualified examiner, whether employed by the State or by a private mental health facility, then the physician, clinical psychologist, or qualified examiner shall, within 24 hours of making the determination, notify the Department of Human Services that the person poses a clear and present danger. The Department of Human Services shall immediately update its records and information relating to mental health and developmental disabilities, and if appropriate, shall notify the Department of State Police in a form and manner prescribed by the Department of State Police. The Department of State Police shall determine whether to revoke the person's Firearm Owner's Identification Card under Section 8 of this Act. Any information disclosed under this subsection shall remain privileged and confidential, and shall not be redisclosed, except as required under subsection (e) of Section 3.1 of this Act, nor used for any other purpose. The method of providing this information shall guarantee that the information is not released beyond what is necessary for the purpose of this Section and shall be provided by rule by the Department of Human Services. The identity of the person reporting under this Section shall not be disclosed to the subject of the report. The physician, clinical psychologist, qualified examiner, law enforcement official, or school administrator making the determination and his or her employer shall not be held criminally, civilly, or professionally liable for making or not making the notification required under this subsection, except for willful or wanton misconduct.

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM #29-2 Page 65 of 96

(e) The Department of State Police shall adopt rules to implement this Section.

(Source: P.A. 97–1131, eff. 1–1–13.)

<< IL ST CH 430 § 65/9 >>

**[S.H.A. 430 ILCS 65/9]** (430 ILCS 65/9) (from Ch. 38, par. 83–9)

§ 9. Every person whose application for a Firearm Owner's Identification Card is denied, and every holder of such a Card whose Card is revoked or seized, shall receive a written notice from the Department of State Police stating specifically the grounds upon which his application has been denied or upon which his Identification Card has been revoked. The written notice shall include the requirements of Section 9.5 of this Act and the persons's right to administrative or judicial review under Section 10 and 11 of this Act. A copy of the written notice shall be provided to the sheriff and law enforcement agency where the person resides.

(Source: P.A. 97–1131, eff. 1–1–13.)

<< IL ST CH 430 § 65/9.5 >>

**[S.H.A. 430 ILCS 65/9.5]** (430 ILCS 65/9.5 new)

§ 9.5. Revocation of Firearm Owner's Identification Card.

(a) A person who receives a revocation notice under Section 9 of this Act shall, within 48 hours of receiving notice of the revocation:

(1) surrender his or her Firearm Owner's Identification Card to the local law enforcement agency where the person resides. The local law enforcement agency shall provide the person a receipt and transmit the Firearm Owner's Identification Card to the Department of State Police; and

(2) complete a Firearm Disposition Record on a form prescribed by the Department of State Police and place his or her firearms in the location or with the person reported in the Firearm Disposition Record. The form shall require the person to disclose:

(A) the make, model, and serial number of each firearm owned by or under the custody and control of the revoked person;

(B) the location where each firearm will be maintained during the prohibited term; and

(C) if any firearm will be transferred to the custody of another person, the name, address and Firearm Owner's Identification Card number of the transferee.

(b) The local law enforcement agency shall provide a copy of the Firearm Disposition Record to the person whose Firearm Owner's Identification Card has been revoked and to the Department of State Police.

(c) If the person whose Firearm Owner's Identification Card has been revoked fails to comply with the requirements of this Section, the sheriff or law enforcement agency where the person resides may petition the circuit court to issue a warrant to search for and seize the Firearm Owner's Identification Card and firearms in the possession or under the custody or control of the person whose Firearm Owner's Identification Card has been revoked.

(d) A violation of subsection (a) of this Section is a Class A misdemeanor.

(e) The observation of a Firearm Owner's Identification Card in the possession of a person whose Firearm Owner's Identification Card has been revoked constitutes a sufficient basis for the arrest of that person for violation of this Section.

(f) Within 30 days after the effective date of this amendatory Act of the 98th General Assembly, the Department of State Police shall provide written notice of the requirements of this Section to persons whose Firearm Owner's Identification Cards have been revoked, suspended, or expired and who have failed to surrender their cards to the Department.

(g) A person whose Firearm Owner's Identification Card has been revoked and who received notice under subsection (f) shall comply with the requirements of this Section within 48 hours of receiving notice.

<< IL ST CH 430 § 65/10 >>

**[S.H.A. 430 ILCS 65/10]** (430 ILCS 65/10) (from Ch. 38, par. 83–10)

(Text of Section before amendment by P.A. 97–1167)

§ 10. Appeal to director; hearing; relief from firearm prohibitions.

(a) Whenever an application for a Firearm Owner's Identification Card is denied, whenever the Department fails to act on an application within 30 days of its receipt, or whenever such a Card is revoked or seized as provided for in Section 8 of this Act, the aggrieved party may appeal to the

3:10-cv-03187-SEM #29-2 Page 67 of 96

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

Director of State Police for a hearing upon such denial, revocation or seizure, unless the denial, revocation, or seizure was based upon a forcible felony, stalking, aggravated stalking, domestic battery, any violation of the Illinois Controlled Substances Act, the Methamphetamine Control and Community Protection Act, or the Cannabis Control Act that is classified as a Class 2 or greater felony, any felony violation of Article 24 of the Criminal Code of 1961 or the Criminal Code of 2012, or any adjudication as a delinquent minor for the commission of an offense that if committed by an adult would be a felony, in which case the aggrieved party may petition the circuit court in writing in the county of his or her residence for a hearing upon such denial, revocation, or seizure.

(b) At least 30 days before any hearing in the circuit court, the petitioner shall serve the relevant State's Attorney with a copy of the petition. The State's Attorney may object to the petition and present evidence. At the hearing the court shall determine whether substantial justice has been done. Should the court determine that substantial justice has not been done, the court shall issue an order directing the Department of State Police to issue a Card. However, the court shall not issue the order if the petitioner is otherwise prohibited from obtaining, possessing, or using a firearm under federal law.

(c) Any person prohibited from possessing a firearm under Sections 24–1.1 or 24–3.1 of the Criminal Code of 2012 or acquiring a Firearm Owner's Identification Card under Section 8 of this Act may apply to the Director of State Police or petition the circuit court in the county where the petitioner resides, whichever is applicable in accordance with subsection (a) of this Section, requesting relief from such prohibition and the Director or court may grant such relief if it is established by the applicant to the court's or Director's satisfaction that:

(0.05) when in the circuit court, the State's Attorney has been served with a written copy of the petition at least 30 days before any such hearing in the circuit court and at the hearing the State's Attorney was afforded an opportunity to present evidence and object to the petition;

(1) the applicant has not been convicted of a forcible felony under the laws of this State or any other jurisdiction within 20 years of the applicant's application for a Firearm Owner's Identification Card, or at least 20 years have passed since the end of any period of imprisonment imposed in relation to that conviction;

(2) the circumstances regarding a criminal conviction, where applicable, the applicant's criminal history and his reputation are such that the applicant will not be likely to act in a manner dangerous to public safety;

(3) granting relief would not be contrary to the public interest; and

(4) granting relief would not be contrary to federal law.

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM  #29-2  Page 68 of 96

(c–5)(1) An active law enforcement officer employed by a unit of government, who is denied, revoked, or has his or her Firearm Owner's Identification Card seized under subsection (e) of Section 8 of this Act may apply to the Director of State Police requesting relief if the officer did not act in a manner threatening to the officer, another person, or the public as determined by the treating clinical psychologist or physician, and as a result of his or her work is referred by the employer for or voluntarily seeks mental health evaluation or treatment by a licensed clinical psychologist, psychiatrist, or qualified examiner, and:

> (A) the officer has not received treatment involuntarily at a mental health facility, regardless of the length of admission; or has not been voluntarily admitted to a mental health facility for more than 30 days and not for more than one incident within the past 5 years; and

> (B) the officer has not left the mental institution against medical advice.

(2) The Director of State Police shall grant expedited relief to active law enforcement officers described in paragraph (1) of this subsection (c–5) upon a determination by the Director that the officer's possession of a firearm does not present a threat to themselves, others, or public safety. The Director shall act on the request for relief within 30 business days of receipt of:

> (A) a notarized statement from the officer in the form prescribed by the Director detailing the circumstances that led to the hospitalization;

> (B) all documentation regarding the admission, evaluation, treatment and discharge from the treating licensed clinical psychologist or psychiatrist of the officer;

> (C) a psychological fitness for duty evaluation of the person completed after the time of discharge; and

> (D) written confirmation in the form prescribed by the Director from the treating licensed clinical psychologist or psychiatrist that the provisions set forth in paragraph (1) of this subsection (c–5) have been met, the person successfully completed treatment, and their professional opinion regarding the person's ability to possess firearms.

(3) Officers eligible for the expedited relief in paragraph (2) of this subsection (c–5) have the burden of proof on eligibility and must provide all information required. The Director may not consider granting expedited relief until the proof and information is received.

(4) "Clinical psychologist", "psychiatrist", and "qualified examiner" shall have the same meaning as provided in Chapter 1 of the Mental Health and Developmental Disabilities Code.

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM #: 29-2 Page 69 of 96

(d) When a minor is adjudicated delinquent for an offense which if committed by an adult would be a felony, the court shall notify the Department of State Police.

(e) The court shall review the denial of an application or the revocation of a Firearm Owner's Identification Card of a person who has been adjudicated delinquent for an offense that if committed by an adult would be a felony if an application for relief has been filed at least 10 years after the adjudication of delinquency and the court determines that the applicant should be granted relief from disability to obtain a Firearm Owner's Identification Card. If the court grants relief, the court shall notify the Department of State Police that the disability has been removed and that the applicant is eligible to obtain a Firearm Owner's Identification Card.

(f) Any person who is subject to the disabilities of 18 U.S.C. 922(d)(4) and 922(g)(4) of the federal Gun Control Act of 1968 because of an adjudication or commitment that occurred under the laws of this State or who was determined to be subject to the provisions of subsections (e), (f), or (g) of Section 8 of this Act may apply to the Department of State Police requesting relief from that prohibition. The Director shall grant the relief if it is established by a preponderance of the evidence that the person will not be likely to act in a manner dangerous to public safety and that granting relief would not be contrary to the public interest. In making this determination, the Director shall receive evidence concerning (i) the circumstances regarding the firearms disabilities from which relief is sought; (ii) the petitioner's mental health and criminal history records, if any; (iii) the petitioner's reputation, developed at a minimum through character witness statements, testimony, or other character evidence; and (iv) changes in the petitioner's condition or circumstances since the disqualifying events relevant to the relief sought. If relief is granted under this subsection or by order of a court under this Section, the Director shall as soon as practicable but in no case later than 15 business days, update, correct, modify, or remove the person's record in any database that the Department of State Police makes available to the National Instant Criminal Background Check System and notify the United States Attorney General that the basis for the record being made available no longer applies. The Department of State Police shall adopt rules for the administration of this Section subsection (f) .

(Source: P.A. 96–1368, eff. 7–28–10; 97–1131, eff. 1–1–13; 97–1150, eff. 1–25–13.)

<< IL ST CH 430 § 65/10 >>

**[S.H.A. 430 ILCS 65/10]** (430 ILCS 65/10) (from Ch. 38, par. 83–10)

(Text of Section after amendment by P.A. 97–1167)

§ 10. Appeal to director; hearing; relief from firearm prohibitions.

(a) Whenever an application for a Firearm Owner's Identification Card is denied, whenever the Department fails to act on an application within 30 days of its receipt, or whenever such a Card is revoked or seized as provided for in Section 8 of this Act, the aggrieved party may appeal to the Director of State Police for a hearing upon such denial, revocation or seizure, unless the denial, revocation, or seizure was based upon a forcible felony, stalking, aggravated stalking, domestic battery, any violation of the Illinois Controlled Substances Act, the Methamphetamine Control and Community Protection Act, or the Cannabis Control Act that is classified as a Class 2 or greater felony, any felony violation of Article 24 of the Criminal Code of 1961 or the Criminal Code of 2012, or any adjudication as a delinquent minor for the commission of an offense that if committed by an adult would be a felony, in which case the aggrieved party may petition the circuit court in writing in the county of his or her residence for a hearing upon such denial, revocation, or seizure.

(b) At least 30 days before any hearing in the circuit court, the petitioner shall serve the relevant State's Attorney with a copy of the petition. The State's Attorney may object to the petition and present evidence. At the hearing the court shall determine whether substantial justice has been done. Should the court determine that substantial justice has not been done, the court shall issue an order directing the Department of State Police to issue a Card. However, the court shall not issue the order if the petitioner is otherwise prohibited from obtaining, possessing, or using a firearm under federal law.

(c) Any person prohibited from possessing a firearm under Sections 24–1.1 or 24–3.1 of the Criminal Code of 2012 or acquiring a Firearm Owner's Identification Card under Section 8 of this Act may apply to the Director of State Police or petition the circuit court in the county where the petitioner resides, whichever is applicable in accordance with subsection (a) of this Section, requesting relief from such prohibition and the Director or court may grant such relief if it is established by the applicant to the court's or Director's satisfaction that:

(0.05) when in the circuit court, the State's Attorney has been served with a written copy of the petition at least 30 days before any such hearing in the circuit court and at the hearing the State's Attorney was afforded an opportunity to present evidence and object to the petition;

(1) the applicant has not been convicted of a forcible felony under the laws of this State or any other jurisdiction within 20 years of the applicant's application for a Firearm Owner's Identification Card, or at least 20 years have passed since the end of any period of imprisonment imposed in relation to that conviction;

(2) the circumstances regarding a criminal conviction, where applicable, the applicant's criminal history and his reputation are such that the applicant will not be likely to act in a manner dangerous to public safety;

(3) granting relief would not be contrary to the public interest; and

(4) granting relief would not be contrary to federal law.

(c–5)(1) An active law enforcement officer employed by a unit of government, who is denied, revoked, or has his or her Firearm Owner's Identification Card seized under subsection (e) of Section 8 of this Act may apply to the Director of State Police requesting relief if the officer did not act in a manner threatening to the officer, another person, or the public as determined by the treating clinical psychologist or physician, and as a result of his or her work is referred by the employer for or voluntarily seeks mental health evaluation or treatment by a licensed clinical psychologist, psychiatrist, or qualified examiner, and:

> (A) the officer has not received treatment involuntarily at a mental health facility institution , regardless of the length of admission; or has not been voluntarily admitted to a mental health facility institution for more than 30 days and not for more than one incident within the past 5 years; and

> (B) the officer has not left the mental institution against medical advice.

(2) The Director of State Police shall grant expedited relief to active law enforcement officers described in paragraph (1) of this subsection (c–5) upon a determination by the Director that the officer's possession of a firearm does not present a threat to themselves, others, or public safety. The Director shall act on the request for relief within 30 business days of receipt of:

> (A) a notarized statement from the officer in the form prescribed by the Director detailing the circumstances that led to the hospitalization;

> (B) all documentation regarding the admission, evaluation, treatment and discharge from the treating licensed clinical psychologist or psychiatrist of the officer;

> (C) a psychological fitness for duty evaluation of the person completed after the time of discharge; and

> (D) written confirmation in the form prescribed by the Director from the treating licensed clinical psychologist or psychiatrist that the provisions set forth in paragraph (1) of this subsection (c–5) have been met, the person successfully completed treatment, and their professional opinion regarding the person's ability to possess firearms.

(3) Officers eligible for the expedited relief in paragraph (2) of this subsection (c–5) have the burden of proof on eligibility and must provide all information required. The Director may not consider granting expedited relief until the proof and information is received.

(4) "Clinical psychologist", "psychiatrist", and "qualified examiner" shall have the same meaning as provided in Chapter 1 of the Mental Health and Developmental Disabilities Code.

(d) When a minor is adjudicated delinquent for an offense which if committed by an adult would be a felony, the court shall notify the Department of State Police.

(e) The court shall review the denial of an application or the revocation of a Firearm Owner's Identification Card of a person who has been adjudicated delinquent for an offense that if committed by an adult would be a felony if an application for relief has been filed at least 10 years after the adjudication of delinquency and the court determines that the applicant should be granted relief from disability to obtain a Firearm Owner's Identification Card. If the court grants relief, the court shall notify the Department of State Police that the disability has been removed and that the applicant is eligible to obtain a Firearm Owner's Identification Card.

(f) Any person who is subject to the disabilities of 18 U.S.C. 922(d)(4) and 922(g)(4) of the federal Gun Control Act of 1968 because of an adjudication or commitment that occurred under the laws of this State or who was determined to be subject to the provisions of subsections (e), (f), or (g) of Section 8 of this Act may apply to the Department of State Police requesting relief from that prohibition. The Director shall grant the relief if it is established by a preponderance of the evidence that the person will not be likely to act in a manner dangerous to public safety and that granting relief would not be contrary to the public interest. In making this determination, the Director shall receive evidence concerning (i) the circumstances regarding the firearms disabilities from which relief is sought; (ii) the petitioner's mental health and criminal history records, if any; (iii) the petitioner's reputation, developed at a minimum through character witness statements, testimony, or other character evidence; and (iv) changes in the petitioner's condition or circumstances since the disqualifying events relevant to the relief sought. If relief is granted under this subsection or by order of a court under this Section, the Director shall as soon as practicable but in no case later than 15 business days, update, correct, modify, or remove the person's record in any database that the Department of State Police makes available to the National Instant Criminal Background Check System and notify the United States Attorney General that the basis for the record being made available no longer applies. The Department of State Police shall adopt rules for the administration of this Section subsection (f) .

(Source: P.A. 96–1368, eff. 7–28–10; 97–1131, eff. 1–1–13; 97–1150, eff. 1–25–13; 97–1167, eff. 6–1–13.)

<< IL ST CH 430 § 65/13.1 >>

**[S.H.A. 430 ILCS 65/13.1]** (430 ILCS 65/13.1) (from Ch. 38, par. 83–13.1)

§ 13.1. Preemption.

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM  #29-2  Page 73 of 96

(a) Except as otherwise provided in the Firearm Concealed Carry Act and subsections (b) and (c) of this Section, the ~~The~~  provisions of any ordinance enacted by any municipality which requires registration or imposes greater restrictions or limitations on the acquisition, possession and transfer of firearms than are imposed by this Act, are not invalidated or affected by this Act.

(b) Notwithstanding subsection (a) of this Section, the regulation, licensing, possession, and registration of handguns and ammunition for a handgun, and the transportation of any firearm and ammunition by a holder of a valid Firearm Owner's Identification Card issued by the Department of State Police under this Act are exclusive powers and functions of this State. Any ordinance or regulation, or portion of that ordinance or regulation, enacted on or before the effective date of this amendatory Act of the 98th General Assembly that purports to impose regulations or restrictions on a holder of a valid Firearm Owner's Identification Card issued by the Department of State Police under this Act in a manner that is inconsistent with this Act, on the effective date of this amendatory Act of the 98th General Assembly, shall be invalid in its application to a holder of a valid Firearm Owner's Identification Card issued by the Department of State Police under this Act.

(c) Notwithstanding subsection (a) of this Section, the regulation of the possession or ownership of assault weapons are exclusive powers and functions of this State. Any ordinance or regulation, or portion of that ordinance or regulation, that purports to regulate the possession or ownership of assault weapons in a manner that is inconsistent with this Act, shall be invalid unless the ordinance or regulation is enacted on, before, or within 10 days after the effective date of this amendatory Act of the 98th General Assembly. Any ordinance or regulation described in this subsection (c) enacted more than 10 days after the effective date of this amendatory Act of the 98th General Assembly is invalid. An ordinance enacted on, before, or within 10 days after the effective date of this amendatory Act of the 98th General Assembly may be amended. The enactment or amendment of ordinances under this subsection (c) are subject to the submission requirements of Section 13.3. For the purposes of this subsection, "assault weapons" means firearms designated by either make or model or by a test or list of cosmetic features that cumulatively would place the firearm into a definition of "assault weapon" under the ordinance.

(d) For the purposes of this Section, "handgun" has the meaning ascribed to it in Section 5 of the Firearm Concealed Carry Act.

(e) This Section is a denial and limitation of home rule powers and functions under subsection (h) of Section 6 of Article VII of the Illinois Constitution.

(Source: P.A. 76–1939.)

<< IL ST CH 430 § 65/13.2 >>

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

2:10-cv-03187-SEM-#-29-2 Page 74 of 96

**[S.H.A. 430 ILCS 65/13.2]** (430 ILCS 65/13.2) (from Ch. 38, par. 83–13.2)

§ 13.2. The Department of State Police shall, 60 days prior to the expiration of a Firearm Owner's Identification Card, forward by first class mail to each person whose card is to expire a notification of the expiration of the card and an application which may be used to apply for renewal of the card. It is the obligation of the holder of a Firearm Owner's Identification Card to notify the Department of State Police of any address change since the issuance of the Firearm Owner's Identification Card. Whenever any person moves from the residence address named on his or her card, the person shall within 21 calendar days thereafter notify in a form and manner prescribed by the Department of his or her old and new residence addresses and the card number held by him or her. Any person whose legal name has changed from the name on the card that he or she has been previously issued must apply for a corrected card within 30 calendar days after the change. The cost for a corrected card shall be $5 which shall be deposited into the State Police Firearm Services Fund ~~Firearm Owner's Notification Fund~~ .

(Source: P.A. 97–1131, eff. 1–1–13.)

Section 155. The Criminal Code of 2012 is amended by changing Sections 24–1.6 and 24–2 as follows:

<< IL ST CH 720 § 5/24–1.6 >>

**[S.H.A. 720 ILCS 5/24–1.6]** (720 ILCS 5/24–1.6)

§ 24–1.6. Aggravated unlawful use of a weapon.

(a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:

(1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; or

(2) Carries or possesses on or about his or her person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his or her own land or in his or her own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; and

(3) One of the following factors is present:

(A) the firearm, other than a pistol, revolver, or handgun, possessed was uncased, loaded, and immediately accessible at the time of the offense; or

(A–5) the pistol, revolver, or handgun possessed was uncased, loaded, and immediately accessible at the time of the offense and the person possessing the pistol, revolver, or handgun has not been issued a currently valid license under the Firearm Concealed Carry Act; or

(B) the firearm, other than a pistol, revolver, or handgun, possessed was uncased, unloaded, and the ammunition for the weapon was immediately accessible at the time of the offense; or

(B–5) the pistol, revolver, or handgun possessed was uncased, unloaded, and the ammunition for the weapon was immediately accessible at the time of the offense and the person possessing the pistol, revolver, or handgun has not been issued a currently valid license under the Firearm Concealed Carry Act; or

(C) the person possessing the firearm has not been issued a currently valid Firearm Owner's Identification Card; or

(D) the person possessing the weapon was previously adjudicated a delinquent minor under the Juvenile Court Act of 1987 for an act that if committed by an adult would be a felony; or

(E) the person possessing the weapon was engaged in a misdemeanor violation of the Cannabis Control Act, in a misdemeanor violation of the Illinois Controlled Substances Act, or in a misdemeanor violation of the Methamphetamine Control and Community Protection Act; or

(F) (blank); or

(G) the person possessing the weapon had a order of protection issued against him or her within the previous 2 years; or

(H) the person possessing the weapon was engaged in the commission or attempted commission of a misdemeanor involving the use or threat of violence against the person or property of another; or

(I) the person possessing the weapon was under 21 years of age and in possession of a handgun as defined in Section 24–3 , unless the person under 21 is engaged in lawful activities under the Wildlife Code or described in subsection 24–2(b)(1), (b)(3), or 24–2(f).

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-02187-SEM #29-2 Page 76 of 96

(a–5) "Handgun" as used in this Section has the meaning given to it in Section 5 of the Firearm Concealed Carry Act.

(b) "Stun gun or taser" as used in this Section has the same definition given to it in Section 24–1 of this Code.

(c) This Section does not apply to or affect the transportation or possession of weapons that:

    (i) are broken down in a non-functioning state; or

    (ii) are not immediately accessible; or

    (iii) are unloaded and enclosed in a case, firearm carrying box, shipping box, or other container by a person who has been issued a currently valid Firearm Owner's Identification Card.

(d) Sentence.

(1) Aggravated unlawful use of a weapon is a Class 4 felony; a second or subsequent offense is a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 7 years.

(2) Except as otherwise provided in paragraphs (3) and (4) of this subsection (d), a first offense of aggravated unlawful use of a weapon committed with a firearm by a person 18 years of age or older where the factors listed in both items (A) and (C) or both items (A–5) and (C) of paragraph (3) of subsection (a) are present is a Class 4 felony, for which the person shall be sentenced to a term of imprisonment of not less than one year and not more than 3 years.

(3) Aggravated unlawful use of a weapon by a person who has been previously convicted of a felony in this State or another jurisdiction is a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 7 years.

(4) Aggravated unlawful use of a weapon while wearing or in possession of body armor as defined in Section 33F–1 by a person who has not been issued a valid Firearms Owner's Identification Card in accordance with Section 5 of the Firearm Owners Identification Card Act is a Class X felony.

(e) The possession of each firearm in violation of this Section constitutes a single and separate violation.

3:10-cv-03187-SEM #:29-2 Page 77 of 96

(Source: P.A. 95–331, eff. 8–21–07; 96–742, eff. 8–25–09; 96–829, eff. 12–3–09; 96–1107, eff. 1–1–11.)

<< IL ST CH 720 § 5/24–2 >>

**[S.H.A. 720 ILCS 5/24–2]** (720 ILCS 5/24–2)

§ 24–2. Exemptions.

(a) Subsections 24–1(a)(3), 24–1(a)(4), 24–1(a)(10), and 24–1(a)(13) and Section 24–1.6 do not apply to or affect any of the following:

(1) Peace officers, and any person summoned by a peace officer to assist in making arrests or preserving the peace, while actually engaged in assisting such officer.

(2) Wardens, superintendents and keepers of prisons, penitentiaries, jails and other institutions for the detention of persons accused or convicted of an offense, while in the performance of their official duty, or while commuting between their homes and places of employment.

(3) Members of the Armed Services or Reserve Forces of the United States or the Illinois National Guard or the Reserve Officers Training Corps, while in the performance of their official duty.

(4) Special agents employed by a railroad or a public utility to perform police functions, and guards of armored car companies, while actually engaged in the performance of the duties of their employment or commuting between their homes and places of employment; and watchmen while actually engaged in the performance of the duties of their employment.

(5) Persons licensed as private security contractors, private detectives, or private alarm contractors, or employed by an agency certified by the Department of Financial and Professional Regulation, if their duties include the carrying of a weapon under the provisions of the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004, while actually engaged in the performance of the duties of their employment or commuting between their homes and places of employment, provided that such commuting is accomplished within one hour from departure from home or place of employment, as the case may be. A person shall be considered eligible for this exemption if he or she has completed the required 20 hours of training for a private security contractor, private detective, or private alarm contractor, or employee of a licensed agency and 20 hours of required firearm training, and has been issued a firearm control card by the Department of Financial and Professional Regulation. Conditions for the renewal of firearm control cards issued under the provisions of this Section shall be the same as for those cards issued under the provisions of the Private Detective, Private Alarm,

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM # 29-2 Page 78 of 96

Private Security, Fingerprint Vendor, and Locksmith Act of 2004. The firearm control card shall be carried by the private security contractor, private detective, or private alarm contractor, or employee of the licensed agency at all times when he or she is in possession of a concealable weapon.

(6) Any person regularly employed in a commercial or industrial operation as a security guard for the protection of persons employed and private property related to such commercial or industrial operation, while actually engaged in the performance of his or her duty or traveling between sites or properties belonging to the employer, and who, as a security guard, is a member of a security force of at least 5 persons registered with the Department of Financial and Professional Regulation; provided that such security guard has successfully completed a course of study, approved by and supervised by the Department of Financial and Professional Regulation, consisting of not less than 40 hours of training that includes the theory of law enforcement, liability for acts, and the handling of weapons. A person shall be considered eligible for this exemption if he or she has completed the required 20 hours of training for a security officer and 20 hours of required firearm training, and has been issued a firearm control card by the Department of Financial and Professional Regulation. Conditions for the renewal of firearm control cards issued under the provisions of this Section shall be the same as for those cards issued under the provisions of the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004. The firearm control card shall be carried by the security guard at all times when he or she is in possession of a concealable weapon.

(7) Agents and investigators of the Illinois Legislative Investigating Commission authorized by the Commission to carry the weapons specified in subsections 24–1(a)(3) and 24–1(a)(4), while on duty in the course of any investigation for the Commission.

(8) Persons employed by a financial institution for the protection of other employees and property related to such financial institution, while actually engaged in the performance of their duties, commuting between their homes and places of employment, or traveling between sites or properties owned or operated by such financial institution, provided that any person so employed has successfully completed a course of study, approved by and supervised by the Department of Financial and Professional Regulation, consisting of not less than 40 hours of training which includes theory of law enforcement, liability for acts, and the handling of weapons. A person shall be considered to be eligible for this exemption if he or she has completed the required 20 hours of training for a security officer and 20 hours of required firearm training, and has been issued a firearm control card by the Department of Financial and Professional Regulation. Conditions for renewal of firearm control cards issued under the provisions of this Section shall be the same as for those issued under the provisions of the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004. Such firearm control card shall be carried by the person so trained at all times when such person is in possession of

WestlawNext © 2013 Thomson Reuters. No claim to original U.S. Government Works.

REGULATION - FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM #29-2 Page 79 of 96

a concealable weapon. For purposes of this subsection, "financial institution" means a bank, savings and loan association, credit union or company providing armored car services.

(9) Any person employed by an armored car company to drive an armored car, while actually engaged in the performance of his duties.

(10) Persons who have been classified as peace officers pursuant to the Peace Officer Fire Investigation Act.

(11) Investigators of the Office of the State's Attorneys Appellate Prosecutor authorized by the board of governors of the Office of the State's Attorneys Appellate Prosecutor to carry weapons pursuant to Section 7.06 of the State's Attorneys Appellate Prosecutor's Act.

(12) Special investigators appointed by a State's Attorney under Section 3–9005 of the Counties Code.

(12.5) Probation officers while in the performance of their duties, or while commuting between their homes, places of employment or specific locations that are part of their assigned duties, with the consent of the chief judge of the circuit for which they are employed.

(13) Court Security Officers while in the performance of their official duties, or while commuting between their homes and places of employment, with the consent of the Sheriff.

(13.5) A person employed as an armed security guard at a nuclear energy, storage, weapons or development site or facility regulated by the Nuclear Regulatory Commission who has completed the background screening and training mandated by the rules and regulations of the Nuclear Regulatory Commission.

(14) Manufacture, transportation, or sale of weapons to persons authorized under subdivisions (1) through (13.5) of this subsection to possess those weapons.

(a–5) Subsections 24–1(a)(4) and 24–1(a)(10) do not apply to or affect any person carrying a concealed pistol, revolver, or handgun and the person has been issued a currently valid license under the Firearm Concealed Carry Act at the time of the commission of the offense.

(b) Subsections 24–1(a)(4) and 24–1(a)(10) and Section 24–1.6 do not apply to or affect any of the following:

(1) Members of any club or organization organized for the purpose of practicing shooting at targets upon established target ranges, whether public or private, and patrons of such ranges, while such members or patrons are using their firearms on those target ranges.

(2) Duly authorized military or civil organizations while parading, with the special permission of the Governor.

(3) Hunters, trappers or fishermen with a license or permit while engaged in hunting, trapping or fishing.

(4) Transportation of weapons that are broken down in a non-functioning state or are not immediately accessible.

(5) Carrying or possessing any pistol, revolver, stun gun or taser or other firearm on the land or in the legal dwelling of another person as an invitee with that person's permission.

(c) Subsection 24–1(a)(7) does not apply to or affect any of the following:

(1) Peace officers while in performance of their official duties.

(2) Wardens, superintendents and keepers of prisons, penitentiaries, jails and other institutions for the detention of persons accused or convicted of an offense.

(3) Members of the Armed Services or Reserve Forces of the United States or the Illinois National Guard, while in the performance of their official duty.

(4) Manufacture, transportation, or sale of machine guns to persons authorized under subdivisions (1) through (3) of this subsection to possess machine guns, if the machine guns are broken down in a non-functioning state or are not immediately accessible.

(5) Persons licensed under federal law to manufacture any weapon from which 8 or more shots or bullets can be discharged by a single function of the firing device, or ammunition for such weapons, and actually engaged in the business of manufacturing such weapons or ammunition, but only with respect to activities which are within the lawful scope of such business, such as the manufacture, transportation, or testing of such weapons or ammunition. This exemption does not authorize the general private possession of any weapon from which 8 or more shots or bullets can be discharged by a single function of the firing device, but only such possession and activities as are within the lawful scope of a licensed manufacturing business described in this paragraph.

During transportation, such weapons shall be broken down in a non-functioning state or not immediately accessible.

(6) The manufacture, transport, testing, delivery, transfer or sale, and all lawful commercial or experimental activities necessary thereto, of rifles, shotguns, and weapons made from rifles or shotguns, or ammunition for such rifles, shotguns or weapons, where engaged in by a

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM #29-2 Page 81 of 96

person operating as a contractor or subcontractor pursuant to a contract or subcontract for the development and supply of such rifles, shotguns, weapons or ammunition to the United States government or any branch of the Armed Forces of the United States, when such activities are necessary and incident to fulfilling the terms of such contract.

The exemption granted under this subdivision (c)(6) shall also apply to any authorized agent of any such contractor or subcontractor who is operating within the scope of his employment, where such activities involving such weapon, weapons or ammunition are necessary and incident to fulfilling the terms of such contract.

~~During transportation, any such weapon shall be broken down in a non-functioning state, or not immediately accessible.~~

(7) A person possessing a rifle with a barrel or barrels less than 16 inches in length if: (A) the person has been issued a Curios and Relics license from the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives; or (B) the person is an active member of a bona fide, nationally recognized military re-enacting group and the modification is required and necessary to accurately portray the weapon for historical re-enactment purposes; the re-enactor is in possession of a valid and current re-enacting group membership credential; and the overall length of the weapon as modified is not less than 26 inches.

~~During transportation, any such weapon shall be broken down in a non-functioning state, or not immediately accessible.~~

(d) Subsection 24–1(a)(1) does not apply to the purchase, possession or carrying of a black-jack or slung-shot by a peace officer.

(e) Subsection 24–1(a)(8) does not apply to any owner, manager or authorized employee of any place specified in that subsection nor to any law enforcement officer.

(f) Subsection 24–1(a)(4) and subsection 24–1(a)(10) and Section 24–1.6 do not apply to members of any club or organization organized for the purpose of practicing shooting at targets upon established target ranges, whether public or private, while using their firearms on those target ranges.

(g) Subsections 24–1(a)(11) and 24–3.1(a)(6) do not apply to:

(1) Members of the Armed Services or Reserve Forces of the United States or the Illinois National Guard, while in the performance of their official duty.

(2) Bonafide collectors of antique or surplus military ordinance.

(3) Laboratories having a department of forensic ballistics, or specializing in the development of ammunition or explosive ordinance.

(4) Commerce, preparation, assembly or possession of explosive bullets by manufacturers of ammunition licensed by the federal government, in connection with the supply of those organizations and persons exempted by subdivision (g)(1) of this Section, or like organizations and persons outside this State, or the transportation of explosive bullets to any organization or person exempted in this Section by a common carrier or by a vehicle owned or leased by an exempted manufacturer.

(g–5) Subsection 24–1(a)(6) does not apply to or affect persons licensed under federal law to manufacture any device or attachment of any kind designed, used, or intended for use in silencing the report of any firearm, firearms, or ammunition for those firearms equipped with those devices, and actually engaged in the business of manufacturing those devices, firearms, or ammunition, but only with respect to activities that are within the lawful scope of that business, such as the manufacture, transportation, or testing of those devices, firearms, or ammunition. This exemption does not authorize the general private possession of any device or attachment of any kind designed, used, or intended for use in silencing the report of any firearm, but only such possession and activities as are within the lawful scope of a licensed manufacturing business described in this subsection (g–5). During transportation, these devices shall be detached from any weapon or not immediately accessible.

(g–6) Subsections 24–1(a)(4) and 24–1(a)(10) and Section 24–1.6 do not apply to or affect any parole agent or parole supervisor who meets the qualifications and conditions prescribed in Section 3–14–1.5 of the Unified Code of Corrections.

(g–7) Subsection 24–1(a)(6) does not apply to a peace officer while serving as a member of a tactical response team or special operations team. A peace officer may not personally own or apply for ownership of a device or attachment of any kind designed, used, or intended for use in silencing the report of any firearm. These devices shall be owned and maintained by lawfully recognized units of government whose duties include the investigation of criminal acts.

(g–10) Subsections 24–1(a)(4), 24–1(a)(8), and 24–1(a)(10), and Sections 24–1.6 and 24–3.1 do not apply to an athlete's possession, transport on official Olympic and Paralympic transit systems established for athletes, or use of competition firearms sanctioned by the International Olympic Committee, the International Paralympic Committee, the International Shooting Sport Federation, or USA Shooting in connection with such athlete's training for and participation in shooting competitions at the 2016 Olympic and Paralympic Games and sanctioned test events leading up to the 2016 Olympic and Paralympic Games.

(h) An information or indictment based upon a violation of any subsection of this Article need not negative any exemptions contained in this Article. The defendant shall have the burden of proving such an exemption.

(i) Nothing in this Article shall prohibit, apply to, or affect the transportation, carrying, or possession, of any pistol or revolver, stun gun, taser, or other firearm consigned to a common carrier operating under license of the State of Illinois or the federal government, where such transportation, carrying, or possession is incident to the lawful transportation in which such common carrier is engaged; and nothing in this Article shall prohibit, apply to, or affect the transportation, carrying, or possession of any pistol, revolver, stun gun, taser, or other firearm, not the subject of and regulated by subsection 24–1(a)(7) or subsection 24–2(c) of this Article, which is unloaded and enclosed in a case, firearm carrying box, shipping box, or other container, by the possessor of a valid Firearm Owners Identification Card.

(Source: P.A. 96–7, eff. 4–3–09; 96–230, eff. 1–1–10; 96–742, eff. 8–25–09; 96–1000, eff. 7–2–10; 97–465, eff. 8–22–11; 97–676, eff. 6–1–12; 97–936, eff. 1–1–13; 97–1010, eff. 1–1–13; revised 8–23–12.)

Section 160. The Code of Criminal Procedure of 1963 is amended by changing Section 112A–14 as follows:

<< IL ST CH 725 § 5/112A–14 >>

**[S.H.A. 725 ILCS 5/112A–14]** (725 ILCS 5/112A–14) (from Ch. 38, par. 112A–14)

§ 112A–14. Order of protection; remedies.

(a) Issuance of order. If the court finds that petitioner has been abused by a family or household member, as defined in this Article, an order of protection prohibiting such abuse shall issue; provided that petitioner must also satisfy the requirements of one of the following Sections, as appropriate: Section 112A–17 on emergency orders, Section 112A–18 on interim orders, or Section 112A–19 on plenary orders. Petitioner shall not be denied an order of protection because petitioner or respondent is a minor. The court, when determining whether or not to issue an order of protection, shall not require physical manifestations of abuse on the person of the victim. Modification and extension of prior orders of protection shall be in accordance with this Article.

(b) Remedies and standards. The remedies to be included in an order of protection shall be determined in accordance with this Section and one of the following Sections, as appropriate: Section 112A–17 on emergency orders, Section 112A–18 on interim orders, and Section 112A–

3:10-cv-03187-SEM  #29-2  Page 84 of 96

19 on plenary orders. The remedies listed in this subsection shall be in addition to other civil or criminal remedies available to petitioner.

(1) Prohibition of abuse. Prohibit respondent's harassment, interference with personal liberty, intimidation of a dependent, physical abuse or willful deprivation, as defined in this Article, if such abuse has occurred or otherwise appears likely to occur if not prohibited.

(2) Grant of exclusive possession of residence. Prohibit respondent from entering or remaining in any residence, household, or premises of the petitioner, including one owned or leased by respondent, if petitioner has a right to occupancy thereof. The grant of exclusive possession of the residence, household, or premises shall not affect title to real property, nor shall the court be limited by the standard set forth in Section 701 of the Illinois Marriage and Dissolution of Marriage Act.

(A) Right to occupancy. A party has a right to occupancy of a residence or household if it is solely or jointly owned or leased by that party, that party's spouse, a person with a legal duty to support that party or a minor child in that party's care, or by any person or entity other than the opposing party that authorizes that party's occupancy (e.g., a domestic violence shelter). Standards set forth in subparagraph (B) shall not preclude equitable relief.

(B) Presumption of hardships. If petitioner and respondent each has the right to occupancy of a residence or household, the court shall balance (i) the hardships to respondent and any minor child or dependent adult in respondent's care resulting from entry of this remedy with (ii) the hardships to petitioner and any minor child or dependent adult in petitioner's care resulting from continued exposure to the risk of abuse (should petitioner remain at the residence or household) or from loss of possession of the residence or household (should petitioner leave to avoid the risk of abuse). When determining the balance of hardships, the court shall also take into account the accessibility of the residence or household. Hardships need not be balanced if respondent does not have a right to occupancy.

The balance of hardships is presumed to favor possession by petitioner unless the presumption is rebutted by a preponderance of the evidence, showing that the hardships to respondent substantially outweigh the hardships to petitioner and any minor child or dependent adult in petitioner's care. The court, on the request of petitioner or on its own motion, may order respondent to provide suitable, accessible, alternate housing for petitioner instead of excluding respondent from a mutual residence or household.

(3) Stay away order and additional prohibitions. Order respondent to stay away from petitioner or any other person protected by the order of protection, or prohibit respondent from entering or remaining present at petitioner's school, place of employment, or other specified places at times when petitioner is present, or both, if reasonable, given the balance of hardships. Hardships

need not be balanced for the court to enter a stay away order or prohibit entry if respondent has no right to enter the premises.

If an order of protection grants petitioner exclusive possession of the residence, or prohibits respondent from entering the residence, or orders respondent to stay away from petitioner or other protected persons, then the court may allow respondent access to the residence to remove items of clothing and personal adornment used exclusively by respondent, medications, and other items as the court directs. The right to access shall be exercised on only one occasion as the court directs and in the presence of an agreed-upon adult third party or law enforcement officer.

(4) Counseling. Require or recommend the respondent to undergo counseling for a specified duration with a social worker, psychologist, clinical psychologist, psychiatrist, family service agency, alcohol or substance abuse program, mental health center guidance counselor, agency providing services to elders, program designed for domestic violence abusers or any other guidance service the court deems appropriate. The court may order the respondent in any intimate partner relationship to report to an Illinois Department of Human Services protocol approved partner abuse intervention program for an assessment and to follow all recommended treatment.

(5) Physical care and possession of the minor child. In order to protect the minor child from abuse, neglect, or unwarranted separation from the person who has been the minor child's primary caretaker, or to otherwise protect the well-being of the minor child, the court may do either or both of the following: (i) grant petitioner physical care or possession of the minor child, or both, or (ii) order respondent to return a minor child to, or not remove a minor child from, the physical care of a parent or person in loco parentis.

If a court finds, after a hearing, that respondent has committed abuse (as defined in Section 112A–3) of a minor child, there shall be a rebuttable presumption that awarding physical care to respondent would not be in the minor child's best interest.

(6) Temporary legal custody. Award temporary legal custody to petitioner in accordance with this Section, the Illinois Marriage and Dissolution of Marriage Act, the Illinois Parentage Act of 1984, and this State's Uniform Child–Custody Jurisdiction and Enforcement Act.

If a court finds, after a hearing, that respondent has committed abuse (as defined in Section 112A–3) of a minor child, there shall be a rebuttable presumption that awarding temporary legal custody to respondent would not be in the child's best interest.

(7) Visitation. Determine the visitation rights, if any, of respondent in any case in which the court awards physical care or temporary legal custody of a minor child to petitioner. The court shall restrict or deny respondent's visitation with a minor child if the court finds that respondent has done or is likely to do any of the following: (i) abuse or endanger the minor

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM #29-2 Page 86 of 96

child during visitation; (ii) use the visitation as an opportunity to abuse or harass petitioner or petitioner's family or household members; (iii) improperly conceal or detain the minor child; or (iv) otherwise act in a manner that is not in the best interests of the minor child. The court shall not be limited by the standards set forth in Section 607.1 of the Illinois Marriage and Dissolution of Marriage Act. If the court grants visitation, the order shall specify dates and times for the visitation to take place or other specific parameters or conditions that are appropriate. No order for visitation shall refer merely to the term "reasonable visitation".

Petitioner may deny respondent access to the minor child if, when respondent arrives for visitation, respondent is under the influence of drugs or alcohol and constitutes a threat to the safety and well-being of petitioner or petitioner's minor children or is behaving in a violent or abusive manner.

If necessary to protect any member of petitioner's family or household from future abuse, respondent shall be prohibited from coming to petitioner's residence to meet the minor child for visitation, and the parties shall submit to the court their recommendations for reasonable alternative arrangements for visitation. A person may be approved to supervise visitation only after filing an affidavit accepting that responsibility and acknowledging accountability to the court.

(8) Removal or concealment of minor child. Prohibit respondent from removing a minor child from the State or concealing the child within the State.

(9) Order to appear. Order the respondent to appear in court, alone or with a minor child, to prevent abuse, neglect, removal or concealment of the child, to return the child to the custody or care of the petitioner or to permit any court-ordered interview or examination of the child or the respondent.

(10) Possession of personal property. Grant petitioner exclusive possession of personal property and, if respondent has possession or control, direct respondent to promptly make it available to petitioner, if:

> (i) petitioner, but not respondent, owns the property; or

> (ii) the parties own the property jointly; sharing it would risk abuse of petitioner by respondent or is impracticable; and the balance of hardships favors temporary possession by petitioner.

If petitioner's sole claim to ownership of the property is that it is marital property, the court may award petitioner temporary possession thereof under the standards of subparagraph (ii) of this paragraph only if a proper proceeding has been filed under the Illinois Marriage and Dissolution of Marriage Act, as now or hereafter amended.

No order under this provision shall affect title to property.

(11) Protection of property. Forbid the respondent from taking, transferring, encumbering, concealing, damaging or otherwise disposing of any real or personal property, except as explicitly authorized by the court, if:

> (i) petitioner, but not respondent, owns the property; or

> (ii) the parties own the property jointly, and the balance of hardships favors granting this remedy.

If petitioner's sole claim to ownership of the property is that it is marital property, the court may grant petitioner relief under subparagraph (ii) of this paragraph only if a proper proceeding has been filed under the Illinois Marriage and Dissolution of Marriage Act, as now or hereafter amended.

The court may further prohibit respondent from improperly using the financial or other resources of an aged member of the family or household for the profit or advantage of respondent or of any other person.

(11.5) Protection of animals. Grant the petitioner the exclusive care, custody, or control of any animal owned, possessed, leased, kept, or held by either the petitioner or the respondent or a minor child residing in the residence or household of either the petitioner or the respondent and order the respondent to stay away from the animal and forbid the respondent from taking, transferring, encumbering, concealing, harming, or otherwise disposing of the animal.

(12) Order for payment of support. Order respondent to pay temporary support for the petitioner or any child in the petitioner's care or custody, when the respondent has a legal obligation to support that person, in accordance with the Illinois Marriage and Dissolution of Marriage Act, which shall govern, among other matters, the amount of support, payment through the clerk and withholding of income to secure payment. An order for child support may be granted to a petitioner with lawful physical care or custody of a child, or an order or agreement for physical care or custody, prior to entry of an order for legal custody. Such a support order shall expire upon entry of a valid order granting legal custody to another, unless otherwise provided in the custody order.

(13) Order for payment of losses. Order respondent to pay petitioner for losses suffered as a direct result of the abuse. Such losses shall include, but not be limited to, medical expenses, lost earnings or other support, repair or replacement of property damaged or taken, reasonable attorney's fees, court costs and moving or other travel expenses, including additional reasonable expenses for temporary shelter and restaurant meals.

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM #29-2 Page 88 of 96

(i) Losses affecting family needs. If a party is entitled to seek maintenance, child support or property distribution from the other party under the Illinois Marriage and Dissolution of Marriage Act, as now or hereafter amended, the court may order respondent to reimburse petitioner's actual losses, to the extent that such reimbursement would be "appropriate temporary relief", as authorized by subsection (a)(3) of Section 501 of that Act.

(ii) Recovery of expenses. In the case of an improper concealment or removal of a minor child, the court may order respondent to pay the reasonable expenses incurred or to be incurred in the search for and recovery of the minor child, including but not limited to legal fees, court costs, private investigator fees, and travel costs.

(14) Prohibition of entry. Prohibit the respondent from entering or remaining in the residence or household while the respondent is under the influence of alcohol or drugs and constitutes a threat to the safety and well-being of the petitioner or the petitioner's children.

(14.5) Prohibition of firearm possession.

(A) A person who is subject to an existing order of protection, interim order of protection, emergency order of protection, or plenary order of protection, issued under this Code may not lawfully possess weapons under Section 8.2 of the Firearm Owners Identification Card Act. (a) Prohibit a respondent against whom an order of protection was issued from possessing any firearms during the duration of the order if the order:

(1) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;

(2) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

(3)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury.

(B) Any firearms in the possession of the respondent, except as provided in subparagraph (C) of this paragraph (14.5) subsection (b) , shall be ordered by the court to be turned over to a person with a valid Firearm Owner's Identification Card the local law enforcement agency for safekeeping. The court shall issue an order that the respondent's Firearm Owner's Identification Card be turned over to the local law enforcement agency, which

REGULATION – FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM-#:29-2  Page 89 of 96

in turn shall immediately mail the card to the Department of State Police Firearm Owner's Identification Card Office for safekeeping. The period of safekeeping shall be for the duration of the order of protection. The firearm or firearms and Firearm Owner's Identification Card, if unexpired, shall at the respondent's request be returned to the respondent at expiration of the order of protection.

(C)(b)  If the respondent is a peace officer as defined in Section 2–13 of the Criminal Code of 2012, the court shall order that any firearms used by the respondent in the performance of his or her duties as a peace officer be surrendered to the chief law enforcement executive of the agency in which the respondent is employed, who shall retain the firearms for safekeeping for the duration of the order of protection.

(D)(c)  Upon expiration of the period of safekeeping, if the firearms or Firearm Owner's Identification Card cannot be returned to respondent because respondent cannot be located, fails to respond to requests to retrieve the firearms, or is not lawfully eligible to possess a firearm, upon petition from the local law enforcement agency, the court may order the local law enforcement agency to destroy the firearms, use the firearms for training purposes, or for any other application as deemed appropriate by the local law enforcement agency; or that the firearms be turned over to a third party who is lawfully eligible to possess firearms, and who does not reside with respondent.

(15) Prohibition of access to records. If an order of protection prohibits respondent from having contact with the minor child, or if petitioner's address is omitted under subsection (b) of Section 112A–5, or if necessary to prevent abuse or wrongful removal or concealment of a minor child, the order shall deny respondent access to, and prohibit respondent from inspecting, obtaining, or attempting to inspect or obtain, school or any other records of the minor child who is in the care of petitioner.

(16) Order for payment of shelter services. Order respondent to reimburse a shelter providing temporary housing and counseling services to the petitioner for the cost of the services, as certified by the shelter and deemed reasonable by the court.

(17) Order for injunctive relief. Enter injunctive relief necessary or appropriate to prevent further abuse of a family or household member or to effectuate one of the granted remedies, if supported by the balance of hardships. If the harm to be prevented by the injunction is abuse or any other harm that one of the remedies listed in paragraphs (1) through (16) of this subsection is designed to prevent, no further evidence is necessary to establish that the harm is an irreparable injury.

(c) Relevant factors; findings.

(1) In determining whether to grant a specific remedy, other than payment of support, the court shall consider relevant factors, including but not limited to the following:

(i) the nature, frequency, severity, pattern and consequences of the respondent's past abuse of the petitioner or any family or household member, including the concealment of his or her location in order to evade service of process or notice, and the likelihood of danger of future abuse to petitioner or any member of petitioner's or respondent's family or household; and

(ii) the danger that any minor child will be abused or neglected or improperly removed from the jurisdiction, improperly concealed within the State or improperly separated from the child's primary caretaker.

(2) In comparing relative hardships resulting to the parties from loss of possession of the family home, the court shall consider relevant factors, including but not limited to the following:

(i) availability, accessibility, cost, safety, adequacy, location and other characteristics of alternate housing for each party and any minor child or dependent adult in the party's care;

(ii) the effect on the party's employment; and

(iii) the effect on the relationship of the party, and any minor child or dependent adult in the party's care, to family, school, church and community.

(3) Subject to the exceptions set forth in paragraph (4) of this subsection, the court shall make its findings in an official record or in writing, and shall at a minimum set forth the following:

(i) That the court has considered the applicable relevant factors described in paragraphs (1) and (2) of this subsection.

(ii) Whether the conduct or actions of respondent, unless prohibited, will likely cause irreparable harm or continued abuse.

(iii) Whether it is necessary to grant the requested relief in order to protect petitioner or other alleged abused persons.

(4) For purposes of issuing an ex parte emergency order of protection, the court, as an alternative to or as a supplement to making the findings described in paragraphs (c)(3)(i) through (c)(3)(iii) of this subsection, may use the following procedure:

When a verified petition for an emergency order of protection in accordance with the requirements of Sections 112A–5 and 112A–17 is presented to the court, the court shall examine petitioner on oath or affirmation. An emergency order of protection shall be issued by the court if it appears from the contents of the petition and the examination of petitioner that the averments

are sufficient to indicate abuse by respondent and to support the granting of relief under the issuance of the emergency order of protection.

(5) Never married parties. No rights or responsibilities for a minor child born outside of marriage attach to a putative father until a father and child relationship has been established under the Illinois Parentage Act of 1984. Absent such an adjudication, no putative father shall be granted temporary custody of the minor child, visitation with the minor child, or physical care and possession of the minor child, nor shall an order of payment for support of the minor child be entered.

(d) Balance of hardships; findings. If the court finds that the balance of hardships does not support the granting of a remedy governed by paragraph (2), (3), (10), (11), or (16) of subsection (b) of this Section, which may require such balancing, the court's findings shall so indicate and shall include a finding as to whether granting the remedy will result in hardship to respondent that would substantially outweigh the hardship to petitioner from denial of the remedy. The findings shall be an official record or in writing.

(e) Denial of remedies. Denial of any remedy shall not be based, in whole or in part, on evidence that:

(1) Respondent has cause for any use of force, unless that cause satisfies the standards for justifiable use of force provided by Article 7 of the Criminal Code of 2012;

(2) Respondent was voluntarily intoxicated;

(3) Petitioner acted in self-defense or defense of another, provided that, if petitioner utilized force, such force was justifiable under Article 7 of the Criminal Code of 2012;

(4) Petitioner did not act in self-defense or defense of another;

(5) Petitioner left the residence or household to avoid further abuse by respondent;

(6) Petitioner did not leave the residence or household to avoid further abuse by respondent;

(7) Conduct by any family or household member excused the abuse by respondent, unless that same conduct would have excused such abuse if the parties had not been family or household members.

(Source: P.A. 96–701, eff. 1–1–10; 96–1239, eff. 1–1–11; 97–158, eff. 1–1–12; 97–1131, eff. 1–1–13; 97–1150, eff. 1–25–13.)

Section 165. The Mental Health and Developmental Disabilities Confidentiality Act is amended by changing Section 12 as follows:

<< IL ST CH 740 § 110/12 >>

**[S.H.A. 740 ILCS 110/12]** (740 ILCS 110/12) (from Ch. 91 1/2, par. 812)

§ 12. (a) If the United States Secret Service or the Department of State Police requests information from a mental health or developmental disability facility, as defined in Section 1–107 and 1–114 of the Mental Health and Developmental Disabilities Code, relating to a specific recipient and the facility director determines that disclosure of such information may be necessary to protect the life of, or to prevent the infliction of great bodily harm to, a public official, or a person under the protection of the United States Secret Service, only the following information may be disclosed: the recipient's name, address, and age and the date of any admission to or discharge from a facility; and any information which would indicate whether or not the recipient has a history of violence or presents a danger of violence to the person under protection. Any information so disclosed shall be used for investigative purposes only and shall not be publicly disseminated. Any person participating in good faith in the disclosure of such information in accordance with this provision shall have immunity from any liability, civil, criminal or otherwise, if such information is disclosed relying upon the representation of an officer of the United States Secret Service or the Department of State Police that a person is under the protection of the United States Secret Service or is a public official.

For the purpose of this subsection (a), the term "public official" means the Governor, Lieutenant Governor, Attorney General, Secretary of State, State Comptroller, State Treasurer, member of the General Assembly, member of the United States Congress, Judge of the United States as defined in 28 U.S.C. 451, Justice of the United States as defined in 28 U.S.C. 451, United States Magistrate Judge as defined in 28 U.S.C. 639, Bankruptcy Judge appointed under 28 U.S.C. 152, or Supreme, Appellate, Circuit, or Associate Judge of the State of Illinois. The term shall also include the spouse, child or children of a public official.

(b) The Department of Human Services (acting as successor to the Department of Mental Health and Developmental Disabilities) and all public or private hospitals and mental health facilities are required, as hereafter described in this subsection, to furnish the Department of State Police only such information as may be required for the sole purpose of determining whether an individual who may be or may have been a patient is disqualified because of that status from receiving or retaining a Firearm Owner's Identification Card or falls within the federal prohibitors under subsection (e), (f), (g), (r), (s), or (t) of Section 8 of the Firearm Owners Identification Card Act, or falls within the federal prohibitors in ~~under subsection (e) or (f) of Section 8 of the Firearm Owners Identification Card Act or~~ 18 U.S.C. 922(g) and (n). All physicians, clinical psychologists, or

REGULATION - FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM  #29-2  Page 93 of 96

qualified examiners at public or private hospitals and   mental health facilities or parts thereof as defined in this subsection shall, in the form and manner required by the Department, provide notice directly to the Department of Human Services, or to his or her employer who shall then report to the Department, within 24 hours after determining that a patient as described in clause (2) of the definition of "patient" in Section 1.1 of the Firearm Owners Identification Card Act poses a clear and present danger to himself, herself, or others, or is determined to be developmentally disabled such information as shall be necessary for the Department to comply with the reporting requirements to the Department of State Police . This Such   information shall be furnished within 24 hours after the physician, clinical psychologist, or qualified examiner has made a determination, or within 7 days after admission to a public or private hospital or mental health facility or the provision of services to a patient described in clause (1) of the definition of "patient" in Section 1.1 of the Firearm Owners Identification Card Act clause (2) of this subsection (b) . Any such information disclosed under this subsection shall remain privileged and confidential, and shall not be redisclosed, except as required by subsection (e) clause (e)(2)   of Section 3.1 of the Firearm Owners Identification Card Act, nor utilized for any other purpose. The method of requiring the providing of such information shall guarantee that no information is released beyond what is necessary for this purpose. In addition, the information disclosed shall be provided by the Department within the time period established by Section 24–3 of the Criminal Code of 2012 regarding the delivery of firearms. The method used shall be sufficient to provide the necessary information within the prescribed time period, which may include periodically providing lists to the Department of Human Services or any public or private hospital or mental health facility of Firearm Owner's Identification Card applicants on which the Department or hospital shall indicate the identities of those individuals who are to its knowledge disqualified from having a Firearm Owner's Identification Card for reasons described herein. The Department may provide for a centralized source of information for the State on this subject under its jurisdiction. The identity of the person reporting under this subsection shall not be disclosed to the subject of the report. For the purposes of this subsection, the physician, clinical psychologist, or qualified examiner making the determination and his or her employer shall not be held criminally, civilly, or professionally liable for making or not making the notification required under this subsection, except for willful or wanton misconduct.

Any person, institution, or agency, under this Act, participating in good faith in the reporting or disclosure of records and communications otherwise in accordance with this provision or with rules, regulations or guidelines issued by the Department shall have immunity from any liability, civil, criminal or otherwise, that might result by reason of the action. For the purpose of any proceeding, civil or criminal, arising out of a report or disclosure in accordance with this provision, the good faith of any person, institution, or agency so reporting or disclosing shall be presumed. The full extent of the immunity provided in this subsection (b) shall apply to any person, institution or agency that fails to make a report or disclosure in the good faith belief that the report or

REGULATION—FIREARM CONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM-...#-29-2...Page-94-of-96

disclosure would violate federal regulations governing the confidentiality of alcohol and drug abuse patient records implementing 42 U.S.C. 290dd–3 and 290ee–3.

For purposes of this subsection (b) only, the following terms shall have the meaning prescribed:

(1) (Blank). ~~"Hospital" means only that type of institution which is providing full-time residential facilities and treatment.~~

(1.3) "Clear and present danger" has the meaning as defined in Section 1.1 of the Firearm Owners Identification Card Act.

(1.5) "Developmentally disabled" has the meaning as defined in Section 1.1 of the Firearm Owners Identification Card Act.

(2) "Patient" has the meaning as defined in Section 1.1 of the Firearm Owners Identification Card Act ~~shall include only: (i) a person who is an in-patient or resident of any public or private hospital or mental health facility or (ii) a person who is an out-patient or provided services by a public or private hospital or mental health facility whose mental condition is of such a nature that it is manifested by violent, suicidal, threatening, or assaultive behavior or reported behavior, for which there is a reasonable belief by a physician, clinical psychologist, or qualified examiner that the condition poses a clear and present or imminent danger to the patient, any other person or the community meaning the patient's condition poses a clear and present danger in accordance with subsection (f) of Section 8 of the Firearm Owners Identification Card Act. The terms physician, clinical psychologist, and qualified examiner are defined in Sections 1–120, 1–103, and 1–122 of the Mental Health and Developmental Disabilities Code~~ .

(3) "Mental health facility" has the meaning as defined in Section 1.1 of the Firearm Owners Identification Card Act ~~is defined by Section 1–114 of the Mental Health and Developmental Disabilities Code~~ .

(c) Upon the request of a peace officer who takes a person into custody and transports such person to a mental health or developmental disability facility pursuant to Section 3–606 or 4–404 of the Mental Health and Developmental Disabilities Code or who transports a person from such facility, a facility director shall furnish said peace officer the name, address, age and name of the nearest relative of the person transported to or from the mental health or developmental disability facility. In no case shall the facility director disclose to the peace officer any information relating to the diagnosis, treatment or evaluation of the person's mental or physical health.

For the purposes of this subsection (c), the terms "mental health or developmental disability facility", "peace officer" and "facility director" shall have the meanings ascribed to them in the Mental Health and Developmental Disabilities Code.

(d) Upon the request of a peace officer or prosecuting authority who is conducting a bona fide investigation of a criminal offense, or attempting to apprehend a fugitive from justice, a facility director may disclose whether a person is present at the facility. Upon request of a peace officer or prosecuting authority who has a valid forcible felony warrant issued, a facility director shall disclose: (1) whether the person who is the subject of the warrant is present at the facility and (2) the date of that person's discharge or future discharge from the facility. The requesting peace officer or prosecuting authority must furnish a case number and the purpose of the investigation or an outstanding arrest warrant at the time of the request. Any person, institution, or agency participating in good faith in disclosing such information in accordance with this subsection (d) is immune from any liability, civil, criminal or otherwise, that might result by reason of the action.

(Source: P.A. 96–193, eff. 8–10–09; 97–1150, eff. 1–25–13.)

Section 170. The Probate Act of 1975 is amended by adding Section 11a–24 as follows:

<< IL ST CH 755 § 5/11a–24 >>

**[S.H.A. 755 ILCS 5/11a–24]** (755 ILCS 5/11a–24 new)

§ 11a–24. Notification; Department of State Police. When a court adjudges a respondent to be a disabled person under this Article, the court shall direct the circuit court clerk to notify the Department of State Police, Firearm Owner's Identification (FOID) Office, in a form and manner prescribed by the Department of State Police, and shall forward a copy of the court order to the Department no later than 7 days after the entry of the order. Upon receipt of the order, the Department of State Police shall provide notification to the National Instant Criminal Background Check System.

<< IL ST CH 430 § 66/195 >>

§ 195. No acceleration or delay. Where this Act makes changes in a statute that is represented in this Act by text that is not yet or no longer in effect (for example, a Section represented by multiple versions), the use of that text does not accelerate or delay the taking effect of (i) the changes made by this Act or (ii) provisions derived from any other Public Act.

<< IL ST CH 430 § 66/999 >>

§ 999. Effective date. This Act takes effect upon becoming law.

REGULATION—FIREARMCONCEALED CARRY ACT, 2013 Ill. Legis. Serv. P.A....

3:10-cv-03187-SEM # 29-2 Page 96 of 96

Approved: July 9, 2013
Effective: July 9, 2013

**End of Document**                              © 2013 Thomson Reuters. No claim to original U.S. Government Works.