IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ELLEN MISHAGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 10-3187 |
| | ) | |
| JONATHON MONKEN, Director of | ) | |
| the Illinois Department of State Police; | ) | |
| MICHAEL VORREYER, Master Sergeant, | ) | |
| Illinois Department of State Police, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUBMISSION
OF SUPPLEMENTAL AUTHORITY**

NOW COME the Defendants, HIRAM GRAU, Director of the Illinois State Police[1], and MICHAEL W. VORREYER ("Defendants"), by and through their counsel, LISA MADIGAN, Attorney General for the State of Illinois, and submit this response to Plaintiff's submission of supplemental authority:

**Nature of the case**

Plaintiff, an Ohio resident, has sued Defendants in their official capacities alleging that they violated her rights under the United States Constitution by not issuing her an Illinois Firearm Owners Identification ("FOID") Card. The basic premise of her argument is that her constitutional rights are violated because she cannot obtain an Illinois Firearm Owners Identification Card, which, under Illinois law, is issued only to Illinois residents. She alleges that without a FOID Card she is unable to lawfully possess firearms in her friends' Illinois homes

---

[1] Jonathan Monken is no longer the Director of the Illinois State Police ("Director"). As this matter is proceeding against the Director in his official capacity, Mr. Monken's successor, Hiram Grau, is automatically substituted for Mr. Monken as a Defendant in this matter pursuant to Fed. R. Civ. P. 25(d).

when she is an overnight guest. Defendants contend that summary judgment (their motion is pending) is proper because Plaintiff has suffered no injury-in-fact sufficient to confer standing or ripeness where: 1) Illinois law allows Plaintiff to do the action she complains she is being prevented from doing, *i.e.* possess her firearms in her friends' Illinois homes when she is an overnight guest; and 2) Plaintiff did not own a firearm at the time she filed her complaint. Defendants contend there is no case or controversy.

However, irrespective of the standing argument, Defendants have pointed out that Illinois law permits her to carry a firearm into this state if she is qualified under another state's law to do so,[2] and, therefore, her constitutional right to carry a firearm is not impaired by any facet of Illinois law. (See Defendant's Memorandum of Law in Support of Motion for Summary Judgment, Doc. #20, at 7.) She has no constitutional right to a piece of paper issued as an "Illinois Firearm Owners Identification Card" where the lack of that identification card does not impair her constitutional right to carry a firearm in the State of Illinois. The material Plaintiff submits as supplemental authority for her claims does not alter the analysis.

**Plaintiff's argument that Illinois' Concealed Carry Act aids her claim is misplaced, where the Act specifically permits non-residents to apply to carry firearms in this State pursuant to Illinois law.**

Plaintiff submits that changes in Illinois law "eviscerate" Defendants' argument "that there is substantial reason to discriminate against nonresidents who apply for a FOID." First, Plaintiff misconstrues Defendants' argument with respect to residents, which is that under the appropriate standard of intermediate scrutiny, Illinois' system of regulating firearm possession by Illinois residents furthers the significant governmental interest of protecting the safety of its

---

[2] 'Exception 10' to the FOID Act provides that "nonresidents who are currently licensed or registered to possess a firearm in their resident state" are not required to obtain a FOID card to possess firearms in Illinois. 430 ILCS 65/2(b)(10).

2

own citizens while deferring to the laws of other states to determine non-residents' eligibility to possess firearms. (See Defendants' Memorandum of Law in Support of Motion for Summary Judgment, Doc. #20, at 10-12.) Second, it is difficult to see how the change in Illinois law supports Plaintiff's claim that her constitutional right to carry a gun is impaired by Illinois law where the new concealed-carry law contains a section entitled "Non-resident license applications" and expressly permits her to do so (as does current Illinois law):[3]

> (b) The Department [of State Police] shall by rule allow for non-resident license applications from any state or territory of the United States with laws related to firearm ownership, possession, and carrying, that are substantially similar to the requirements to obtain a license under this Act.
>
> (c) A resident of a state or territory approved by the Department under subsection (b) of this Section may apply for a non-resident license. The applicant shall apply to the Department and must meet all of the qualifications established in Section 25 of this Act, except for the Illinois residency requirement in item (xiv) of paragraph (2) of subsection (a) of Section 4 of the Firearm Owners Identification Card Act.

(See Doc. #29-2, page 11 of Plaintiff's Supplemental Authority, containing text of new Firearm Concealed Carry Act, IL ST CH 430 §66/40.) To the extent that Plaintiff's position is that she has an untrammeled right to carry a gun anywhere under any circumstances, she is simply wrong. *See, e.g, Moore v. Madigan,* 702 F.3d 933, 940 – 41 (7th Cir. 2012)("Apart from the usual prohibition of gun ownership by children, felons, illegal aliens, lunatics, and in sensitive places such as public schools, the propriety of which was not questioned in *Heller*[4] . . . some states sensibly require that an applicant for a handgun permit establish his competence in handling firearms.")

---

[3] The license authorized by these sections of the new law authorizes the carrying of weapons outside the home. Thus, Illinois law now goes even further than plaintiff requests in this case to allow nonresidents to carry weapons.

[4] The reference is to *Dist. of Columbia v. Heller,* 554 U.S. 570 (2008), where the U.S. Supreme Court held that the Second Amendment protects "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Id.* at 635.

Plaintiff in essence claims that her interpretation of the prior statutory scheme has been made irrational by the changes in Illinois law brought about by P.A. 98-63. Her request is itself irrational – she asks this Court to grant relief by striking down a statutory scheme that is no longer on the books on the grounds that it no longer exists. While the passage of P.A. 98-63 might be authority for the proposition that any claim plaintiff might have had is now moot, it does nothing to advance the premise for which plaintiff cites it, that being her claim that her constitutional rights are violated by being unable to bring her firearm into Illinois. Plaintiff has cited no authority which suggests that a legislative change means that the prior legislature could not have enacted the original legislation as a valid means of furthering an important governmental interest.

WHEREFORE, Defendants suggest that the supplemental authority does not further Plaintiff's position, and renew their request that this Court grant their Motion for Summary Judgment.

> Respectfully Submitted,
>
> HIRAM GRAU and MICHAEL VORREYER,
>
> Defendants,
>
> LISA MADIGAN, Attorney General,
> State of Illinois
>
> Attorney for Defendants,
>
> By:   s/ Deborah Barnes
> Deborah Barnes, #6187804
> Assistant Attorney General
> 500 South Second Street
> Springfield, Illinois   62706
> (217) 782-9094   Phone
> (217) 782-8767   Fax
> E-Mail:   dbarnes@atg.state.il.us

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| ELLEN MISHAGA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 10-3187 |
| ) | |
| JONATHON MONKEN, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I, Deborah Barnes, Assistant Attorney General, hereby certify that on July 26, 2013, I electronically filed the foregoing Defendants' Response to Plaintiff's Submission of Supplemental Authority with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record for Plaintiff:

James M. Manley
jmanley@mountainstateslegal.com

and I hereby certify that on July 26, 2013, I mailed by United States Postal Service, the document to the following non-registered participant:

None

      s/ Deborah Barnes
Deborah Barnes, #6187804
Assistant Attorney General
500 South Second Street
Springfield, Illinois   62706
(217) 782-9094   Phone
(217) 782-8767   Fax
E-Mail:   dbarnes@atg.state.il.us