IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ELLEN MISHAGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 10-3187 |
| | ) | |
| JONATHON MONKEN, Director of | ) | |
| the Illinois Department of State Police; | ) | |
| MICHAEL VORREYER, Master Sergeant, | ) | |
| Illinois Department of State Police, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' SUPPLEMENTAL BRIEF
PURSUANT TO COURT'S ORDER DATED MARCH 28, 2014**

NOW COME the Defendants, HIRAM GRAU, Director of the Illinois State Police[1], and MICHAEL W. VORREYER ("Defendants"), by and through their counsel, LISA MADIGAN, Attorney General for the State of Illinois, and submit this supplemental brief in response to the Court's order dated March 28, 2014.

The Court asked for briefing "on the issue of the exceptions to Illinois's Firearm Owners Identification Card Act . . . in light of changes in Illinois law as articulated in *Moore v. Madigan,* 702 F.3d 933 (7th Cir. 2012), *People v. Aguilar,* 2 N.E.3d 321 (Ill. 2013), and Illinois Public Act 098-0063 (the "Firearm Concealed Carry Act")."

Plaintiff, who does not live in Illinois, alleges that without an Illinois FOID Card, she is unable to lawfully possess firearms in her friends' Illinois homes when she is an overnight guest. It is Defendants' position that she does not need an Illinois FOID card to lawfully possess a gun

---

[1] Jonathan Monken is no longer the Director of the Illinois State Police ("Director"). As this matter is proceeding against the Director in his official capacity, Mr. Monken's successor, Hiram Grau, is automatically substituted for Mr. Monken as a Defendant in this matter pursuant to Fed. R. Civ. P. 25(d).

1

in Illinois. Neither the exceptions set out in 430 ILCS 65/2(b), nor the cases cited by the court, nor Illinois' new Concealed Carry Act, change this. There is no merit to Plaintiff's claim that her constitutional right to carry a gun is impaired by Illinois law; neither the exceptions set out in the Concealed Carry Act nor the holding in *Aguilar* change this.

Defendants have already pointed out that the new concealed-carry law contains a section entitled "Non-resident license applications" which expressly permits her to qualify to carry a gun into the state (as does current Illinois law). (Doc. 31) The basic premise of Plaintiff's argument is that her constitutional rights are violated because she cannot obtain an Illinois Firearm Owners Identification Card, which, under Illinois law, is issued only to Illinois residents.

Defendants have pointed out that Illinois law permits her to carry a firearm into this state if she is qualified under another state's law to do so,[2] and, therefore, her constitutional right to carry a firearm is not impaired by any facet of Illinois law. (See Defendant's Memorandum of Law in Support of Motion for Summary Judgment, Doc. #20, at 7.) She has no constitutional right to a piece of paper issued as an "Illinois Firearm Owners Identification Card" where the lack of that identification card does not impair her constitutional right to carry a firearm in the State of Illinois.

Defendant have also pointed out that the new Illinois law governing 'concealed carry' permits her to bring her gun into Illinois under certain circumstances:[3]

> (b) The Department [of State Police] shall by rule allow for non-resident license applications from any state or territory of the United States with laws related to firearm ownership, possession, and carrying, that are substantially similar to the requirements to obtain a license under this Act.

---

[2] 'Exception 10' to the FOID Act provides that "nonresidents who are currently licensed or registered to possess a firearm in their resident state" are not required to obtain a FOID card to possess firearms in Illinois. 430 ILCS 65/2(b)(10).

[3] The license authorized by these sections of the new law authorizes the carrying of weapons outside the home. Thus, Illinois law now goes even further than plaintiff requests in this case to allow nonresidents to carry weapons.

> (c) A resident of a state or territory approved by the Department under subsection (b) of this Section may apply for a non-resident license. The applicant shall apply to the Department and must meet all of the qualifications established in Section 25 of this Act, except for the Illinois residency requirement in item (xiv) of paragraph (2) of subsection (a) of Section 4 of the Firearm Owners Identification Card Act.

(See Doc. #29-2, page 11 of Plaintiff's Supplemental Authority, containing text of new Firearm Concealed Carry Act, IL ST CH 430 §66/40.) To the extent that Plaintiff's position is that she has an untrammeled right to carry a gun anywhere under any circumstances, she is simply wrong. *See, e.g, Moore v. Madigan,* 702 F.3d 933, 940 – 41 (7th Cir. 2012)("Apart from the usual prohibition of gun ownership by children, felons, illegal aliens, lunatics, and in sensitive places such as public schools, the propriety of which was not questioned in *Heller*[4] . . . some states sensibly require that an applicant for a handgun permit establish his competence in handling firearms.")

Finally, the Illinois Supreme Court, in *People v. Aguilar,* 2013 IL 112116 (Sept. 12, 2013), held 1) that a 17-year-old can lawfully be prohibited from carrying a concealed weapon, *Id.* at ¶25 & 26, and 2) that the categorical prohibition on carrying a ready-to-use gun outside the home, as set out in 720 ILCS 5/24-1.6)(a)(1), (a)(3)(A), offends the Second Amendment. With respect to the first premise, Plaintiff is not a 17-year-old seeking to bring a gun into Illinois. With respect to the second premise, the statute at issue in that case has nothing to do with Plaintiff's argument, nor Defendant's position that she can bring her gun into Illinois as long as she is permitted to carry a gun in her home state. This case is over her claim that she is entitled to a FOID card, and the *Aguilar* case has nothing to do with that.

---

[4] The reference is to *Dist. of Columbia v. Heller,* 554 U.S. 570 (2008), where the U.S. Supreme Court held that the Second Amendment protects "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Id.* at 635.

WHEREFORE, Defendants suggest that no change in Illinois law alters Defendants' position that Plaintiff has always been able, and is able now, to carry a gun into Illinois, provided she complies with the gun-ownership laws of her state of residence.

    Respectfully Submitted,

    HIRAM GRAU and MICHAEL VORREYER,

        Defendants,

    LISA MADIGAN, Attorney General,
    State of Illinois

        Attorney for Defendants,

By:   s/ Deborah Barnes
        Deborah Barnes, #6187804
        Assistant Attorney General
        500 South Second Street
        Springfield, Illinois   62706
        (217) 782-9094   Phone
        (217) 782-8767   Fax
        E-Mail:   dbarnes@atg.state.il.us

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| ELLEN MISHAGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 10-3187 |
| | ) | |
| JONATHON MONKEN, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I, Deborah Barnes, Assistant Attorney General, hereby certify that on April 28, 2014, I electronically filed the foregoing Defendants' Supplemental Brief Pursuant To Court's Order Dated March 28, 2014 with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record for Plaintiff:

James M. Manley
jmanley@mountainstateslegal.com

and I hereby certify that on April 28, 2014, I mailed by United States Postal Service, the document to the following non-registered participant:

None

    s/ Deborah Barnes
Deborah Barnes, #6187804
Assistant Attorney General
500 South Second Street
Springfield, Illinois   62706
(217) 782-9094   Phone
(217) 782-8767   Fax
E-Mail:   dbarnes@atg.state.il.us