## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| ELLEN MISHAGA,           ) | |
|          ) | |
|       Plaintiff,   ) | No. 10-cv-03187-SEM |
|          ) | |
|    v.         ) | |
|          ) | **PLAINTIFF'S SUPPLEMENTAL BRIEF** |
| HIRAM GRAU, Director of the Illinois   ) | |
| Department of State Police; MICHAEL   ) | |
| W. VORREYER, Master Sergeant,   ) | |
| Illinois Department of State Police,   ) | |
|          ) | |
|      Defendants.   ) | |
|          ) | |

Plaintiff, Ellen Mishaga, by and through undersigned counsel, submits the following supplemental brief, in accordance with this Court's March 28, 2014, Order directing the filing of supplemental briefs addressing "exceptions to Illinois's Firearm Owners Identification Card Act, *see* 430 ILCS 65/2(b), in light of changes in Illinois law as articulated in *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012), *People v. Aguilar*, 2 N.E.3d 321 (Ill. 2013), and Illinois Public Act 098-0063 (the 'Firearm Concealed Carry Act')."

## <u>INTRODUCTION</u>

This case concerns Ms. Mishaga's Second Amendment right to possess a firearm in her friends' Illinois home while she is an overnight guest there. Illinois law generally prohibits nonresidents from possessing firearms and ammunition in Illinois, unless that person has been issued a Firearms Owner Identification card ("FOID") or is exempt from the FOID Act. *Mishaga v. Monken*, 753 F. Supp. 2d 750, 753 (C.D. Ill. 2010). Ms. Mishaga meets all of the qualifications for a FOID, except that she is not a resident of Illinois. Ms. Mishaga is not exempt from the FOID Act, because she is not licensed or registered to possess a firearm in her resident

state of Ohio (indeed, Ohio law forbids licensing or registration for possession of firearms in the home).  Therefore, Illinois law prohibits her from lawfully possessing a functional firearm for self-defense when she is a guest in her friends' Illinois home.  This prohibition is unconstitutional.  It deprives her of the right to keep and bear arms for self-defense guaranteed by the Second and Fourteenth Amendments to the United States Constitution, and the right to travel guaranteed by Article IV and the Fourteenth Amendment.

Because this case does not concern the right to carry a firearm *outside* the home, the changes in Illinois's concealed carry law articulated in *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012), and *People v. Aguilar*, 2 N.E.3d 321 (Ill. 2013), provide guidance about the importance of the right to keep and bear arms, but they do not apply directly to this case.  As relevant here, both cases emphasize that "'the need for defense of self, family, and property is most acute' in the home," *Moore*, 702 F.3d. at 935 (*quoting District of Columbia v. Heller*, 554 U.S. 570, 628 (2008)), but also that "'self-defense has to take place wherever [a] person happens to be,'" *id.* at 942 (*quoting United States v. Masciandaro*, 638 F.3d 458, 475 (4th Cir. 2011)).  *See Aguilar*, 2 N.E.3d at 327 ("[W]e are convinced that the Seventh Circuit's analysis is the correct one.").

The legislative changes produced by Illinois Public Act 97-1131 and the Firearm Concealed Carry Act are more directly applicable to this case, since the statutory changes make explicit that Illinois prevents nonresidents such as Ms. Mishaga from possessing firearms in an Illinois home, and at the same time dilute the rationale heretofore offered by Defendants to justify such discrimination.

Therefore, for the reasons demonstrated herein and in Plaintiff's Motion for Summary Judgment [docket no. 22] (Pl.'s Motion), this Court should grant summary judgment in favor of Ms. Mishaga, declare the FOID Act unconstitutional, and permanently enjoin Defendants from

enforcing the FOID Act's prohibition against nonresidents possessing functional firearms for self-defense in Illinois homes.

## ARGUMENT

## I.    THE FOID ACT DENIES LAW-ABIDING NONRESIDENTS THE CORE SECOND AMENDMENT RIGHT "TO USE ARMS IN DEFENSE OF HEARTH AND HOME."

It is undisputed that the FOID Act prohibits nonresidents from possessing firearms in Illinois, unless one of the statutory exceptions applies.  Defendants' Memorandum of Law in Support of Motion for Summary Judgment [docket no. 20] ("Defs.' Memo.") at 7; Pl.'s Motion, Undisputed Material Facts ("Pl.'s UMF") ¶ 11.  This Court has already concluded that none of the FOID Act's exceptions addresses Ms. Mishaga's claims—unless she has a concealed weapons permit, which she does not.  *Mishaga*, 753 F. Supp. 2d at 753; Pl.'s UMF ¶ 12; Defendants' Response to Plaintiff's Motion for Summary Judgment ("Defs.' Resp.") [docket no. 23] at 6.  Therefore, the FOID Act prohibits Ms. Mishaga from lawfully possessing a functional firearm for self-defense when she is a guest in her friends' Illinois home.  *Mishaga*, 753 F. Supp. 2d at 753; Pl.'s UMF ¶ 11; 430 ILCS 65/2(a)(1) ("No person may acquire or possess any firearm . . . within this State without having in his or her possession a [FOID] . . . ."); 430 ILCS 65/14(b) ("A violation of paragraph (1) of subsection (a) of Section 2 is a Class 3 felony . . . .").

This prohibition violates the central holding of *Heller*:  "[W]hatever else [the Second Amendment] leaves to future evaluation, it surely elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home."  554 U.S. at 635.  Like the law struck down in *Heller*, the FOID Act makes it unlawful for Ms. Mishaga to possess a functional firearm in "the home, where the need for defense of self, family, and property is most acute."  *Id*. at 628.

The Supreme Court has concluded that it is not necessary to define a standard of scrutiny to strike down such a prohibition, because:

> Under any of the standards of scrutiny that we have applied to enumerated constitutional rights, banning from the home the most preferred firearm in the nation to keep and use for protection of one's home and family would fail constitutional muster.

*Id*. at 628–29 (quotation omitted).  Instead of defining a standard of scrutiny, the Court concluded that a law prohibiting the possession of firearms in the home for self-defense is categorically unconstitutional.  *See id.*

Likewise, the Seventh Circuit concluded that it was not necessary to define a standard of scrutiny to strike down Illinois's total ban on carrying firearms *outside* the home.  *Moore*, 702 F.3d at 941 ("[O]ur analysis is not based on degrees of scrutiny, but on Illinois's failure to justify the most restrictive gun law of any of the 50 states.").  The Illinois Supreme Court agreed with this analysis in *Aguilar*, 2 N.E.3d at 327.

The instant case concerns only the right to possess a firearm *inside* the home; *Moore* and *Aguilar* are relevant to the extent that they demonstrate the categorical unconstitutionality of a total ban on firearms, but *Heller* already made this clear with respect to the claims here.  *See* Pl.'s Motion at 10–12.  Contrary to the Supreme Court's holding in *Heller*, the FOID Act prohibits Ms. Mishaga from possessing a functional firearm in the home, in violation of the Second and Fourteenth Amendments.  The FOID Act also violates Ms. Mishaga's right to travel, i.e., the right to be treated as a "welcome visitor rather than an unfriendly alien," which is "expressly protected by the text of the Constitution."  *Saenz v. Roe*, 526 U.S. 489, 501 (1999).  As in *Heller*—and *Moore* and *Aguilar*—no standard of scrutiny need be employed to conclude that the FOID Act is unconstitutional.

II.     **RECENT LEGISLATIVE CHANGES MAKE CLEAR THAT THE FOID ACT UNREASONABLY DISCRIMINATES AGAINST NONRESIDENTS.**

Since cross-motions for summary judgment were filed in this case, the Illinois legislature has amended the FOID Act, *see* Illinois Public Act 97-1131, and enacted the Firearm Concealed Carry Act, *see* Illinois Public Act 98-63, in response to *Moore* and *Aguilar*.  As already established in this case, the FOID Act prohibits Ms. Mishaga from possessing firearms and ammunition in Illinois, because Defendants refuse to issue her a FOID and none of the statutory exceptions applies to her.  *Mishaga*, 753 F. Supp. 2d at 752 ("The Act . . . interferes with Mishaga's right to have a weapon at her temporary residence in Illinois that she may use for personal protection."); *see also* Pl.'s Motion at 7 (citing 430 ILCS 65/2(a)).  The recent legislative changes do not alter this infringement of Ms. Mishaga's constitutional rights when she is visiting Illinois.

A.     **Recent Amendments To The FOID Act Make Clear That Nonresidents Are Generally Prohibited From Possessing Firearms And Ammunition In Illinois.**

Illinois Public Act 97-1131 made several changes to the FOID Act.  Most important here, it made explicit that most nonresidents cannot be issued a FOID, and thus may not possess firearms and ammunition in Illinois for self defense.  Public Act 97-1131 does nothing to lessen the infringement of Ms. Mishaga's Second Amendment rights imposed by the FOID Act—indeed, the infringement is all the more stark in light of Public Act 97-1131.  *See Mishaga*, 753 F. Supp. 2d at 752.  When this Court denied Defendants' Motion to Dismiss, the FOID Act did not require an applicant to submit an "Illinois" driver's license; nevertheless, Defendants' denied Ms. Mishaga's FOID application because—as a resident of Ohio—she does not have an Illinois driver's license.  *Id.*  ("For purposes of the Motion, the Court must assume that the Director and the ISP interpret the Act to require an applicant to provide an Illinois driver's license number or

5

an Illinois identification card number.").  Public Act 97-1131 makes clear that the requirements

for obtaining a FOID include being "a resident of the State of Illinois," 430 ILCS

65/4(a)(2)(xiv), and furnishing an "Illinois driver's license number or Illinois Identification Card

number," *id*. at 65/4(a-5).  *See also id*. at 65/8(q) ("Department of State Police has authority to

deny an application for or to revoke" FOIDs issued to nonresidents).  As a resident of Ohio, Ms.

Mishaga does not meet this facially discriminatory requirement.[1]  The only exceptions to this

residency requirement are newly arrived residents, *id*. at 430 ILCS 65/2(d), and nonresident

military, law enforcement, and security personnel employed in Illinois, *id*. at 65/4(a–10).

Nonresidents like Ms. Mishaga are prohibited from possessing functional firearms in

Illinois, unless the firearm is "unloaded and enclosed in a case, [which] violates the

homeowner's constitutional right to bear arms . . .," *Mishaga*, 753 F. Supp. 2d at 753, or "the

nonresident is currently licensed or registered to possess a firearm in his or her resident state."

*Id*. (citing 430 ILCS 65/2(b)(10)); *see People v. Holmes*, 948 N.E.2d 617, 625 (Ill. 2011) ("If

defendant had been able to produce evidence that he had been issued a valid Indiana permit, a

conviction on count II would not have been proper . . . .  As such, the trial court's refusal to

allow defendant to introduce the permit into evidence was prejudicial error.").  It is undisputed

that Ms. Mishaga has never been "licensed" or "registered" to possess a firearm by her resident

State of Ohio.  Pl.'s UMF ¶ 12; Defs.' Resp. at 6.  Moreover, Ohio law forbids licensing or

registration for possession of firearms in the home.  Pl.'s UMF ¶ 12; Ohio Rev. Code § 9.68(A)

("[A] person, without further license, permission, restriction, delay, or process, may own,

possess, purchase, sell, transfer, transport, store, or keep any firearm, part of a firearm, its

---

[1] Because Public Act 97-1131 makes the FOID Act residency requirement explicit, it is now impossible for Defendants to issue Ms. Mishaga a FOID.  *Cf*. Compl. at 8, ¶ C.  Therefore, the relief that this Court must grant is to strike down the FOID Act as unconstitutional and permanently enjoin its enforcement.

components, and its ammunition."); *Cleveland v. State*, 942 N.E.2d 370, 374 (Ohio 2010);

*Ohioans for Concealed Carry, Inc. v. Clyde*, 896 N.E.2d 967, 974 (Ohio 2008).  Because it is

undisputed that Ms. Mishaga has not been "licensed" or "registered" by her resident State of

Ohio to possess a firearm, 430 ILCS 65/2(b)(10) provides her no solace.  Accordingly, the FOID

Act deprives Ms. Mishaga of the right to keep and bear arms and the right to travel.

     **B.**     **The Firearm Concealed Carry Act Undermines Defendants' Rationale For Infringing Ms. Mishaga's Right To Keep And Bear Arms In The Home.**

     The Firearm Concealed Carry Act brings Illinois into rough equivalence with the other 49

States by legalizing the right to carry outside the home in Illinois.  *See* 430 ILCS 66/1, *et seq.*

Part of the regulatory structure created by the Firearm Concealed Carry Act allows certain

nonresidents to apply for a license to carry firearms in Illinois.  *See* 430 ILCS 66/40.  However,

residents of 46 States, including Ohio residents like Ms. Mishaga, are ineligible to apply for the

Illinois concealed carry license.  *See* Illinois State Police, Concealed Carry Frequently Asked

Questions, *available at* https://ccl4illinois.com/ccw/Public/Faq.aspx.  Moreover, the Firearm

Concealed Carry Act has nothing to do with nonresidents possessing firearms in the home—the

only issue raised in this case.

     The Firearm Concealed Carry Act requires the Department of State Police to "by rule

allow for non-resident [concealed carry] license applications from any state or territory of the

United States with laws related to firearm ownership, possession, and carrying, that are

substantially similar to the requirements to obtain a license under this Act."  430 ILCS 66/40(b).

"Currently, the only states considered to be substantially similar are Hawaii, South Carolina and

Virginia."  Illinois State Police, Concealed Carry Frequently Asked Questions, *available at*

https://ccl4illinois.com/ccw/Public/Faq.aspx.  Ohio laws related to firearm ownership,

possession, and carrying have not been deemed "substantially similar" and thus residents of

Ohio, such as Ms. Mishaga, are ineligible for an Illinois concealed carry license.  *See*

https://ccl4illinois.com/ccw/Public/similarsummary.pdf.[2]  The Firearm Concealed Carry Act

does nothing to alleviate the deprivation of the right to keep and bear arms and the right to travel

imposed by the FOID Act.

The Firearm Concealed Carry Act also undermines any argument that there is substantial

reason to discriminate against nonresidents who seek to possess a firearm in a home.  *See* Pl.'s

Motion at 15–18.  There is no rational justification for issuing a permit to "carry a loaded . . .

concealed firearm," to some nonresidents, 430 ILCS 66/10(c), yet at the same time deny

substantially all nonresidents the right to possess a functional firearm only in a home.  The

Illinois legislature has determined that Defendants have "adequate and reliable information upon

which to determine applicant eligibility," Defs.' Memo. at 11, 15, for a nonresident concealed

weapon license; it follows that Defendants have equally adequate information to issue FOIDs to

nonresidents.

Defendants concede that the FOID Act's discrimination against nonresidents only

violates Ms. Mishaga's constitutional rights if Illinois law does not "allow[] her to exercise her

Second Amendment right to bear arms, without a FOID Card."  Defs.' Resp. at 8–9.  As this

Court has already held, the FOID Act declares unequivocally that Ms. Mishaga is prohibited

from exercising her Second Amendment rights in Illinois.  *Mishaga*, 753 F. Supp. 2d at 753; 430

ILCS 65/2(a)(1); 430 ILCS 65/14(b).  Accordingly, Defendants' denial of Ms. Mishaga's FOID

application violates her right to possess a functional firearm in the home for self-defense, for no

other reason than the fact that she is a nonresident.  Defendants have thereby violated Ms.

Mishaga's right to keep and bear arms and her right to travel.  The FOID Act's denial of

---

[2] Attached hereto as Exhibit 1.

nonresidents' constitutional rights constitutes a "fixed harm" and inflicts irreparable injury "every day it remains on the books." *Ezell v. City of Chicago*, 651 F.3d 684, 698–99 (7th Cir. 2011).

## CONCLUSION

The residency requirements imposed by 430 ILCS 65/4(a-5), 65/4(a)(2)(xiv), and 65/8(q) render the FOID Act unconstitutional.  Therefore this Court should grant summary judgment in favor of Ms. Mishaga, declare the FOID Act unconstitutional, and permanently enjoin Defendants from enforcing the FOID Act's prohibition against nonresidents possessing functional firearms for self-defense in Illinois homes.

DATED this 28th day of April 2014.

Respectfully submitted,

/s/ James M. Manley
James M. Manley, Esq.
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmanley@mountainstateslegal.com

Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of April 2014, I filed the foregoing document using

the CM/ECF system and caused counsel of record to be served electronically through the

CM/ECF system.


/s/ James M. Manley
James M. Manley, Esq.