# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **ELLEN MISHAGA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 10-03187 |
| | ) | |
| **JONATHON MONKEN,** Director of | ) | |
| the Illinois Department of State | ) | |
| Police; **MICHAEL W. VORREYER,** | ) | |
| Master Sergeant, Illinois | ) | |
| Department of State Police, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on the Motion for Summary Judgment (d/e 19) filed by Defendants Hiram Grau[1] and Michael W. Vorreyer.  Defendants seek an order upholding the Illinois Firearm Owners Identification Act ("the FOID Act" or "the Act"), 430 ILCS 65/1 <u>et seq.</u>, as constitutional as applied to Plaintiff Ellen Mishaga.  Ms. Mishaga has likewise filed a Motion for Summary Judgment

---

[1] Jonathan Monken is no longer the Director of the Illinois State Police ("Director").  As this matter is proceeding against the Director in his official capacity, Mr. Monken's successor, Hiram Grau, is automatically substituted for Mr. Monken as a Defendant in this matter pursuant to Fed. R. Civ. P. 25(d).

(d/e 22) in which she seeks an order declaring the FOID Act unconstitutional as applied to her because it violates her rights under the Constitution's Article IV and Second and Fourteenth Amendments.

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). No genuine issue of material fact exists if a reasonable jury could not find in favor of the nonmoving party. Brewer v. Bd of Trs. of the Univ. of Ill., 479 F.3d 908, 915 (7th Cir. 2007).

Following extensive briefing and discovery in this case, including additional briefing at the Court's direction, the Court is nevertheless unconvinced that the record before it permits summary judgment in favor of either Ms. Mishaga or Defendants. The parties agree extensively on the material facts in this case. (See, e.g., Pl.'s Resp. Defs.' Mot. Summ. J., d/e 24, p. 4 (responding "Undisputed" to seven of Defendants' fifteen "Undisputed Material Facts" and responding that the remaining statements were immaterial); Defs.' Resp. Pl.'s Mot. Summ. J., d/e 23, pp. 2–4 (listing several undisputed material facts and identifying only one

"disputed material issue," the legal issue of whether Ms. Mishaga may possess a functional firearm for self-defense when an overnight guest in her friend's Illinois home).)

However, the facts now in the record have convinced the Court that the root of the parties' disagreement is not a factual dispute, but rather a conflict on a legal issue (or <u>at least</u> one legal issue) that the parties have not briefed. To wit, the parties themselves all but concede that the essence of their dispute is the issue of whether the FOID Act, <u>as a matter of statutory construction</u>, allows a non-resident to possess firearms while they are in the State of Illinois without first obtaining a FOID Card. (<u>See, e.g.</u>, Defs.' Memo. Law Supp. Mot. Summ. J., d/e 20, p. 7 ("Plaintiff's fears of arrest, prosecution, etc. [sic], cannot be well-founded because <u>Illinois law allows her to possess her firearm</u> in the home of an Illinois friend when she is an overnight guest.") (emphasis added); Pl.'s Resp. Defs.' Mot. Summ. J., d/e 24, p. 7 ("Defendants' standing arguments ultimately rest on <u>a misstatement of the scope of the statutory exceptions</u> contained in the FOID Act.") (emphasis added). Specifically, the parties disagree as to whether any exception, and particularly 430 ILCS 65/2(b)(10) [hereinafter "Exception 10"],

exempts Ms. Mishaga from the Act's core requirement, that a person have in her possession a valid FOID Card before acquiring or possessing any firearm in the State of Illinois.

The parties did raise the issue as to whether Exception 10 or any other exception applies to Ms. Mishaga when addressing Defendants' Motion to Dismiss, and this Court denied the motion. <u>Mishaga v. Monken</u>, 753 F. Supp. 750 (C.D. Ill. 2010) (McCuskey, C.J.). Ms. Mishaga urges this Court not to permit relitigation of the issue at the summary judgment stage. (<u>See</u> Pl.'s Resp. Defs.' Mot. Summ. J., d/e 24, p. 7.) The Court is mindful of the importance of and the rationale behind the law of the case doctrine potentially implicated by inviting the parties' additional briefing. The law of the case doctrine embodies the notion that a court ought not to revisit an earlier ruling in a case absent some compelling reason. <u>See, e.g.</u>, <u>Minch v. City of Chicago</u>, 486 F.3d 294, 301 (7th Cir. 2007). Judge McCuskey properly construed all facts and drew all reasonable inferences in Ms. Mishaga's favor, properly denying Defendants' motion to dismiss. But as explained, after extensive briefing in support of the parties' motions for summary judgment, the issue of Exception 10's applicability to Ms. Mishaga has

revealed itself to be a question of law. Supplemental briefing on this question of law is necessary before this Court can confidently reach a decision in this case.

Accordingly, Defendants' Motion for Summary Judgment (d/e 19) and Plaintiff Ellen Mishaga's Motion for Summary Judgment (d/e 22) are both DENIED with leave to refile, with refiled briefs to address the following additional questions:

- Whether the FOID Act, <u>as a matter of statutory construction</u>, allows a non-resident to possess firearms while they are in the State of Illinois without first obtaining a FOID Card.

- Whether Ohio law, <u>as a matter of statutory construction</u>, "licenses" Ms. Mishaga to possess a firearm.

- Whether Illinois statutes imposing criminal liability for possession of firearms without possessing a FOID Card, including Unlawful Use of Weapons, 720 ILCS 5/24-1, and Aggravated Unlawful Use of a Weapon, 720 ILCS 5/24-1.6, apply to Ms. Mishaga.

- Whether the foregoing questions should be certified to the Illinois Supreme Court.

- Any other issues the parties believe to be reasonably related to these questions.

The parties renewed motions for summary judgment are due on or before October 31, 2014. Responses are due on or before November 28, 2014.

IT IS SO ORDERED.

ENTER: September 30, 2014

FOR THE COURT:         <u>s/ Sue E. Myerscough</u>
                                SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT JUDGE