IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ELLEN MISHAGA, | ) |
|       Plaintiff, | ) |
| -vs- | ) No. 10-3187 |
| JONATHON MONKEN, Director of the Illinois Department of State Police; MICHAEL VORREYER, Master Sergeant, Illinois Department of State Police, | ) |
|       Defendant. | ) |

## DEFENDANTS' SUPPLEMENTAL BRIEF
## PURSUANT TO ORDER DATED SEPTEMBER 30, 2014

NOW COME the Defendants, HIRAM GRAU, Director of the Illinois State Police[1], and Master Sergeant MICHAEL W. VORREYER ("Defendants"), by and through their counsel, LISA MADIGAN, Attorney General for the State of Illinois, and submit this supplemental brief in response to the Court's order dated September 30, 2014.

The Court asked for briefing on the following questions:

1. <u>Whether the FOID Act, as a matter of statutory construction, allows a non-resident to possess firearms within the State of Illinois without first obtaining a FOID card.</u>

Yes, as long as the non-resident is lawfully able to possess a firearm under his/her state's law.

Section 65/2 is entitled "Firearm Owner's Identification Card required; exceptions. Section (b)(10) of that provision explicitly provides:

---

[1] Jonathan Monken is no longer the Director of the Illinois State Police ("Director"). As this matter is proceeding against the Director in his official capacity, Mr. Monken's successor, Hiram Grau, is automatically substituted for Mr. Monken as a Defendant in this matter pursuant to Fed. R. Civ. P. 25(d).

(b) The provisions of this Section regarding the possession of firearms, firearm ammunition, stun guns, and tasers do not apply to:

***

(10) Nonresidents who are currently licensed or registered to possess a firearm in their resident state;

2. <u>Whether Ohio law, as a matter of statutory construction, "licenses" Ms. Mishaga to possess a firearm.</u>

Ohio residents may possess firearms unless Ohio law specifically restricts a particular type of possession – to that extent, then, Ohio "licenses" Ms. Mishaga to possess a firearm. A state permit or "license" in the form of a piece of paper or document is not required under Ohio law to purchase or carry a handgun, rifle or shotgun, and Ohio law does not prohibit the open carrying of firearms except in certain locations:

> Except as specifically provided by the United States Constitution, Ohio Constitution, state law, or federal law, a person, without further license, permission, restriction, delay, or process, may own, possess, purchase, sell, transfer, transport, store, or keep any firearm, part of a firearm, its components, and its ammunition.

Ohio Revised Code Ann. §9.68 (West). *See also, Cleveland v. State of Ohio,* 128 Ohio St.3d 135, 138 (2010) (providing list of statutory provisions prohibiting possession of firearms in specific places). Ohio state law also prohibits certain persons from possessing firearms, and bans the acquisition and possession of certain types of firearms. *Id.* However, the state does require a license to carry a concealed handgun on his or her person. 29 Ohio Revised Code Ann. (West) §2923.125; *see also, Ohioans for Concealed Carry, Inc. v. Clyde,* 120 Ohio St. 3d 96 (2008)(city ordinance that prohibited licensed handgun owners from carrying concealed handguns in city parks was unconstitutional.)

Black's Law Dictionary defines "license" as "[t]he permission by competent authority to do an act which, without such permission, would be illegal, a trespass, or a tort." Black's Law Dictionary at 829 (5th Ed.) Merriam-Webster's Dictionary defines it as "permission to act,"

"freedom of action," and "permission granted by competent authority to engage in a business, occupation or activity otherwise unlawful," as well as "an official document, card, etc. that gives you permission to do, use or have something." Merriam-Webster's On-Line Dictionary, www.merriam-webster.com. Thus, within the meaning of section 65/2 of Firearms Owners Identification Card Act, plaintiff is a person whose home state licenses her to possess a firearm. To the extent the term "licenses" in the Act might be ambiguous, it must be construed liberally. Ambiguities in criminal statutes are resolved in favor of those who would be charged with violating them. *See, e.g., U.S. v. Hopson,* 18 F.3d 465, 469 (7th Cir. 1994)(rule of lenity dictates that when a statutory ambiguity cannot be resolved through standard methods of interpretation, the ambiguity should be resolved in favor of the criminal accused.).

In summary, under the definition of "license," Ohio licenses Ms. Mishaga to carry a firearm in that the state of Ohio's statutes permit its residents to buy and possess firearms unless otherwise prohibited by a specific state law, and to carry them in the open, unless otherwise prohibited by state law. Ohio law further requires a specific license to carry a concealed weapon.

3. <u>Whether Illinois statutes imposing criminal liability for possession of firearms without possessing a FOID card, including Unlawful Use of Weapons, 720 ILCS 5/24-1, and Aggravated Unlawful Use of a Weapon, 720 ILCS 5/24-1.6, apply to Ms. Mishaga.</u>

Not under the circumstances pled in the complaint. The plaintiff states that the scope of her concern is carrying her weapon to Illinois and possessing it while an overnight guest in her Illinois friend's home. (Par. 5, 21, 25, 34 of Amended Complaint.) The complaint does not raise as an issue her ability to carry a weapon in public in Illinois.

As a preliminary matter, section 24-1 of the Criminal Code does not penalize possession of firearms without a FOID card. Under section 24-1.6 the failure to have a FOID card is an aggravating factor that makes conduct already prohibited by section 24-1 "aggravated unlawful

use of weapons" instead of simply "unlawful use of weapons."  Thus, for example, under section 24-1(4) anyone, with or without a FOID card is prohibited from carrying an operable weapon in a vehicle or concealed upon his or her person.  This provision is modified by the Firearm Concealed Carry Act (430 ILCS 66/1 *et. seq.*), which allows both residents and non-residents to carry weapons with concealed carry permits. Furthermore, under section 40(e) of that Act, a nonresident allowed to carry in public in her home state, like plaintiff, is allowed to carry an operable weapon in a vehicle in Illinois, without a concealed carry permit. 430 ILCS 66/40(e).

The Unlawful Use of Weapons provisions do not penalize the possession of a firearm by a person who is an invitee. Those provisions state:

> (a) A person commits the offense of unlawful use of weapons when he knowingly:
>
> \*\*\*
>
> (4) Carries or possesses in any vehicle or concealed on or about his person *except when* on his land or in his own abode, legal dwelling, or fixed place of business, or on the land or *in the legal dwelling of another person as an invitee* with that person's permission, any pistol, revolver, stun gun or taser or other firearm . . .

720 ILCS 5/24-1 (a)(4)(Unlawful Use of Weapons)(emphasis added).

The Aggravated Unlawful Use of Weapons provisions state:

> (a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:
> \*\*\*
>
> (2) Carries or possesses on or about his or her person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, *except when an invitee* thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his or her own land or in his or her own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person *as an invitee* with that person's permission, any pistol, revolver, stun gun or taser or other firearm; . . .

720 ILCS 5/24-1.6(a)(2) and (a)(3)(C)(emphasis added).

Illinois' Firearm Concealed Carry Act requires Illinois residents to have a license issued by the Illinois State Police to carry a concealed firearm. 430 ILCS 66/1 *et seq.* It permits non-residents to carry concealed weapons under Section 66/40 of the Act.

Plaintiff's non-resident status in Illinois and her lack of a FOID card is irrelevant to the issue of whether she can be convicted of unlawful use of a weapon, aggravated or not. That being said, Plaintiff does not say in her complaint that she wants to go out in the Illinois public with a gun; she says only that she wants to be armed while an overnight guest in a friend's home. The Unlawful Use of Weapons provisions cited above allow her that (as an invitee). Because the conduct in which plaintiff wishes to engage is lawful, the aggravating factor of lack of a FOID card has no application. If plaintiff decides she wants to carry a weapon in other locations in Illinois, she needs a permit, as do Illinois residents.

4.  <u>Whether the foregoing questions should be certified to the Illinois Supreme Court.</u>

It does not appear that certification is allowed from the U.S. District Court to the Illinois Supreme Court; Defendant also does not believe these issues warrant certification. As an initial matter, the undersigned could find no local federal rule which provided for certification of questions from the District Court to the Illinois Supreme Court. Illinois Supreme Court Rule 20 permits certification of questions of state law only from the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit.[2]

Aside from this, a case is appropriate for certification where "it concerns a matter of vital public concern, where the issue will likely recur in other cases, where resolution of the question

---

[2] Ill. Sup. Ct. Rule 20 (a) states: When it shall appear to the Supreme Court of the United States, or to the United States Court of Appeals for the Seventh Circuit, that there are involved in any proceeding before it questions as to the law of this State, which may be determinative of the said cause, and there are no controlling precedents in the decisions of this court, such court may certify such questions of the laws of this State to this court for instructions concerning such questions of State law, which certificate this court, by written opinion, may answer

to be certified is outcome determinative of the case, and where the state supreme court has yet to have an opportunity to illuminate a clear path on the issue." *Allstate Ins. Co. v. Menards, Inc.,* 285 F.3d 630, 639 n. 18 (7th Cir. 2002). Certification is not proper where the state supreme court and state appellate courts have spoken to the issue and are not in conflict. *Rennert v. Great Dane Ltd. Partnership*, 543 F.3d 914 (7th Cir. 2008), rehearing and rehearing en banc denied. Defendant believes the issue of whether a non-resident of Illinois is entitled to a FOID card is clear – she is not, as set out in previous memoranda. Defendant further believes that it is clear that a non-resident could not be prosecuted for bringing a weapon into the state without a FOID card under the circumstances Plaintiff sets out as the basis of her complaint, as set out in the Defendants' memoranda of law that previously have been filed.

Defendant does not believe certifying the question of Ohio law is necessary; as set out above, that state's law is clear on the issue of gun possession.

WHEREFORE, Defendants maintain their position that Plaintiff has always been able, and is able now, to carry a gun into Illinois, provided she complies with the gun-ownership laws of her state of residence.

Respectfully Submitted,

HIRAM GRAU and MICHAEL VORREYER,

Defendants,

LISA MADIGAN, Attorney General, State of Illinois,

Attorney for Defendants,

BY:   s/ Deborah Barnes_____
Deborah Barnes
Assistant Attorney General

Deborah Barnes, #6187804
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
(217) 782-9094
Email: dbarnes@atg.state.il.us

Of Counsel.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| ELLEN MISHAGA, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | No. 10-3187 |
| JONATHON MONKEN, | ) ) ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I, Deborah Barnes, Assistant Attorney General, hereby certify that on October 31, 2014, I caused the foregoing electronically filed the foregoing Defendants' Supplemental Brief Pursuant to Order Dated September 30, 2014with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record for Plaintiff:

Steven J. Lechner
lechner@mountainstateslegal.com

and I hereby certify that on October 31, 2014, I mailed by United States Postal Service, the document to the following non-registered participant:

None

           s/ Deborah Barnes
Deborah Barnes, #6187804
Assistant Attorney General
500 South Second Street
Springfield, Illinois   62706
(217) 782-9094   Phone
(217) 782-8767   Fax
E-Mail:   dbarnes@atg.state.il.us

7