IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ELLEN MISHAGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 10-3187 |
| | ) | |
| JONATHON MONKEN, Director of | ) | |
| the Illinois Department of State Police ; | ) | |
| MICHAEL VORREYER, Master Sergeant, | ) | |
| Illinois Department of State Police, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S MOTION TO STRIKE
AND RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF**

NOW COME the Defendants, HIRAM GRAU, Director of the Illinois State Police[1], and MICHAEL W. VORREYER ("Defendants"), by and through their counsel, LISA MADIGAN, Attorney General for the State of Illinois, and reply to Plaintiff's Motion to Strike and Response to Defendants' Supplemental Brief:

On November 28, 2014, Plaintiff filed a document entitled "Motion to Strike and Response to Defendants' Supplemental Brief." (Doc #41). Plaintiff claimed that the Defendants' Documents 38 and 40 should be stricken because they "violated" this court's order of September 30, 2014. (Doc. #37). Plaintiff accuses Defendants of "thumbing their nose" at this Court's orders and "unreasonably" burdening the Court with "sifting through" Defendants' prior pleadings to "find any purported arguments that may be responsive" to Plaintiff's arguments. (Doc. 41, at 10).

To the contrary, the Defendants construed the Court's orders as clarifying the issues the Court believes are dispositive and framing the issues with those specific questions for purposes of rendering a decision in this case. The Court clearly identified what it regarded as the issue in this case in its September 30, 2014, order when it observed that "the root of the parties' disagreement is not a

---

[1] Jonathan Monken is no longer the Director of the Illinois State Police ("Director"). As this matter is proceeding against the Director in his official capacity, Mr. Monken's successor, Hiram Grau, is automatically substituted for Mr. Monken as a Defendant in this matter pursuant to Fed. R. Civ. P. 25(d).

factual dispute, but rather a conflict on a legal issue" – that issue being whether the FOID Act, as a matter of statutory construction, allows a non-resident to possess firearms while they are in the State of Illinois without first obtaining a FOID card. The court made it clear that it regards the issue in this case as a question of law. (Doc. #37, at 5).

Plaintiff's Doc. #41 does not advance the Court's inquiry; it simply adds needless confusion. First, she claims that "this case is not about carrying a firearm into Illinois." (Doc. #37, at 12) In the very next sentence, she states that she "filed this case because the FOID Act makes it unlawful for her to possess a firearm for self-defense while she is staying in her friends' Illinois home." It appears to Defendants that this case is about an Ohio resident carrying a firearm into Illinois. Plaintiff has continued to maintain that she needs an Illinois FOID card to do so, and Defendants have continued to maintain that she does not - that she is not constitutionally entitled to a piece of paper issued by Illinois labeled "Firearm Owners Identification Card," and that she is not prohibited by Illinois law from possessing a firearm for self-defense as a guest in an Illinois friend's Illinois residence as long as she is in compliance with her home state's firearm law. Defendants have made it clear that they are defending this case on those grounds, and responded appropriately to the Court's additional questions in Doc. #38.

The United States Court of Appeals for the Seventh Circuit has said that "it is axiomatic that substance, not pleading labels, should determine the outcome of legal disputes." *United States v. Boyd,* 591 F.3d 953, 955 (7th Cir. 2010)(substances trumps form); *United States v. Griffin,* 782 F.2d 1393, 1399 (7th Cir. 1986)("a court is entitled to disregard labels and treat pleadings for what they are."). This is not only the law applied by the Seventh Circuit, it is the law applied in Illinois state courts. *Sarkissian v. Chi. Bd. Of Educ.,* 201 Ill.2d 95, 102 (2002)("the character of a pleading is determined from its content, not its label.")

This Court's September 30, 2014 order (Doc. #37) denied both parties' motions for summary judgment with leave to refile. The court made it clear that it regarded the issues in this case as

2

matters of law, and asked the parties' refiled briefs to address additional questions that defense counsel construed as the Court's view that they were dispositive. The Defendants' Doc. #38 responded to the specific questions identified in the Court's September 30 order.

When the Defendants re-asserted, in Doc. #40, the arguments made in their previous motion for summary judgment, they did so with the intention to preserve their record in a manner and form which did not involve filing additional, cumulative, repetitive pleadings with the court, and advised the Court they saw no need to re-file pleadings which have already been filed.

WHEREFORE, Defendants believe that the Court has identified the dispositive issues in this case and that they addressed those issues in their response to the Court's March 28, 2014 text order and its September 30, 2014 order. If defense counsel's understanding of what the Court wanted is in error, she is happy to file any additional pleading the Court deems necessary to complete the record. The Plaintiff's argument that the Court should grant her motion for summary judgment because Defendants have failed to properly respond is patently without merit, and Plaintiff's Motion to Strike Doc. # 38 and Doc. #40 should be denied.

    Respectfully Submitted,

    HIRAM GRAU and MICHAEL VORREYER,

      Defendants,

    LISA MADIGAN, Attorney General,
    State of Illinois

      Attorney for Defendants,

By:   s/ Deborah Barnes
     Deborah Barnes, #6187804
     Assistant Attorney General
     500 South Second Street
     Springfield, Illinois   62706
     (217) 557-7081   Phone
     (217) 782-8767   Fax
     E-Mail: dbarnes@atg.state.il.us

| | |
|---|---|
| ELLEN MISHAGA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 10-3187 |
| | ) |
| JONATHON MONKEN, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2014, the foregoing document, *Defendants' Response to Plaintiff's Motion to Strike and Response to Defendants' Supplemental Brief,* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record for Plaintiff:

Steven J. Lechner
lechner@mountainstateslegal.com


Respectfully Submitted,

   s/ Deborah Barnes
Deborah Barnes, #6187804
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
(217) 557-7081 Phone
(217) 782-8767 Fax
E-Mail: dbarnes@atg.state.il.us